**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY**

UNITED STATES OF AMERCA

v.                                                                  CRIMINAL NO. 5:14-00244

DONALD L. BLANKENSIHP

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION FOR EXTENSION OF TIME TO FILE MOTION TO CHANGE VENUE**

Defendant seeks two extra weeks, beyond the two-plus months already allotted, to search for more negative news clippings about himself in hopes of gaining a change of venue. The United States opposes this request, which is made in Defendant's Motion for Extension of Time to File Motion for Transfer (Doc. 71).

Defendant offers no reason that the Court would be better able to assess his impending change-of-venue motion if he were given two more weeks to collect press clippings. Defendant has already had two months to look for news coverage. If coverage exists that rises to the virtually unprecedented level of prejudice that would require a venue change, then the clippings he has already collected will show it; that sort of prejudice, by definition, does not hide like a needle in a haystack. In *Rideau v. Louisiana*, 373 U.S. 723 (1963), the last Supreme Court case to require a venue change because of media coverage, the coverage consisted of repeated television broadcasts of a defendant's secretly taped confession to robbery, kidnapping, and murder. 373 U.S. at 725-26. If Defendant has not yet been able to locate coverage that meets the *Rideau* standard (and he has not, because nothing remotely similar exists here), then two more weeks will not help him.

Defendant's motion also fails to explain with any specificity why he needs even more time than he has already been granted. The Court previously gave Defendant a generous continuance of five weeks to prepare his motions. In the hearing on whether to grant this previous continuance, defense counsel indicated that the change-of-venue motion was his top priority and that the defense was already working on that motion "[a]s hard as we can go." Tr. of Dec. 17, 2014 Mot. Hrg. at 32:10 (Doc. 62). He said that he needed more time to "accumulate the press" that he would cite in the motion. *Id.* 32:20. Defendant's current motion, coming many weeks after that hearing, essentially repeats this old request. He asserts that getting tapes of television broadcasts is time-consuming, which may be true, but he does not explain just what part of that task cannot be accomplished in two months.

Defendant's motion, in sum, offers no reason to conclude that two more weeks to collect news clippings will affect the Court's analysis of a change-of-venue motion, and no new, specific explanation of why he could not compile the tapes he wants in the two-plus months he has already had. He has not shown good cause for a further extension of time.

Respectfully submitted,

/s/ Steven R. Ruby
Steven R. Ruby
Assistant United States Attorney
WV Bar No. 10752
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: steven.ruby@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "United States' Opposition to Defendant's Motion for Extension of Time to File Motion to Change Venue" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 3rd day of February, 2015 to:

>William W. Taylor, III
>Blair G. Brown
>Eric R. Delinsky
>R. Miles Clark
>Steven N. Herman
>Zuckerman Spaeder LLP
>1800 M Street, NW, Suite 1000
>Washington, DC 20036
>
>James A. Walls
>Spilman Thomas & Battle, PLLC
>48 Donley Street, Suite 800
>P.O. Box 615
>Morgantown, WV  26501
>
>Alexander Macia
>Spilman Thomas & Battle, PLLC
>P.O. Box 273
>Charleston, WV  25321

>/s/ Steven R. Ruby
>Steven R. Ruby
>Assistant United States Attorney
>WV Bar No. 10752
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone:  304-345-2200
>Fax: 304-347-5104
>Email: steven.ruby@usdoj.gov