IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal No. 5:14-cr-00244 |
| ) | |
| **DONALD L. BLANKENSHIP** ) | |

## MOTION FOR SCHEDULING CONFERENCE
## BEFORE THE DISTRICT JUDGE

Counsel for Defendant Donald L. Blankenship respectfully request that the Court hold a scheduling conference with counsel in person or by telephone to address the trial date and other scheduling issues presented by the superseding indictment and motions now pending or to be filed.

On February 6, 2015, in compliance with the Court's scheduling order, Mr. Blankenship filed pretrial motions. Those motions were fully briefed as of February 27, 2015. On February 26, 2015, the Magistrate Judge ordered the motions hearing then scheduled for March 3, 2015, continued generally. On March 10, 2015, the government obtained a superseding indictment. On March 24, 2015, Mr. Blankenship was arraigned on the superseding indictment, and his counsel informed the court that the defense would file pretrial motions addressed to the superseding indictment by April 7, 2015.

As of now, the motions regarding the new indictment may not be fully briefed by the parties before the April 20, 2015 trial date. Moreover, the pending motion to continue the trial date and supporting memorandum and reply explain that the defense cannot possibly be prepared for trial on April 20, 2015 or for months thereafter, and why there is good cause to continue the trial date for those reasons alone. The need for time to prepare is even greater now in light of the

superseding indictment, which the government waited until March to seek. Not only must the defense file motions addressed to the superseding indictment, the defense also must investigate and prepare to address the additional factual allegations and theories of liability in the superseding indictment. *See, e.g.*, Superseding Indictment ¶¶ 87(b), 89(c) (adding deprivation of money to MSHA as new factual allegation and new object of conspiracy); *id.* ¶¶ 99 and 100(f) (adding falsification of samples of respirable dust as new factual allegation and new overt act).

Several important motions that were previously filed, however, need not be refiled and currently are ripe for argument and decision. First among them is Motion No. 1 (Disqualification of the Court). The Court need not wait for final briefing on all other motions to resolve Motion No. 1. Decision of that motion obviously affects the nature and timing of proceedings to occur thereafter. We respectfully request that the Court vacate the trial date and hear and decide the motion to disqualify before addressing the other motions.

Undersigned counsel will be pleased to participate, by telephone or in person, in a conference with the Court and the government to address the scheduling issues discussed above.

Dated: March 26, 2015

Respectfully submitted,

 /s/ Blair G. Brown
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone)
202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

/s/ James A. Walls
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
P.O. Box 615
Morgantown, WV 26501
304-291-7947 (phone)
304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

# **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 26th day of March 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

                                                       _/s/ Blair G. Brown_
                                                     Blair G. Brown