# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

—————————————————————

UNITED STATES OF AMERICA           )
                                   )
        v.                         )        Criminal No. 5:14-cr-00244
                                   )
DONALD L. BLANKENSHIP              )
—————————————————————

## DEFENDANT'S RESPONSE TO THE UNITED STATES' MOTION FOR USE OF JUROR QUESTIONNAIRE AND EXPANDED JURY SELECTION PROCESS

The government's motion asks the Court to expand the size of the jury pool to include the Huntington Division if the trial is moved to the Charleston Division and to use a juror questionnaire.

The prejudice against Mr. Blankenship in this district is so strong and pervasive that transfer to another district for trial is necessary if Mr. Blankenship is to have any chance of a fair and impartial trial. *See* Defense Mot. No. 3: Transfer to Another District for Trial (ECF No. 121), supporting memorandum (ECF No. 122), and Reply (ECF No. 166).[1]  Accordingly, the Court need not address the government's request to add residents of the Huntington Division to

---

[1] The pervasive prejudice against Mr. Blankenship in this district continues to be reinforced by the media coverage that the court intended the now lifted gag order prevent.  One recent example is WOWK-TV's news broadcasts and website report of Mr. Blankenship's March 24, 2015, arraignment on the superseding indictment.  The station's coverage included the following:  "Several family members of miners who lost their lives in the UBB disaster attended the hearing, including Tommy Davis, a former miner who lost his son, nephew and brother in the explosion.  'He gets to get in his car and go home,' Davis said of Blankenship after the arraignment March 24.  'We have to go to a graveyard to see our families.'  Davis said it's difficult for him to look at Blankenship, but he still attends the trial hearings to support his son.  'He's heartless, he's ruthless,' he said.  'He's the devil.'"  http://www.wowktv.com/story/28601054/former-massey-ceo-don-blankenship-pleads-not-guilty-at-second-arraignment.  *See* WWOK, Mar. 24, 2015, 5:30 PM News; WWOK, March 24, 2015, 6:00 PM News.  The broadcast segment was the lead story on the 5:30 PM and 6:00 PM news.  The 6:00 PM news segment on Mr. Blankenship's arraignment also included footage of the crosses and helmets at one of the memorials to the miners who died in the Upper Big Branch Mine explosion.

the pool of prospective jurors, because the trial in this case should be held in the District of Maryland, Northern Division, or in the Northern District of West Virginia, Martinsburg Division. However, if the Court denies Mr. Blankenship's request for a transfer to those districts and divisions and instead transfers the case to the Charleston Division, Mr. Blankenship does not oppose the expansion of the jury pool to include the Huntington Division.

For the reasons set forth in Mr. Blankenship's motion to transfer and supporting materials, the court cannot have confidence that voir dire will be effective to seat jurors in this district who can be fair and impartial.  Nor is a juror questionnaire an adequate substitute for transfer where, as here, the evidence demonstrates the reasonable likelihood that jurors will have beliefs and feelings about guilt that, no matter what they say, "will close the mind against the testimony that may be offered in opposition to them."  *Irvin v. Dowd*, 366 U.S. 717, 722 n.3 (1961).  *See United States v. Ebens*, 654 F. Supp. 144, 146 (E.D. Mich. 1987) (transfer required for defendant's second trial; rejecting reliance on jury questionnaire and individual voir dire used in first trial).

Regardless of where this case is tried, Mr. Blankenship agrees with the government that a juror questionnaire is necessary in this case.  The defense proposes that after a decision on the motion to transfer, counsel for the parties meet and confer regarding the content of the questionnaire.  After the meet and confer, the parties can then jointly submit to the court for review any agreed upon questions, as well as any proposed questions as to which there is no agreement.  That is a common practice in cases in which juror questionnaires are used.  *See, e.g.*, *United States v. Eiland,* Crim. No. 04-379 (RCL), 2006 U.S. Dist. LEXIS 6546, at *16-17 (D.D.C. Jan. 31, 2006); *United States v. Basciano*, 03-CR-929 (NGG), 2005 U.S. Dist. LEXIS 45737, at *52 (E.D. N.Y. Dec. 12, 2005).

In order to advance the proposed meet and confer process, the defense submits its draft juror questionnaire as Exhibit 1 to this response.  Due to the brief period of time available to prepare this response to the government's motion and the current uncertainty regarding the location of the trial, the defense may supplement or otherwise modify its draft juror questionnaire based on the location of the trial and discussions with the government.

For all of these reasons and those set forth in the motion to transfer, Mr. Blankenship requests that the case be transferred out of this district for trial.  Mr. Blankenship supports the use of a jury questionnaire and does not oppose the expansion of the jury pool if this case is tried, over defense objection, in the Charleston Division.

Dated: March 27, 2015                                   Respectfully submitted,

                                                                 */s/ Blair G. Brown*
                                                  William W. Taylor, III
                                                  Blair G. Brown
                                                  Eric R. Delinsky
                                                  R. Miles Clark
                                                  Steven N. Herman
                                                  ZUCKERMAN SPAEDER LLP
                                                  1800 M Street, NW, Suite 1000
                                                  Washington, DC 20036
                                                  202-778-1800 (phone)
                                                  202-822-8106 (fax)
                                                  wtaylor@zuckerman.com
                                                  bbrown@zuckerman.com
                                                  edelinsky@zuckerman.com
                                                  mclark@zuckerman.com
                                                  sherman@zuckerman.com

                                                 */s/ James A. Walls*
                                                  James A. Walls (WVSB #5175)
                                                  SPILMAN THOMAS & BATTLE, PLLC
                                                  48 Donley Street, Suite 800
                                                  Morgantown, WV 26501
                                                  304-291-7947 (phone)
                                                  304-291-7979 (fax)
                                                  jwalls@spilmanlaw.com

                                                 *Counsel for Donald L. Blankenship*

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed and service has been made

by virtue of such electronic filing this 27th day of March 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
United States Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713


*/s/ Blair G. Brown*
Blair G. Brown