## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY

**UNITED STATES OF AMERICA**

**v.**                                                    **CRIMINAL NO. 5:14-00244**

**DONALD L. BLANKENSHIP**

## UNITED STATES' RESPONSE TO DEFENSE
## MOTIONS ON SUPERSEDING INDICTMENT

Comes now the United States of America by undersigned counsel and responds to Defendant's pretrial motions 21 through 29, as well as pretrial motions 4A, 5A, 6A, 12A, 13A, 14A, 15A, and 17A.

Defendant has filed new motions that he says are submitted "in light of the superseding indictment." These motions have new titles, but they bear an uncanny resemblance to Defendant's first batch of motions: heavy on rhetoric (and just plain heavy, again posting a page count out of all proportion to their substance) but light on law. Most of them simply rehash or even cut and paste arguments that Defendant made before and that the United States has already refuted. Two of the motions are genuinely new, but those two (24 and 25) have nothing to do with the Superseding Indictment—they are just additional (erroneous) arguments against the original Indictment, ones that Defendant should have filed by the motions deadline and now hopes to sneak in late.

Throughout his latest filings, Defendant makes the same fundamental mistake that he made in his earlier motions: he confuses an indictment with a trial. An indictment, as the United States explained at length in its response to motions 6 through 15 (ECF 129), is an allegation that serves to notify a defendant of the charges against him. A trial is the process through which those

charges are proved. An indictment is not required to detail every piece of prosecution evidence. Yet Defendant repeatedly argues that the Superseding Indictment must go far beyond stating charges and instead serve as a sort of trial on paper, proffering evidence that would be sufficient (sufficient in Defendant's judgment, he seems to mean) to prove the elements of the offense. He simply misunderstands the law. There is no summary judgment in criminal cases. Sufficiency of the evidence is not weighed before trial. Rather, if the indictment properly alleges the offenses charged—and the Superseding Indictment does—then the jury decides whether the evidence presented at trial proves the charges. Because Defendant's latest motions emanate from such facially flawed legal premises and recycle arguments already briefed at length, none of them need occupy the Court for long.

### Procedural background

On March 10, 2015, the grand jury returned a Superseding Indictment. ECF 169. As the United States has already explained, the Superseding Indictment made only a handful of changes from the original Indictment. *See* ECF 174. It combined the first two counts from the original Indictment into a single count with multiple objects: 1) to routinely violate mandatory federal mine safety and health standards, and 2) to defraud the United States by impeding mine safety inspectors and depriving the United States of money from the penalties that should have been assessed for safety violations. The Superseding Indictment also alleged that the overt acts in furtherance of this conspiracy included falsifying the results of samples of respirable dust in the Upper Big Branch mine (UBB). And the Superseding Indictment amplified the original Indictment's statement that the conspiracy was to deprive the United States of money. These changes were not necessary, but they helped eliminate areas of dispute raised by Defendant's

2

first round of pretrial motions, a development that will allow the Court to resolve those motions more expeditiously.

On March 11, 2015, the United States submitted a supplemental response to defense motions 7, 9, 11, and 12. ECF 174. This supplemental response explained why the Superseding Indictment mooted those defense motions.

On April 7, 2015, Defendant filed 17 motions, along with associated memoranda and exhibits. Motions 4A, 5A, 6A, 12A, 13A, 14A, 15A, and 17A were submitted to refile old motions with new statements applying them to the Superseding Indictment. Motions 21 through 29 purport to make new points in response to changes in the Superseding Indictment. Defendant's new motions appear to reassert his claims from the old motions 9, 11, and 12, but Defendant does not appear to dispute that motion 7 is now moot.

**The refiled motions**

Motions 4A, 5A, 6A, 12A, 13A, 14A, 15A, and 17A are refiled versions of old motions. The United States has already responded to the previous versions of those motions and requests that the Court treat those prior responses as responses to the refiled motions.

**Motion 21**

Defense motion 21 contends that the conspiracy charged in Count One is duplicitous and should be dismissed or, in the alternative, the United States should be required to elect between what Defendant alleges are two conspiracies.

This claim is curious, since Defendant previously argued just the opposite: that the conspiracies alleged in Counts One and Two of the original Indictment were the *same* conspiracy. Now that the grand jury has returned a Superseding Indictment consistent with

3

Defendant's prior position, Defendant has changed his mind. Specifically, in motion 9, filed prior to the Superseding Indictment, Defendant argued that the separate conspiracies charged in Counts One and Two of the original indictment were multiplicitous—that they charged the same offense in both counts—and therefore should be dismissed on that ground. ECF 91 and 92. Now he takes a different view.

Following the filing of defense motion 9, the grand jury returned the Superseding Indictment, which combined the original Counts One and Two into one count. Defendant now argues in his latest motion, in contradiction of his prior motion, that Count One of the Superseding Indictment is duplicitous, claiming that it charges two separate conspiracies in one count.

The Superseding Indictment returned by the grand jury, however, expressly alleges a single conspiracy to accomplish multiple objects. Defendant appears to concede, as he must, that there is nothing duplicitous about charging both the offense prong and the defraud prong of 18 U.S.C. § 371 in the same conspiracy count. ECF 198. Rather, his argument is that the allegation in the Superseding Indictment is factually incorrect. If Defendant wishes to argue to the jury at trial that there were two separate conspiracies, he may press the point then. *United States v. Roberts*, 262 F.3d 286, 294 (4th Cir. 2001) (existence of single or multiple conspiracies is jury question). But his opinion that the proof will show one conspiracy instead of two is not a basis to dismiss a charge before trial; the Superseding Indictment properly alleges the offense and the Court has no evidence before it that would allow it to say how many conspiracies there were.

Defendant also argues that the Superseding Indictment "contains no new factual allegations of any kind suggesting a unitary agreement with [Defendant] and his unidentified

alleged co-conspirators." ECF 198. However, Defendant fails to understand that "an indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." *United States v. Rendelman*, 641 F.3d 36, 44 (4th Cir. 2011). Count One of the Superseding Indictment clearly does that. No "new" facts are necessarily for a superseding indictment. Detailed proof of facts is a matter for trial, not a requirement for an indictment.

Count One of the Superseding indictment is not duplicitous. Rather, it outlines a single conspiracy with two related objects: to willfully violate mandatory federal mine safety and health standards and to obstruct the lawful functions of the Mine Safety and Health Administration ("MSHA"), thereby avoiding fines resulting from Defendant's willful violation of those standards. Simply put, it is a conspiracy to commit crimes and cover them up. As Defendant argued in his initial motion, it is one conspiracy.

### Motions 22 and 23

Motions 22 and 23 are nothing more than challenges to the sufficiency of the evidence that Defendant anticipates will be offered at trial. Motion 22 claims that Count One does not allege a single agreement to accomplish multiple conspiratorial objects. But Count One expressly does allege such an agreement, in paragraph 87 of the Superseding Indictment. ECF 169. Motion 22's real claim is that the Superseding Indictment does not describe evidence that Defendant believes is enough to *prove* that allegation. This is a matter for trial. Similarly, motion 23 claims that Count One alleges non-criminal conduct. Count One, of course, clearly does allege criminal conduct. ECF 169 ¶ 87. Defendant's actual argument is a characterization of what he believes

will be the evidence at trial: he claims, implausibly, that the evidence will show only negligence on his part, not the willfulness alleged in Count One, and will show only sincere efforts to correct safety violations, not the concealment and covering up that Count One alleges. The evidence at trial, as the allegations in the Superseding Indictment indicate, will abundantly demonstrate both willfulness and the concealment and covering up of violations, but that is beside the point at this stage of the proceedings. Defendant's interpretations of the evidence he anticipates are classic jury arguments, not arguments to dismiss a charge.

## Motion 24

Motion 24 does not pertain to the changes in the Superseding Indictment. Rather, it is a motion that, if Defendant wanted to file it, should have been filed by the original motions deadline. Apparently it did not occur to Defendant then, so he now attempts to smuggle it in, out of time, by sandwiching it among motions that at least discuss the Superseding Indictment.

The claim in motion 24 is that the Superseding Indictment must recite specific mandatory federal mine safety and health standards. As one might surmise given how late Defendant came up with it, this claim lacks any basis. The offense with which Defendant is charged is conspiracy. One of the objects of the conspiracy was the willful violation of mandatory federal mine safety and health standards. The Superseding Indictment properly alleges the elements of the conspiracy and of that object—that Defendant was part of an agreement or understanding to willfully violate mandatory federal mine safety or health standards and that overt acts were committed in furtherance of that understanding. ECF 169 ¶¶ 87-100. No listing of specific standards is required to allege this object, and none would be required to prove it. On the contrary, the United States could prove this object by showing that Defendant was part of an

agreement to violate such standards generally—if, for example, he and others agreed or formed an understanding that *whatever* mandatory federal mine safety and health standards needed to be violated at UBB in order to increase profits would be violated. And in any event, the Superseding Indictment gives Defendant more than sufficient notice of specific safety standards that were violated in overt acts furthering the conspiracy. In discovery, moreover, the United States has provided Defendant a listing of every safety standard that was cited at UBB in the relevant period and beyond. Defendant's motion is merely another mistaken claim that an indictment must detail every piece of evidence and every aspect of the prosecution's theory of the case.

**Motion 25**

Motion 25 also has nothing to do with the Superseding Indictment. It too should have been filed by the original motions deadline. And it is also another argument that Defendant can make only at trial, not in a motion to dismiss. Defendant claims in motion 25 that the UBB mine ceased operation after the explosion there and never reopened. He says that the false statements alleged in the Superseding Indictment thus could not have been made in furtherance of the conspiracy to violate mine safety laws at UBB because that conspiracy ended before the statements were made, that is, when the mine exploded. Defendant's claim is not properly before the Court in a motion to dismiss, however, because it rests on a factual claim—the date when the UBB mine ceased operation—that is extrinsic to the Superseding Indictment and not in evidence; such claims cannot be considered at this stage of the proceeding. *See, e.g., United States v. Causey*, Crim. No. H-04-025-SS, 2005 WL 2647976, at *12 (S.D. Tex. Oct. 17, 2005) (Mem. Op. and Order). More important, Defendant's claim misleads as to what the evidence at trial would show if it could be considered at this stage. The evidence actually would show that at the

time Defendant caused the false statements in question to be made, he intended the UBB mine to resume operating after the explosion. That fact negates the claim on which motion 25 depends. This evidentiary issue demonstrates precisely why trial-type arguments such as the one in motion 25 are not cognizable in a motion to dismiss.

## Motion 26

Motion 26 is similarly frivolous and contrary to law. It claims that Count One must be dismissed because it does not allege that Defendant personally caused the falsification of respirable dust samples. As already noted repeatedly in this case, an indictment need not detail all the prosecution's evidence. And in any event, it is a basic principle of criminal conspiracy that not all conspirators need to participate in or even be aware of every overt act committed in furtherance of the conspiracy. *United States v. Godwin*, 272 F.3d 659, 669 (4th Cir. 2001); *United States v. Roberts*, 881 F.2d 95, 101 (4th Cir. 1989). An indictment, therefore, need not allege that a defendant participated in or knew of every overt act in order to properly allege that he was part of the conspiracy that those acts furthered. Rather, it must allege that the defendant joined in the conspiracy and that at least one conspirator committed at least one overt act in furtherance of the conspiracy. The Superseding Indictment more than satisfies that requirement.

## Motion 27

Motion 27 consists of 19 pages that mostly repeat motion 11 (ECF 95), to which the United States has already responded (ECF 129), and which was mooted by the Superseding Indictment. Motion 11 claimed that the original Indictment's Count Two, conspiracy to impede MSHA, had to be charged as a misdemeanor under the Mine Act. Defendant's argument was that because giving advance warning of inspections was an overt acted charged in furtherance of the

8

conspiracy to impede MSHA (now charged as one of the objects of Count One), and advance warning of inspections was itself chargeable as a misdemeanor under the Mine Act, the entire conspiracy could be nothing more than a misdemeanor under the Mine Act. That contention misunderstood the significance of an overt act in a conspiracy charge: overt acts that are entirely lawful in and of themselves can nonetheless be alleged in a conspiracy that, taken as a whole, constitutes a crime. *Yates v. United States*, 354 U.S. 298, 334 (1957). *A fortiori*, an overt act that in and of itself may be a misdemeanor can be alleged in a conspiracy that, taken as a whole, constitutes a felony.

Defendant's argument also erred in assuming that advance warning of inspections was the only overt act in furtherance of the conspiracy that would be proven—that there were not other overt acts that impeded MSHA in other ways. Although it is not necessary to allege every overt act or means of a conspiracy that will be proven at trial, the Superseding Indictment now *does* allege another such overt act to impede MSHA: falsifying the results of respirable dust samples. That additional express allegation helps to crystallize the reason that motion 11 must fail.

In his new motion 27, Defendant says that Count One is still a misdemeanor conspiracy under the Mine Act, even if it involved falsifying respirable dust samples, because falsifying respirable dust samples is itself only a Mine Act misdemeanor. That contention is wrong. Defendant confuses *committing* a violation of a mandatory mine health standard with *impeding* MSHA in detecting that violation. Committing a violation of a standard on respirable dust may be a misdemeanor under the Mine Act. But conspiring to impede MSHA in enforcing that standard is a felony conspiracy to defraud the United States, under long-settled principles of law.

9

*See Haas v. Henkel*, 216 U.S. 462, 479 (1910) (holding that conspiracy to defraud the United States under 18 U.S.C. § 371 goes beyond just money and property and "include[s] any conspiracy for the purpose of impairing, obstructing, or defeating the lawful function of any department of government").

## Motion 28

Motion 28 continues Defendant's quixotic attempt to throw out century-old law on conspiracy to defraud the United States. Defendant's earlier motion 12 asked the Court to overturn the Supreme Court's 105-year-old precedent in *Haas v. Henkel*, 216 U.S. 462 (1910), which held that conspiracy to defraud the United States under 18 U.S.C. § 371 goes beyond just money and property and "include[s] any conspiracy for the purpose of impairing, obstructing, or defeating the lawful function of any department of government." *Id.* at 479. As the United States pointed out in its response to that motion, this Court may not overturn Supreme Court precedent even if it were so inclined. *McCray v. Burrell*, 516 F.2d 357, 364-65 (4th Cir. 1975). And in any event, motion 12's argument was merely one about intangible rights: that § 371's defraud clause no longer applies to conspiracies to deprive the United States of intangible rights, as a result of *Skilling v. United States*, 561 U.S. 358 (2010). The conspiracy alleged in Count One plainly involves more than just intangible rights—it was a scheme to avoid paying the United States money. The Superseding Indictment makes that point even clearer: the purpose of Defendant and his co-conspirators was to deprive the United States of money to which it otherwise would have been entitled, not merely the intangible right to unimpeded mine inspections.

Now that the United States has pointed out the obvious—that the Superseding Indictment does allege a conspiracy to deprive the United States of money or property—Defendant proposes

an even more strained view of § 371's defraud clause. He says that the money of which Defendant and his co-conspirators deprived the United States is not the kind of money that counts for § 371 purposes. For this novel view, he cites no authority related to § 371, but rather rests his argument on precedents interpreting an amendment to the False Claims Act. Defendant has wandered so far afield of the Supreme Court's century-old precedent on the defraud clause that his argument merits no serious consideration.

**Motion 29**

Motion 29 renews Defendant's previous motion for bill of particulars. ECF 105. With the exception of two requests for information concerning respirable dust samples, it is identical to his prior motion for a bill of particulars. ECF 105. The United States relies on its prior response in opposition to the new motion. *See* ECF 130.

**Conclusion**

Defendant's most recent motions raise no new meritorious issues. They bear little relationship to the actual law on sufficiency of indictments and seemed designed mainly to delay and to preview arguments that Defendant plans to make at trial. The Court should deny them.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney


/s/ Steven R. Ruby
Steven R. Ruby
Assistant United States Attorney
WV Bar No. 10752
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200

11

Fax: 304-347-5104
Email: steven.ruby@usdoj.gov

12

CERTIFICATE OF SERVICE

     It is hereby certified that service of the foregoing "UNITED STATES' RESPONSE TO

DEFENSE MOTIONS ON SUPERSEDING INDICTMENT " has been electronically filed and

service has been made on opposing counsel by virtue of such electronic filing on this 8th day of

April, 2015, to:


                  Steven Herman
                  Miles Clark
                  Eric Delinsky
                  William Taylor, III
                  Blair Brown
                  Zuckerman Spaeder LLP
                  Suite 1000
                  1800 M Street, NW
                  Washington, DC 20036

                  Alex Macia
                  Spilman Thomas & Battle PLLC
                  P.O. Box 273
                  Charleston, WV 25321

                  James Walls
                  Spilman Thomas & Battle PLLC
                  P.O. Box 615
                  Morgantown, WV 26507


                          /s/ Steven R. Ruby
                          Steven R. Ruby
                          Assistant United States Attorney
                          WV Bar No. 10752
                          300 Virginia Street, East
                          Room 4000
                          Charleston, WV 25301
                          Telephone:  304-345-2200
                          Fax: 304-347-5104
                          Email: steven.ruby@usdoj.gov