# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defense Motion No. 13, Motion to Dismiss Count Three for Failure to State an Offense* (Document 99), the *Memorandum in Support* (Document 100), the *United States' Response to Defendant's Motion No. 6 through 15 for Dismissal of Individual Counts* (Document 129), the Defendant's *Reply in Support of Defense Motion No. 13, Motion to Dismiss Count Three for Failure to State an Offense* (Document 154), as well as all of the exhibits and attachments filed therewith. The Court has also reviewed *Defense Motion No. 13A, Motion to Dismiss Count Two of the Superseding Indictment for Failure to State an Offense* (Document193) and the attached exhibits. For the reasons stated herein, the Court finds that the Defendant's motions should be denied.

### FACTUAL AND PROCEDURAL HISTORY

A Grand Jury meeting in Charleston, West Virginia, returned a four count Indictment (Document 1) against the Defendant on November 13, 2014. Count One charged Donald L. Blankenship with conspiracy to willfully violate mandatory mine safety and health standards

under the Mine Act, Count Two alleged a conspiracy to defraud the United States by impeding the Mine Health Safety Administration (MSHA) in the administration and enforcement of mine safety and health laws, while Counts Three and Four alleged securities law violations. The Defendant made his initial appearance at an arraignment and bail hearing on November 20, 2014, and was released the same day after posting bail and agreeing to abide by the terms of an order setting forth the conditions of release. (*See* Documents 13-19.) On March 10, 2015, the Charleston Grand Jury returned a three count Superseding Indictment (Document 169) against Donald L. Blankenship. The substance of the charges remains the same. However, Counts One and Two of the original indictment were merged into superseding Count One. The original Count Three is now Count Two, and Count Four of the original indictment is Count Three in the superseding indictment.

The *Defendant's Motion to Exclude Time Under the Speedy Trial Act, Re-Set Motions Deadline, Vacate Trial Date, and Set Scheduling Conference* (Document 29) was filed on December 2, 2014, and a hearing was held on December 17, 2014. After hearing the parties' arguments, the Court orally granted the Defendant's motion to continue the trial, with a written order to follow.

On January 5, 2015, the Court entered a *Criminal Scheduling Order* (Document 61) that set several pertinent dates. Specifically, the order required that all motions to dismiss, suppress, and any motions *in limine* "be filed no later than February 6, 2015." The order also specified February 6, 2015, as the filing deadline for additional pretrial motions, and scheduled the pretrial motions hearing for March 3, 2015.[1] The *Defendant's Motion for Extension of Time to File Motion to Transfer this Case to Another District for Trial* (Document 71) was filed on January 28,

---

1 The Court notes that the March 3, 2015 pretrial motions hearing was "continued generally" by the Magistrate Judge's February 26, 2015 *Order* (Document 142).

2015, and the Court granted said motion in its February 4, 2015 *Order* (Document 76), extending the filing deadline for a motion to change venue to February 20, 2015.

On February 6, 2015, prior to the return of the superseding indictment, the Defendant filed nineteen (19) pretrial motions including the instant one. The *United States' Motion for Extension of Time to Respond to Pretrial Motions* (Document 115) was filed on February 10, 2015. On February 12, 2015, the Court entered an *Order* (Document 116) granting the motion in part, setting Friday, February 20, 2015, as the "deadline for the filing of the United States' responses to the Defendant's pretrial motions."

The Defendant filed his *Defense Motion No. 13, Motion to Dismiss Count Three for Failure to State an Offense* on February 6, 2015. The United States filed its Response on February 20, 2015, and the Defendant's Reply was filed on February 27, 2015. *Defense Motion No. 13A, Motion to Dismiss Count Two of the Superseding Indictment for Failure to State an Offense* was filed on April 7, 2015. The matter is ripe for ruling.

## APPLICABLE LAW

"[T]o survive a motion to dismiss sought pursuant to Rule 12 [of the Federal Rules of Criminal Procedure], an indictment must allege facts that, if proven true, would sustain a violation of the offense charged." *United States v. Hasan*, 747 F.Supp2d 599, 602 (E.D. Va. 2010). "An indictment is sufficient if it: 1) alleges the essential elements of the offense charged and provides the defendant with notice of the crime with which he is charged; and 2) enables the defendant to plead double jeopardy in any future prosecution for the same offense." *United States v. Lang*, 766 F.Supp. 389, 395 (D.Md. 1991). "A 12(b) motion is permissible only when it involves a question of law rather than fact." *United States v. Shabbir*, 64 F.Supp.2d 479, 481 (D.Md. 1999) (citation

3

omitted). A Court cannot grant the motion to dismiss under Rule 12 if a Defendant's "legal contentions are inextricably bound up with the facts of the case." (*Id.*)

## DISCUSSION

This motion concerns the following two statements—contained in Massey Energy Company's (Massey's) UBB Shareholder Statement—alleged to have been made or caused to be made by the Defendant: (1) "[w]e [Massey] do not condone any violation of MSHA regulations," and (2) "we [Massey] strive to be in compliance with all regulations at all times." (Indictment, Document 1 at 32.) The United States maintains that these statements "were materially false, fraudulent, fictitious, and misleading . . .." (*Id.* at 33.) The Defendant argues that Count Three (Superseding Count Two) of the indictment should be dismissed because the subject statements are not capable of being proven false, are not material, and were not made to the Securities Exchange Commission (SEC) or otherwise within the jurisdiction of the SEC. The Defendant also argues that the indictment does not contain facts establishing that he made the statements or caused them to be made.

He argues that the statements cannot be proven to be false because they are "purely subjective and indefinite statements that are incapable of being proven true or false by objective evidence." (Document 100 at 3.) The Defendant argues that the statements are not material because they are "not actionable under Rule 10b-5 as a matter of law and are not alleged to have violated any other statute or regulation enforceable by the SEC. As a result, the statements manifestly were *incapable* of influencing any legitimate actions or decision by the SEC." (*Id.*) (emphasis in original.)

The Defendant also maintains that he did not make the statements or willfully cause anyone else to make the false statements because he did not personally author the statements, and is "not alleged to have given any guidance or instructions, as to the document's content, to the unnamed individuals who are alleged to have drafted the UBB Shareholder Statement" nor alleged to have "submitted the document to the SEC or to have directed anyone else to do so." (*Id.* at 4.) He argues that he did not sign the statement, and notes that the statement "does not attribute any statements to him . . . [or] even mention his name." (*Id.*)

With respect to the assertion that the statements were not made to the SEC or otherwise fall within its jurisdiction, the Defendant argues that the UBB Shareholder Statement "was addressed to Massey's shareholders, not to the SEC." (*Id.* at 5.) Noting that courts have at times permitted actions based on documents submitted to the public, the Defendant argues that "they have done so only when the documents at issue were required by law to be filed with the SEC," and cites *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991) and *United States v. Lang*, 766 F. Supp. 389 (D. Md. 1991) for support. (*Id.*) (emphasis and citation in original omitted). He argues that the statement was not filed with the SEC "nor required by law to have been filed," and instead was only "furnished" to the SEC. (*Id.* at 5-6.) He argues that the disclosure was made pursuant to Regulation FD, and was transmitted via Form 8-K only after it had been posted to the Massey web site. (*Id.* at 6.) "In other words, the company's decision to 'furnish' the document to the SEC as an exhibit to its Form 8-K was purely a voluntary act, and not one that was required by any law or regulation." (*Id.*) (internal footnote omitted.) The Defendant stresses that since he was not required by law to furnish the statements to the SEC, the document is not within its jurisdiction because it was not made or used for purposes of § 1001. (*Id.* at 6-7.)

5

The United States responds[2] that the Defendant is mistaken in his "view of the function and requirement of an indictment," and notes that "[j]udicial review of an indictment considers only whether it charges the elements of the offense and whatever essential facts are necessary to fairly apprise the defendant of the charges against him." (Document 129 at 22.) It avers that when "reviewing the sufficiency of an indictment, a court must accept its allegations as true." (*Id.* at 23.)

The United States argues that Count Three (Superseding Count Two) of the indictment "expressly alleges statements and a writing that were false, fictitious, and fraudulent," and by "incorporating the earlier portions of the indictment, Count Three goes well beyond what is required." (*Id.*) It claims the "Defendant was a willful participant in a conspiracy to willfully commit routine violations of MSHA regulations at UBB," and a "willful participant in a separate conspiracy to conceal these violations." (*Id.*) (internal citations omitted.) The United States stresses that the "Defendant errs in suggesting that the question of whether a statement can be proven false can be resolved in a vacuum, unconnected to the underlying evidence that would prove its falsity. *See Virginia Bankshares, Inc. v. Sandberg*, 510 U.S. 1083, 1093, 1095 (1991)." (*Id.* at 24) (internal parenthetical omitted.) It contends that the Defendant's argument on materiality of the statements is inappropriate at this stage of the litigation, and is "not a permissible basis to dismiss a count of an indictment." (*Id.* at 25.)

The United States argues the indictment "gives substantial evidentiary detail on how Defendant caused the statements to be made: that he directed the preparation of, reviewed, and approved the document containing the statements," and "further alleges that Defendant reviewed

---

2 The Court notes that the United States' opposition to the Defendant's instant motion to dismiss is contained on pages 22 through 29 of the *United States' Response to Defendant's Motions No. 6 through 15 for Dismissal of Individual Counts* (Document 129).

the statements again the following day, in a different document, and again approved their release." (*Id.*)  The United States maintains that "[o]ne who causes a criminal offense to be committed is liable as a principal."  18 U.S.C. § 2.  (*Id.*)

The United States argues that the statements did occur in a matter within the jurisdiction of the SEC because "Section 1001 covers false statements made voluntarily, not just those made pursuant to a requirement."  (*Id.* at 26.)  It cites Supreme Court case law finding that "jurisdiction should not be given a narrow or technical meaning for purposes of § 1001."  (*Id.* at 27.) (internal citation omitted.)  Moreover, the United States contends that the statements were not made voluntarily because the disclosure of the document containing the statements "was a disclosure required by the SEC, specifically, by the SEC's Regulation FD, which requires publicly traded companies to disclose material information to the public."  (*Id.*)  Additionally, the United States argues that "[t]he UBB Shareholder Statement was submitted to the SEC . . . on SEC Form 8-K, a document the form and content of which is regulated by the SEC," and the statement "was aimed directly at Massey Shareholders and potential shareholders, with the intention of influencing their decisions on whether to purchase or sell Massey stock at a critical time for the company" placing "it in the heartland of the SEC's regulatory authority."  (*Id.* at 28.)

The Defendant's reply narrows the scope of his argument to the SEC's jurisdiction under § 1001, and notes that the United States has not rebutted the contention that the statements do not fall within the SEC's jurisdiction.  (Document 154 at 2.)  Put succinctly, the Defendant continues to distinguish "furnishing" with "filing," and stresses that *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991) and *United States v. Lang*, 766 F.Supp. 389 (D.Md. 1991) provide ample support for his position.  (*Id.* at 3-4.)

7

The Court finds that the Defendant's argument for dismissal with respect to the statements at issue, being purely subjective and incapable of being proven true or false, is without merit. In relevant part, 18 U.S.C. § 1001 provides:

> (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully---
> (1) falsifies, conceals or covers up by any trick, scheme, or device a material fact;
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
> shall be fined under this title, imprisoned not more than 5 years…

"To establish a violation of Section § 1001, the prosecution must prove that: (1) the defendant made a false statement to a government agency; (2) the defendant acted knowingly or willfully; and (3) the false statement was material to a matter within the jurisdiction of an agency." *United States. v. David*, 83 F.3d 638, 640 (4th Cir. 1996). 18 U.S.C. § 1001 "was designed 'to protect the authorized functions of governmental department and agencies from the perversion which might result from the deceptive practices described.'" *Lang*, 766 F.Supp at 392 (quoting *United States v. Gilliland*, 312 U.S. 86, 93 (1941)).

*A. Capable of Being Proven True or False*

Contrary to the Defendant's assertions, the Court finds the statements contained in the UBB Shareholder Statement, referenced in the indictment, are capable of being proven true or false. Count Three charges the Defendant with making and causing to be made false statements in violation of 18 U.S.C. §§ 1001(a)(2)-(3) and 2. (Document 100 at 1.) To support this charge, the indictment alleges that the Defendant willfully made or caused to be made the false statements

8

at issue while willfully engaging in a conspiracy to commit illegal safety violations at Upper Big Branch and concealing safety violations before they could be detected by investigators. Assuming the allegations contained in the indictment to be true, the Court finds that they support a showing that the statements were objectively false. In other words, if the Defendant engaged in the willful behavior alleged in the indictment, then the statements that "[w]e [Massey] do not condone any violation of MSHA regulations" and "we [Massey] strive to be in compliance with all regulations at all times" are capable of being proven false.

### B. Materiality

The Court finds that it is inappropriate to decide the question of "materiality" at this juncture. "The test of materiality is whether the false statement has a natural tendency to influence agency action or is capable of influencing agency action." *David*, 83 F.3d at 640, fn 2. In *David*, the Fourth Circuit reversed and remanded the district court's determination of materiality because the district court had "failed to submit the question of materiality to the jury," but had instead decided the issue itself. (*Id.* at 640.) "[W]e now know that the element of materiality in section 1001 must be submitted to the jury." (*Id.* at 641); *see also United States v. Daughtry*, 91 F.3d 675, 675 (4th Cir. 1996). Furthermore, this legal element is appropriate for jury determination because it is intertwined with factual issues.

### C. Made or Caused to be Made

On the other hand, the Defendant's argument that the indictment fails to allege facts that establish he made the statements or caused them to be made is unpersuasive. At a bare minimum, the indictment alleges that the Defendant ordered individuals to prepare the statements, edited said statements, and then approved the release of the UBB Shareholder Statement (containing the two

9

statements at issue) after reviewing it the following day. (Document 1 at ¶ ¶ 81-83.) Additionally, as the United States argues, [o]ne who causes a criminal offense to be committed is liable as a principal [under] 18 U.S.C. § 2." (Document 129 at 25.) The Court notes further support for this finding can be found in *Prousalis v. Moore*, 751 F.3d 272, 277 (4th Cir. 2014)

### D. Within Jurisdiction of SEC

Finally, the Defendant's assertion that the statements do not come within the jurisdiction of the SEC is unconvincing. First, "[f]orms 8–K and S–1 are mandatory filings for all publicly traded companies. *See, e.g.,* 17 C.F.R. §§ 240.13a–11, 229.101." *United States ex re. Jones v. Collegiate Funding Services, Inc.*, 469 Fed.Appx. 244, 257 (4th Cir. 2012). Although the Defendant relies on *Bilzerian* to support his contentions, the Court finds the Supreme Court's analysis in *United States v. Rogers*, 466 U.S. 475 (1984), particularly instructive and more on point. *Rogers* involved the prosecution of an individual for making *unsolicited* false statements to the FBI—and later to the Secret Service—that his wife had been kidnapped. *Id.* at 477. After making these reports, however, Rogers "confessed that he made the false reports to induce the federal agencies to locate his wife" because they were having domestic issues. *Id.* The district court granted Rogers' motion to dismiss, "holding that the phrase within the jurisdiction as used [in § 1001] referred only to the power to make final or binding determinations." (*Id.*) (internal quotations and citation omitted.)

The government appealed, and the Court of Appeals for the Eighth Circuit affirmed, noting a previous opinion where it held "false statements made to the FBI were not covered by § 1001 because the FBI 'had no power to adjudicate rights, establish binding regulations, compel the action or finally dispose of the problem giving rise to the inquiry.'" (*Id.* at 478.) (quoting

*Friedman v. United States*, 374 F.2d 363, 368 (8th Cir. 1967)). In reversing and remanding, the Supreme Court concluded that the district court and appeals court's interpretation of § 1001 was "unduly strained." (*Id.* at 479.) The Supreme Court noted that "[t]he <u>most natural, nontechnical reading</u> of the statutory language is that it covers all matters confided to the authority of an agency or department." (*Id.*) (emphasis added.) "A department or agency has jurisdiction . . . when it has the power to exercise authority in a particular situation . . . . [T]he phrase 'within the jurisdiction' merely differentiates the official, authorized functions of an agency or department from matters peripheral to the business of that body." (*Id.*) The Supreme Court "stressed that the term jurisdiction should not be given a narrow or technical meaning for purposes of § 1001." (*Id.* at 480.)

Here, the Defendant urges a hyper-technical reading of jurisdiction under § 1001. His argument that jurisdiction is not satisfied because he first chose to post the UBB Shareholder statement to Massey's website, and thus only voluntarily furnished the statement to the SEC afterwards, falls short. This Court refuses to narrowly interpret jurisdiction under § 1001, and therefore, rejects the hyper-technical construction urged by the Defendant. As the Second Circuit noted in *United States v. Bilzerian*, "securities laws are designed to make accurate information available to the investing public; the SEC's authority to regulate disclosures required under those laws brings the filings within its jurisdiction for purposes of § 1001." 926 F.2d 1285, 1301 (2d. Cir. 1991). Here, the Defendant disclosed to the public the allegedly false statements contained in the UBB Shareholder Statement by attaching it to Form 8-K pursuant to Regulation FD, and these false statements contained on an SEC form pursuant to an SEC regulation cannot be said to be "matters peripheral to the business of [the SEC]." 466 U.S. at 479. The Court finds, given the

allegations of the indictment, the statements fall within the purview of the SEC. Additionally, the Court notes that other Circuits have held that "[t]here is no implicit requirement that the statements be made directly to, or even be received by, the federal government or agency." *United States v. Gibson*, 881 F.2d 318, 322 (6th Cir. 1989). As the Supreme Court made clear in *United States v. Yermian*, the "primary purpose [of Section 1001's jurisdictional requirement] is to identify the factor that makes the false statement an appropriate subject for federal concern." 468 U.S. 63, 68 (1984) (Rehnquist, J., dissenting). Here, the alleged false statements were made in a Shareholder Statement that was sent to the SEC. Clearly, false statements to shareholders and the market in general is an issue ripe for federal concern.

In sum, Defendant's arguments that Count Three (Superseding Count Two) should be dismissed are unpersuasive. The Court must accept as true all well-pleaded allegations contained in the indictment, and these allegations are sufficient to put the Defendant on notice that he may have violated the law when he made, or caused to be made, the alleged false statements contained in the UBB Shareholder Statement.

## CONCLUSION

Wherefore, after careful consideration and consistent with the findings herein, the Court **ORDERS** that *Defense Motion No. 13, Motion to Dismiss Count Three for Failure to State an Offense* (Document 99) and *Defense Motion No. 13A, Motion to Dismiss Count Two of the Superseding Indictment for Failure to State an Offense* (Document 193) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 8, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA