# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                            CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defense Motion No. 14, Motion to Dismiss Count Four Due to its Failure to Allege Materially False, Misleading or Fraudulent Statements of Fact* (Document 101), the *Memorandum in Support* (Document 102), the *United States' Response to Defendant's Motions No. 6 through 15 for Dismissal of Individual Counts* (Document 129), the Defendant's *Reply in Support of Defense Motion No. 14, Motion to Dismiss Count Four Due to its Failure to Allege Materially False, Misleading or Fraudulent Statements of Fact* (Document 155), as well as all of the exhibits and attachments filed therewith. The Court has also reviewed *Defense Motion No. 14A, Motion to Dismiss Count Three of the Superseding Indictment Due to its Failure to Allege Materially False, Misleading or Fraudulent Statements of Fact* (Document 194) and the attached exhibits. For the reasons stated herein, the Court finds that the Defendant's motions should be denied.

**FACTUAL AND PROCEDURAL HISTORY**

A Grand Jury meeting in Charleston, West Virginia, returned a four count Indictment (Document 1) against the Defendant on November 13, 2014. Count One charged Donald L. Blankenship with conspiracy to willfully violate mandatory mine safety and health standards under the Mine Act, Count Two alleged a conspiracy to defraud the United States by impeding Mine Health Safety Administration (MSHA) in the administration and enforcement of mine safety and health laws, while Counts Three and Four alleged securities law violations. The Defendant made his initial appearance at an arraignment and bail hearing on November 20, 2014, and was released the same day after posting bail and agreeing to abide by the terms of an order setting forth the conditions of release. (*See* Documents 13-19.) On March 10, 2015, the Charleston Grand Jury returned a three count Superseding Indictment (Document 169) against Donald L. Blankenship. The substance of the charges remains the same. However, Counts One and Two of the original indictment were merged into superseding Count One. The original Count Three is now Count Two, and Count Four of the original indictment is Count Three in the superseding indictment.

The *Defendant's Motion to Exclude Time Under the Speedy Trial Act, Re-Set Motions Deadline, Vacate Trial Date, and Set Scheduling Conference* (Document 29) was filed on December 2, 2014, and a hearing was held on December 17, 2014. After hearing the parties' arguments, the Court orally granted the Defendant's motion to continue the trial date, with a written order to follow.

On January 5, 2015, the Court entered a *Criminal Scheduling Order* (Document 61) that set several pertinent dates. Specifically, the order required that all motions to dismiss, suppress, and

any motions *in limine* "be filed no later than February 6, 2015." The order also specified February 6, 2015, as the filing deadline for additional pretrial motions, and scheduled a pretrial motions hearing for March 3, 2015.[1] The *Defendant's Motion for Extension of Time to File Motion to Transfer this Case to Another District for Trial* (Document 71) was filed on January 28, 2015, and the Court granted said motion in its February 4, 2015 *Order* (Document 76), extending the filing deadline for a motion to change venue to February 20, 2015.

On February 6, 2015, prior to the return of the superseding indictment, the Defendant filed nineteen (19) pretrial motions including the instant one. The *United States' Motion for Extension of Time to Respond to Pretrial Motions* (Document 115) was filed on February 10, 2015. On February 12, 2015, the Court issued an *Order* (Document 116) granting the motion in part, setting Friday, February 20, 2015, as the "deadline for the filing of the United States' responses to the Defendant's pretrial motions."

The Defendant filed his *Defense Motion No. 14, Motion to Dismiss Count Four Due to its Failure to Allege Materially False, Misleading or Fraudulent Statements of Fact* on February 6, 2015. The United States filed its Response on February 20, 2015, and the Defendant's Reply was filed on February 27, 2015. *Defense Motion No. 14A, Motion to Dismiss Count Three of the Superseding Indictment Due to its Failure to Allege Materially False, Misleading or Fraudulent Statements of Fact* was filed on April 7, 2015. The matter is ripe for ruling.

**APPLICABLE LAW**

"[T]o survive a motion to dismiss sought pursuant to Rule 12 [of the Federal Rules of Criminal Procedure], an indictment must allege facts that, if proven true, would sustain a violation

---

[1] The Court notes that the March 3, 2015 pretrial motions hearing was "continued generally" by the Magistrate Judge's February 26, 2015 Order (Document 142).

of the offense charged." *United States v. Hasan*, 747 F.Supp2d 599, 602 (E.D. Va. 2010). "An indictment is sufficient if it: 1) alleges the essential elements of the offense charged and provides the defendant with notice of the crime with which he is charged; and 2) enables the defendant to plead double jeopardy in any future prosecution for the same offense." *United States v. Lang*, 766 F.Supp. 389, 395 (D.Md. 1991). "A 12(b) motion is permissible only when it involves a question of law rather than fact." *United States v. Shabbir*, 64 F.Supp.2d 479, 481 (D.Md. 1999) (citation omitted.) A motion to dismiss under Rule 12 cannot be granted if the Defendant's "legal contentions are inextricably bound up with the facts of the case." (*Id.*)

## DISCUSSION

The Defendant argues that the alleged false statements, at issue in Count Four (Superseding Count Three) of the indictment, are incapable of being proven true or false. (Document 102 at 6.) He states that the words "strive" and "condone" (contained in the pertinent statements) are merely subjective words that cannot be measured objectively. (*Id.* at 6-7) The Defendant argues that he did not personally make the statements, but they "are statements made by Massey—the company." (*Id.* at 8.) Further, he maintains that the statements are nothing more than business puffery, and are, therefore, immaterial as a matter of law. (*Id.* at 9.)

The Defendant contends that the statements are not material because no reasonable investor would consider the statements (1) important or conclude that the statements (2) significantly altered the mix of information available to the investor. (*Id.* at 11.) He stresses that the context in which the statements were made renders the statements largely immaterial because the market knew about the UBB explosion and knew about Massey's safety record. (*Id.* at 12-13.) He argues that courts "regularly hold that subjective statements about companies'

4

commitments to regulatory compliance are neither misleading nor material, as a matter of law, when the statements are qualified by corresponding disclosures acknowledging compliance problems." (*Id.* at 18.) The Defendant contends that the statements are similar to most, if not all other coal companies' statements, and no other coal executive has been prosecuted. (Id. at 23-27.)

The United States responds that the statements are not too vague to amount to securities fraud, and notes that the Defendant did not cite any criminal case "that addressed the sufficiency of a securities fraud indictment." (Document 129 at 30-31.) It stresses that the statements taken together with the allegations of the indictment "readily establish that the statements in question were false, that there was no reasonable basis for them, and that Defendant knew of undisclosed facts that tended to undermine their accuracy," and "at a minimum, they show that the falsity of the subject statements is capable of being proved objectively and thus cannot be discounted as a matter of law." (*Id.* at 33.)

The United States contends that the statements were not puffery because they are capable of being readily proven false and a reasonable investor would be influenced by them. (*Id.* at 33-34.) Further, the allegations contained in Count Four "would permit a reasonable fact finder to conclude that the statements in question were misleading because of material omissions." (*Id.* at 34.) The United States claims that the argument concerning the context in which the statements were made "go[es] well beyond the allegations in the Indictment." (*Id.* at 36.) It argues the same principle with respect to other coal companies' statements. The United States maintains that even if applicable, "Defendant does not show that the other companies he mentioned were engaged in

5

conduct similar to that alleged in the Indictment at the time they purportedly made the statements he cites." (*Id.* at 37-38.)

The Defendant replies that the statements are not statements of fact that are capable of being proven false. (Document 155 at 3-5.) He claims that the statements were made in the present tense and not technically false, and argues the point (for the first time in his reply) that because the UBB mine had been closed, "[t]here is no allegation that on April 8, 2010, or at any time thereafter, anyone committed a willful violation at any Massey mine." (*Id.* at 5-6.) He argues that the statements did not alter the mix of information available to investors, and stresses that the UBB Shareholder Statements "affirmatively alerted" the public to the existence of the conspiracies by implicitly mentioning speculation in the media that Massey had willfully disregarded safety regulations. (*Id.* at 6-9.)

He continues to argue that the context of the statements, itself, proves that the investing public knew that the statements were not materially false or misleading. (*Id.* at 10.) The Defendant distinguishes case law argued by the United States, and stresses that the statements "are unattributed statements regarding state of mind" and are therefore not actionable under securities laws. (*Id.* at 11-12.) Finally, he notes that other "similarly situated coal companies" who had similar safety records and wealth equal to or greater than Massey have not been prosecuted for "disclosures comparable to the ones underlying Count Four." (*Id.* at 13.)

The Court finds that the Defendant's motion to dismiss Count Four must be denied. The Defendant is charged with violating 15 U.S.C. § 78ff. "The Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, was designed to protect investors against manipulation of stock prices through a philosophy of public disclosures." *Longman v. Food Lion, Inc.*, 197 F.3d 675, 682 (4th

Cir. 1999) (internal quotations omitted.) Section 10(b) of the Securities Exchange Act of 1934 makes it unlawful for any person, directly or indirectly, "[t]o use or employ, in connection with the purchase or sale of any security . . ., [of] any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b). The implementing regulation, SEC Rule 10b-5, declares it unlawful:

> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of a security.

17 C.F.R. § 240.10b-5. A bedrock principle is that "the statement must be false, or the omission must render public statements misleading." *Longman*, 197 F.3d at 683 (emphasis in original.)

   *A. Capable of Being Proven True or False*

To support a finding of materiality, the Government "must point to a factual statement or omission—that is, one that is demonstrable as being true or false." *Longman*, 197 F.3d at 682. "Materiality is an objective concept, involving the significance of an omitted or misrepresented fact to a reasonable investor." (*Id.* at 682-83.) (internal quotations and citation omitted.) A misrepresentation or omission of fact "is material if there is a substantial likelihood that a reasonable [investor] (1) would consider the fact important in deciding whether to buy or sell the security or (2) would have viewed the total mix of information made available to be significantly altered by disclosure of the fact." (*Id.* at 683.) "Ultimately, the inquiry is whether, read as a

7

whole, the statements or omissions would have misled a reasonable investor about the nature of the securities." *Shah v. Genvec*, *Inc.*, 2013 WL 5348133, *12 (D.Md. Sept. 20, 2013) (unreported) (brackets and quotations in original omitted.)

Regarding whether the statements are capable of being proven true or false, the indictment alleges sufficient facts that would, if proven, establish that the respective statements were false. In other words, if it is proven that the Defendant willfully engaged in a conspiracy to commit safety violations and a conspiracy to conceal those safety violations, then the statements "[w]e [Massey] do not condone any violation of MSHA regulations" and "we [Massey] strive to be in compliance with all regulations at all times" could objectively be demonstrated to be false. In light of the allegations in the indictment, the Court finds that the statements are capable of being proven true or false.

### B. Materiality

To the extent that this Court must determine the materiality of the statements, it has previously determined that such analysis is inappropriate at this stage, pursuant to *United States v. David*, 83 F.3d 638, 640 (4th Cir. 1996), and *United States v. Daughtry*, 91 F.3d 675 (4th Cir. 1996). Furthermore, as already discussed in the Memorandum Opinion and Order regarding Defense Motion No. 13, materiality is an element which is more appropriately decided by a jury at trial because legal and factual determinations are intertwined.

### C. Business Puffery and Context

The Defendant's assertion that these statements are only business puffery is likewise more appropriate for the jury to decide as it intertwines legal and factual determinations. Additionally, the Defendant's reliance on civil cases generally finding that certain puffery lacks materiality

appears inapposite to the instant criminal context, especially when viewed against principles underlying Federal Rule of Criminal Procedure P. 12(b) and the standard for dismissal outlined above. "While opinion or puffery will often not be actionable, in particular contexts when it is both factual and material, it may be actionable." *Shah*, 2013 WL 5348133 at * 11 (emphasis in original omitted.)

Furthermore, at this stage the Court will not consider whether context renders the statements materially false or misleading. Like puffery, the question of context involves questions of law intertwined with fact, resulting in determinations generally reserved for juries.

*D. Comparator(s) for Materiality*

Finally, given the standard for dismissal under Rule 12(b) of the Federal Rules of Criminal Procedure, the Court finds the Defendant's argument regarding other coal companies' records to be inappropriate at this stage of the proceedings. The argument that the statements at issue here were not material or likely to impact investor decision making because other coal companies were issuing similar statements, involves matters that are extrinsic to the indictment, and if these statements have evidentiary value at any stage, they are not suitable for the Court's consideration on a pretrial motion to dismiss. Further, at least to some extent, the argument is encompassed by context, and to some degree is a remix of arguments made in Defendant's motion to dismiss based on selective prosecution, both of which the Court has previously addressed.

## CONCLUSION

Wherefore, after careful consideration and consistent with the findings herein, the Court **ORDERS** that *Defense Motion No. 14, Motion to Dismiss Count Four Due to its Failure to Allege Materially False, Misleading or Fraudulent Statements of Fact* (Document 101) and *Defense*

*Motion No. 14A, Motion to Dismiss Count Three of the Superseding Indictment Due to its Failure to Allege Materially False, Misleading or Fraudulent Statements of Fact* (Document 194) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 8, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA