**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,

v.                                    CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defense Motion No. 15, Motion to Dismiss Count Four for Failure to Allege Facts Establishing that Mr. Blankenship Made or Willfully Caused to be Made Materially False or Misleading Statements* (Document 103), the *Memorandum in Support* (Document 104), the *United States' Response to Defendant's Motion No. 6 through 15 for Dismissal of Individual Counts* (Document 129), the Defendant's *Reply in Support of Defense Motion No. 15, Motion to Dismiss Count Four for Failure to Allege Facts Establishing that Mr. Blankenship Made or Willfully Caused to be Made Materially False or Misleading Statements* (Document 156), as well as all exhibits and attachments filed therewith. The Court has also reviewed *Defense Motion No. 15A, Motion to Dismiss Count Three of the Superseding Indictment for Failure to Allege Facts Establishing that Mr. Blankenship Made or Willfully Caused to be Made Materially False or Misleading Statements* (Document 195) and the attached exhibits. For the reasons stated more fully herein, the Court finds that the Defendant's motions should be denied.

## FACTUAL AND PROCEDURAL HISTORY

A Grand Jury meeting in Charleston, West Virginia, returned a four count Indictment (Document 1) against the Defendant on November 13, 2014.  Count One charged Donald L. Blankenship with conspiracy to willfully violate mandatory mine safety and health standards under the Mine Act, Count Two alleged a conspiracy to defraud the United States by impeding the Mine Health Safety Administration (MSHA) in the administration and enforcement of mine safety and health laws, while Counts Three and Four alleged securities law violations.   The Defendant made his initial appearance at an arraignment and bail hearing on November 20, 2014, and was released the same day after posting bail and agreeing to abide by the terms of an order setting forth the conditions of release.   (*See* Documents 13-19.)   On March 10, 2015, the Charleston Grand Jury returned a three count Superseding Indictment (Document 169) against Donald L. Blankenship.   The substance of the charges remains the same.   However, Counts One and Two of the original indictment were merged into superseding Count One.    The original Count Three is now Count Two, and Count Four of the original indictment is Count Three in the superseding indictment.

The *Defendant's Motion to Exclude Time Under the Speedy Trial Act, Re-Set Motions Deadline, Vacate Trial Date, and Set Scheduling Conference* (Document 29) was filed on December 2, 2014, and a hearing was held on December 17, 2014.   After hearing the parties' arguments, the Court orally granted the Defendant's motion to continue the trial date, with a written order to follow.

On January 5, 2015, the Court entered a *Criminal Scheduling Order* (Document 61) that set several pertinent dates.   Specifically, the order required that all motions to dismiss, suppress, and

any motions *in limine* "be filed no later than February 6, 2015." The order also specified February 6, 2015, as the filing deadline for additional pretrial motions, and scheduled a pretrial motions hearing for March 3, 2015.[1] The *Defendant's Motion for Extension of Time to File Motion to Transfer this Case to Another District for Trial* (Document 71) was filed on January 28, 2015, and the Court granted said motion in its February 4, 2015 *Order* (Document 76), extending the filing deadline for a motion to change venue to February 20, 2015.

On February 6, 2015, prior to the return of the superseding indictment, the Defendant filed nineteen (19) pretrial motions including the instant one. The *United States' Motion for Extension of Time to Respond to Pretrial Motions* (Document 115) was filed on February 10, 2015. On February 12, 2015, the Court entered an *Order* (Document 116) granting the motion in part, setting Friday, February 20, 2015, as the "deadline for the filing of the United States' responses to the Defendant's pretrial motions."

The Defendant filed his *Defense Motion No. 15, Motion to Dismiss Count Four for Failure to Allege Facts Establishing that Mr. Blankenship Made or Willfully Caused to be Made Materially False or Misleading Statements* on February 6, 2015. The United States filed its Response on February 20, 2015, and the Defendant's Reply was filed on February 27, 2015. *Defense Motion No. 15A, Motion to Dismiss Count Three of the Superseding Indictment for Failure to Allege Facts Establishing that Mr. Blankenship Made or Willfully Caused to be Made Materially False or Misleading Statements* was filed on April 7, 2015. The matter is now ripe for ruling.

---

1 The Court notes that the March 3, 2015 pretrial motions hearing was "continued generally" by the Magistrate Judge's February 26, 2015 Order (Document 142).

## APPLICABLE LAW

"[T]o survive a motion to dismiss sought pursuant to Rule 12 [of the Federal Rules of Criminal Procedure], an indictment must allege facts that, if proven true, would sustain a violation of the offense charged." *United States v. Hasan*, 747 F.Supp2d 599, 602 (E.D. Va. 2010). "An indictment is sufficient if it: 1) alleges the essential elements of the offense charged and provides the defendant with notice of the crime with which he is charged; and 2) enables the defendant to plead double jeopardy in any future prosecution for the same offense." *United States v. Lang*, 766 F.Supp. 389, 395 (D.Md. 1991). "A 12(b) motion is permissible only when it involves a question of law rather than fact." *United States v. Shabbir*, 64 F.Supp.2d 479, 481 (D.Md. 1999) (internal quotations and citation omitted.) A "12(b) motion cannot be used as a summary judgment mechanism, nor can the court grant [the] motion if his legal contentions are inextricably bound up with the facts of the case." (*Id.*)

## DISCUSSION

The Defendant argues that Count Four (Superseding Count Three) should be dismissed because the United States has not sufficiently alleged "facts to establish that Mr. Blankenship made or willfully caused to be made the statements that are alleged in the indictment to be materially false and misleading." (Document 104 at 1.) The Defendant contends that the Fourth Circuit "wrongly decided" *Prousalis v. Moore*, 751 F.3d 272 (4th Cir. 2014). (*Id.* at 4-5.) Aside from the erroneous conclusion, the Defendant notes that *Prousalis* is distinguishable from the instant matter because it dealt with a habeas petition, and further, the Defendant there never challenged the assertion that he authored the statements. (*Id.* at fn 2.)

The Defendant argues that the allegations in the indictment do not establish that he caused anyone else to make the allegedly false statements because "[n]o facts are alleged to show that Mr. Blankenship had the specific intent of procuring or bringing about the allegedly false statements identified in the indictment." (*Id.* at 6.) He argues that while the indictment did allege that he directed others to prepare the statements, it does not allege that he communicated with anyone how to prepare the statements or that he "directed the drafters to include" the statements or "gave those individuals any instructions regarding the content of the document." (*Id.* at 6-8.)

The United States responds in opposition that these arguments are inappropriate at this time and are actually defenses at trial. (Document 129 at 38-39.) It argues that the indictment sufficiently laid out "that Defendant made and caused to be made the statements that it cites," and points to paragraphs 7, 81, and 83 of the indictment. (*Id.*) The United States also argues that "causing an offense against the United States makes one a principal in its commission just as if one committed the offense oneself," and cites 18 U.S.C. § 2 for support.

The Defendant replies that he is not liable under 18 U.S.C. § 2 because he did not willfully cause or have the specific intent of "bringing about" the statements contained in the UBB Shareholder Statement and Press Release. (Document 156 at 1.) The Defendant argues that the indictment fails to allege that he "had any input into the content of the specific statements" or "instructed the unidentified authors to include those statements in the document" or "edited any false statements they wrote or to have discussed the statements with anyone." (*Id.* at 2.) As a result, the Defendant argues that the indictment is fatally flawed, and dismissal is appropriate. (*Id.* at 3.)

The Defendant's motion must be denied for multiple reasons. First, the Defendant is attacking the factual basis that the grand jurors used to find probable cause and return an indictment, saying the factual basis does not support the legal conclusion. This, as explained in previous memoranda opinion and orders, is inappropriate at this juncture. Second, the allegations in the indictment that the Defendant "reviewed" and "approved" both the UBB Shareholder Statement and Press Release are sufficient to establish that the Defendant made or caused to be made the false and/or misleading statements. Third, the allegations in the indictment are sufficient when viewed against the reasoning employed by the Fourth Circuit in *Prousalis*.

Mr. Prousalis was convicted of fraud in connection with an initial public offering under various securities law violations, including 15 U.S.C. § 78 and 17 C.F.R. § 240.10b-5. 751 F.3d at 272. Thomas Prousalis "prepared the IPO registration materials, which were subsequently signed by Busybox officers and filed with the SEC." (*Id.* at 274.) Mr. Prousalis's contingent compensation, however, was omitted from the SEC filing at his insistence, and this was done because he knew that "Busybox would not be listed on the NASDAQ exchange if his compensation arrangement were accurately disclosed." He also "failed to disclose other maneuvers to the SEC" that were taken to shore up a commitment that never materialized, including "recycling IPO proceeds." (*Id.*) He pleaded guilty and was subsequently sentenced.

After sentencing, Mr. Prousalis filed a habeas petition based on a recent Supreme Court opinion that he believed made his conduct "no longer criminal." (*Id.* at 275-276.) In that case, the Supreme Court held that "[f]or purposes of Rule 10-b, the maker of a statement is the person or entity with ultimate authority over the statements, including its content and whether and how to communicate it." *Janus Capital Group, Inc. v. First Derivative Traders*, --- U.S. ----, 131 S.Ct.

2296, 2302 (2011). Based on this language, Mr. Prousalis believed that it was Busybox, and not he, that was the maker of the false statement, and thus, his conduct was no longer criminal. (*Id.* at 276.)

Rejecting Mr. Prousalis's argument, the Fourth Circuit held that *Janus* was inapplicable to the criminal law context because the Supreme Court in *Janus* had to apply a narrow reading of "make" in the civil context—absent specific instructions from the Congress or courts—and that Mr. Prousalis's "guilty pleas were legitimate at the time they were entered and remain so in the absence of *Janus*." (*Id.*) Of particular importance here, Chief Judge Traxler concurred in the result of *Prousalis*, but wrote to voice his belief that "'make' has the same meaning in the criminal context as it does in the context of a private right of action." (*Id.* at 279.) Chief Judge Traxler noted, "[h]owever, that [the fact that] it was Busybox that made the statements does not negate the illegality of Prousalis's causing Busybox to make them." He cited 18 U.S.C. § 2 as support for holding Mr. Prousalis responsible for the statements. (*Id.* at 279-280.)

The allegations contained in the indictment, if accepted as true, could establish that the Defendant violated 15 U.S.C. § 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2 when he made or caused to be made the statements at issue. The indictment clearly specifies that the Defendant "directed Massey officials . . . to draft a statement to Massey shareholders (the 'UBB Shareholder Statement')." (Indictment, Document 1 at ¶ 81.) It further alleges that this statement was "provided to [him] for his review and approval," and that "[o]n or around April 8, 2010, [he] reviewed and approved the UBB Shareholder Statement, and approved its release to the public and its filing with the SEC." (*Id.* at ¶¶ 81-82.) Thus, the indictment clearly establishes facts, when

accepted as true, which support holding the Defendant liable for the false and misleading statements contained in the UBB Shareholder Statement.

The same is true with respect to the Press Release.   The indictment clearly states that the Defendant reviewed a draft of the press release, and that he then "responded in writing, approving the issuance of the release."   (*Id.* at ¶ 83.)   The Court rejects the Defendant's contention that he cannot be criminally liable under 10b-5 because he did not personally direct the lawyers or press consultant on what exactly to include in the respective documents.   The indictment plainly asserts that he exercised ultimate authority and control over the release of either document.

Indeed, as the Fourth Circuit Court of Appeals revealed, the Supreme Court "has noted on many occasions that Congress intended securities legislation enacted for the purpose of avoiding frauds to be construed not technically and restrictively, but flexibly to effectuate its remedial purposes."   *Prousalis*, 751 F.3d at 278 (internal quotation marks omitted) (quoting *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972) (quoting *SEC v. Capital Gains Research Bureau, Inc.*, 375 U.S. 180, 195 (1963))).

The fact that the Defendant takes issue with *Prousalis* is not appropriate argument here. This Court lacks the authority to reverse a decision of the Fourth Circuit, but is charged, instead, with applying precedent in this Circuit.   Those laws, when viewed against the allegations in the indictment, counsel against granting the Defendant's instant motion to dismiss.

## CONCLUSION

Wherefore, after careful consideration and consistent with the findings herein, the Court **ORDERS** that *Defense Motion No. 15, Motion to Dismiss Count Four for Failure to Allege Facts Establishing that Mr. Blankenship Made or Willfully Caused to be Made Materially False or*

*Misleading Statements* (Document 103) and *Defense Motion No. 15A, Motion to Dismiss Count Three of the Superseding Indictment for Failure to Allege Facts Establishing that Mr. Blankenship Made or Willfully Caused to be Made Materially False or Misleading Statements* (Document 195) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:          April 8, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA