# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

    Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defense Motion No. 17, Motion to Strike Surplusage from the Indictment* (Document 107), the *Memorandum in Support* (Document 108), the *United States' Response to Defendant's Motion No. 17, Motion to Strike Surplusage from the Indictment* (Document 131), the Defendant's *Reply in Support of Defense Motion No. 17, Motion to Strike Surplusage from the Indictment* (Document 158), the Indictment (Document 1) and the Superseding Indictment (Document 169). The Court has also reviewed *Defense Motion No. 17A, Motion to Strike Surplusage from the Superseding Indictment* (Document 196) and the attached exhibits. For the reasons stated more fully herein, the Court finds that the Defendant's motions should be denied.

## FACTUAL AND PROCEDURAL HISTORY

A grand jury meeting in Charleston, West Virginia, returned a four count Indictment (Document 1) against the Defendant on November 13, 2014. Count One charges Donald L. Blankenship with conspiracy to willfully violate mine safety and health standards under the Mine

Act, Count Two alleges a conspiracy to defraud the United States by impeding the Mine Health Safety Administration (MSHA) in the administration and enforcement of mine safety and health laws, while Counts Three and Four allege securities law violations. The Defendant made his initial appearance at an arraignment and bail hearing on November 20, 2014, and was released that same day after posting bail and agreeing to abide by the terms of an order setting forth the conditions of release. (*See* Documents 13-19.) On March 10, 2015, the Charleston Grand Jury returned a three count Superseding Indictment (Document 169) against Donald L. Blankenship. The substance of the charges remains the same. However, Counts One and Two of the original indictment were merged into superseding Count One. The original Count Three is now Count Two, and Count Four of the original indictment is Count Three in the superseding indictment.

The *Defendant's Motion to Exclude Time Under the Speedy Trial Act, Re-Set Motions Deadline, Vacate Trial Date, and Set Scheduling Conference* (Document 29) was filed on December 2, 2014, and a hearing was held on December 17, 2014. After hearing the parties' arguments, the Court orally granted the Defendant's motion to continue the trial date, with a written order to follow.

On January 5, 2015, the Court entered a *Criminal Scheduling Order* (Document 61) that set several pertinent dates. Specifically, the order required that all motions to dismiss, suppress, and any motions *in limine* "be filed no later than February 6, 2015." The order also specified February 6, 2015, as the filing deadline for additional pretrial motions, and scheduled a pretrial motions hearing for March 3, 2015.[1] The *Defendant's Motion for Extension of Time to File Motion to Transfer this Case to Another District for Trial* (Document 71) was filed on January 28,

---

1 The Court notes that the March 3, 2015 pretrial motions hearing was "continued generally" by the Magistrate Judge's February 26, 2015 *Order* (Document 142).

2015, and the Court granted said motion in its February 4, 2015 *Order* (Document 76), extending the filing deadline for a motion to change venue to February 20, 2015.

On February 6, 2015, prior to the return of the superseding indictment, the Defendant filed nineteen (19) pretrial motions including the instant one. The *United States' Motion for Extension of Time to Respond to Pretrial Motions* (Document 115) was filed on February 10, 2015. On February 12, 2015, the Court entered an *Order* (Document 116) granting in part the United States' motion, setting Friday, February 20, 2015, as the "deadline for the filing of the United States' responses to the Defendant's pretrial motions."

*Defense Motion No. 17, Motion to Strike Surplusage from the Indictment* was filed on February 6, 2015. The United States filed its Response on February 20, 2015, and the Defendant's Reply was filed on February 27, 2015. *Defense Motion No. 17A, Motion to Strike Surplusage from the Superseding Indictment* was filed on April 7, 2015. The matter is ripe for ruling.

**APPLICABLE LAW**

Rule 7 of the Federal Rules of Criminal Procedure states that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed.R.Crim.P. 7(d). "The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment, or not essential to the charge, or unnecessary, or inflammatory." *United States v. Poore*, 594 F.2d 39, 41 (4th Cir. 1979) (citations omitted). "A motion to strike surplusage from the indictment should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006) (citations omitted).

## DISCUSSION

As an initial matter, the Court notes that the original indictment and superseding indictment contain the same paragraphs that the Defendant seeks to strike. Thus, the superseding indictment does not affect the requisite analysis.

The Defendant argues that the indictment contains highly prejudicial surplusage that must be stricken to insure a fair trial. Specifically, the Defendant objects to paragraph 22 of the indictment, and its references to "federal investigation," "explosion at UBB" and "clogged water sprays." (Document 108 at 2.) He argues that these allegations are irrelevant to the offenses charged in the indictment, are highly prejudicial, and were only included to inflame the jury. (*Id.*) He objects to paragraph(s) 48, 52, 53, 54, 55, 56 and 57 and their references to him "closely monitoring production and costs at UBB, a mine alleged to be 'critical to Massey's financial performance,'" and argues that the allegations of "criticizing" and "chastising" the "known UBB Executive" are irrelevant to the charges in the indictment. (*Id.* at 2-3) (citing Indictment). He further argues that they are only intended to "sully [him] in the eyes of the jury by portraying him in a negative (and false) light." (*Id.* at 3.)

Further, the Defendant argues that paragraphs 49 through 51 of the indictment are nothing more than "assertions of mismanagement," placing him in a bad light. (Document 108 at 3-4.) The Defendant claims that paragraphs 72 through 78 and their accusations of stressing coal production over cost reduction are "irrelevant and highly prejudicial accusations [that] serve no legitimate purpose [and] are intended solely to inflame the jury." (*Id.* at 5-6.) Finally, the Defendant argues that any reference to his compensation should be stricken from the indictment because it is "irrelevant, gratuitous, and intended solely to inflame the jury." (*Id.* at 6.)

The United States responds in opposition that "[a]ll of the allegations of which Defendant complains are relevant, material and necessary to the charges," and are not "unfairly prejudicial." (Document 131 at 1.) The United States argues that the allegations concerning the missing or clogged water sprays on the longwall miner and references to the UBB explosion are relevant and material to all of the charges. (*Id.* at 2.) The United States maintains that the references to the Defendant monitoring production and costs at UBB is "relevant to show [his] intimate knowledge with the most minute details of the mine's daily operations and illustrates the 'production-over-safety' mentality" found at the mine, and is relevant to show his willful participation in the crimes. (*Id.* at 3.)

The United States argues that the allegations contained in paragraphs 49 through 51 are relevant to show "Defendant's intimate knowledge of the existence of the violations as well as his willful participation in them," noting that they go "to the heart of the government's case." (*Id.*) It also argues the allegation that the Defendant stressed coal production and cost reduction is relevant in the context of the indictment as a whole, noting that the Defendant stressed these above principles at the expense of safety compliance. (*Id.* at 3-4.) Further, the United States contends that the Defendant's compensation is material, relevant, and necessary to prove motive, noting that his compensation increased in direct proportion to UBB's production.

The Defendant replies that the allegedly false statements underlying Counts Three and Four were not made in reaction to the UBB explosion, and thus any mention of the explosion or a "federal investigation" is irrelevant to the indictment and counts alleged. (Document 158 at 2-3.) The Defendant argues that for compensation to be relevant, the "indictment must be understood as accusing individuals [on Massey's Board] of serious felonies." (*Id.* at 3.) Regarding monitoring

5

production and costs, the Defendant stresses that they are irrelevant, immaterial, and unduly prejudicial to the charges in the indictment. (*Id.* at 4.) The Defendant also argues that allegations of what he "could have" done are nothing more than assertions of mismanagement, and thus "have no place in a criminal indictment." He contends that any mention of him stressing coal production and cost reduction over safety is irrelevant and unduly prejudicial. (*Id.* at 4-5.)

The Court finds that the paragraphs in the indictment, which are the subject of the motion, do not contain surplusage, and therefore, should not be stricken. Importantly, many of the allegations may be prejudicial to the Defendant—in the purest sense of the word. But that is not sufficient. The Fourth Circuit has noted that "[i]nformation that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand . . .." *Williams*, 445 F.3d at 733 (quoting *United States v. Hedgepeth*, 434 F.3d 609, 612 (3d Cir. 2006)). Giving consideration to the elements of the crimes charged and the facts alleged in support, the Court finds that all of the subject paragraphs are relevant and germane to the accusations that the defendant engaged in a conspiracy to willfully violate mandatory mine safety and health standards and a conspiracy to defraud the United States of its ability to monitor and enforce said standards. Likewise, they are pertinent to the alleged false statements and misrepresentations contained in the indictment. There has been no "clear" showing that the complained-of allegations in the respective paragraphs are not relevant to the charge and are prejudicial and inflammatory. Therefore, the Court finds that the motion to strike should be denied.

## CONCLUSION

Wherefore, after careful consideration and consistent with the findings herein, the Court **ORDERS** that *Defense Motion No. 17, Motion to Strike Surplusage from the Indictment*

(Document 107) and *Defense Motion No. 17A, Motion to Strike Surplusage from the Superseding Indictment* (Document 196) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 8, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA