IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defense Motion No. 19, Motion to Enforce the Government's Brady Obligations* (Document 111), the *Memorandum in Support* (Document 112), the *United States' Response to Defendant's Motion No. 19, Motion to Enforce the Government's Brady Obligations* (Document 133), the Defendant's *Reply in Support of Defense Motion No. 19, Motion to Enforce the Government's Brady Obligations* (Document 159), as well as all exhibits and attachments filed therewith. For the reasons stated more fully herein, the Court finds that the Defendant's motion should be denied.

**FACTUAL AND PROCEDURAL HISTORY**

A grand jury meeting in Charleston, West Virginia returned a four count Indictment (Document 1) against the Defendant on November 13, 2014. Count One charges Donald L. Blankenship with conspiracy to willfully violate mine safety and health standards under the Mine Act, Count Two alleges a conspiracy to defraud the United States by impeding the Mine Health Safety Administration (MSHA) in the administration and enforcement of mine safety and health

laws, while Counts Three and Four allege securities law violations. The Defendant made his initial appearance at an arraignment and bail hearing on November 20, 2014, and was released the same day after posting bail and agreeing to abide by the terms of an order setting forth the conditions of release. (*See* Documents 13-19.) On March 10, 2015, the Charleston Grand Jury returned a three count Superseding Indictment (Document 169) against Donald L. Blankenship. The substance of the charges remains the same. However, Counts One and Two of the original indictment were merged into superseding Count One. The original Count Three is now Count Two, and Count Four of the original indictment is Count Three in the superseding indictment.

The *Defendant's Motion to Exclude Time Under the Speedy Trial Act, Re-Set Motions Deadline, Vacate Trial Date, and Set Scheduling Conference* (Document 29) was filed on December 2, 2014, and a hearing was held on December 17, 2014. After hearing the parties' arguments, the Court orally granted the Defendant's motion to continue the trial date, with a written order to follow.

On January 5, 2015, the Court entered a *Criminal Scheduling Order* (Document 61) that set several pertinent dates. Specifically, the order required that all motions to dismiss, suppress, and any motions *in limine* "be filed no later than February 6, 2015." The order also specified February 6, 2015, as the filing deadline for additional pretrial motions, and scheduled a pretrial motions hearing for March 3, 2015.[1] The *Defendant's Motion for Extension of Time to File Motion to Transfer this Case to Another District for Trial* (Document 71) was filed on January 28, 2015, and the Court granted said motion in its February 4, 2015 *Order* (Document 76), extending the filing deadline for a motion to change venue to February 20, 2015.

---

1 The Court notes that the March 3, 2015 pretrial motions hearing was "continued generally" by the Magistrate Judge's February 26, 2015 *Order* (Document 142).

On February 6, 2015, prior to the return of the superseding indictment, the Defendant filed nineteen (19) pretrial motions including the instant one. The *United States' Motion for Extension of Time to Respond to Pretrial Motions* (Document 115) was filed on February 10, 2015. On February 12, 2015, the Court entered an *Order* (Document 116) granting in part the United States' motion, setting Friday, February 20, 2015 as the "deadline for the filing of the United States' responses to the Defendant's pretrial motions."

*Defense Motion No. 19, Motion to Enforce the Government's Brady Obligations* was filed on February 6, 2015. The United States filed its Response on February 20, 2015, and the Defendant's Reply was filed on February 27, 2015. The matter is ripe for ruling.

**APPLICABLE LAW**

"In *Brady*, the Supreme Court announced that the Due Process Clause requires the government to disclose 'evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment.'" *United States v. Caro*, 597 F.3d 608, 619 (4th Cir. 2010) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). "To secure relief under *Brady*, a defendant must: (1) identify the existence of evidence favorable to the accused; (2) show that the government suppressed the evidence; and (3) demonstrate that the suppression was material." *United States v. King*, 628 F.3d 693, 701 (4th Cir. 2011) (internal citation omitted).

"Favorable evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Caro*, 597 F.3d at 619 (citing *United States v. Bagley*, 473 U.S. 667, 682 (1985)). "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v.*

3

*Agurs*, 427 U.S. 97, 109-110 (1976). "The burden of proof rests with the defendant." *King*, 628 F.3d at 701-702 (internal citation omitted).

**DISCUSSION**

The Defendant notes that he tendered a *Brady* letter to the Government on December 12, 2014, and that the prosecutors "did not respond" until February 4, 2015. He states that the response was inadequate because it provided "no clarity on what the government understands its *Brady* obligations to be, whether it views the requested material as covered by Brady, or whether the government will produce the requested material." (Document 112 at 1-2.) The Defendant "firmly believes" that Brady material has not been produced by the Government, even though he has only reviewed a small portion of the United States' Rule 16 production.

The Defendant notes that though "the government has produced at least some favorable material, it has failed to respond to the specific requests for favorable information tendered by the defense" in its December *Brady* letter. (*Id.* at 8.) The Defendant seeks (1) notes from interviews, (2) attorney proffers and reverse proffers, and (3) records from other executive agencies. (*Id.* at 9-13.) He asks this Court to issue "an order . . . compelling the government to produce not only all of the[] [above] materials, but also all of the other materials identified in the *Brady* letter," or in the alternative, "an order compelling the government to comply with the standards, rules, and procedures of the *Brady* letter, and to produce all material responsive to the *Brady* letter's particularized requests for *Brady* material." (Document 112 at 14-15.)

The United States responds in opposition that it understands its "ongoing" *Brady* obligations to "provide Defendant with any evidence favorable to him and material to guilt or punishment . . . ." (Document 133 at 1.) It argues that "*Brady* requests should not be used as a

4

means of broadening the scope of discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure." (*Id.* at 2.) The United States argues that included in its 600,000 documents produced is "*Brady* material," and notes that the Defendant "concedes" that "he has not had an opportunity to review all discovery materials." (*Id.*) It claims that "all discoverable evidence, including all *Brady* material known to the United States, has been provided to Defendant," and argues that the Defendant's attempt to gain access to "notes of interviews made by investigating agents" are not discoverable under *Brady* or the Jencks Act. (*Id.* at 3.)

The Defendant replies that the United States' response in opposition "demonstrates that it fails to understand its Brady obligations." (Document 159 at 1.) He argues that the United States failed to respond or address any of his items from the December *Brady* letter. (*Id.* at 3.) He claims that the United States is wrong in (1) applying of a "materiality standard" to its *Brady* obligations, (2) arguing that *Brady* requests can be used to expand Rule 16 discovery, and (3) stating that it need not produce its notes of interviews or provide *Brady* material that it locates within its notes." (*Id.* at 3-6.)

This Court recognizes the utmost importance of *Brady* material and its disclosure and will enforce its principles when appropriate. As the Supreme Court has made clear, "because the significance of an item of evidence can seldom be predicted accurately until the entire record is complete, the prudent prosecutor will resolve doubtful questions in favor of disclosure." *Agurs*, 427 U.S. at 108. However, after review of the parties' submissions and argument, the Court finds, at this juncture, the Defendant's motion should be denied. Importantly, the Defendant has not reviewed all of the Rule 16 discovery received to date, including material that the United States indicates is covered under *Brady*. Thus, any assertion that the United States has failed to turn

5

over all *Brady* material is premature, and could actually be resolved upon timely review of the material.

**CONCLUSION**

Wherefore, after careful consideration and consistent with the findings herein, the Court **ORDERS** that *Defense Motion No. 19, Motion to Enforce the Government's Brady Obligations* (Document 111) be **DENIED** as premature.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 8, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA