IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

**ORDER**

The Court has reviewed the *Defendant's Renewed Motion to Disqualify Law Clerk and for Clarification of Record Regarding Screen of Law Clerk* (Document 233-2) and *Memorandum in Support* (Document 233-3). Therein, counsel for the Defendant notes that he spoke with this Court by telephone conference on January 30, 2015, about disqualifying and screening one of the Court's law clerks because she had (1) authored an article stating "conclusions and opinions about the causes of the [Upper Big Branch] disaster," and (2) "previously worked as a law clerk at the United Mine Workers of America" from May 2012 to May 2013. (Document 233-3 at 1-7.)

The Defendant states that "[t]he Court has not yet issued an order or made any further statements concerning the matters discussed during the January 30, 2015 telephone conference," and "[b]ecause it is important that the record be clear regarding the relevant facts and whether the Court's law clerk has been appropriately screened, [he] has followed up on the oral disqualification motion made . . . by filing a written motion addressing disqualification and the

need to clarify the record."  (*Id.* at 2.)   To date, the United States has filed no pleading related to this issue.[1]

The Court notes that the law clerk in question has been, since the January 30, 2015 telephone conference, appropriately and effectively screened.  First, the case was not assigned to her, but to another law clerk, per internal office procedure wholly apart from, and prior to, any concern for potential disqualification.  Second, she has not had, and will not have, any substantive connection to the case.  As the Court made clear during the January 30, 2015 telephone conference, "if there's some conflicts there, and particularly in light of the article that you mentioned, I would exclude [the law clerk] from working on the case."  (Document 233-5 at 6-7.)  The Court further stated "[a]nd again, if there are conflicts or any indication, as you've suggested, that there might be in that article that I think poses a problem, she will not be working on the case."  Finally, the Court promised to "address [the concerns] immediately."  (*Id.* at 7.)

After the telephone conference and on the same day, the Court spoke with the law clerk and discussed both the article she authored and her employment with the United Mine Workers of America.[2]  The Court immediately barred the law clerk from any work on the case and put in place effective screens that shielded her from the case and shielded the other law clerk from her.  She is completely and totally detached from the case.  Both law clerks are prohibited from discussing the case with each other, and she is prohibited from participating in any discussions about the case in or outside chambers.

---

1   The Court notes that during the January 30, 2015 telephone conference, the United States represented that "[i]t's obviously, in our view, up to the Court how to, how to make assignments involving law clerks.  And we don't, we don't have a position on that."  (Document 233-5 at 8.)
2   The Court noted in the telephone conference that it "was aware of the employment and . . . discussed that with her in terms of any work that she would be asked to do on the case," but did not "remember. . . being aware of the article."  (Document 233-5 at 6.)

Screening the law clerk from the case granted the Defendant's verbal request. This reality, coupled with the soon pending motion to disqualify this Court and all other District Judges in the Southern District of West Virginia from presiding over the case, mandated that this Court not issue any order or opinion until the issue of disqualification of the Court was resolved—even though it had immediately handled disqualification of the law clerk internally.[3]

The Court finds that no other item requires "clarification." Since the law clerk has been effectively screened from this case, there is no need to clarify whether she "previously worked on matters related to the UBB explosion or Massey Energy during employment at the UMWA or MSHA's Office of the Solicitor." (Document 233-3 at 10.) Importantly, there has been no "waiver" of the conflict here. As the Defendant notes in the memorandum of law in support of his motion, "[i]f it were the case that the law clerk did work in previous jobs on these matters, then there would be *additional* disqualifying circumstances." (Document 233-3 at 10) (emphasis added). The article which the law clerk authored is the basis for the Court disqualifying her from this case. The Court has taken the necessary steps to ensure the law clerk has been fully screened, has performed no substantive work on this case, and will not do so in the future.

Wherefore, following careful consideration, the Court **ORDERS** that the *Defendant's Renewed Motion to Disqualify Law Clerk and for Clarification of Record Regarding Screen of Law Clerk* (Document 233-2) be **DENIED AS MOOT**.

---

[3] Although the Court made effort on February 2, 2015, to contact counsel and relate its resolution of this issue, the Court made no further effort to do so, particularly after February 6, 2015, the date that *Defense Motion No. 1, Motion to Disqualify this Court and All the Judges of the United States District Court for the Southern District of West Virginia* (Document 78) was filed, finding such contact to be inappropriate until resolution of the motion. The Court issued no substantial rulings, verbal or otherwise, during the pendency of *Defense Motion No. 1*. Indeed, as the Defendant stated in his *Memorandum to the Court Concerning Defendant Donald L. Blankenship's Pretrial Motions* (Document 77), "the defense respectfully requests that the Court hear and decide the Motion for Disqualification, which is numbered Defense Motion No. 1, *before* proceeding further with the other motions." (Document 77 at 2.)

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 23, 2015

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA