IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 5:14-00244

DONALD L. BLANKENSHIP

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
FOR LAS VEGAS TRIP OVER WEEK OF MEMORIAL DAY**

Defendant again seeks to take a trip to Las Vegas, this time to mark the Memorial Day weekend and, he says, see a dentist and some unspecified lawyers. The trip that he desires would span a week, from May 23 through May 30. Defendant, however, is a flight risk, and the conditions of his release on bond restrict his travel to this district. His motion fails to show good cause for the excursion he hopes to enjoy. It should be denied.

Defendant's unflagging wish for a Las Vegas trip is by now well documented in the record; the facts, procedural history, and arguments are familiar to the Court and will not be belabored here. To summarize, the problem lies with Defendant's claim that Las Vegas is his "home." That claim both oversimplifies and misleads, for Defendant has more than one home, and it is not clear from the available evidence that Las Vegas is one of them. He owns one large home in this district, which he arranged for Massey Energy Company to give him as a parting gift a few years ago. He owns another home in the Eastern District of Kentucky. According to the annual report of his current employer, his home is in Tennessee, a state where he also holds a driver's license. Defendant does claim residency in Las Vegas (a stance that might profit him handsomely, since Nevada levies no state income tax), but beyond his own say-so, there is little evidence of his ties to that place. He told the pretrial services officer that before his indictment he was staying in a Las Vegas residence occupied by a woman with whom he was in a relationship. But that residence was neither owned nor rented by Defendant or the woman; rather, it belonged

to another man who was previously in a different relationship with the woman. Defendant also told the pretrial services officer that he spends $20,000 a month on travel, a fact that suggests he spends little time in any one place.

Let us assume, however, for argument's sake, that even though Las Vegas is not the site of either of the homes Defendant owns, it can still somehow be counted as yet another home of his. The question then becomes whether a defendant with homes in many districts is entitled to jet about them freely while on bond, while a less prosperous defendant remains earthbound in the district where his lone home sits. Surely the answer is no; a defendant with many homes should not be privileged over a defendant with only one when it comes to travel while on bond. And no ordinary flight-risk defendant who has a home in this district and is required to stay here while on bond would be permitted to fly to Las Vegas for Memorial Day. This Defendant should receive no special treatment merely on account of his many homes and so-called homes.

As noted earlier, Defendant's motion makes passing mention of other grounds: with Memorial Day upon us, it seems that he suddenly needs to see a Las Vegas dentist and some Las Vegas lawyers. These purported appointments are scheduled rather too conveniently to be taken seriously, and in any event, they do not alter the analysis above. Defendant's motion should be denied.

                                      Respectfully submitted,

                                      R. BOOTH GOODWIN II
                                      United States Attorney

                                      s/ Steven R. Ruby
                                      Steven R. Ruby
                                      Assistant United States Attorney
                                      WV Bar No. 10752
                                      300 Virginia Street, East, Room 4000
                                      Charleston, WV 25301
                                      Telephone:  304-345-2200
                                      Fax: 304-347-5104
                                      Email: steven.ruby@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 12th day of May, 2015 to:

>William W. Taylor, III
>Blair G. Brown
>Eric R. Delinsky
>R. Miles Clark
>Steven N. Herman
>Zuckerman Spaeder LLP
>1800 M Street, NW, Suite 1000
>Washington, DC 20036
>
>James A. Walls
>Spilman Thomas & Battle, PLLC
>48 Donley Street, Suite 800
>P.O. Box 615
>Morgantown, WV 26501
>
>Alexander Macia
>Spilman Thomas & Battle, PLLC
>P.O. Box 273
>Charleston, WV 25321

>s/ Steven R. Ruby
>Steven R. Ruby
>Assistant United States Attorney
>WV Bar No. 10752
>300 Virginia Street, East, Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email: steven.ruby@usdoj.gov