# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | Criminal No. 5:14-cr-00244 |
| ) | |
| **DONALD L. BLANKENSHIP** ) | |

## MOTION TO CONTINUE JULY 13 TRIAL DATE

Donald L. Blankenship, through counsel, hereby moves for a continuance of the trial date until January 2016. If trial proceeds on July 13, 2015, as currently scheduled, the defense will be unprepared. We will not have had the opportunity to review substantial portions of the Rule 16 discovery produced in the case, to review all *Brady* material produced or which will be produced, or even to locate all relevant statements by Mr. Blankenship. Nor will we have had an opportunity to complete fact investigation or to prepare trial exhibits, witness examinations, and jury presentations.

The defense is mindful that this motion is its third request for a continuance until January 2016. But absent the relief requested, Mr. Blankenship will not have an informed and prepared defense at trial, in violation of his Fifth and Sixth Amendment rights, and the defense will have no choice but to inform the Court on July 13 that it is not prepared to proceed.

In support of this motion, counsel state as follows:

1. Although, as discussed below, this motion is based on current information regarding the state of trial preparation and other developments in the case, the defense seeks this continuance on the same general grounds as set forth in its prior motion to continue the trial date. Accordingly, to avoid repetition, the defense hereby incorporates by reference the briefs and

exhibits submitted in support of that prior motion (ECF Nos. 118, 161), which are attached hereto as Exhibits 1 and 2. This includes the expert declaration of Howard Shapiro that addresses the process for reviewing voluminous document productions in criminal cases and time needed to do so. *See* ECF No. 117-1, attached hereto in Exhibit 1.

2. In short, the government has produced in discovery more than 650,000 documents, amounting to more than four million pages. According to the government, the massive production includes, among other things, documents material to the defense under Rule 16(a)(1)(E)(i), documents the government intends to use in its case in chief under Rule 16(a)(1)(E)(ii), and documents containing relevant written statements by Mr. Blankenship under Rule 16(a)(1)(B)(i). The government also has advised that its production includes material favorable to Mr. Blankenship that the government is required to produce under *Brady*. However, all of these items are buried in the production.

It is the duty of defense counsel to review documents produced in discovery. That duty cannot be fulfilled by sampling a production. It is no answer for the government to respond that its production was overly generous. The defense cannot, without more, know which documents in the production are material to the defense and which are not. It certainly cannot, without more, know which are exculpatory and which are not. The defense therefore must conduct a careful and comprehensive review of the government's four million page production. In addition, the government also has produced nearly 200 hours of recorded telephone conversations that the defense needs to review. And the defense has sought and received from Mr. Blankenship's former employer more than 46,000 additional documents to review and has requested and is awaiting more.

As indicated previously, the defense cannot complete this review until late September 2015. *See* ECF No. 118 at 7-8. It certainly cannot do so by July 13. Moreover, this time estimate does not include the time needed after this initial review to use the documents for investigation, to winnow down and prepare trial exhibits, to develop expert analysis, to prepare trial examinations, and otherwise prepare for trial.

3. In addition to the four million pages of documents in which the government has buried Rule 16 and *Brady* material, there are a staggering number of potential witnesses. The government has produced in discovery *several hundred* memoranda of witness interviews and almost *500 transcripts* of interviews conducted by MSHA. These memoranda and transcripts all must be reviewed, dozens of witnesses must be interviewed, and trial examinations must be prepared.

4. In light of the magnitude of discovery and the scope of the charges, the defense will not be, and cannot be, prepared for trial in July 2015. In the wake of the Court's order setting trial for July 13, 2015, the defense has altered its approach to the document review – using search queries in an imperfect attempt to try to locate relevant documents. **But, literally, hundreds of thousands of documents, which have been produced as items material to preparing the defense under Rule 16 or as *Brady*, still have not been reviewed – and cannot be reviewed – in advance of a July 13 trial.** This includes, but is not remotely limited to, documents with Mr. Blankenship's handwriting that cannot be detected via electronic search queries. It also includes documents central to issues in the superseding indictment which the defense has not been able to locate in the government's production and which the defense simultaneously has been attempting to obtain from Mr. Blankenship's former employer, Massey (now Alpha). Thus, the defense not only has to review and then digest the government's massive

production, but it also is requesting and slowly receiving material from Alpha. Given the volume of material still to review and potentially collect, the defense cannot conduct investigation, identify and interview witnesses, prepare trial examinations and jury argument, determine whether documents are missing, complete expert analysis, and otherwise prepare for trial in an informed and effective manner. As the defense noted previously, if pressed to trial on July 13, important documents will not be found, important witnesses will not be identified, and the defense will be unprepared.

Counsel is prepared to make a more detailed showing *ex parte* with the Court's permission.

5. The prejudice of the current trial date is compounded by the Court's ruling on the defense's *Brady* motion. *See* ECF No. 222. In that ruling, the Court denied as premature the defense request for an order compelling the government to produce enumerated categories of favorable documents or, at a minimum, compelling the government to disclose to the defense what categories it did not agree to produce. *Id.* The Court denied this relief on the ground that the defense had not yet reviewed the entire production. *Id.* But the current schedule does not provide time for such a review. Thus, if a further continuance is not granted, the defense not only will be unable to review all of the Rule 16 and *Brady* material produced by the government, but the defense simultaneously is limited in obtaining any pre-trial relief from the Court as to categories of *Brady* material that may be missing.[1]

6. Moreover, the government continues to expand the scope of the case. Just last week, the government provided a new Rule 404(b) disclosure indicating that it intended to

---

[1] The defense recently filed a very limited motion to compel production of certain *Brady* material, because the government had made clear that it objected to producing the particular material at issue. *See* ECF No. 248. The motion therefore met the criteria for seeking relief under *Brady* set out in the Court's order. *See* ECF No. 222 at 5-6.

introduce evidence regarding an altogether different Massey mine (not the UBB mine that is the subject of the indictment). The government further indicated that it sought to introduce evidence regarding conduct at this other mine over an approximate seven year period, well beyond the 27-month indictment period. While this evidence is inadmissible and the defense will file a motion to exclude it, the defense nevertheless must simultaneously investigate the issues, locate pertinent documents, interview pertinent witnesses, and prepare to address the evidence at trial.

7. For these reasons, a continuance of the trial date is proper under the Speedy Trial Act, as this is a "complex" case and "it is unreasonable to expect adequate preparation" by the time of the current trial date and, in any event, the failure to grant a continuance "would deny counsel for the defendant … the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7). In short, the "ends of justice" require it. *Id.*

8. As previously noted, this Court permitted the defendant in *United States v. Stover,* 5:11-cr-00038 (S.D. W. Va.), the only other criminal case arising out of the UBB investigation that went to trial, eight months after indictment to prepare for trial. The *Stover* case concerned much more discrete charges – the making of false statements to government investigators during two interviews and an attempt to discard documents in a dumpster. The case appears only to have involved approximately 60,000 documents. *See id.* (ECF No. 18 ¶ 6). And the trial lasted only three days, whereas here the defense estimates a trial of approximately six weeks. To deny Mr. Blankenship's instant request for a continuance and to hold his defense to the same amount of preparation time that Mr. Stover had, when the charges are considerably more expansive and there are more than *ten times* as many documents, would not be fair and would reflect disparate treatment.

9. In the criminal case against executives of Freedom Industries arising out of the 2014 Elk River chemical spill, Judge Johnston set a trial date almost ten months after the initial indictment (two months more than the current trial date gives Mr. Blankenship). See *United States v. Farrell, et al.*, 2:14-cr-00264 (S.D. W. Va.) at ECF No. 118 at 1. Judge Johnston concluded that this additional time was needed to "review the voluminous discovery," and that this need outweighed any contrary interests of the public. *Id.* The "voluminous discovery" in the matter was the government's 121 gigabyte production of documents. *See id.* at ECF No. 104 ¶ 2. By contrast, the government's production to Mr. Blankenship comprises more than 600 gigabytes – approximately *five times more* than the production in the Freedom Industries case. There is no basis to give Mr. Blankenship less time to prepare than the Freedom Industries defendants. Given the magnitude of discovery, he needs and is entitled to more time, not less.

10. Once again, the defense is mindful that this is its third request to continue to the trial date. The defense would not make this motion if it were not necessary. But it is. A trial commencing on July 13 will mean that Mr. Blankenship is forced to defend himself without counsel reviewing major portions of the government's production, without being able to determine what material they have not seen or what is missing, without an opportunity to locate all *Brady* material, without an opportunity to locate in the production all of Mr. Blankenship's relevant written statements, and with an unprepared, incomplete and uninformed trial presentation. No individual should be forced to trial at peril of liberty under such circumstances. The United States Constitution protects against it. Mr. Blankenship's Fifth Amendment right to due process and Sixth Amendment right to effective assistance of counsel include the right to a prepared and effective defense.

WHEREFORE, the defense respectfully requests that the Court continue the trial date until January 2016 and modify the dates for jury selection and submission of motions in limine, proposed voir dire, proposed jury instructions, and witness lists accordingly.

Dated: May 22, 2015                               Respectfully submitted,

                                        */s/ William W. Taylor, III*
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone)
202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

 */s/ James A. Walls*
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
P.O. Box 615
Morgantown, WV 26501
304-291-7947 (phone)
304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 22nd day of May 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
United States Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

                                             */s/ Steven N. Herman*
                                             Steven N. Herman