# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                          CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defense Motion No. 21, Motion to Dismiss Count One of the Superseding Indictment as Duplicitous or to Require Election* (Document 197), the *Memorandum in Support* (Document 198), the *United States' Response to Defense Motions on Superseding Indictment* (Document 215), and the *Reply in Support of Defense Motion No. 21, Motion to Dismiss Count One of the Superseding Indictment as Duplicitous or to Require Election* (Document 234). For the reasons stated more fully herein, the Court finds that the Defendant's motion should be denied.

## FACTUAL AND PROCEDURAL HISTORY

A Grand Jury meeting in Charleston, West Virginia, returned a four count Indictment (Document 1) against the Defendant on November 13, 2014. Count One charged Donald L. Blankenship with conspiracy to willfully violate mandatory mine safety and health standards under the Mine Act, Count Two alleged a conspiracy to defraud the United States by impeding the Mine Health Safety Administration (MSHA) in the administration and enforcement of mine safety and health laws, while Counts Three and Four alleged securities law violations. The Defendant

made his initial appearance at an arraignment and bail hearing on November 20, 2014, and was released the same day after posting bail and agreeing to abide by the terms of an order setting forth the conditions of release. (*See* Documents 13-19.) On March 10, 2015, the Charleston Grand Jury returned a three count Superseding Indictment (Document 169) against Donald L. Blankenship. The substance of the charges remains the same. However, Counts One and Two of the original indictment were merged into superseding Count One. The original Count Three is now Count Two, and Count Four of the original indictment is Count Three in the superseding indictment.

The *Defendant's Motion to Exclude Time Under the Speedy Trial Act, Re-Set Motions Deadline, Vacate Trial Date, and Set Scheduling Conference* (Document 29) was filed on December 2, 2014, and a hearing was held on December 17, 2014. After hearing the parties' arguments, the Court orally granted the Defendant's motion to continue the trial, with a written order to follow.

On January 5, 2015, the Court entered a *Criminal Scheduling Order* (Document 61) that set several pertinent dates. Specifically, the order required that all motions to dismiss, suppress, and any motions *in limine* "be filed no later than February 6, 2015." The order also specified February 6, 2015, as the filing deadline for additional pretrial motions, and scheduled the pretrial motions hearing for March 3, 2015. The *Defendant's Motion for Extension of Time to File Motion to Transfer this Case to Another District for Trial* (Document 71) was filed on January 28, 2015, and the Court granted said motion in its February 4, 2015 *Order* (Document 76), extending the filing deadline for a motion to change venue to February 20, 2015.

On February 6, 2015, prior to the return of the superseding indictment, the Defendant filed nineteen (19) pretrial motions. The *United States' Motion for Extension of Time to Respond to Pretrial Motions* (Document 115) was filed on February 10, 2015. On February 12, 2015, the Court entered an *Order* (Document 116) granting the motion in part, setting Friday, February 20, 2015, as the "deadline for the filing of the United States' responses to the Defendant's pretrial motions."

The Defendant was arraigned on the superseding indictment on the 24th day of March, 2015. At that time, the presiding magistrate judge granted leave to the Defendant to file motions relative to the superseding indictment within two weeks of arraignment.

*Defense Motion No. 21, Motion to Dismiss Count One of the Superseding Indictment as Duplicitous or to Require Election* was filed on April 7, 2015. The United States filed its Response on April 8, 2015, and the Defendant's Reply was filed on April 15, 2015. The matter is ripe for ruling.

**APPLICABLE LAW**

"[T]o survive a motion to dismiss sought pursuant to Rule 12 [of the Federal Rules of Criminal Procedure], an indictment must allege facts that, if proven true, would sustain a violation of the offense charged." *United States v. Hasan*, 747 F.Supp2d 599, 602 (E.D. Va. 2010). "An indictment is sufficient if it: 1) alleges the essential elements of the offense charged and provides the defendant with notice of the crime with which he is charged; and 2) enables the defendant to plead double jeopardy in any future prosecution for the same offense." *United States v. Lang*, 766 F.Supp. 389, 395 (D.Md. 1991). "A 12(b) motion is permissible only when it involves a question of law rather than fact." *United States v. Shabbir*, 64 F.Supp.2d 479, 481 (D.Md. 1999) (citation

omitted). A Court cannot grant the motion to dismiss under Rule 12 if a Defendant's "legal contentions are inextricably bound up with the facts of the case." (*Id.*)

## DISCUSSION

The Defendant argues that he is entitled to dismissal of Count One because "the factual allegations supporting Count One describe separate (albeit deficiently pled) conspiracies rather than a single, unified plot." (Document 198 at 1.) For support, he argues that "[t]he superseding indictment contains no new facts or allegations to suggest that what the government described mere weeks ago as two 'distinct' conspiracies actually constituted a single, unified plot." (*Id.* at 6.) He further notes that there are no factual allegations supporting a unitary agreement with the Defendant and his co-conspirators. He therefore believes that the superseding indictment violates "the cardinal rule that 'an indictment cannot charge two conspiracies in a single count.'" (*Id.* at 8) (internal citation omitted.)

The United States responds in opposition that the Defendant "makes the same fundamental mistake that he made in his earlier motions: he confuses an indictment with a trial." (Document 215 at 1.) It argues that the superseding indictment "expressly alleges a single conspiracy to accomplish multiple objects," and avers that the existence of single or multiple conspiracies is a jury question. (*Id.* at 4.) The United States also notes that an indictment is legally sufficient if it informs the Defendant of the essential elements of the offense and allows him to plead necessary defenses, including to "plead an acquittal or conviction to bar future prosecution for the same offense." (*Id.* at 5) (internal quotations and citation omitted.) The United States argues that Count One "outlines a single conspiracy with two related objects: to willfully violate mandatory federal mine safety and health standards and to obstruct the lawful functions of the Mine Safety

4

and Health Administration . . ..." It reiterates that "[d]etailed proof of facts is a matter for trial, not a requirement for an indictment." (*Id.*)

The Defendant replies that the United States' response "attempts to impugn the defense through mischaracterization." (Document 234 at 1.) He continues to stress that duplicity is an indictment-based doctrine capable of resolution pre-trial, and concludes that "the superseding indictment charges both the Mine Act conspiracy and the defraud conspiracy together in a single count," and is thus "impermissibly duplicitous and must be dismissed." (*Id.* at 3.)

The Court finds that the instant motion to dismiss should be denied. Footnote one of the Defendant's opening brief states "Count One is duplicitous because it combines what are plainly two separate conspiracies into a single count." (Document 198 at fn 1.) However, "[a] single agreement to commit several crimes constitutes one conspiracy." *United States v. Broce*, 488 U.S. 563, 570 (1989). Importantly, "the question whether the evidence shows a single conspiracy or multiple conspiracies, however, is one of fact and is properly the province of the jury." *United States v. Leavis*, 853 F.2d 215, 218 (4th Cir. 1988) (citing *United States v. Urbanik*, 801 F.2d 692, 695 (4th Cir. 1986)). Indeed, as the Defendant notes in his brief, "[w]hether there is a single conspiracy or multiple conspiracies depends upon the overlap of key actors, methods, and goals." *Leavis*, 853 F.2d at 218 (citing *United States v. Crockett*, 813 F.2d 1310, 1316-17 (4th Cir. 1987)). "It 'does not become several conspiracies because it continues over a period of time' or because it is an 'agreement to commit several offenses.'" *Broce*, 488 U.S. at 580 (Stevens, J concurring) (quoting *Braverman v. United States*, 317 U.S. 49, 52 (1942)). When responding to an attack of an indictment charging conspiracy to defraud under Section 371, the Fourth Circuit declared that "[t]the short, and, we think, sufficient answer is that the indictment charges only one conspiracy –

to defraud the United States – and this is not changed by the assertion of more than one means used to accomplish the object." *United States v. Johnson*, 337 F.2d 180, 185 (4th Cir. 1964). The Fourth Circuit goes on to state, "[t]he conspiracy is the crime, and that is one, however diverse its objects." *Johnson*, 337 F.2d at 185 (quoting *Frohwerk v. United States*, 249 U.S. 204, 210 (1919)).

Furthermore, the Defendant's argument that the superseding indictment is insufficient because the United States did not allege a "unitary agreement" is belied by the actual text of the document. (Document 198 at 7.) The superseding indictment plainly alleges that the Defendant "together with others known and unknown to the Grand Jury, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together with each other" to engage in acts described in the superseding indictment to effectuate the conspiracy. (Document 169 at ¶ 87.) While the "gravamen of the crime of conspiracy is an agreement to effectuate a criminal act," conspiracies can be challenging to prove. *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (quoting *United States v. Laughman*, 618 F.2d 1067, 1074 (4th Cir.), *cert. denied*, 447 U.S. 925 (1980)). "By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement." *Burgos*, 94 F.3d at 857.

In light of the principle that this Court cannot grant a motion to dismiss when the "legal contentions are inextricably bound up with the facts of the case," *Shabbir*, 64 F.Supp.2d at 481, dismissal is inappropriate at this point, and the Court must deny the Defendant's motion.

## CONCLUSION

Wherefore, after careful consideration and for the reasons stated herein, the Court **ORDERS** that *Defense Motion No. 21, Motion to Dismiss Count One of the Superseding Indictment as Duplicitous or to Require Election* (Document 197) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 3, 2015

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA