# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defense Motion No. 22, Motion to Dismiss Count One of the Superseding Indictment for Failure to Allege a Single Agreement* (Document 199), the *Memorandum in Support* (Document 200), the *United States' Response to Defense Motions on Superseding Indictment* (Document 215), and the *Reply in Support of Defense Motion No. 22, Motion to Dismiss Count One of the Superseding Indictment for Failure to Allege a Single Agreement* (Document 235). For the reasons stated herein, the Court finds that the Defendant's motion should be denied.

## FACTUAL AND PROCEDURAL HISTORY

A Grand Jury meeting in Charleston, West Virginia, returned a four count Indictment (Document 1) against the Defendant on November 13, 2014. Count One charged Donald L. Blankenship with conspiracy to willfully violate mandatory mine safety and health standards under the Mine Act, Count Two alleged a conspiracy to defraud the United States by impeding the Mine Health Safety Administration (MSHA) in the administration and enforcement of mine safety

and health laws, while Counts Three and Four alleged securities law violations. The Defendant made his initial appearance at an arraignment and bail hearing on November 20, 2014, and was released the same day after posting bail and agreeing to abide by the terms of an order setting forth the conditions of release. (*See* Documents 13-19.) On March 10, 2015, the Charleston Grand Jury returned a three count Superseding Indictment (Document 169) against Donald L. Blankenship. The substance of the charges remains the same. However, Counts One and Two of the original indictment were merged into superseding Count One. The original Count Three is now Count Two, and Count Four of the original indictment is Count Three in the superseding indictment.

The *Defendant's Motion to Exclude Time Under the Speedy Trial Act, Re-Set Motions Deadline, Vacate Trial Date, and Set Scheduling Conference* (Document 29) was filed on December 2, 2014, and a hearing was held on December 17, 2014. After hearing the parties' arguments, the Court orally granted the Defendant's motion to continue the trial, with a written order to follow.

On January 5, 2015, the Court entered a *Criminal Scheduling Order* (Document 61) that set several pertinent dates. Specifically, the order required that all motions to dismiss, suppress, and any motions *in limine* "be filed no later than February 6, 2015." The order also specified February 6, 2015, as the filing deadline for additional pretrial motions, and scheduled the pretrial motions hearing for March 3, 2015. The *Defendant's Motion for Extension of Time to File Motion to Transfer this Case to Another District for Trial* (Document 71) was filed on January 28, 2015, and the Court granted said motion in its February 4, 2015 *Order* (Document 76), extending the filing deadline for a motion to change venue to February 20, 2015.

On February 6, 2015, prior to the return of the superseding indictment, the Defendant filed nineteen (19) pretrial motions. The *United States' Motion for Extension of Time to Respond to Pretrial Motions* (Document 115) was filed on February 10, 2015. On February 12, 2015, the Court entered an *Order* (Document 116) granting the motion in part, setting Friday, February 20, 2015, as the "deadline for the filing of the United States' responses to the Defendant's pretrial motions."

The Defendant was arraigned on the superseding indictment on the 24th day of March, 2015. At that time, the presiding magistrate judge granted leave to the Defendant to file motions relative to the superseding indictment within two weeks of arraignment.

*Defense Motion No. 22, Motion to Dismiss Count One of the Superseding Indictment for Failure to Allege a Single Agreement* was filed on April 7, 2015. The United States' Response was filed on April 8, 2015, and the Defendant's Reply was filed on April 15, 2015. The matter is ripe for ruling.

## APPLICABLE LAW

"[T]o survive a motion to dismiss sought pursuant to Rule 12 [of the Federal Rules of Criminal Procedure], an indictment must allege facts that, if proven true, would sustain a violation of the offense charged." *United States v. Hasan*, 747 F.Supp2d 599, 602 (E.D. Va. 2010). "An indictment is sufficient if it: 1) alleges the essential elements of the offense charged and provides the defendant with notice of the crime with which he is charged; and 2) enables the defendant to plead double jeopardy in any future prosecution for the same offense." *United States v. Lang*, 766 F.Supp. 389, 395 (D.Md. 1991). "A 12(b) motion is permissible only when it involves a question of law rather than fact." *United States v. Shabbir*, 64 F.Supp.2d 479, 481 (D.Md. 1999) (citation

3

omitted). A Court cannot grant the motion to dismiss under Rule 12 if a Defendant's "legal contentions are inextricably bound up with the facts of the case." (*Id.*)

## DISCUSSION

The Defendant argues that the superseding indictment does not allege a single agreement to support Count One. He stresses that because the United States is alleging a "multi-object conspiracy, it must show that [the Defendant] entered a "single agreement to commit [those] several crimes." (Document 200 at 1, 4) (brackets in original) (quoting *United States v. Broce*, 488 U.S. 563, 570-71 (1989)). He declares that an indictment alleging conspiracy "must plead facts showing that [the Defendant] entered an agreement to commit the alleged objects of the conspiracy." (*Id.* at 3.) He claims that the superseding indictment merely contains boilerplate allegations that he entered into an overall agreement, and does not include any factual allegations supporting the single agreement. (*Id.* at 6-7.) The Defendant argues that "Count One, in sum, fails to allege any facts showing that [he] entered a single 'meeting of minds' to both willfully violate mine safety regulations and defraud the United States government." (*Id.* at 7-8.)

The United States responds that "Count One expressly does allege such an agreement, in paragraph 87 of the Superseding Indictment." (Document 215 at 5.) It contends that the Defendant is actually arguing that the superseding indictment "does not describe evidence that Defendant believes is enough to *prove* that allegation," which properly "is a matter for trial." (*Id.*) (emphasis in original.)

The Defendant replies that an indictment must contain the essential facts that "define the chief issues and permit the court to decide whether they are sufficient in law to support a conviction, if one should be had." (Document 235 at 1) (internal quotations and citation omitted.)

4

He stresses that the indictment does not contain any factual allegation that "a single agreement . . . to both violate the mine safety standards and defraud the United States" was ever entered into. (*Id.* at 3.)

The Defendant's motion to dismiss should be denied. "Sustaining a conspiracy conviction under 18 U.S.C. § 371 requires that the government prove: (1) an agreement between two or more people to commit a crime and (2) an overt act in furtherance of the conspiracy." *United States v. Ellis*, 121 F.3d 908, 922 (4th Cir. 1997), *cert. denied*, 522 U.S. 1068 (1998) (citing *United States v. Chorman*, 910 F.2d 102, 109 (4th Cir. 1990)). To survive dismissal, "[a]n indictment must contain the elements of the offense charged, fairly inform the defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." *United States v. Daniels*, 973 F.2d 272, 274 (4th Cir. 1992) (internal citations omitted). "In a conspiracy charge, the term 'agreement' is all but synonymous with the conspiracy itself, and as such has great operative force." *United States v. Broce*, 488 U.S. 563, 570 (1989).

The Court finds that the superseding indictment plainly alleges that an agreement, or "meeting of minds," was entered into during the time period covering the alleged conspiracy. (S*ee Superseding Indictment* at ¶ 87). "The allegations of an offense are generally sufficient if stated in the words of the statute itself." *United States v. Smith*, 44 F.3d 1259, 1264 (4th Cir. 1995). "Importantly, however, a statutory citation, by itself, is insufficient because it 'does not ensure that the grand jury has considered and found all essential elements of the offense charged' as required by the Fifth Amendment." *United States v. Cuong Gia Le*, 310 F.Supp.2d 763, 773 (E.D.Va. 2004) (quoting *United States v. Pupo*, 841 F.2d 1235, 1239 (4th Cir. 1988)).

The superseding indictment here contains *many* statements of facts and circumstances of the alleged offense that ensure the grand jury considered and found probable cause for all essential elements of the offense charged, including the element that the Defendant entered into an agreement with at least one other person. "An essential element of the offense is an element 'whose specification . . . is necessary to establish the very illegality of the behavior and thus the court's jurisdiction.'" *Cuong Gia Le*, 310 F.Supp.2d at 773, n. 6 (quoting *United States v. Brandon*, 150 F.Supp.2d 883, 884 n. 1 (E.D. Va. 2001)). That the superseding indictment does not allege the exact time that the agreement was entered into, nor with whom,[1] is not fatal to the charging instrument.

"Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required." *United States v. Kimberlin*, 18 F.3d 1156, 1159 (4th Cir. 1994) (internal citation omitted). Moreover, "[t]his agreement need only be a 'tacit or mutual understanding' between the defendant and his accomplice." *United States v. Hackley*, 662 F.3d 671, 679 (4th Cir. 2011), *cert. denied*, 132 S.Ct. 1936 (Apr. 16, 2012); 132 S.Ct. 2703 (May 29, 2012)(quoting *Ellis*, 121 F.3d at 922) ("The existence of a 'tacit or mutual understanding' between conspirators is sufficient evidence of a conspiratorial agreement.") Additionally, "[s]uch proof [of an agreement] need not be direct, but may be inferred from circumstantial evidence." *Ellis*, 121 F.3d at 922. Here, proof is not yet required because trial has not commenced.[2]

---

[1] The Court notes that the original indictment and superseding indictment reference persons "known and unknown to the Grand Jury" that are alleged to have conspired with the Defendant. Indeed, there is no requirement that a conspiracy indictment name co-conspirators. United States v. American Waste Fibers Co., 809 F.2d 1044, 1046 (4th Cir. 1987). Clearly, the superseding indictment is constitutionally sufficient.

[2] In that vein, the Court finds it revealing that the Defendant repeatedly argues that the United States has failed to "show" that the Defendant entered into an agreement. (*See* Document 200 at 3-4, 6-7.)

Nor is it fatal that the superseding indictment alleges the commission of multiple criminal acts or offenses during the relevant time period. Indeed, "conspiracy may be established by different aggregations of proof, for a <u>single agreement may</u> continue for an extended period of time and <u>involve the commission of numerous criminal acts</u>." *United States v. Ragins*, 840 F.2d 1184, 1187 (4th Cir. 1988) (emphasis added). "It is of course elementary that one may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence." *United States v. Burgos*, 94 F.3d 849, 858 (4th Cir. 1996) (quotations omitted). Unquestionably, the Defendant has been put on notice that he is alleged to have entered into an agreement with others—or conspired—to willfully violate mandatory federal mine safety and health standards and to defraud the United States by obstructing the lawful functions of the Mine Safety and Health Administration.

## CONCLUSION

Wherefore, after careful consideration and for the reasons stated herein, the Court **ORDERS** that *Defense Motion No. 22, Motion to Dismiss Count One of the Superseding Indictment for Failure to Allege a Single Agreement* (Document 199) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 3, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA