# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.            CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

    Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defense Motion No. 24, Motion to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify Mandatory Health or Safety Standards* (Document 203), the *Memorandum in Support* (Document 204), the *United States' Response to Defense Motions on Superseding Indictment* (Document 215) and the *Reply in Support of Defense Motion No. 24, Motion to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify Mandatory Health or Safety Standards* (Document 237). For the reasons stated herein, the Court finds that the Defendant's motion should be denied.

### FACTUAL AND PROCEDURAL HISTORY

A Grand Jury meeting in Charleston, West Virginia, returned a four count Indictment (Document 1) against the Defendant on November 13, 2014. Count One charged Donald L. Blankenship with conspiracy to willfully violate mandatory mine safety and health standards under the Mine Act, Count Two alleged a conspiracy to defraud the United States by impeding the

Mine Health Safety Administration (MSHA) in the administration and enforcement of mine safety and health laws, while Counts Three and Four alleged securities law violations. The Defendant made his initial appearance at an arraignment and bail hearing on November 20, 2014, and was released the same day after posting bail and agreeing to abide by the terms of an order setting forth the conditions of release. (*See* Documents 13-19.) On March 10, 2015, the Charleston Grand Jury returned a three count Superseding Indictment (Document 169) against Donald L. Blankenship. The substance of the charges remains the same. However, Counts One and Two of the original indictment were merged into superseding Count One. The original Count Three is now Count Two, and Count Four of the original indictment is Count Three in the superseding indictment.

The *Defendant's Motion to Exclude Time Under the Speedy Trial Act, Re-Set Motions Deadline, Vacate Trial Date, and Set Scheduling Conference* (Document 29) was filed on December 2, 2014, and a hearing was held on December 17, 2014. After hearing the parties' arguments, the Court orally granted the Defendant's motion to continue the trial, with a written order to follow.

On January 5, 2015, the Court entered a *Criminal Scheduling Order* (Document 61) that set several pertinent dates. Specifically, the order required that all motions to dismiss, suppress, and any motions *in limine* "be filed no later than February 6, 2015." The order also specified February 6, 2015, as the filing deadline for additional pretrial motions, and scheduled the pretrial motions hearing for March 3, 2015. The *Defendant's Motion for Extension of Time to File Motion to Transfer this Case to Another District for Trial* (Document 71) was filed on January 28,

2015, and the Court granted said motion in its February 4, 2015 *Order* (Document 76), extending the filing deadline for a motion to change venue to February 20, 2015.

On February 6, 2015, prior to the return of the superseding indictment, the Defendant filed nineteen (19) pretrial motions. The *United States' Motion for Extension of Time to Respond to Pretrial Motions* (Document 115) was filed on February 10, 2015. On February 12, 2015, the Court entered an *Order* (Document 116) granting the motion in part, setting Friday, February 20, 2015, as the "deadline for the filing of the United States' responses to the Defendant's pretrial motions."

The Defendant was arraigned on the superseding indictment on the 24th day of March, 2015. At that time, the presiding magistrate judge granted leave to the Defendant to file motions relative to the superseding indictment within two weeks of arraignment.

*Defense Motion No. 24, Motion to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify Mandatory Health or Safety Standards* was filed on April 7, 2015. The United States' Response was filed on April 8, 2015, and the Defendant's Reply was filed on April 15, 2015. The matter is ripe for ruling.

**APPLICABLE LAW**

"[T]o survive a motion to dismiss sought pursuant to Rule 12 [of the Federal Rules of Criminal Procedure], an indictment must allege facts that, if proven true, would sustain a violation of the offense charged." *United States v. Hasan*, 747 F.Supp2d 599, 602 (E.D. Va. 2010). "An indictment is sufficient if it: 1) alleges the essential elements of the offense charged and provides the defendant with notice of the crime with which he is charged; and 2) enables the defendant to plead double jeopardy in any future prosecution for the same offense." *United States v. Lang*, 766

F.Supp. 389, 395 (D.Md. 1991). "A 12(b) motion is permissible only when it involves a question of law rather than fact." *United States v. Shabbir*, 64 F.Supp.2d 479, 481 (D.Md. 1999) (citation omitted). A Court cannot grant the motion to dismiss under Rule 12 if a Defendant's "legal contentions are inextricably bound up with the facts of the case." (*Id.*)

## DISCUSSION

The Defendant argues that Count One of the superseding indictment must be dismissed because it "fails to cite, let alone set forth the elements of, a single regulation (*i.e.*, standard) that Mr. Blankenship allegedly conspired to willfully violate," and thus, "fails to include the essential elements of an offense under 30 U.S.C. § 820(d)." (Document 204 at 4-5.) He cites *United States v. Pupo*, 841 F.2d 1235 (4th Cir. 1988), *United States v. Daniels*, 973 F.2d 272 (4th Cir. 1992), and *United States v. Kingrea*, 573 F.3d 186 (4th Cir. 2009) for support.

The Defendant uses the same grounds to argue a violation of his "Fifth Amendment right to be tried only for the specific conduct the grand jury found indictable." (Document 204 at 6.) He argues that "[i]t is simply impossible to tell from the superseding indictment which mandatory health or safety standard or standards, *if any*, the grand jury found probable cause to believe [he] conspired to willfully violate." (*Id.*) (emphasis in original.) He avers that the purported failures prevent this Court form speculating as to what the grand jury would have done, and thus, Count One must be dismissed. (*Id.* at 7-8.)

The United States responds in opposition that the Defendant's instant motion is untimely because it could have been brought before the return of the superseding indictment. (Document 215 at 6.) It stresses that the Defendant has been charged with conspiracy to willfully violate mandatory federal mine safety or health standards, and "[n]o listing of specific standards is

4

required to allege this object, and none would be required to prove it." (*Id.*)  The United States notes that the conspiracy could be proven simply by showing that the Defendant was part of an "agreement to violate such standards generally—if, for example, he and others agreed or formed an understanding that *whatever* mandatory federal mine safety and health standards needed to be violated at UBB in order to increase profits would be violated." (*Id.* at 6-7.)  It argues that the superseding indictment and the discovery process have "provided Defendant a listing of every safety standard that was cited at UBB in the relevant period and beyond." (*Id.* at 7.)

The Defendant replies that the United States' response in opposition does not contest or deny many contentions made in his motion to dismiss, and stresses that "[b]ecause Count One fails to identify the specific standards (*i.e.*, the regulations) that Mr. Blankenship allegedly agreed to willfully violate, it fails to allege" the essential elements of a conspiracy to commit an offense against the United States. (Document 237 at 1-2.)  The Defendant argues that the superseding indictment does not disclose "which regulations, *if any*, the grand jury found probable cause to believe Mr. Blankenship conspired to willfully violate." (*Id.* at 4) (emphasis in original.)

The Court finds that the Defendant's motion to dismiss should be denied.  As previously stated, "[a]n indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." *United States v. Daniels*, 973 F.2d 272, 274 (4th Cir. 1992) (citing *Russell v. United States*, 369 U.S. 749, 763-64 (1962)).  As a corollary, "the indictment must include every essential element of an offense, or else the indictment is invalid; and mere reference to the applicable statute does not cure the defect." *Daniels*, 973 F.2d at 274.

"In testing the sufficiency of an indictment, 'it is the statement of facts in the pleading, rather than the statutory citation that is controlling . . ..'" *United States v. Hooker*, 841 F.2d 1225, 1227 (4th Cir. 1988) (citing *United States v. Wuco*, 535 F.2d 1200, 1202 n. 1 (9th Cir. 1976), *cert. denied*, 419 U.S. 978 (1976)). "Although an offense that is the object of a conspiracy need not be delineated in the indictment with the same particularity as a substantive offense . . . this admonition applies to the statements of fact that 'flesh out' the indictment - not the basic elements of the offense itself." (*Id.* at 1229) (citation omitted).

"An essential element of a crime - one that affects a substantial right - is one whose specification . . . is necessary to establish the very illegality of the behavior and thus the court's jurisdiction." *Hooker*, 841 F.2d at 1231. Importantly, "the two prongs of [18 U.S.C.] § 371 are not mutually exclusive." *United States v. Arch Trading Co.*, 987 F.2d 1087, 1091 (4th Cir. 1993). "When both prongs of § 371 apply to the conduct with which a particular defendant is charged, the government enjoys considerable latitude in deciding how to proceed." (*Id.*)

"It is well settled that in an indictment for conspiring to commit an offense - in which the conspiracy is the gist of the crime - it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy . . .." *Wong Tai v. United States*, 273 U.S. 77, 81 (1927) (internal citations omitted). Furthermore, under the general defraud prong of § 371, "[a]n overt act is an element under the general conspiracy statute, which requires as an element that one or more of the conspirators 'do an[ ] act to effect the object of the conspiracy.'" *United States v. Chinasa*, 489 Fed.Appx. 682, 685-86 (4th Cir. 2012) (unpublished).

Here, the allegations contained in the superseding indictment well inform the Defendant of the charges he is facing. The Court finds that the indictment contains the elements of the offense charged, to wit, a conspiracy to defraud the United States—or obstruct the lawful functions of MSHA—by willfully violating mandatory federal mine safety and health standards. Specifically, the superseding indictment informs the Defendant that he is accused of (1) entering into an agreement, (2) with at least one other person, (3) to defraud the United States' lawful functions by: (i) violating mandatory mine safety and health standards as they pertain to ventilation, including minimum airflow requirements and construction of proper ventilation assemblies (Document 169 at ¶¶ 11-13, 24-25); (ii) violating mandatory mine safety and health standards by not conducting required mine-safety examinations (*Id.* at ¶¶ 14, 27); (iii) violating mandatory mine safety and health standards by not spending money and time performing tasks to support the mine roof and walls (*Id.* at ¶¶ 28-30); and, violating mandatory mine safety and health standards concerning accumulations of coal dust (*Id.* at ¶¶ 31-35). These, of course, are in addition to the allegations of providing advance warning (*Id.* at 37-39), and do not take into account the accusations of falsifying the location of respirable dust samples (*Id.* at ¶ 99). The superseding indictment is replete with identification of the particular standard or standards that the Defendant allegedly conspired to willfully violate. Further, the indictment plainly alleges that multiple acts were willfully done in furtherance of the conspiracy to defraud the United States of its lawful functions. Clearly, *Kingrea, supra,* cited by the Defendant, is distinguishable. In that case, specific language from the criminal statute was absent from the indictment resulting in the exclusion of an essential element of the offense and broader statutory language than that enacted by Congress.

Further, the factual allegations contained in the superseding indictment, which were incorporated by reference into Count One, serve to "flesh out" the conspiracy charge and fairly inform the Defendant of the nature of the charge and enable him to plead double jeopardy as a defense in a future prosecution for the same offense. The Defendant's motion must be denied.

## CONCLUSION

Wherefore, after careful consideration and for the reasons stated herein, the Court **ORDERS** that *Defense Motion No. 24, Motion to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify Mandatory Health or Safety Standards* (Document 203) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 3, 2015

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA