# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                            CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defense Motion No. 23, Motion to Dismiss Count One of the Superseding Indictment for Charging Non-Criminal Conduct* (Document 201), the *Memorandum in Support,* (Document 202), the *United States' Response to Defense Motions on Superseding Indictment* (Document 215), the *Reply in Support of Defense Motion No. 23, Motion to Dismiss Count One of Superseding Indictment for Charging Non-Criminal Conduct* (Document 236), as well as all exhibits and attachments filed therewith. For the reasons stated herein, the Court finds that the Defendant's motion should be denied.

## FACTUAL AND PROCEDURAL HISTORY

A Grand Jury meeting in Charleston, West Virginia, returned a four count Indictment (Document 1) against the Defendant on November 13, 2014. Count One charged Donald L. Blankenship with conspiracy to willfully violate mandatory mine safety and health standards under the Mine Act, Count Two alleged a conspiracy to defraud the United States by impeding the Mine Health Safety Administration (MSHA) in the administration and enforcement of mine safety

and health laws, while Counts Three and Four alleged securities law violations. The Defendant made his initial appearance at an arraignment and bail hearing on November 20, 2014, and was released the same day after posting bail and agreeing to abide by the terms of an order setting forth the conditions of release. (*See* Documents 13-19.) On March 10, 2015, the Charleston Grand Jury returned a three count Superseding Indictment (Document 169) against Donald L. Blankenship. The substance of the charges remains the same. However, Counts One and Two of the original indictment were merged into superseding Count One. The original Count Three is now Count Two, and Count Four of the original indictment is Count Three in the superseding indictment.

The *Defendant's Motion to Exclude Time Under the Speedy Trial Act, Re-Set Motions Deadline, Vacate Trial Date, and Set Scheduling Conference* (Document 29) was filed on December 2, 2014, and a hearing was held on December 17, 2014. After hearing the parties' arguments, the Court orally granted the Defendant's motion to continue the trial, with a written order to follow.

On January 5, 2015, the Court entered a *Criminal Scheduling Order* (Document 61) that set several pertinent dates. Specifically, the order required that all motions to dismiss, suppress, and any motions *in limine* "be filed no later than February 6, 2015." The order also specified February 6, 2015, as the filing deadline for additional pretrial motions, and scheduled the pretrial motions hearing for March 3, 2015. The *Defendant's Motion for Extension of Time to File Motion to Transfer this Case to Another District for Trial* (Document 71) was filed on January 28, 2015, and the Court granted said motion in its February 4, 2015 *Order* (Document 76), extending the filing deadline for a motion to change venue to February 20, 2015.

On February 6, 2015, prior to the return of the superseding indictment, the Defendant filed nineteen (19) pretrial motions. The *United States' Motion for Extension of Time to Respond to Pretrial Motions* (Document 115) was filed on February 10, 2015. On February 12, 2015, the Court entered an *Order* (Document 116) granting the motion in part, setting Friday, February 20, 2015, as the "deadline for the filing of the United States' responses to the Defendant's pretrial motions."

The Defendant was arraigned on the superseding indictment on the 24th day of March, 2015. At that time, the presiding magistrate judge granted leave to the Defendant to file motions relative to the superseding indictment within two weeks of arraignment.

*Defense Motion No. 23, Motion to Dismiss Count One of the Superseding Indictment for Charging Non-Criminal Conduct* was filed on April 7, 2015. The United States' Response was filed on April 8, 2015, and the Defendant's Reply was filed on April 15, 2015. The matter is ripe for ruling.

**APPLICABLE LAW**

"[T]o survive a motion to dismiss sought pursuant to Rule 12 [of the Federal Rules of Criminal Procedure], an indictment must allege facts that, if proven true, would sustain a violation of the offense charged." *United States v. Hasan*, 747 F.Supp2d 599, 602 (E.D. Va. 2010). "An indictment is sufficient if it: 1) alleges the essential elements of the offense charged and provides the defendant with notice of the crime with which he is charged; and 2) enables the defendant to plead double jeopardy in any future prosecution for the same offense." *United States v. Lang*, 766 F.Supp. 389, 395 (D.Md. 1991). "A 12(b) motion is permissible only when it involves a question of law rather than fact." *United States v. Shabbir*, 64 F.Supp.2d 479, 481 (D.Md. 1999) (citation

3

omitted). A Court cannot grant the motion to dismiss under Rule 12 if a Defendant's "legal contentions are inextricably bound up with the facts of the case." (*Id.*)

## DISCUSSION

The Defendant argues that the superseding indictment should be dismissed because Count One "is pled so broadly so as to include the actual *correction* of safety violations," which "is not a crime." (Document 202 at 1) (emphasis in original.) The Defendant posits that the superseding indictment does not describe how the violations were concealed or covered up, and thus, "in theory," the allegations could encompass the act of "correcting a mine safety violation before it could be observed . . .." (*Id.* at 2.) Put simply, the Defendant is arguing that the indictment is fatally flawed because it could be read as pleading the correction of safety hazards, which is not deceitful or a crime against the United States.

The Defendant further argues that "Count One's description of a plot to willfully violate mine safety standards includes allegations pertaining to citations for mere *negligence*." (*Id.* at 1) (emphasis in original.) He argues that the "vast majority" of the citations referenced in the indictment were for "mere negligence," and thus, are not criminal under the Mine Act because the "relevant provision of the Mine Act only imposes criminal penalties on individuals 'who *willfully* violate[] a mandatory health or safety standard.'" (*Id.* at 6) (emphasis in original) (citing 30 U.S.C. § 820(d).)

The United States responds in opposition that "Count One . . . clearly does allege criminal conduct," and that "Defendant's actual argument is a characterization of what he believes will be the evidence at trial." (Document 215 at 6.) In other words, "Defendant's interpretations of the evidence he anticipates are classic jury arguments, not arguments to dismiss a charge." (*Id.*)

4

The Defendant replies that "the superseding indictment is defective as a matter of law, and it does not matter that the government's opposition promises that it will prove criminality at trial." (Document 236 at 2.) He continues to argue that because the superseding indictment purportedly charges both criminal and non-criminal conduct, the Court must dismiss the entire superseding indictment "because the Court may not speculate as to whether the jury would have returned the charge in their absence." (*Id.* at 2.)

The Court finds that the Defendant's motion to dismiss must be denied. The Court finds the Defendant's argument that the superseding indictment is ambiguous or leaves doubt as to whether it was (i) alleging a conspiracy to cover up and conceal safety violations or, on the other hand, (ii) alleging a conspiracy to correct violations before they could be encountered by investigators from MSHA, severely lacking in merit. The indictment plainly alleges that the Defendant conspired to defraud the United States by obstructing its lawful functions through willful violations of mandatory federal mine safety and health standards.

In view of the allegations contained in the indictment, the Defendant's argument that he only corrected violations, and thus, his alleged acts were not criminal, borders on the absurd. Simply put, mine operators cannot willfully violate mandatory federal mine safety and health standards and obstruct the lawful functions of MSHA as alleged here, and then avoid responsibility simply because providing advance warning allowed their employees to "correct" said violations with inspectors at the doorstep. Such a reality would strip applicable sections of the United States Code of any force or meaning, and render MSHA impotent. Moreover, the Court finds that the Defendant's contentions are necessarily tied to the facts and the inferences which could be drawn from those facts. Therefore, dismissal is inappropriate.

## CONCLUSION

Wherefore, after careful consideration and for the reasons stated herein, the Court **ORDERS** that *Defense Motion No. 23, Motion to Dismiss Count One of the Superseding Indictment for Charging Non-Criminal Conduct* (Document 201) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 3, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA