**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defense Motion No. 25, Motion to Dismiss Count One of the Superseding Indictment for Including False Statement Allegations as an Overt Act Or, in the Alternative, to Strike Overt Act* (Document 205), the *Memorandum in Support* (Document 206), the *United States' Response to Defense Motions on Superseding Indictment* (Document 215), the *Reply in Support of Defense Motion No. 25, Motion to Dismiss Count One of the Superseding Indictment for Including False Statement Allegations as an Overt Act Or, in the Alternative, to Strike Overt Act* (Document 238), as well as all exhibits and attachments filed therewith. For the reasons stated herein, the Court finds that the Defendant's motion should be denied.

**FACTUAL AND PROCEDURAL HISTORY**

A Grand Jury meeting in Charleston, West Virginia, returned a four count Indictment (Document 1) against the Defendant on November 13, 2014. Count One charged Donald L. Blankenship with conspiracy to willfully violate mandatory mine safety and health standards under the Mine Act, Count Two alleged a conspiracy to defraud the United States by impeding the

Mine Health Safety Administration (MSHA) in the administration and enforcement of mine safety and health laws, while Counts Three and Four alleged securities law violations. The Defendant made his initial appearance at an arraignment and bail hearing on November 20, 2014, and was released the same day after posting bail and agreeing to abide by the terms of an order setting forth the conditions of release. (*See* Documents 13-19.) On March 10, 2015, the Charleston Grand Jury returned a three count Superseding Indictment (Document 169) against Donald L. Blankenship. The substance of the charges remains the same. However, Counts One and Two of the original indictment were merged into superseding Count One. The original Count Three is now Count Two, and Count Four of the original indictment is Count Three in the superseding indictment.

The *Defendant's Motion to Exclude Time Under the Speedy Trial Act, Re-Set Motions Deadline, Vacate Trial Date, and Set Scheduling Conference* (Document 29) was filed on December 2, 2014, and a hearing was held on December 17, 2014. After hearing the parties' arguments, the Court orally granted the Defendant's motion to continue the trial, with a written order to follow.

On January 5, 2015, the Court entered a *Criminal Scheduling Order* (Document 61) that set several pertinent dates. Specifically, the order required that all motions to dismiss, suppress, and any motions *in limine* "be filed no later than February 6, 2015." The order also specified February 6, 2015, as the filing deadline for additional pretrial motions, and scheduled the pretrial motions hearing for March 3, 2015. The *Defendant's Motion for Extension of Time to File Motion to Transfer this Case to Another District for Trial* (Document 71) was filed on January 28,

2015, and the Court granted said motion in its February 4, 2015 *Order* (Document 76), extending the filing deadline for a motion to change venue to February 20, 2015.

On February 6, 2015, prior to the return of the superseding indictment, the Defendant filed nineteen (19) pretrial motions. The *United States' Motion for Extension of Time to Respond to Pretrial Motions* (Document 115) was filed on February 10, 2015. On February 12, 2015, the Court entered an *Order* (Document 116) granting the motion in part, setting Friday, February 20, 2015, as the "deadline for the filing of the United States' responses to the Defendant's pretrial motions."

The Defendant was arraigned on the superseding indictment on the 24th day of March, 2015. At that time, the presiding magistrate judge granted leave to the Defendant to file motions relative to the superseding indictment within two weeks of arraignment.

*Defense Motion No. 25, Motion to Dismiss Count One of the Superseding Indictment for Including False Statement Allegations as an Overt Act Or, in the Alternative, to Strike Overt Act* was filed on April 7, 2015. The United States' Response was filed on April 8, 2015, and the Defendant's Reply was filed on April 15, 2015. The matter is ripe for ruling.

**APPLICABLE LAW**

"[T]o survive a motion to dismiss sought pursuant to Rule 12 [of the Federal Rules of Criminal Procedure], an indictment must allege facts that, if proven true, would sustain a violation of the offense charged." *United States v. Hasan*, 747 F.Supp2d 599, 602 (E.D. Va. 2010). "An indictment is sufficient if it: 1) alleges the essential elements of the offense charged and provides the defendant with notice of the crime with which he is charged; and 2) enables the defendant to plead double jeopardy in any future prosecution for the same offense." *United States v. Lang*, 766

F.Supp. 389, 395 (D.Md. 1991). "A 12(b) motion is permissible only when it involves a question of law rather than fact." *United States v. Shabbir*, 64 F.Supp.2d 479, 481 (D.Md. 1999) (citation omitted). A Court cannot grant the motion to dismiss under Rule 12 if a Defendant's "legal contentions are inextricably bound up with the facts of the case." (*Id.*)

## DISCUSSION

The Defendant argues that Count One must be dismissed because "it alleges as an overt act the making of false statements to shareholders *after* the mine had already closed, allegedly in order to conceal the existence of the conspiracy." (Document 206 at 1) (emphasis in original.) He argues that since "[o]peration of the UBB mine . . . ceased on April 5, 2010, when the explosion occurred," these statements could not have been part of the conspiracy, but were instead done after the central objectives of the conspiracy had been reached, and cites *United States v. Wilson*, 624 F.3d 640 (4th Cir. 2010), for support. (*Id.* at 2-4.) The Defendant then argues that "[b]ecause it is impossible to know whether the grand jury would have returned Count One in the absence of this allegation, the entire count must be dismissed." (*Id.* at 4-5.)[1]

The United States responds in opposition that this is another motion that should have been brought before the return of the superseding indictment, but in any event the Defendant's claim "rests on a factual claim—the date when the UBB mine ceased operation—that is extrinsic to the Superseding Indictment and not in evidence," and thus, "such claims cannot be considered at this stage of the proceeding." (Document 215 at 7.) The United States avers that the evidence at trial "would show that at the time Defendant caused the false statements to be made, he intended the

---

1  The Court notes that the Defendant requests that "paragraph 100(i) must be struck from the superseding indictment" even though he previously cites case law, in this motion and others, standing for the proposition that courts should not amend or alter the indictment after it has been returned. (*See* Document 206 at 4.)

UBB mine to resume operating after the explosion," and therefore "negates the claim on which motion 25 depends." (*Id.* at 7-8.)

The Defendant replies that the United States "does not dispute the central legal principle at issue," and continues to argue that the alleged false statements could not have been in furtherance of the conspiracy because the alleged safety violations ceased on April 5, 2010—the date that MSHA shut down the mine, citing *Grunewald v. United States*, 353 U.S. 391 (1957) for support. (Document 238 at 1-2.) He requests that this Court take judicial notice that the mine shut down on April 5, 2010, as a result of MSHA's order, and contends that the United States' factual contention that the Defendant intended the mine to reopen after the explosion is incapable of judicial notice. (*Id.* at 2.)

The Court finds that the Defendant's motion to dismiss should be denied. The Defendant's *legal* contention, that the conspiracy "concluded no later than April 5, 2010," is factual in nature. While the Defendant states in his reply that "the safety violations at the mine—which were the object of the alleged conspiracy—ceased "on or around April 5, 2010," this contention is refuted by the plain text of the superseding indictment. (*See* Document 169, ¶ 89(b)-(c)) ("Among the objects of the conspiracy were to: (b) hamper, hinder, impair, impede and obstruct, by trickery, deceit, and dishonest means, the lawful and legitimate functions of DOL and its agency, MSHA, in the administration and enforcement of mine safety and health laws.")

In other words, the Court notes that a jury could conclude that the purpose of the conspiracy was to defraud the United States and the alleged false statements were made in furtherance of a continuing conspiracy to defraud the United States. *See United States v. Lowry*, 409 F.Supp.2d 732, 737 (W.D. Va. 2006) ("With respect to cover-up activity in particular, acts of

concealment carried out to achieve the central purpose of a conspiracy would constitute a continuing offense, but concealment solely to cover up an already executed crime would not constitute a continuing offense.") The Court finds that determination of the scope of the conspiracy—narrow or broad—and when the conspiracy ended can only be derived from the evidence or facts of this case.

Furthermore, the Defendant "misconstrues *Grunewald*," because "[a]s the Supreme Court later clarified in *Forman v. United States*, 361 U.S. 416, 422-24 (1960), *overruled in part on other grounds*, *Burks v. United States*, 437 U.S. 1, 17-18 (1978), the reasoning in *Grunewald* was tied to the indictment . . . which alleged that one object of the charged conspiracy was to conceal the acts of the conspirators," having the result of "specifically charg[ing] a separate, subsidiary conspiracy." *United States v. Vogt*, 910 F.2d 1184, 1201-02 (4th Cir. 1990). Here, no such conduct is charged as an object of the conspiracy. Indeed, the Fourth Circuit Court of Appeals in *United States v. Wilson*, quoting the Supreme Court in *Grunewald*, noted that "a vital distinction must be made between acts of concealment done in furtherance of the main criminal objectives of the conspiracy, and acts of concealment done after these central objectives have been attained, for the purpose only of covering up the crime." 624 F.3d 640, 656 n. 18. The Court is not in a position to determine whether the statements were done in furtherance of the main criminal objective of the conspiracy, or rather, done after these central objectives had been attained. Again, the Defendant's arguments are fact dependent. Therefore, the Defendant's motion must be denied.

**CONCLUSION**

Wherefore, after careful consideration and for the reasons stated herein, the Court **ORDERS** that *Defense Motion No. 25, Motion to Dismiss Count One of the Superseding Indictment for Including False Statement Allegations as an Overt Act Or, in the Alternative, to Strike Overt Act* (Document 205) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 3, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA