# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defense Motion No. 26, Motion to Dismiss Count One of the Superseding Indictment One Based on New Respirable Dust Allegation or, in the Alternative, to Strike* (Document 207), the *Memorandum in Support* (Document 208), the *United States' Response to Defense Motions on Superseding Indictment* (Document 215), and the *Reply in Support of Defense Motion No. 26, Motion to Dismiss Count One of the Superseding Indictment Based on Respirable Dust Allegation* (Document 239). For the reasons stated herein, the Court finds that the Defendant's motion should be denied.

## FACTUAL AND PROCEDURAL HISTORY

A Grand Jury meeting in Charleston, West Virginia, returned a four count Indictment (Document 1) against the Defendant on November 13, 2014. Count One charged Donald L. Blankenship with conspiracy to willfully violate mandatory mine safety and health standards under the Mine Act, Count Two alleged a conspiracy to defraud the United States by impeding the Mine Health Safety Administration (MSHA) in the administration and enforcement of mine safety

and health laws, while Counts Three and Four alleged securities law violations. The Defendant made his initial appearance at an arraignment and bail hearing on November 20, 2014, and was released the same day after posting bail and agreeing to abide by the terms of an order setting forth the conditions of release. (*See* Documents 13-19.) On March 10, 2015, the Charleston Grand Jury returned a three count Superseding Indictment (Document 169) against Donald L. Blankenship. The substance of the charges remains the same. However, Counts One and Two of the original indictment were merged into superseding Count One. The original Count Three is now Count Two, and Count Four of the original indictment is Count Three in the superseding indictment.

The *Defendant's Motion to Exclude Time Under the Speedy Trial Act, Re-Set Motions Deadline, Vacate Trial Date, and Set Scheduling Conference* (Document 29) was filed on December 2, 2014, and a hearing was held on December 17, 2014. After hearing the parties' arguments, the Court orally granted the Defendant's motion to continue the trial, with a written order to follow.

On January 5, 2015, the Court entered a *Criminal Scheduling Order* (Document 61) that set several pertinent dates. Specifically, the order required that all motions to dismiss, suppress, and any motions *in limine* "be filed no later than February 6, 2015." The order also specified February 6, 2015, as the filing deadline for additional pretrial motions, and scheduled the pretrial motions hearing for March 3, 2015. The *Defendant's Motion for Extension of Time to File Motion to Transfer this Case to Another District for Trial* (Document 71) was filed on January 28, 2015, and the Court granted said motion in its February 4, 2015 *Order* (Document 76), extending the filing deadline for a motion to change venue to February 20, 2015.

On February 6, 2015, prior to the return of the superseding indictment, the Defendant filed nineteen (19) pretrial motions. The *United States' Motion for Extension of Time to Respond to Pretrial Motions* (Document 115) was filed on February 10, 2015. On February 12, 2015, the Court entered an *Order* (Document 116) granting the motion in part, setting Friday, February 20, 2015, as the "deadline for the filing of the United States' responses to the Defendant's pretrial motions."

The Defendant was arraigned on the superseding indictment on the 24th day of March, 2015. At that time, the presiding magistrate judge granted leave to the Defendant to file motions relative to the superseding indictment within two weeks of arraignment.

*Defense Motion No. 26, Motion to Dismiss Count One of the Superseding Indictment One Based on New Respirable Dust Allegation or, in the Alternative, to Strike* was filed on April 7, 2015. The United States' Response was filed on April 8, 2015, and the Defendant's Reply was filed on April 15, 2015. The matter is ripe for ruling.

**APPLICABLE LAW**

"[T]o survive a motion to dismiss sought pursuant to Rule 12 [of the Federal Rules of Criminal Procedure], an indictment must allege facts that, if proven true, would sustain a violation of the offense charged." *United States v. Hasan*, 747 F.Supp2d 599, 602 (E.D. Va. 2010). "An indictment is sufficient if it: 1) alleges the essential elements of the offense charged and provides the defendant with notice of the crime with which he is charged; and 2) enables the defendant to plead double jeopardy in any future prosecution for the same offense." *United States v. Lang*, 766 F.Supp. 389, 395 (D.Md. 1991). "A 12(b) motion is permissible only when it involves a question of law rather than fact." *United States v. Shabbir*, 64 F.Supp.2d 479, 481 (D.Md. 1999) (citation

3

omitted). A Court cannot grant the motion to dismiss under Rule 12 if a Defendant's "legal contentions are inextricably bound up with the facts of the case." (*Id.*)

## DISCUSSION

The Defendant argues that Count One must be dismissed because "there is not a single allegation in the superseding indictment suggesting that [he] had any knowledge of the conduct described therein, much less that he agreed to it." (Document 208 at 1.) The Defendant seizes on statements made by the United States Attorney's office that "[f]alsifying dust samples was a means of impeding MSHA that was separate from the conduct related to advance warning." (Document 208 at 4) (quoting Document 174 at 2.)

The United States responds in opposition that the Defendant's contentions are "frivolous and contrary to law," and cites *United States v. Godwin*, 272 F.3d 659 (4th Cir. 2001), and *United States v. Roberts*, 881 F.2d 05 (4th Cir. 1989), for support. (Document 215 at 8.)

The Defendant replies that his instant motion is simply based on "the scope of the alleged conspiratorial agreement and, specifically, on the principle of law that acts of a coconspirator must fall within the scope of the agreement." (Document 239 at 1) (internal citation omitted.) He continues to argue that the superseding indictment does not allege facts that he "personally joined an agreement to impede MSHA that included the falsification of dust samples." (*Id.* at 2-3.) (footnote omitted.)

The Court finds that the Defendant's motion to dismiss should be denied. As stated in a separate opinion, the agreement underpinning a conspiracy "need only be a tacit or mutual understanding between the defendant and his accomplice[s]." *United States v. Hackley*, 662 F.3d 671, 679 (4th Cir. 2011) (internal quotations omitted.) Equally important, a "conspiracy may be

4

established by different aggregations of proof, for a single agreement may continue for an extended period of time and involve the commission of numerous criminal acts." *United States v. Ragins*, 840 F.2d 1184, 1187 (4th Cir. 1988). Finally, "[i]t is of course elementary that one may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence." *United States v. Burgos*, 94 F.3d 849, 858 (4th Cir. 1996) (quotations omitted).

The superseding indictment clearly alleges that the Defendant entered into an agreement to defraud the United States of its lawful functions by willfully violating mandatory mine health and safety standards, (Superseding Indictment at ¶ 87), and unmistakably alleges that "[i]t was a further part of the conspiracy that members of the conspiracy known and unknown falsified and caused to be falsified samples of respirable dust . . . by falsely representing, and causing to be falsely represented, the locations at which dust sampling devices were placed for the collection of such samples." (*Id.* at ¶¶ 99, 100(f)). In light of the above legal principles and the factual allegations contained in the indictment, the Defendant's motion should be denied.

## CONCLUSION

Wherefore, after careful consideration and for the reasons stated herein, the Court **ORDERS** that *Defense Motion No. 26, Motion to Dismiss Count One of the Superseding Indictment One Based on New Respirable Dust Allegation or, in the Alternative, to Strike* (Document 207) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 3, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA