# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defense Motion No. 27, Motion to Dismiss Count One of the Superseding Indictment for Improperly Pleading Around the Mine Act* (Document 209), the *Memorandum in Support* (Document 210), the *United States' Response to Defense Motions on Superseding Indictment* (Document 215), the *Reply in Support of Defense Motion No. 27, Motion to Dismiss Count One of the Superseding Indictment for Improperly Pleading Around the Mine Act* (Document 240), as well as all exhibits and attachments filed therewith. For the reasons stated herein, the Court finds that the Defendant's motion should be denied.

## FACTUAL AND PROCEDURAL HISTORY

A Grand Jury meeting in Charleston, West Virginia, returned a four count Indictment (Document 1) against the Defendant on November 13, 2014. Count One charged Donald L. Blankenship with conspiracy to willfully violate mandatory mine safety and health standards under the Mine Act, Count Two alleged a conspiracy to defraud the United States by impeding the Mine Health Safety Administration (MSHA) in the administration and enforcement of mine safety

and health laws, while Counts Three and Four alleged securities law violations. The Defendant made his initial appearance at an arraignment and bail hearing on November 20, 2014, and was released the same day after posting bail and agreeing to abide by the terms of an order setting forth the conditions of release. (*See* Documents 13-19.) On March 10, 2015, the Charleston Grand Jury returned a three count Superseding Indictment (Document 169) against Donald L. Blankenship. The substance of the charges remains the same. However, Counts One and Two of the original indictment were merged into superseding Count One. The original Count Three is now Count Two, and Count Four of the original indictment is Count Three in the superseding indictment.

The *Defendant's Motion to Exclude Time Under the Speedy Trial Act, Re-Set Motions Deadline, Vacate Trial Date, and Set Scheduling Conference* (Document 29) was filed on December 2, 2014, and a hearing was held on December 17, 2014. After hearing the parties' arguments, the Court orally granted the Defendant's motion to continue the trial, with a written order to follow.

On January 5, 2015, the Court entered a *Criminal Scheduling Order* (Document 61) that set several pertinent dates. Specifically, the order required that all motions to dismiss, suppress, and any motions *in limine* "be filed no later than February 6, 2015." The order also specified February 6, 2015, as the filing deadline for additional pretrial motions, and scheduled the pretrial motions hearing for March 3, 2015. The *Defendant's Motion for Extension of Time to File Motion to Transfer this Case to Another District for Trial* (Document 71) was filed on January 28, 2015, and the Court granted said motion in its February 4, 2015 *Order* (Document 76), extending the filing deadline for a motion to change venue to February 20, 2015.

On February 6, 2015, prior to the return of the superseding indictment, the Defendant filed nineteen (19) pretrial motions. The *United States' Motion for Extension of Time to Respond to Pretrial Motions* (Document 115) was filed on February 10, 2015. On February 12, 2015, the Court entered an *Order* (Document 116) granting the motion in part, setting Friday, February 20, 2015, as the "deadline for the filing of the United States' responses to the Defendant's pretrial motions."

The Defendant was arraigned on the superseding indictment on the 24th day of March, 2015. At that time, the presiding magistrate judge granted leave to the Defendant to file motions relative to the superseding indictment within two weeks of arraignment.

*Defense Motion No. 27, Motion to Dismiss Count One of the Superseding Indictment for Improperly Pleading Around the Mine Act* was filed on April 7, 2015. The United States' Response was filed on April 8, 2015, and the Defendant's Reply was filed on April 15, 2015. The matter is ripe for ruling.

**APPLICABLE LAW**

"[T]o survive a motion to dismiss sought pursuant to Rule 12 [of the Federal Rules of Criminal Procedure], an indictment must allege facts that, if proven true, would sustain a violation of the offense charged." *United States v. Hasan*, 747 F.Supp2d 599, 602 (E.D. Va. 2010). "An indictment is sufficient if it: 1) alleges the essential elements of the offense charged and provides the defendant with notice of the crime with which he is charged; and 2) enables the defendant to plead double jeopardy in any future prosecution for the same offense." *United States v. Lang*, 766 F.Supp. 389, 395 (D.Md. 1991). "A 12(b) motion is permissible only when it involves a question of law rather than fact." *United States v. Shabbir*, 64 F.Supp.2d 479, 481 (D.Md. 1999) (citation

3

omitted). A Court cannot grant the motion to dismiss under Rule 12 if a Defendant's "legal contentions are inextricably bound up with the facts of the case." (*Id.*)

## DISCUSSION

The main thrust of the Defendant's argument is that the United States impermissibly "attempts an end run around the Mine Act" by "select[ing] parts of the Mine Act to use in the charge while pleading around the part of the Act that it seeks to avoid." (Document 210 at 1, 4.) He argues that "Count One does not charge the advance notice part of the conspiracy under the Mine Act," but instead "charges the conduct as a fraud on the United States under the defraud clause of the conspiracy statute." (*Id.* at 4.) He cites *Bridges v. United States*, 346 U.S. 209 (1953), *United States v. Minarik*, 875 F.2d 1186 (6th Cir. 1989), and *United States v. Arch Trading*, 987 F.2d 1087 (4th Cir. 1993), as support for this contention. (*Id.* at 4-7.)

He argues that the Mine Act, "[i]ndeed § 820(e)[,] addresses nothing other than unauthorized advance notice of inspections," and "[i]t does so in order to prevent the very harm Count One identifies – concealment of safety hazards." (*Id.* at 7.) He declares that "the government here cannot attempt to change the penalty set by Congress by dressing up an alleged conspiracy to commit a misdemeanor under the Mine Act as a conspiracy to defraud." (*Id.* at 8.) He contends that "several other factors" underscore why unauthorized advance notice falls squarely inside the Mine Act. These include the structure of Count One, that the Mine Act "provide[s] a uniform and comprehensive scheme to enforce mine safety," that "Congress intended mine safety to be enforced under" the Mine Act, that MSHA issued citations to UBB under the Mine Act, and that "the government instructed the grand jury – through the testimony of its case agent – that advance notice was prohibited under the [Mine Act]." (*Id.* at 8-10.)

4

The Defendant also argues that the "framing" of Count One as a violation of the defraud clause instead of the offense clause unfairly burdens him because the government "tries to convert a six-month misdemeanor into a five-year felony," resulting in "an obvious and substantial burden . . .." (*Id.* at 11.) In addition, he stresses that use of the defraud clause here is inappropriate because (1) the alleged conduct does not involve multiple statutes, (2) mine safety and inspections are technical, and (3) it "needlessly confuses the factual issues and obscures what the defense must be prepared to meet." (*Id.* at 13-14.) He argues that the respirable dust allegation does not save Count One because it is "legally defective," and even if not, such conduct is "squarely addressed by the Mine Act." (*Id.* at 14-15.) Finally, he contends that Count One must be dismissed "on fair notice grounds" because "any person of ordinary intelligence reviewing the United States Code would conclude that the maximum penalty for first-time violations of the Mine Act is at most one year and only six months for advance notice of mine inspections," and "no person of ordinary intelligence would ever glean that the exact same conduct also could be subject to the defraud clause of 18 U.S.C. § 371." (*Id.* at 17-18) (internal quotations and citation omitted.)

The United States responds in opposition that the Defendant's motion "err[s] in assuming that advance warning of inspections was the only overt act in furtherance of the conspiracy that would be proven," and notes that the superseding indictment "allege[s] another such overt act to impede MSHA: falsifying the results of respirable dust samples." (Document 215 at 8-9.) "Defendant confuses *committing* a violation of a mandatory mine health standard with *impeding* MSHA in detecting that violation." (*Id.* at 9.) In addition, "conspiring to impede MSHA in

5

enforcing that standard is a felony conspiracy to defraud the United States, under long-settled principles of law." (*Id.*)

The Defendant replies that the United States avoids the main thrust of his argument in its response in opposition and "does not dispute" many contentions. (Document 240 at 1-2.) He continues to stress that the allegations supporting Count One of the superseding indictment are "specifically and directly regulate[d]" by the Mine Act, and thus, the United States cannot charge him under the defraud clause through selective pleading, especially where it unfairly burdens him. (*Id.* at 2-3.)

The Court finds that the Defendant's motion should be denied. In reaching this conclusion, the Court finds *Dennis v. United States*, 384 U.S. 855 (1966), instructive. There, multiple defendants were charged in a single-count indictment with conspiring to "fraudulently… obtain the services of the National Labor Relations Board . . . by filing false affidavits in purported satisfaction of" an agency requirement. (*Id.* at 857.) The United States Supreme Court was tasked with determining "whether the indictment properly charged a conspiracy to defraud the United States under 18 U.S.C. § 371." (*Id.* at 859-60.) Although the Defendants "presumably could have been indicted for the substantive offense of making false statements . . . [as] a violation of 18 U.S.C. § 1001," the Supreme Court determined that "the essence of their alleged conduct was not merely the individual filing of false affidavits" but "also the alleged concert of action—the common decision and common activity for a common purpose." (*Id.* at 860.)

The Supreme Court noted "[i]t has long been established that [§ 371's] statutory language is not confined to fraud as that term has been defined in the common law," and undeniably "reaches 'any conspiracy for the purpose of impairing, obstructing, or defeating the lawful

6

function of any department of government', *Haas v. Henkel*, 216 U.S. 462, 479 (1910)." (*Id.* at 861.) Indeed, as is the case here, "the allegation as to conspiracy to defraud . . . properly reflects the essence of the alleged offense[s]," and "does not involve an attempt by prosecutorial sleight of hand to overcome a time bar," as was the case in *Grunewald v. United States*, 353 U.S. 391 (1957). Moreover, "[t]he fact that the events include [allegations of violations of the Mine Act] does not, in and of itself, make the conspiracy-to-defraud clause of § 371 unavailable to the prosecution." (*Id.* at 863-64.) The Defendant's reliance on *Bridges* is misplaced. As *Dennis* reveals:

> It is [the Defendant's] contention that [*Bridges*] compels the conclusion that a conspiracy to file false statements may not properly be laid out under the conspiracy-to-defraud clause of § 371. *Bridges* is not on point. <u>The decision there did not turn upon construction of § 371.</u> The question before the Court was whether a prosecution, otherwise time-barred, could be revived by reference to the Wartime Suspension of Limitations Act, 18 U.S.C. § 3287 (1964 ed.) . . . The indictment in *Bridges* charged both the filing of false statements and a conspiracy to defraud, in order to obtain a certificate of naturalization. The Court held that the Suspension Act did not apply to these offenses. The Act, the Court ruled, was to be construed narrowly and to be applied 'only where the fraud is of a pecuniary nature or at least of a nature concerning property.' 346 U.S., at 215. The Court characterized the charge that Bridges and his collaborators had conspired to defraud the United States as a 'cloak,' <u>the sole purpose of which was to revive a stale prosecution</u>.

*Dennis*, 384 U.S., at 862-63 (emphasis added). Here, of course, there are no allegations that the United States initiated prosecution under § 371 to avoid any jurisdictional limitation, such as a statute of limitations.

Furthermore, simply because the potential penalty is greater under the felony defraud provision than it is under the Mine Act does not—in and of itself—unfairly burden the Defendant. Here the conspiracy charge contained in the superseding indictment more appropriately tracks the alleged conduct. As the Fourth Circuit explained in *United States v. Arch Trading Co.*, "when

7

both prongs of § 371 apply to the conduct with which a particular defendant is charged, <u>the government enjoys considerable latitude in deciding how to proceed</u>." 987 F.2d 1087, 1092 (4th Cir. 1993) (emphasis added). Of central importance to the Defendant's instant argument, "[c]onvictions under the defraud clause for conspiracies to *commit particular offenses* are commonly upheld." *Id.* (emphasis in original). These principles clearly undercut the Defendant's arguments. The superseding indictment alleges that the Defendant orchestrated a conspiracy to violate substantive laws of the United States in an effort to impede or impair the lawful functions of a United States agency.[1]

Additionally, the Defendant is on notice of both the charges he faces and the respective punishment applicable to those charges. He enjoys fair notice of the felony penalty, and any claim that "well-settled principles of due process" have been violated here rings hollow.[2] While the Mine Act does mention "mining, mining inspection, respirable dust, [and] advance notice," it does not reference a conspiracy to defraud or contain any appropriate mechanism to address such an alleged violation. The fact that the conspiracy charge includes the commission of particular offenses contained in the Mine Act does not render Count One improper under clear Supreme Court and Fourth Circuit precedent. For these reasons, the Defendant's motion must be denied.

---

[1] The Court finds any argument that because MSHA issued citations to the UBB mine and Massey under the Mine Act, the United States Attorney—an agent of the Department of Justice— would be precluded from pursuing a *later criminal prosecution* under another section of the United States Code, to be without merit. Notably, the citations were levied against the UBB mine and/or Massey, not the Defendant.

[2] Any contention that the Defendant was not given fair warning that he could be charged with a conspiracy to defraud because a person of ordinary intelligence would not believe so after reading the relevant portions of the U.S. Code is unpersuasive.

**CONCLUSION**

Wherefore, after careful consideration and for the reasons stated herein, the Court **ORDERS** that *Defense Motion No. 27, Motion to Dismiss Count One of the Superseding Indictment for Improperly Pleading Around the Mine Act* (Document 209) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 3, 2015

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA