IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defense Motion No. 6, Motion to Dismiss Count One for Failure to State an Offense* (Document 85), the *Memorandum in Support* (Document 86), *Defense Motion No. 6A, Motion to Dismiss Count One of the Superseding Indictment for Failure to State Specific Intent* (Document 191), the *United States' Response to Defendant's Motions No. 6 through 15 for Dismissal of Individual Counts* (Document 129), the *United States' Response to Defense Motions on Superseding Indictment* (Document 215), the *Reply in Support of Defendant's Motion No. 6, Motion to Dismiss Count One for Failure to State an Offense* (Document 147), as well as all exhibits filed therewith. For the reasons stated herein, the Court finds that the Defendant's motions should be denied.

**FACTUAL AND PROCEDURAL HISTORY**

A Grand Jury meeting in Charleston, West Virginia, returned a four count Indictment (Document 1) against the Defendant on November 13, 2014. Count One charged Donald L. Blankenship with conspiracy to willfully violate mandatory mine safety and health standards

under the Mine Act, Count Two alleged a conspiracy to defraud the United States by impeding the Mine Health Safety Administration (MSHA) in the administration and enforcement of mine safety and health laws, while Counts Three and Four alleged securities law violations. The Defendant made his initial appearance at an arraignment and bail hearing on November 20, 2014, and was released the same day after posting bail and agreeing to abide by the terms of an order setting forth the conditions of release. (*See* Documents 13-19.) On March 10, 2015, the Charleston Grand Jury returned a three count Superseding Indictment (Document 169) against Donald L. Blankenship. The substance of the charges remains the same. However, Counts One and Two of the original indictment were merged into superseding Count One. The original Count Three is now Count Two, and Count Four of the original indictment is Count Three in the superseding indictment.

The *Defendant's Motion to Exclude Time Under the Speedy Trial Act, Re-Set Motions Deadline, Vacate Trial Date, and Set Scheduling Conference* (Document 29) was filed on December 2, 2014, and a hearing was held on December 17, 2014. After hearing the parties' arguments, the Court orally granted the Defendant's motion to continue the trial, with a written order to follow.

On January 5, 2015, the Court entered a *Criminal Scheduling Order* (Document 61) that set several pertinent dates. Specifically, the order required that all motions to dismiss, suppress, and any motions *in limine* "be filed no later than February 6, 2015." The order also specified February 6, 2015, as the filing deadline for additional pretrial motions, and scheduled the pretrial motions hearing for March 3, 2015. The *Defendant's Motion for Extension of Time to File Motion to Transfer this Case to Another District for Trial* (Document 71) was filed on January 28,

2015, and the Court granted said motion in its February 4, 2015 *Order* (Document 76), extending the filing deadline for a motion to change venue to February 20, 2015.

On February 6, 2015, prior to the return of the superseding indictment, the Defendant filed nineteen (19) pretrial motions. The *United States' Motion for Extension of Time to Respond to Pretrial Motions* (Document 115) was filed on February 10, 2015. On February 12, 2015, the Court entered an *Order* (Document 116) granting the motion in part, setting Friday, February 20, 2015, as the "deadline for the filing of the United States' responses to the Defendant's pretrial motions."

The Defendant was arraigned on the superseding indictment on the 24th day of March, 2015. At that time, the presiding magistrate judge granted leave to the Defendant to file motions relative to the superseding indictment within two weeks of arraignment.

*Defense Motion No. 6, Motion to Dismiss Count One for Failure to State an Offense* was filed on February 6, 2015, and *Defense Motion No. 6A, Motion to Dismiss Count One of the Superseding Indictment for Failure to State Specific Intent* was filed on April 7, 2015. The United States' Responses to Defense Motion No. 6 and Defense Motion No. 6A were filed on February 20, 2015, and April 8, 2015, respectively. The Defendant's Reply was filed on April 15, 2015. The matter is ripe for ruling.

**APPLICABLE LAW**

"[T]o survive a motion to dismiss sought pursuant to Rule 12 [of the Federal Rules of Criminal Procedure], an indictment must allege facts that, if proven true, would sustain a violation of the offense charged." *United States v. Hasan*, 747 F.Supp2d 599, 602 (E.D. Va. 2010). "An indictment is sufficient if it: 1) alleges the essential elements of the offense charged and provides

3

the defendant with notice of the crime with which he is charged; and 2) enables the defendant to plead double jeopardy in any future prosecution for the same offense." *United States v. Lang*, 766 F.Supp. 389, 395 (D.Md. 1991).

The absence of an essential element in the indictment is a constitutional infirmity that cannot be cured by mere reference to the applicable statute, adequate notice to the defendant, or a trial court's instruction to the jury. *See United States v. Kingrea*, 573 F.3d 186, 191-93 (4th Cir. 2009). This is derived from the Fifth Amendment's requirement that the grand jury consider *and* find all elements to be present when returning an indictment. (*Id.* at 193.) The Fourth Circuit has explained that "[w]hen the words of a statute are used to describe the offense generally, they 'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" (*Id.*) (citing *Hamling*, 418 U.S. at 117-18). Therefore, the indictment must also include a "statement of the *essential facts* constituting the offense charged." (*Id.*) An indictment that fails to contain sufficiently specific allegations must be dismissed because it is a "settled rule in the federal courts that an indictment may not be amended except by resubmission to the grand jury." *Russell v. United States*, 369 U.S. 749, 770, (1962).

"A 12(b) motion is permissible only when it involves a question of law rather than fact." *United States v. Shabbir*, 64 F.Supp.2d 479, 481 (D.Md. 1999) (citation omitted). A Court cannot grant the motion to dismiss under Rule 12 if a Defendant's "legal contentions are inextricably bound up with the facts of the case." (*Id.*)

**DISCUSSION**

The Defendant argues that the facts alleged in the superseding indictment fail to show specific intent. He explains that conspiracy is a specific intent crime and "[o]nly a defendant who enters an agreement with the specific intent to commit a criminal offense can be said to have engaged in a conspiracy." (Document 191-1 at 5-6.) He claims that agreements that *may* result in legal violations "are not prohibited by the law of conspiracy," and that the superseding indictment merely alleges that his "corporate policies led to mine safety violations, not that [Defendant] specifically intended to commit such violations." (*Id.* at 6-10.)

The Defendant further argues that the factual allegations implying that mine safety violations resulted from his "aggressive business strategy" and the "boilerplate" allegations that he agreed to violate mine-safety regulations and instructed his subordinates to violate mine safety regulations are insufficient to establish the requisite specific intent to violate the law. (*Id.* at 7-8, 10-12.) Additionally, the Defendant claims any allegations that he received regular reports of mine safety violations are insufficient given that Paragraph 65 fails to allege he specifically intended to violate a mine safety standard. (*Id.* at 15-16.)

Finally, he argues that "[e]ven if the Court determines that a boilerplate or some other allegation is sufficient to state an offense, Count One still must be dismissed" because the superseding indictment "is dominated by inadequate – and highly inflammatory – allegations that conflate coal production and staffing policies with conspiratorial conduct and link [him] to the conspiracy because he allegedly 'could have' done more to avoid safety violations . . .." (*Id.* at 16-18.) Therefore, he asserts that allowing Count One to proceed based on "one allegation or

another" in an indictment dominated by legally insufficient allegations would violate his Fifth Amendment right to be indicted by a grand jury. He reasons that "the government cannot rehabilitate [the indictment] by pointing out one or two sections that do state an offense, since there is no way for the court to know if the grand jury would have returned the indictment based solely on those allegations." (*Id.*) The Defendant concludes that it is impermissible for the Court to strike legally inadequate allegations because it would, in essence, re-write the indictment. (*Id.* at 18.)

In response, the United States argues that the allegation of intent in Count One is sufficient. (Document 129 at 5-8.) Citing *Bryan v. United States*, 524 U.S. 184 (1998), it argues that "*willfulness* is the intent standard usually used to encompass the historic specific-intent concept of deliberate intention to commit a crime." (*Id.* at 5) (emphasis in original.) The United States claims that it must show "that there was an agreement or understanding to commit some substantive criminal offense, that the alleged member of the conspiracy knew the purpose of the conspiracy and joined it deliberately or intentionally, and that some overt act was committed in furtherance of the conspiracy." (*Id.*) It asserts that "the type of intent required for criminal conspiracy is willful involvement – that is, *willing* or *intentional* or *deliberate* involvement - in an understanding to commit a criminal offense." (*Id.* at 6) (emphasis in original.) The United States contends that Paragraphs 87 and 88 of the indictment "properly state the intent element of a criminal conspiracy: willfully joining an agreement or understanding to commit a substantive criminal offense." It argues that the "real thrust" of the Defendant's motion is that "he can convince the jury that the Indictment's willfulness allegation is wrong, and that he acted merely negligently, [and] not willfully." (*Id.*) The United States asserts, however, that when presuming

6

the allegations contained in the superseding indictment to be true, the willfulness allegation contained in Count One establishes the intent required for a criminal conspiracy. (*Id.* at 7.)

In reply, the Defendant continues to argue that the allegations which form the basis of Count One "do not show that he acted with specific intent to commit any crime." (Document 147 at 2-3.) He explains that the allegations suggest that he "was negligent and that his policies caused violations, but not that he intended to cause them." (*Id.* at 3.) The Defendant also asserts that "the government's *ipse dixit* assertion that a boilerplate allegation is sufficient to satisfy the specific-intent requirement for a conspiracy charge is entirely unsupported and . . . incorrect." (*Id.* at 3.) He again claims that Count One must be dismissed because the "indictment is riddled with defective allegations of corporate mismanagement and negligence, rather than specific intent. (*Id.* at 4.) The Defendant claims that "[w]ithout these legally insufficient but highly inflammatory allegations, it is impossible to know whether the grand jury still would have chosen to indict [him]." (*Id.*) He disputes that his motion involves a jury question, explaining that this "motion presents a pure legal question: Does a corporate executive conspire to violate the law if his corporate policies caused legal violations, but he did not specifically intend to cause them?" (*Id.* at 5.) The Defendant asserts that "the government's presentation of the law of conspiratorial intent is wildly inaccurate." Citing *United States v. Pace*, 313 Fed.Appx. 603, 607 (4th Cir. 2009), the Defendant avers that "the Fourth Circuit just recently reaffirmed that a charge of conspiracy requires the government to show that the defendant acted with the 'specific intent' to commit the underlying offense." (*Id.*)

The Court finds that the Defendant's motion must be denied. Count One of the superseding indictment charges that the Defendant engaged in a conspiracy in violation of 18

U.S.C. § 371 and 30 U.S.C. § 820(d)    The essential elements of a conspiracy in violation of 18 U.S.C. § 371 are "(1) an agreement between two or more people to commit a crime, and (2) an overt act in furtherance of the conspiracy." *United States v. Kingrea*, 573 F.3d 186, 195 (4th Cir. 2009) (citing *United States v. Ellis*, 121 F.3d 908 (4th Cir. 1997)).  Section 371 "makes it unlawful simply to 'conspire . . . to commit any offense against the United States'" and "[a] natural reading of these words would be that since one can violate a criminal statute simply by engaging in the forbidden conduct, a conspiracy to commit that offense is nothing more than an agreement to engage in the prohibited conduct." *United States v. Feola*, 420 U.S. 671, 687 (1975).

Therefore, the "gravamen of the crime of conspiracy is an *agreement* to effectuate the criminal act." *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996).  "The existence of a tacit or mutual understanding between conspirators is sufficient evidence of a conspiratorial agreement." *Kingrea*, 573 F.3d at 195 (internal quotations omitted).  Additionally, proof of an agreement does not have to be "direct, but may be inferred from circumstantial evidence." *Id.* (citing *Burgos*, 94 F.3d at 858).  Importantly, once a conspiracy is established, even a slight connection "is sufficient to convict [a defendant] with knowing participation in the conspiracy." *United States v. Laughman*, 618 F.2d 1067 (4th Cir. 1980).

For purposes of Defendant's motion, the Court need only determine whether the indictment sufficiently *charges* the offense set forth against the Defendant.  The superseding indictment clearly alleges an agreement between Defendant and "others known and unknown to the Grand Jury" to commit a crime.  (Document 170 at ¶ 87.) ("BLANKENSHIP, together with others known and unknown to the Grand Jury, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together with each other . . . for BLANKENSHIP and

Massey, as operators of UBB, to willfully violate mandatory federal mine safety and health standards.")

The superseding indictment sets forth specific factual allegations detailing the manner, means, and overt acts of the conspiracy. (Document 170 at ¶¶ 90-100.) Although the Defendant acknowledges factual allegations contained in the indictment throughout his motion, he complains that the allegations are insufficient to establish that he specifically intended to commit mine safety violations. The Defendant's argument, however, goes to the sufficiency of the evidence, not the sufficiency of the indictment. "What is sufficient for a grand jury to indict might well be insufficient for a petit jury to convict." *United States v. Tracy*, 456 Fed.Appx. 267, 271 (4th Cir. 2011) (unpublished). While it is unclear at this point in the proceeding whether the United States' evidence will be sufficient for a conviction, this consideration is unnecessary to the Court's current determination.

As stated above, a Rule 12(b)(3) motion "tests whether the indictment sufficiently charges the offense set forth against the defendant." The Court finds that Count One of the superseding indictment is legally sufficient because (1) it alleges the essential elements of the offense, and (2) the allegations are such to enable Defendant to plead an acquittal or conviction to bar future prosecution for the same offense.

## CONCLUSION

Wherefore, after careful consideration and for the reasons stated herein, the Court **ORDERS** that *Defense Motion No. 6, Motion to Dismiss Count One for Failure to State an Offense* (Document 85) and *Defense Motion No. 6A, Motion to Dismiss Count One of the Superseding Indictment for Failure to State Specific Intent* (Document 191) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 3, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA