IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Criminal No. 5:14-cr-00244 |
| **DONALD L. BLANKENSHIP** | ) ) ) | |

### REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF MSHA MATERIAL

In its response to Mr. Blankenship's motion to compel production of MSHA material, the government does not dispute that material possessed by MSHA is subject to its disclosure obligations. Rather, the government states that this Court need not enter an order compelling the production of MSHA material, because the government knows of and has complied with its *Brady* obligations. As set forth below, however, an order from the Court remains a necessity.

First, the government's response altogether ignores Rule 16. Indeed, while Rule 16 is the lead ground for the motion, *see* ECF No. 261 at 4-6, the government's response does not even mention it. Rather, it focuses on *Brady* and *Brady* only. In so doing, it excludes any discussion of the much broader array of MSHA material to which Mr. Blankenship is entitled under Rule 16. *See* Fed. R. Crim. P. 16(a)(1)(E)(i) (requiring production of all items "material to preparing the defense"). Accordingly, the government's response is devoid of any assurance whatsoever that the government has produced all Rule 16 material contained in MSHA's files, much less any support for such an assurance. An order compelling the government to produce all MSHA Rule 16 material, including all documents in MSHA's files that are material to preparing the defense, is necessary.

Second, the government refuses to say with any precision what MSHA materials it has and has not produced. Rather, it attempts to obscure the issues – and potentially hide what it has *not* gathered and/or produced – by speaking in broad, unspecific terms. *See* ECF No. 273 at 1 (stating, without any specification, that the government has reviewed undescribed "files and materials" from MSHA's relevant district office and from MSHA headquarters). Further, the government dodges the question of emails, making no reference whatsoever to MSHA emails and providing no information as to whether it has conducted a reasonable search for them, much less the scope of any such search. Likewise, the government dodges the question of *when* it gathered MSHA material and *whether* it has conducted any searches of MSHA files in connection with the specific charges against Mr. Blankenship.

By way of example, Mr. Blankenship's motion specifically requested an order compelling the government to search the custodial files (including electronic files and emails) of all MSHA inspectors and MSHA officials present in the UBB mine during the Indictment Period and those of their supervisors. This includes, among many other custodians, MSHA inspectors such as Perry Brown, William Bane, Joey Athey, Reba Crawford, Keith Stone, Kevin Lyall, Benjamin Dulin, Keith Sigmon, Paul Prince, Charles Ward, Thomas Clark, Larry Hendrick, Albert "Benny" Clark, Matilda Collins, Joe Mackowiak, and Edward Matthews; MSHA supervisors such as Robert Hardman, Lincoln Selfe, and Luther Marrs; and MSHA representatives, such as Norman Page, who were involved in the Upper Big Branch investigation. Yet the government's response declines to say, one way or the other, whether it has searched any of these individual's hard and electronic files.

Especially in light of the government's vague, noncommittal response, the only way to ensure that the government has produced all MSHA documents that are subject to disclosure

under Rule 16 and *Brady* is to grant the motion and enter the requested order. If the government already has complied with its obligations to produce this material, it should have no reason for concern, as such an order would require no additional work.

<u>Lastly,</u> to the extent the government attempts to shift the burden to Mr. Blankenship by suggesting that he should identify any additional documents in MSHA's possession that the government is required to produce, it asks the impossible. The defense cannot identify documents that it does not have access to. All the defense can do is identify custodians and categories of material, as it has done in its motion. For this reason, neither Rule 16 nor *Brady* require the defense to identify particular documents that must be disclosed. That onus is the government.

Therefore, for the reasons stated above and in Mr. Blankenship's motion to compel, Mr. Blankenship respectfully requests an order compelling the government to conduct a diligent search of the Mine Safety and Health Administration, including but not limited to: (1) custodial files, including hard files and electronic and email files, of all MSHA inspectors and/or MSHA officials present in UBB between January 1, 2008 and April 9, 2010 (the "Indictment Period") and their supervisors; (2) custodial files, including hard files and electronic and email files, of all MSHA personnel who communicated in-person or in writing during the indictment period with any member of UBB management or with any member of Massey management; (3) custodial files, including hard files and electronic and email files, of all MSHA representatives involved in the post-explosion investigation of UBB; (4) the files of all MSHA representatives, including but not limited to Assistant Secretary Joseph Main, who participated in meetings and/or phone calls with Mr. Blankenship; and (5) to produce immediately all material located, during those searches

or others required by law, that the government is required to produce under the *Brady* and Fed. R. Crim. P. 16.

Dated: June 9, 2015                          Respectfully submitted,

                                             */s/ William W. Taylor, III*
                                             William W. Taylor, III
                                             Blair G. Brown
                                             Eric R. Delinsky
                                             R. Miles Clark
                                             Steven N. Herman
                                             ZUCKERMAN SPAEDER LLP
                                             1800 M Street, NW, Suite 1000
                                             Washington, DC 20036
                                             202-778-1800 (phone)
                                             202-822-8106 (fax)
                                             wtaylor@zuckerman.com
                                             bbrown@zuckerman.com
                                             edelinsky@zuckerman.com
                                             mclark@zuckerman.com
                                             sherman@zuckerman.com

                                             */s/ James A. Walls*
                                             James A. Walls (WVSB #5175)
                                             SPILMAN THOMAS & BATTLE, PLLC
                                             48 Donley Street, Suite 800
                                             P.O. Box 615
                                             Morgantown, WV 26501
                                             304-291-7947 (phone)
                                             304-291-7979 (fax)
                                             jwalls@spilmanlaw.com

                                             *Counsel for Donald L. Blankenship*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 9th day of June 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1239
Huntington, WV 25714-1239

                                                      */s/ Steven N. Herman*
                                                      Steven N. Herman