IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Criminal No. 5:14-cr-00244 |
| **DONALD L. BLANKENSHIP** | ) ) ) | |

### OPPOSITION TO GOVERNMENT'S MOTION FOR PRODUCTION OF RECIPROCAL DISCOVERY

In its Response (ECF No. 284) to the Defendant's Motion to Compel Compliance with *Brady* Order and Other Appropriate Relief, the government included a request that the Court compel the defendant to provide reciprocal discovery. An order compelling the defense to provide reciprocal discovery is unwarranted and unnecessary. The defense still has hundreds of thousands of government documents to review and does not know what documents the government itself intends to use in its own case-in- chief. Nevertheless, reciprocal disclosures are underway. The government's request therefore should be denied.

Expert disclosures. The defense made expert disclosures to the government on July 21, 2015, and expects to make disclosure of any additional experts soon. The defense notes that the government did not make any expert disclosures until April 6, 2015, almost five months after indictment and only two weeks before the trial date of April 20, 2015. The defense's reciprocal obligation to make expert disclosures did not commence until the government made its April 6th expert disclosures. *See* Fed. R. Crim. P. 16(b)(1)(C) ("The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial if – (i) the defendant requests disclosure under Rule 16(a)(1)(G) *and the government complies* . . .")

(emphasis added); *United States v. West*, 790 F. Supp. 2d 673, 682 (N. D. Ill. 2011) ("[T]he two sides' discovery obligations under Rule 16 differ . . . : a defendant's obligation to produce records under Rule 16(b)(1)(A) is triggered only upon the government's compliance with its own obligations under Rule 16(a)(1)(A)."); Arraignment Order and Standard Discovery Requests (ECF No. 13 at 5 ¶ 3) (Defendant's reciprocal discovery obligation arises after "receipt of the requested materials [from the government] and filing of the government's written response to the defendant's discovery request.").

The government took almost five months after indictment to make its disclosures and had years during its investigation to retain and develop potential experts and testimony. The defense expects to complete its expert disclosures within a four to five month period after receipt of the government's expert disclosures. That period of time is reasonable.

Documents. The government already has in its possession many, perhaps most, of the documents that the defense may use in its case-in-chief at trial. Those documents are contained within the government's document production to the defense.[1] The defense, of course, has no duty to disclose back to the government documents that the government itself has produced to the defense.

The principal additional source from which the defense expects to draw documents for potential use in its case-in-chief at trial are those that have been obtained or will be obtained from Massey Energy Co. and Alpha National Resources, Inc. (collectively "Alpha"), Mr. Blankenship's former employer. Use of those documents is complicated by the fact that the

---

[1] The defense also may rely on additional documents already in the possession of the government: documents publicly available on the MSHA website and documents that the government should have produced under Rule 16 and *Brady*, but has not – the documents currently unavailable to the defense that are the subject of the still pending Defendant's Motion to Compel Production of MSHA Material (ECF No. 261) and Defendant's Motion to Compel Compliance with Brady Order and for Other Appropriate Relief (ECF No. 283).

documents are subject to a confidentiality restriction – Mr. Blankenship only has access to these documents by virtue of his severance agreement with Alpha, which allowed access to the documents but required that the documents remain confidential. Defense counsel are now seeking to secure Alpha's consent to the potential use of some documents at trial without need for a subpoena and, in certain instances, resolution of privilege issues. The restriction regarding the Alpha documents has created the unusual circumstance of documents that are, for all practical purposes, currently unavailable for production as reciprocal discovery. Moreover, obtaining documents from Alpha, despite Mr. Blankenship's contractual right to them, has been a time consuming process. Simply requesting documents from Alpha, which was Mr. Blankenship's litigation adversary in recent Delaware litigation, has not resulted in immediate disclosure.

Nor has the defense yet been able to make anywhere near a comprehensive determination of precisely which of the Alpha documents it intends to use at trial. Before the defense is required to disclose a document, it must have made the decision to use the document at trial. *See* Fed. R. Crim. P. 16(b)(1)(A)(ii). *See West*, 790 F. Supp. 2d at 682 (Unlike the government, which must disclose items "material to preparation of the defense" and items it intends to use in its case-in-chief at trial, the defense need only produce items it intends to use in its case-in-chief at trial.)[2]

It is not reasonable to expect the defense to have identified by now all of the material it intends to use at trial. The defense has not even reviewed all of the material it has received from

---

[2] It is unclear to what the government is referring in its statement "Defendant has submitted motions and other papers that make clear that he is in possession of materials that must be produced as reciprocal discovery yet nothing has been provided." ECF No. 284 at 12. If the government is referring to the documents described in the defense motion to compel compliance with the Court's *Brady* order (ECF No. 283 at 5), it is mistaken. Each of those documents already is in possession of the government. They were in the government's production to the defense, but the government failed to identify them as *Brady* material.

3

Alpha and the government. Moreover, the government has made a series of decisions that have delayed the point in time at which the defense can make informed decisions about what material it will use at trial. Most notable were the government's decisions to produce more than four million pages of documents and then to oppose the defense motion to require the government to identify which of the four million pages it intends to use in its case-in-chief at trial. *See* United States' Response to Defense Motion to Compel Concerning *Brady* and Rule 16 (ECF No. 246) at 3-4. The government's choices have had consequences. The number of documents produced by the government has delayed the defense's ability to determine what evidence the government has and, therefore, what evidence the defense must present to respond to that evidence. *See* Motion to Continue the July 13 Trial Date (ECF No. 259). Moreover, not knowing which of the hundreds of thousands of documents the government intends to introduce into evidence at trial has hampered defense counsel's ability to determine what responsive documents the defense will introduce into evidence at trial. Indeed, the government's approach has created an unfair anomaly. The defense must produce a discrete set of documents that it intends to use at trial (other than those in the government production), while the government need only say that all of the documents it intends to use at trial are somewhere among the four million pages of documents it produced.[3]

      Notwithstanding the government's decisions that have created obstacles to defense trial preparation, the defense has started to provide reciprocal discovery and will continue to work hard to provide additional discovery as soon as it is able to do so.

---

[3] The defense has made it clear to the government that it is willing to discuss an agreement that sets a date by which the government will disclose its trial exhibits and a subsequent date by which the defense will disclose its trial exhibits. A prior effort to reach such an agreement was unsuccessful, because, among other reasons, the government required as a condition the defendant's blind acceptance of the government's now discredited claim that it has produced all *Brady* material.

## **CONCLUSION**

For the reasons set forth above, the government's request to compel the defense to provide reciprocal discovery is meritless and unnecessary. It should be denied.[4]

Dated: July 21, 2015                Respectfully submitted,

                                           */s/ William W. Taylor, III*
                                           William W. Taylor, III
                                           Blair G. Brown
                                           Eric R. Delinsky
                                           R. Miles Clark
                                           Steven N. Herman
                                           ZUCKERMAN SPAEDER LLP
                                           1800 M Street, NW, Suite 1000
                                           Washington, DC 20036
                                           202-778-1800 (phone) / 202-822-8106 (fax)
                                           wtaylor@zuckerman.com
                                           bbrown@zuckerman.com
                                           edelinsky@zuckerman.com
                                           mclark@zuckerman.com
                                           sherman@zuckerman.com

                                           */s/ James A. Walls*
                                           James A. Walls (WVSB #5175)
                                           SPILMAN THOMAS & BATTLE, PLLC
                                           48 Donley Street, Suite 800
                                           Morgantown, WV 26501
                                           304-291-7947 (phone) / 304-291-7979 (fax)
                                           jwalls@spilmanlaw.com

                                           *Counsel for Donald L. Blankenship*

---

[4] If the Court believes it necessary to formally amend the date for reciprocal discovery in the Arraignment and Discovery Order to reflect the circumstances described in this Opposition that have prevented full reciprocal discovery to occur, the defense requests that the Court do so.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 21st day of July 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1239
Huntington, WV 25714-1239

                                               */s/ Blair G. Brown*
                                               Blair G. Brown