IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.                                               CRIMINAL NO. 5:14-00244

DONALD L. BLANKENSHIP

### UNITED STATES' REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR PRODUCTION OF RECIPROCAL DISCOVERY

Defendant's July 21, 2015 Opposition to United States' Motion for Production of Reciprocal Discovery [Docket No. 286] fails to state an argument as to why he should be excused from his obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Arraignment Order.

Rule 16 provides for a defendant's reciprocal disclosure of documents and objects to the United States:

> If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
>
> (i) the item is within the defendant's possession, custody, or control; and
>
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

Fed. R. Crim. P. 16(b)(1)(A). This obligation was highlighted in the November 20, 2014 Arraignment Order [Docket No. 13], in which Defendant agreed to "provide to the Government any required reciprocal discovery **within fourteen (14) days** of receipt of the requested materials

and filing of the government's written response to the defendant's discovery requests." Arraignment Order at 5; *see also* Local Rules of Criminal Procedure 16.1(d).

The United States complied with its Rule 16 obligations by providing Defendant with a voluminous investigative file on December 14, 2014. More than seven months have passed, and Defendant has yet to produce any reciprocal discovery aside from the two expert disclosures he sent on July 21, 2014—the day he filed his response to this motion.

Attempting to minimize the issue of reciprocal discovery, Defendant asserts in his recent Reply in Support of Motion to Compel [Docket No. 285] that the United States' motion for production is "immaterial" to the discovery issues he has raised. Def.'s Rep. in Supp. of Mot. to Compel at 13. In his Opposition to the United States' current motion, he brushes off his obligations by insisting that "reciprocal disclosures are underway." Opp. at 1. He also implies that his required disclosure is excused by the United States' purported failure to comply with its Rule 16 and *Brady* obligations. Def.'s Resp. at n. 1.

The United States has put forth a substantial effort to provide Defendant with extensive discovery and *Brady* designations pursuant to the Court's order. Defendant's discovery obligations are no less serious than the United States', and his disparate treatment of disclosures is a double standard that should not be tolerated. His casual assurance that disclosures are "underway" does not inspire confidence that reciprocal discovery will be provided in time for a meaningful review. Moreover, as the District Court of Alaska aptly noted in granting the government's request for reciprocal discovery, "The defense is not relieved of its obligation to give reciprocal discovery based upon an unsupported claim that the government has withheld exculpatory evidence." *United States v. Jensen*, No. 3:09-CR-108-JWS-JDR, 2011 WL 1302908, at *3 (D. Alaska Apr. 5, 2011).

2

In his Opposition, Defendant suggests that certain documents he has obtained from Alpha and intends to use at trial are "currently unavailable for production as reciprocal discovery" because they are confidential. Opp. at 3. Aside from the obvious flaw of this argument—*i.e.*, if these documents are going to be used at trial then they cannot remain confidential—it is clear that Defendant necessitates the impetus of an order to compel production to resolve privilege issues and any other administrative delays he is supposedly encountering in complying with his discovery obligations.

Defendant also admits that he expects to use documents in his case-in-chief obtained from his former employer. His claim that obtaining these documents has been time-consuming reinforces the necessity of an order. The level of effort required to secure trial exhibits does not diminish Defendant's Rule 16 obligations and the agreement in the Arraignment Order. Finally, Defendant asserts that he simply is not ready to disclose the materials he intends to use at trial. Trial is fast approaching—Defendant should not be permitted to disclose reciprocal discovery at a pace he chooses. Without an order to compel production, and having long since ignored the deadline in the Arraignment Order, Defendant will have no deadline to make disclosures to the United States.

Defendant's obligations under Rule 16 and the Arraignment Order are clear, and he has not complied. Defendant has "requested and received discovery from the government and the government is entitled to similar items in the possession of the defendant[]." *Jensen*, 2011 WL 1302908, at *5 (putting defendants on notice that evidence not produced under Rule 16(b) may be excluded), *see also United States v. Holden*, No. 3:13-CR-00444-BR, 2015 WL 1514569, at *5 (D. Or. Mar. 19, 2015) ("[U]nder Rule 16(b)(1)(A), Defendant is required to produce all

3

nonprivileged evidence that he intends to use for a substantive nonimpeachment purpose even if he intends to use that evidence during examination of a witness called by the government").

For the above reasons, the Court should grant the United States' Motion for Production of Reciprocal Discovery.

        Respectfully submitted,

        /s/ Gabriele Wohl
        Gabriele Wohl
        Assistant United States Attorney
        WV Bar No. 11132
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone:  304-345-2200
        Fax: 304-347-5104
        Email: gabriele.wohl@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "**UNITED STATES' REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR PRODUCTION OF RECIPROCAL DISCOVERY**" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 28th day of July, 2015 to:

        Steven Herman
        Miles Clark
        Eric Delinsky
        William Taylor, III
        Blair Brown
        Zuckerman Spaeder LLP
        Suite 1000
        1800 M Street, NW
        Washington, DC 20036

        Alex Macia, Esq.
        Spilman Thomas & Battle PLLC
        P.O. Box 273
        Charleston, WV 25321

        James Walls, Esq.
        Spilman Thomas & Battle PLLC
        P.O. Box 615
        Morgantown, WV 26507

        /s/ Gabriele Wohl
        Gabriele Wohl
        Assistant United States Attorney
        WV Bar No. 11132
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone:  304-345-2200
        Fax: 304-347-5104
        Email: gabriele.wohl@usdoj.gov