IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defense Motion No. 29, Motion for Bill of Particulars* (Document 213) and *Memorandum in Support* (Document 214), the *United States' Response to Defense Motions on Superseding Indictment* (Document 215), the *Reply in Support of Defense Motion No. 29, Motion for Bill of Particulars* (Document 242), as well as all exhibits and attachments filed therewith.[1]  Given the Government's statements that it relies upon its prior response to the Defendant's previously filed motion for a bill of particulars and the Defendant's statement

---

[1] The Court notes that the parties' instant arguments largely mirror the arguments in the Defendant's first motion for a bill of particulars, absent the allegations pertaining to the respirable dust samples found in the superseding indictment.  (*See* Document 188 at 3-4.)  Indeed, the *United States' Response to Defense Motions on Superseding Indictment* (Document 215) states that "Motion 29 renews Defendant's previous motion for bill of particulars, and notes that "[w]ith the exception of two requests for information concerning respirable dust samples, it is identical to his prior motion for a bill of particulars," and thus, "[t]he United States relies on its prior response in opposition to the new motion. See ECF 130." (Document 215 at 11.)  Further, the Defendant's reply brief expressly "incorporates by reference his reply brief in support of his original motion (ECF No. 157) . . .," and then provides only reply argument in support of the request for amplification of the respirable dust allegations. (See Document 242 at 1-2.)  Thus, the Court largely uses, and cites to, the argument contained in the parties' original briefing, and delineates the Defendants "new" argument concerning respirable dust samples where appropriate.  Additionally, the Court notes that the Defendant now seeks identification of individuals who either "provided advance warning of federal mine safety inspection activities at UBB in furtherance of the alleged conspiracy" or "concealed or covered up a violation of a mandatory federal mine health or safety standard at UBB in furtherance of the alleged conspiracy." (Document 214 at 2.)  However, the Court does not deem this request materially different from the request(s) contained in the original motion.  Indeed, the original briefing requested the identities of these individuals, although the requests were not specifically referenced in bullet-point fashion as in the new memorandum.  (Accord Documents 106, Section III with Document 214, Section II.)

incorporating its previously filed reply brief, the Court has also reviewed the *United States' Response to Defendant's Motion No. 16, Motion for Bill of Particulars* (Document 130) and the Defendant's *Reply in Support of Defense Motion No. 16, Motion for Bill of Particulars* (Document 157), as well as all exhibits and attachments filed therewith. After careful review, the Court finds that the Defendant's motion should be denied.

## APPLICABLE LAW

Rule 7 of the Federal Rules of Criminal Procedure requires that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed.R.Crim.P. 7(c)(1). Rule 7 further provides, in relevant part, that "[t]he court may direct that the government file a bill of particulars [or] the Defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed.R.Crim.P. 7(f). "Ordinarily, the function of a bill of particulars is not to provide 'detailed disclosure of the government's evidence in advance of trial' but to supply 'any essential detail which may have been omitted from the indictment.'" *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973) (citing *Dillen v. Wainwright*, 449 F.2d 331, 332, (5th Cir. 1971)).

## DISCUSSION

The Defendant requests a bill of particulars to aid in his trial preparation. He states that the indictment fails to apprise the identification of: (1) unindicted co-conspirators—by name or category; (2) each violation of the federal mine safety and health standards among the 835 violations alleged in the indictment, either willfully committed or otherwise; (3) each instance when the Defendant or an alleged co-conspirator: (i) denied a request to hire more workers for

safety–related tasks or (ii) imposed coal production requirements or quotas on the Upper Big Branch Mine; (4) each instance of advance warning of federal mine safety inspections; (5) each violation of a federal mine safety standard that allegedly was covered up or concealed; (6) individuals alleged in the indictment to have aided and abetted the false statements—by name or category; and (7) Massey officials that the Defendant allegedly directed to draft a statement to Massey shareholders, including the manner and place where he did so. (Document 106 at 1-2.) Additionally, the Defendant requests "[i]dentification of each individual who falsely represented a respirable dust sample collected at UBB in furtherance of the alleged conspiracy" as well as "[i]dentification of each instance when a respirable dust sample collected at UBB was falsely represented in furtherance of the alleged conspiracy, including the date of each such instance of false representation, the individual or individuals who made the false representation, and the manner in which the false representation was made." (Document 214 at 2.)[2] The Defendant argues that the above "critical information is missing from the indictment, without which defense counsel will be substantially hindered in their preparation for trial and will be at significant risk of unfair surprise at trial." (Document 106 at 9.)

The United States responds in opposition that "the purpose of the bill of particulars is to inform defendant of the nature of the charges against him to adequately prepare his defense and to avoid surprise during trial when the indictment itself is too vague and indefinite for such purpose," and cites Fourth Circuit case law pertaining to a bill of particulars. (Document 130 at 1-2.) It notes that the indictment was returned in great detail and outlines the Government's theory of prosecution, and stresses that the Defendant's pretrial motions demonstrate that he is aware of the

---

2   The Court notes that the Defendant's first bullet-point request pertaining to the respirable dust allegations is largely, if not wholly, incorporated into his second bullet-point request.

3

charges against him and the basis for those charges. (*Id.* at 2.) The United States argues that it has provided "liberal discovery" in this case, and the indictment "provides Defendant with sufficient facts to be fully apprised of the charges against him and to mount a defense in this case." (*Id.* at 2-3.)

In his reply, the Defendant again argues why he is entitled to the information, noting that the indictment does not specify which of the 835 violations were willfully committed or which safety standards were allegedly concealed or covered up in furtherance of the conspiracy. (*Id.* at 2-3.) He requests the identity of the Massey officials that he directed to prepare the UBB Shareholder Statement, and argues that he "did not direct anyone" to draft this statement. (*Id.* at 4.) With respect to the respirable dust allegations, the Defendant argues that the superseding indictment is "devoid of any allegation of fact linking [him] to the alleged falsification of respirable dust samples or remotely suggesting that he entered into a conspiracy to do so," and further "fails to identify a single instance of alleged falsification within the 27-month conspiracy period or a single individual who allegedly engaged in such an act," thus requiring "amplification of these allegations . . . to permit [him] to effectively prepare for trial." (Document 242 at 1-2.)

The Court finds that the Defendant's motion for a bill of particulars should be denied for multiple reasons. At the outset, the Court notes that "an accused has no unconditional right to such a bill." *United States v. Dulin*, 410 F.2d 363, 364 (4th Cir. 1969). The Defendant is not entitled to know the identity of his co-conspirators at this stage of the case because there has been no showing of any prejudice or impediment to his trial preparation *to date*. First and foremost, Fourth Circuit precedent instructs that the identity of a co-conspirator is superfluous when apprising a defendant of the nature and cause of a conspiracy allegation. "The existence of the

4

conspiracy, rather than the particular identity of the conspirators, is the essential element of that crime." *American Waste Fibers Co.*, 809 F.2d at 1046 (citation omitted.) To be sure, the identity of the co-conspirators is not an element of the offense charged. *United States v. Duncan*, 598 F.2d 839, 848 (4th Cir. 1979).

Second, any actual or specific assertion of prejudice to the Defendant's trial preparation is absent. The superseding indictment is forty-three (43) pages in length, and speaks of purported concrete acts, events, and writings that are allegedly attributable to the Defendant and which fueled the alleged conspiracy and form the basis for Counts Two and Three. The Defendant has filed pretrial motions that specifically challenge the counts in the indictment as being fatally flawed, on both factual and legal grounds. Those pretrial motions clearly demonstrate that the Defendant has been fairly apprised of the nature of the charges he is facing and fairly reflect his position that the charges have no basis in fact or law.

Significantly, the United States has disclosed thousands of documents, and the Defendant admits that he is still processing the information, although he asserts that it "is virtually impossible to glean from them the names of the alleged co-conspirators referenced in the indictment." (Document 106 at 11, 14.) In other words, the Defendant claims that he has not completed the important process of reviewing discovery and has moved the Court to order the Government to reveal much of its evidentiary case.[3] The Court declines the opportunity to order the Government to "immediately" disclose evidence, by bill of particulars, in light of the (i) sufficiency of the indictment, (ii) *ongoing* discovery process, (iii) breadth and specificity of the Defendant's *previously filed* pretrial motions, and (iv) Fourth Circuit precedent indicating that a bill of particulars is designed to "supply any *essential* detail which may have been omitted from the

---

3   The Defendant has reiterated this position in recent motions to continue and compel.

indictment." *Anderson*, 481 F.2d at 690 (emphasis added). Undeniably, the information sought by the Defendant fundamentally is "the entire range of evidence on which the Government relied, including the names of all witnesses to be used by the Government." *Id.* at 691. Clearly, the information sought by Defendant's motion for bill of particulars far exceeds any essential detail omitted from the indictment.

## CONCLUSION

Wherefore, after careful consideration and consistent with the findings herein, the Court **ORDERS** that *Defense Motion No. 29, Motion for Bill of Particulars* (Document 213) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: August 10, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA