IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.           CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

     Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion to Compel Production of MSHA Material* (Document 261) filed on May 27, 2015, the *United States' Response to Defendant's Motion to Compel Production of MSHA Material* (Document 273) filed on June 3, 2015, the Defendant's *Reply in Support of Motion to Compel Production of MSHA Material* (Document 276) filed on June 9, 2015, as well as all exhibits attached in support.   For the reasons stated herein, the Court finds that the motion should be terminated as moot.

**FACTUAL AND PROCEDURAL HISTORY**

The factual and procedural history is, by this time, well known to the parties.   The Court includes a brief procedural history with respect to the various motions to compel.

The *Defense Motion to Compel the Government to Identify in Its Production Brady and Rule 16(a)(1) Material* (Document 245) was filed on April 28, 2015.   On May 5, 2015, the *United States' Response to Defense Motion to Compel Concerning Brady and Rule 16* (Document 246)

was filed, and the Defendant filed his *Reply in Support of Defense Motion to Compel the Government to Identify in Its Production Brady and Rule 16(a)(1) Material* (Document 249) on May 11, 2015.

The Defendant's *Motion to Compel Production of Witness Interview Notes and Records of Attorney Proffers Containing Brady Information* (Document 248) was filed on May 6, 2015.   On May 14, 2015, the *United States' Response to Defendant's Motion to Compel Production of Witness Interview Notes and Records of Attorney Proffers Containing Brady Information* (Document 251) was filed, and the Defendant filed his *Reply in Support of Motion to Compel Production of Witness Interview Notes and Records of Attorney Proffers Containing Brady Information* (Document 258) on May 19, 2015.

On June 12, 2015, the Court issued a Memorandum Opinion and Order (Document 279) granting in part and denying in part the above referenced motions.   Specifically, the Court granted the Defendant's motion seeking *Brady* material, and directed the United States to "designate and disclose to defense counsel any and all *Brady* material by the close of business on June 22, 2015." (*Id.* at 14) (emphasis omitted.)   Further, the Court denied "the motions seeking precise identification and production of specific subclasses of Rule 16 information . . .."   (*Id.*)

## APPLICABLE LAW

*A. Brady*

"In *Brady*, the Supreme Court announced that the Due Process Clause requires the government to disclose 'evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment.'"   *United States v. Caro*, 597 F.3d 608, 619 (4th Cir. 2010) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).

"Evidence is 'favorable' if it is exculpatory or if it could be used to impeach prosecution witnesses." *United States v. Leigh*, 61 Fed.Appx. 854, 856 (4th Cir. 2003) (unpublished) (citation omitted). "Favorable evidence is 'material' under *Brady* if 'there exists a reasonable probability that had the evidence been disclosed the result at trial would have been different.'" *Caro*, 597 F.3d at 619 (quoting *United States v. Bagley*, 478 U.S. 667, 682 (1985)).

"The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109-110 (1976). "The burden of proof rests with the defendant." *King*, 628 F.3d at 701-702 (internal citation omitted).

*B. Rule 16*

Rule 16 of the Federal Rules of Criminal Procedure "governs discovery in criminal cases." *United States v. Armstrong*, 517 U.S. 456, 461 (1996). "Under Rule 16[(a)(1)], a defendant may examine documents material to his defense, but under Rule 16(a)(2), he may not examine Government work product in connection with his case." *Id.* at 463. "Rule 16(a)(1)(A) requires the Government to disclose to the defendant 'any relevant written . . . statements made by the defendant' within the possession of the Government and known to the prosecutor, and the substance of any oral statement given in response to interrogation by a Government agent . . ." if it will be used at trial. *United States v. Jett*, 18 Fed.Appx. 224, 236-37 (4th Cir. 2001) (unreported).

## DISCUSSION

In his motion, the Defendant "moves for an order compelling the government to collect and produce immediately all Mine Safety and Health Administration ("MSHA") material required to be produced under Federal Rules of Criminal Procedure 16 and/or all MSHA material that contains

3

*Brady* information."   (Document 261 at 1.)   He acknowledges that the United States has "produced certain material that it received from MSHA," but it "refuses to say whether it has conducted a search of MSHA's files for material that [he] is entitled to under Rule 16 and *Brady v. Maryland*, 373 U.S. 83 (1963)."   Furthermore, the Defendant takes issue with the Government's refusal to say exactly (1) when it searched MSHA's files and (2) "what files it did and did not search."   (*Id.*)

The Defendant requests that this Court order the United States to "conduct a diligent search" of MSHA files, including:

> (1) custodial files, including hard files and electronic and email files, of all MSHA inspectors and/or MSHA officials present in the Upper Big Branch mine ("UBB") between January 1, 2008 and April 9, 2010 (the "Indictment Period") and their supervisors;

> (2) custodial files, including hard files and electronic and email files, of all MSHA personnel who communicated in-person or in writing during the indictment period with any member of UBB management or with any member of Massey management;

> (3) custodial files, including hard files and electronic and email files, of all MSHA representatives involved in the post-explosion investigation of UBB;

> (4) the files of all MSHA representatives, including but not limited to Assistant Secretary Joseph Main, who participated in meetings and/or phone calls with Mr. Blankenship; and

> (5) to produce immediately all material located, during those searches or others required by law, that the government is required to produce under the *Brady* and Fed. R. Crim. P. 16.

(*Id.* at 1-2.)

He details the efforts taken to secure the above-mentioned files from the United States since the indictment was returned, concluding that because the United States has not cooperated,

4

he "has no choice but to seek relief from the Court." (*Id.* at 2-4.)   The Defendant contends that the United States has an obligation to provide any Rule 16 and/or *Brady* material unearthed during its search of MSHA and/or the Department of Labor's files because (1) MSHA is a sister agency under the executive department umbrella, (2) the charges against him are based on MSHA activities and knowledge, (3) MSHA jointly investigated the explosion at UBB mine, and (4) MSHA provided documents to support the United States' case.   (*Id.* at 5-7.)

The United States responds in opposition that it is "fully aware of its *Brady* obligations," and "has diligently reviewed the files and materials of [MSHA] that are reasonably likely to contain material that Defendant might claim is potentially exculpatory." (Document 273 at 1.) The United States stresses that it has disclosed any "files and materials required by [*Brady*]," and furthermore, "has made substantial disclosures that would not be required by *Brady* but that were provided to Defendant in anticipation of a motion such as this one." (*Id.*)   The United States alleges it has provided, among other things:

> citations issued by MSHA for illegal safety violations at UBB; summary records of such citations; handwritten notes routinely made by MSHA inspectors during inspections of UBB, and which provide substantially more detail than citations alone; ventilation and roof control plans for UBB submitted by Massey and approved or denied by MSHA; voluminous MSHA correspondence concerning UBB; hundreds of witness transcripts from interviews that MSHA conducted in its post-explosion investigation; and voluminous UBB-related records collected by MSHA during its post-explosion investigation.

(*Id.* at 1-2.)   The United States argues that the motion should be denied because it "has complied with its *Brady* obligations as they pertain to MSHA," and "[i]f Defendant has reason to believe that specific documents or materials exist that are required to be produced under *Brady* but have not

been produced, then he should specify those materials . . . so that the United States can further search for them."   (*Id.* at 2.)

The Defendant replies that the United States' response ignores Rule 16, and instead focuses only on *Brady* and its requirements. (Document 276 at 1.)   He stresses that "the government's response is devoid of any assurance whatsoever that the government has produced all Rule 16 material contained in the MSHA's files, much less any support for such an assurance." (*Id.*)   The Defendant continues to complain that the United States "refuses to say with any precision what MSHA materials it has and has not produced," including when it gathered the material and whether the United States looked into MSHA's emails.   (*Id.* at 2.)   The Defendant argues that the United States improperly shifts the burden to him to "identify any additional documents in MSHA's possession that the government is required to produce," and thereby asks the impossible.   (*Id.* at 3.)

The Court finds that the motion to compel should be terminated as moot.   As an initial matter, the Court notes that the primary thrust of the Defendant's motion rests upon *Brady*, as opposed to Rule 16.   In its June 12, 2015 *Memorandum Opinion and Order* (Document 279), the Court ordered the United States to designate <u>all</u> *Brady* material as such, including its prior disclosures as well as any future disclosures.   The plain wording of the order, of course, included the very same MSHA material sought in this motion, if covered by *Brady*.   As for Rule 16 material, again, the Court has previously ruled that "the [Defendant's Rule 16] request for the identification and grouping of specific information is unsupported by both the rule and pertinent case law."   (*Id.* at 13.)   Rule 16 imposes no duty on the United States or the Defendant to disclose *how* or *when* it searched the respective custodial files.

Moreover, the United States avers that it "has diligently reviewed the files and materials of the Mine Safety and Health Administration," and has disclosed voluminous records from MSHA as they pertain to this case.   (Document 273 at 1-2.)   The United States further details its disclosures to the Defendant, including the release of "voluminous MSHA correspondence concerning UBB."   (*Id.* at 2.)   It clearly appears that the United States has searched items within its and/or MSHA's "possession, custody, or control," including documents related to the investigation of UBB through lens of both *Brady* and Rule 16.   The Defendant has not pointed to any specific portion of Rule 16 with which the United States has not complied.

## CONCLUSION

Wherefore, after careful consideration, for the reasons stated herein, and given the rulings contained in the Court's prior *Memorandum Opinion and Order* (Document 279), the Court **ORDERS** that the *Motion to Compel Production of MSHA Material* (Document 261) be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:    August 10, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

7