**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.           CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

    Defendant.


**MEMORANDUM OPINION AND ORDER**


The Court has reviewed the Defendant's *Motion to Compel Compliance with Brady Order and For Other Appropriate Relief* (Document 283) filed on July 8, 2015, the *United States' Combined Motion for Production of Reciprocal Discovery and Response to Defendant's Motion to Compel Compliance with Brady Order and Other Appropriate Relief* (Document 284) filed on July 14, 2015, the Defendant's *Reply in Support of Motion to Compel Compliance with Brady Order and For Other Appropriate Relief* (Document 285) filed on July 21, 2015, as well as all exhibits attached in support.   For the reasons stated herein, the Court finds that the Defendant's motion should be denied.


**FACTUAL AND PROCEDURAL HISTORY**

The factual and procedural history is, by this time, well known to the parties.   The Court includes a brief procedural history with respect to the various motions to compel.

The *Defense Motion to Compel the Government to Identify in Its Production Brady and Rule 16(a)(1) Material* (Document 245) was filed on April 28, 2015.   On May 5, 2015, the *United*

*States' Response to Defense Motion to Compel Concerning Brady and Rule 16* (Document 246) was filed, and the Defendant filed his *Reply in Support of Defense Motion to Compel the Government to Identify in Its Production Brady and Rule 16(a)(1) Material* (Document 249) on May 11, 2015.

The Defendant's *Motion to Compel Production of Witness Interview Notes and Records of Attorney Proffers Containing Brady Information* (Document 248) was filed on May 6, 2015.   On May 14, 2015, the *United States' Response to Defendant's Motion to Compel Production of Witness Interview Notes and Records of Attorney Proffers Containing Brady Information* (Document 251) was filed, and the Defendant filed his *Reply in Support of Motion to Compel Production of Witness Interview Notes and Records of Attorney Proffers Containing Brady Information* (Document 258) on May 19, 2015.

On June 12, 2015, the Court issued a *Memorandum Opinion and Order* (Document 279) granting in part and denying in part the above referenced motions.   Specifically, the Court granted the Defendant's motion seeking *Brady* material, and directed the United States to "designate and disclose to defense counsel any and all *Brady* material by the close of business on June 22, 2015." (*Id.* at 14) (emphasis omitted.)   The Court denied "the motions seeking precise identification and production of specific subclasses of Rule 16 information . . .."   (*Id.*)

On May 27, 2015, the Defendant's *Motion to Compel Production of MSHA Material* (Document 261) was filed, and the *United States' Response to Defendant's Motion to Compel Production of MSHA Material* (Document 273) was filed on June 3, 2015.   The Defendant filed his *Reply in Support of Motion to Compel Production of MSHA Material* (Document 276) on June 9, 2015.   The Court has addressed this motion in a separate opinion.

2

## APPLICABLE LAW

"In *Brady*, the Supreme Court announced that the Due Process Clause requires the government to disclose 'evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment.'"   *United States v. Caro*, 597 F.3d 608, 619 (4th Cir. 2010) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).   "To secure relief under *Brady*, a defendant must: (1) identify the existence of evidence favorable to the accused; (2) show that the government suppressed the evidence; and (3) demonstrate that the suppression was material." *United States v. King*, 628 F.3d 693, 701 (4th Cir. 2011) (internal citation omitted).

"Evidence is 'favorable' if it is exculpatory or if it could be used to impeach prosecution witnesses." *United States v. Leigh*, 61 Fed.Appx. 854, 856 (4th Cir. 2003) (unpublished) (citation omitted).   "Favorable evidence is 'material' under *Brady* if 'there exists a reasonable probability that had the evidence been disclosed the result at trial would have been different.'" *Caro*, 597 F.3d at 619 (quoting *United States v. Bagley*, 478 U.S. 667, 682 (1985)).

"The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense."   *United States v. Agurs*, 427 U.S. 97, 109-110 (1976).   "The burden of proof rests with the defendant."   *King*, 628 F.3d at 701-702 (internal citation omitted).

## DISCUSSION

The Defendant contends that the United States "misapplies *Brady*, fails to designate all items in its production that meet the proper definition of *Brady*, and withholds material—not currently possessed by the defense—that it was obligated by the Court's order and the Constitution to produce."   (Document 283 at 1.)   In short, the Defendant argues that the United States has not

3

followed the Court's mandate contained in the June 12, 2015 *Memorandum Opinion and Order* (Document 279).   As a result, he moves for:

> (1) An opportunity for the defense to present to the Court, *ex parte* and *in camera*, confidential information from the defense investigation that demonstrates that the government has not produced, in any form, certain exculpatory information[;]
>
> (2) An order compelling the government immediately to produce all notes of witness interviews and attorney proffers, without restriction (or in the alternative, to lodge with the Court all such notes for *in camera* review and/or for the appellate record) . . .[;]
>
> (3) An order compelling the government immediately to produce all exculpatory material from MSHA's files . . .[;] and
>
> (4) An order compelling the government, again, to immediately designate all items in its document production that meet the proper definition of *Brady*.

(Document 283 at 1-2) (emphasis added).   The Defendant stresses that the United States has failed to turn over exculpatory documents, and contends that its response "appears to identify no impeachment material."   (*Id.* at 6.)   He takes issue with certain correspondence from the United States, and claims that it indicates the Government "has failed to comply with [the] Court's order and why it has failed to produce and identify exculpatory material."   (*Id.* at 7-9.)   The Defendant also lists several categories of what he believes to be exculpatory material (*Id.* at 10-11) and argues that the Court has broad discretion to order his requested relief.   (*Id.* at 12.)

The United States responds[1] that it has designated all known *Brady* material, and thus, it is in compliance with the Court's June 12, 2015 order.   (Document 284 at 2-5.)   The United States argues that the Defendant's renewed request for interview notes is unavailing, and retorts that it

---

[1]   The United States' response in opposition raises a request for reciprocal discovery.   The Defendant responds to this request in a separate pleading and the Court will address the motion for reciprocal discovery in a separate opinion.

has "produced memorandums that reflect the substance of well over 300 witness interviews," including "designat[ing] a number of those as containing possible *Brady* material."   (*Id.* at 7-8.) The United States stresses that the Defendant's request for an *in camera* and *ex parte* hearing is in contrast with the Fourth Circuit's recent opinion, *United States v. McDonnell*, 2015 WL 4153640 (4th Cir. July 10, 2015), where the court held that the district court did not abuse its discretion in refusing an *ex parte* hearing.   It argues that the Defendant "does not meet the high bar for obtaining an *ex parte*, *in camera* hearing."   (Document 284 at 9)(emphasis added.)   Finally, the United States argues that it has "designated many documents that were provided to it by MSHA," including "documents regarding safety awards that were given to certain Massey-owned facilities . . . for reporting low rates of lost-time accidents."   (*Id.* at 11.)

The Defendant replies that investigation has "revealed that the government has failed to provide to the defense in any form—and has failed to include in any of its productions—certain exculpatory information."   (Document 285 at 2.)   He counters the United States' argument that *ex parte* hearings are inappropriate, observing that the Fourth Circuit in *McDonnell* noted that such proceedings "may be permissible in limited circumstances."   (*Id.*) (quoting *McDonnell*, 2015 WL 4153640 at *10.)   The Defendant notes that many courts in the Fourth Circuit have done exactly what he now requests.

He continues to seek notes from witness interviews, and argues that the Court's June 12, 2015 order granted his request. (*Id.* at 4.)   The Defendant argues that the "work product protection does not trump the government's obligation to produce exculpatory factual information pursuant to *Brady*."   (*Id.* at 5) (internal emphasis omitted.)   He maintains that "[a]t a minimum, if the Court denies the request to compel immediate production of the [interview] notes to defense

5

counsel, then this alternative [of *in camera* review] must be granted." He stresses that the United States has "ignored" the Court's June 12, 2015 order. (*Id.* at 6-7.) With respect to the MSHA documents, the Defendant argues that the United States failed to identify any MSHA documents but instead "proposed a mere search query" that would help the defense locate exculpatory material. (*Id.* at 8.) The Defendant again argues that the United States "plainly applied an incorrect and unduly narrow standard [under *Brady*] in determining what documents to designate as exculpatory." (*Id.* at 10.)

The Court finds that the Defendant's motion must be denied for several reasons. First, with respect to the Defendant's request for an *ex parte* hearing—or in the alternative, *in camera* review—the Court declines the opportunity to hold an *ex parte* hearing or otherwise review the documents *in camera*. While *ex parte* proceedings are permissible in "limited circumstances," it is irrefutable that they are "disfavored" and "fundamentally at variance with our conceptions of due process." *United States v. McConnell*, 2015 WL 4153640, * 10 (4th Cir. 2015). Furthermore, the Defendant has openly disclosed his thinking and strategy in his motion, given his description of the specific types of information and documents that he considers to be *Brady* material. (*See* Document 283 at 5-6.) Thus, any apparent strategic reason(s) for a hearing to be held *ex parte* are no longer present. See *United States v. Moussaoui*, 2002 WL 32001775, at *1 (E.D. Va. 2002); *United States v. Beckford*, 964 F.Supp. 1010, 1020 (E.D. Va. 1997). More importantly, such a hearing would not assist the Court in ruling on the Defendant's motion, particularly in view of the Court's June 12, 2015 order.

With respect to the Defendant's request for interview notes from the United States, the Court previously ruled on this issue in its June 12, 2015 *Memorandum Opinion and Order*

(Document 279), wherein this Court ordered that the *substance* of any handwritten notes and attorney proffers which fall under *Brady* be produced. (*Id*. at 12.)   No meritorious basis has been presented to support the required production of the actual notes and proffers and, therefore, the Court finds that the request for interview notes should be denied.   Moreover, no specific legal or factual basis has been proffered to support this Court's *in camera* review of notes of all witness interviews and attorney proffers.

As the motion relates to the Defendant's request for MSHA documents, again, the Court previously ordered the United States to designate and produce all *Brady* material, which necessarily includes MSHA documents that constitute *Brady* material.   This Court has previously identified what our appellate courts have defined as *Brady* material, and is confident that the parties understand the same.   Thus, the Court finds that the Defendant's request to "have the Government supplement its identifications using the correct standard" should also be denied.

## CONCLUSION

Wherefore, after careful consideration and for the reasons stated herein, the Court **ORDERS** that the *Motion to Compel Compliance with Brady Order and For Other Appropriate Relief* (Document 283) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.   ENTER:   August 10, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

7