IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                             CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

       The Court has reviewed the *United States' Combined Motion for Production of Reciprocal Discovery and Response to Defendant's Motion to Compel Compliance with Brady Order and Other Appropriate Relief* (Document 284), the Defendant's *Opposition to Government's Motion for Production of Reciprocal Discovery* (Document 286), and the *United States' Reply to Defendant's Opposition to Motion for Production of Reciprocal Discovery* (Document 288), as well as all exhibits attached in support. For the reasons herein, the Court finds that the United States' motion should be granted.

**FACTUAL AND PROCEDURAL HISTORY**

       The factual and procedural history is, by this time, well known to the parties. The Court includes a brief procedural history with respect to discovery to date.

       Magistrate Judge VanDervort issued an *Arraignment Order and Standard Discovery Request* (Document 13) on November 20, 2014, the day the Defendant made his initial appearance for arraignment. That document indicates that defense counsel elected to utilize the Standard

Discovery Requests, as set forth in Rule 16.1 of the Local Rules of Criminal Procedure for the Southern District of West Virginia. (*Id.* at 2.) Section three (3) of that document states that "[p]ursuant to Local Rule 16.1, the defendant shall provide to the Government any required reciprocal discovery **within fourteen (14) days** of receipt of the requested materials and filing of the government's written responses to the defendant's discovery requests." (*Id.* at 4) (emphasis in original.) The *United States' Response to Standard Discovery Requests and Request for Reciprocal Discovery* (Document 33) was filed on December 4, 2014. The Defendant never tendered reciprocal discovery. On March 24, 2015, the Defendant was arraigned a second time. (*See* Document 177.) That document is identical to the one referenced above, and defense counsel again initialed the section electing standard discovery pursuant to the local rules of criminal procedure.

The *United States' Combined Motion for Production of Reciprocal Discovery and Response to Defendant's Motion to Compel Compliance with Brady Order and Other Appropriate Relief* (Document 284) was filed on July 14, 2015, and the Defendant's *Opposition to Government's Motion for Production of Reciprocal Discovery* (Document 286) was filed on July 21, 2015. On July 28, 2015, the United States filed its *Reply to Defendant's Opposition to Motion for Production of Reciprocal Discovery* (Document 288).

## DISCUSSION

The United States "respectfully requests that the Court order Defendant to produce forthwith all reciprocal discovery in his possession," arguing that "seven months have passed since that deadline, and the United States has yet to receive a single page of reciprocal discovery from Defendant." (Document 284 at 12.)

2

The Defendant responds in opposition that such an order "is unwarranted and unnecessary" because he "does not know what documents the government itself intends to use in its own case-in-chief," but he then (curiously) notes that certain "reciprocal disclosures are underway." (Document 286 at 1.) The Defendant claims that he made "expert disclosures to the government on July 21, 2015 [the date of the response in opposition], and expects to make any disclosure of additional experts soon." (*Id.*) The Defendant complains that the United States' expert disclosures were not presented until April 6, 2015, and "[t]he government took almost five months after indictment to make its disclosures and had years during its investigation to retain and develop potential experts and testimony," and states that the defense "expects to complete its expert disclosures within a four to five month period after receipt of the government's expert disclosures," arguing "[t]hat period of time is reasonable." (*Id.* at 2.)

The Defendant also stresses that some of the documents encompassed by reciprocal discovery "are subject to a confidentiality restriction . . .." (*Id*. at 3.) Even though the Defendant is "now trying to secure Alpha's consent to the potential use of some documents at trial without need for subpoena," the documents are "for all practical purposes, currently unavailable for production as reciprocal discovery." (*Id.*)

The United States replies that it complied with its obligations under the Standard Discovery Request, and Local Rule of Criminal Procedure 16.1, and argues that the "Defendant's discovery obligations are no less serious than the United States', and his disparate treatment of disclosures is a double standard that should not be tolerated." (Document 288 at 2.) It argues that "[t]he level of effort required to secure trial exhibits does not diminish Defendant's Rule 16 obligations and the agreement in the Arraignment Order." (*Id.* at 3.)

3

The Court finds that the Defendant has not complied with Rule 16.1 of the Local Rules of Criminal Procedure. It provides that

> If counsel for the defendant requests discovery under FR Cr P 16(a)(1)(E), (F), or (G), in an Arraignment Order and Discovery Request form, the defendant is obligated to provide any reciprocal discovery that may be available to the government under FR Cr P 16(b)(1)(A), (B), or (C).

L.R.Cr.P. 16.1(b). Furthermore, subsection (c) states that "[u]nless the parties agree otherwise, or the court so orders, within 14 days of the Standard Discovery Request, the government must provide the requested material to counsel for the defendant and file . . . a written response to each of defendant's requests." L.R.Cr.P. 16.1(c). Subsection (d) provides that the "Defendant must provide all reciprocal discovery due the government within 14 days of receiving the materials and the filing and serving of responses in paragraph (c)." L.R.Cr.P. 16.1(d).

Here, the United States complied with its obligations under the Local Rules of Criminal Procedure. The Defendant has not. His stated reasons for non-compliance are totally lacking in merit and exhibit either a misunderstanding of basic discovery requirements or a willful intention to ignore the same. The Defendant chose the Standard Discovery Requests pursuant to the local rules. No leave of Court has been requested, and no party has indicated an agreement that supplants Rule 16.1. The Defendant does not have the luxury of unilaterally setting his own deadline for disclosure of reciprocal discovery by advising the Court, and the opposing party, when he will disclose documents. The deadline is set by rule for both parties.

The Defendant has had notice of his duty under Rule 16.1 of the Local Rules of Criminal Procedure in excess of six months, and has only recently complained that obtaining the documents is difficult or time-consuming. The United States' motion should be granted.

4

**CONCLUSION**

Wherefore, after careful consideration and for the reasons stated herein, the Court **ORDERS** that the *United States' Combined Motion for Production of Reciprocal Discovery and Response to Defendant's Motion to Compel Compliance with Brady Order and Other Appropriate Relief* (Document 284) be **GRANTED**. The Court further **ORDERS** that the Defendant make reciprocal disclosures **within five (5) days** of the entry of this order.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: August 10, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA