IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) )  ) |
| v. | )  )    Criminal No. 5:14-cr-00244 )  ) |
| **DONALD L. BLANKENSHIP** | ) ) |

## MOTION TO SEVER COUNT ONE FROM COUNTS TWO AND THREE

For the first time, the government, in its Response to Defendant's Motion for Jury Instructions Regarding the UBB Mine Explosion and to Exclude Evidence Regarding the Explosion, asserts:

- "[E]vidence regarding the explosion is essential to elements of" the false statement charges in Counts Two and Three, ECF No. 290 at 2;

- "The fact and severity of the explosion . . . are essential to the element of materiality" in Counts Two and Three, *id.* at 4;

- "[M]edia reports of the seriousness of the explosion" are "necessary" to Counts Two and Three, *id.* at 5; and,

- "[S]peculation that lawlessness caused the explosion" are essential to Counts Two and Three, *id*.

The government does not claim – nor could it – that any of the above evidence would be essential, or even relevant, to the conspiracy charge set forth in Count One.

The defense opposes the government's position on the relevance and admissibility of this evidence to prove Counts Two and Three. If, however, the Court accepts the government's new claim that such evidence is admissible on Counts Two and Three, then severance of Count One

is required to avoid the extreme prejudice to Mr. Blankenship that would inevitably result from trying these counts together.

## ARGUMENT

Even though counts are properly joined, it does not automatically follow that they are properly tried together. *United States v. Cole*, 857 F.2d 971, 974 (4th Cir. 1988); *see also United States v. Cardwell*, 433 F.3d 378, 387 (4th Cir. 2005) ("joinder under Rule 8(a) can be proper and, at the same time, severance can be required"). Under Federal Rule of Criminal Procedure 14(a), "[i]f the joinder of offenses . . . for trial appears to prejudice a defendant . . . the court may order separate trials of counts." A district court must grant a severance under Rule 14 when "there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Cardwell*, 433 F.3d at 387 (citation omitted).

The government does not claim – nor could it – that evidence related to the UBB explosion, its severity, media reports of its seriousness, or speculation that lawlessness was the cause is relevant to Count One. As the defense has shown, none of this evidence would make it any more or less likely that Mr. Blankenship joined an agreement to violate safety standards and impede MSHA in the two years prior to the disaster. *See* ECF No. 287 at 3, 9-12. Although the superseding indictment lists the alleged false statements as overt acts committed in furtherance of the Count One conspiracy, *see* ECF No. 169 at ¶ 100(i), the government only asserts that the evidence in question is relevant to the "materiality" of those statements to investors, ECF No. 290 at 2, 4-5, which is solely an element of Counts Two and Three, not Count One. Moreover, even if it had any probative value at all, such evidence would have to be excluded as unfairly prejudicial, as it would imply that Mr. Blankenship is responsible for the explosion and the 29 deaths that resulted. That implication, though untrue and unfair, would be so provocative and so

upsetting to the jury it could not be cabined by a limiting instruction. The suggestion that Mr. Blankenship is responsible for 29 miners' deaths would create a "serious risk" that the jury could not make "a reliable judgment" about Mr. Blankenship's "guilt or innocence" with respect to Count One. *Cardwell*, 433 F.3d at 387 (citation omitted). Accordingly, if the Court agrees with the government that such evidence is relevant to Counts Two and Three, it must order a separate trial for Count One.

When evidence as to one count would be inadmissible and highly prejudicial as to another, district courts in this circuit have severed those counts for separate trials. In *United States v. Gunn*, 968 F. Supp. 1089 (E.D. Va. 1997), for example, the defendant was caught in his car with illegal drugs and a firearm. He was charged with two counts – possession of crack cocaine with intent to distribute and possession of a firearm while a felon. *See id.* at 1092. The court severed the two counts for separate trials, explaining: "Since evidence that Gunn is a felon for purposes of proving that specific element of Count II would not be admissible at a separate criminal trial on Count I, there is a manifest danger of prejudice to Gunn stemming from the government's appropriate introduction of prior crimes evidence in a joint trial." *Id.* at 1095. Similarly, in *United States v. Sherman*, No. 1:10CR00039, 2011 WL 11186 (W.D. Va. Jan. 4, 2011), the defendant stole a credit card and a car, then drove the stolen car out of state without updating his sex-offender registration. The district court severed for separate trials the sex-offender charge and the theft charges, finding that "the likely spillover effect of the sex offender evidence upon the jury" would create a "compelling" and "substantial" risk of prejudice to the defendant, which "outweigh[ed] the other interests" in a joint trial. *Id.* at *2 (citation omitted). Finally, in *United States v. Stone*, 826 F. Supp. 173 (W.D. Va. 1993), the defendant committed insurance fraud in order to obtain funds to solicit a murder. The court held that severance of the

fraud counts from the solicitation counts was necessary because "much of the evidence relating to [the fraud counts] would be substantially prejudicial to the defendant and of little probative value as to [the solicitation counts]." *Id.* at 174.

Evidence that the government now claims, for the first time, is relevant to Counts Two and Three – the UBB explosion, its severity, media reports about its seriousness, and speculation that lawlessness was the cause – is both inadmissible and extremely prejudicial with respect to Count One. The implication that Mr. Blankenship is responsible for the deaths of 29 miners cannot be cured by a limiting instruction. Indeed, the suggestion that Mr. Blankenship is responsible for 29 deaths is far more prejudicial than what district courts have previously found sufficient to justify severance of counts for separate trials, including a prior felony, *see Gunn*, 968 F. Supp. at 1095, sex-offender status, *see Sherman*, 2011 WL 11186, at *2, and alleged involvement in fraud, *see Stone*, 826 F. Supp. at 174. If the Court agrees with the government that such evidence is relevant to Counts Two and Three, then under Rule 14(a) it must sever Count One to be tried separately.

## CONCLUSION

For the foregoing reasons, the defense respectfully requests that if the Court admits evidence of the UBB explosion, its severity, media reports about its seriousness, and speculation that lawlessness was the cause with respect to Counts Two and Three, then it also order separate trials of Count One and Counts Two and Three.

Dated: August 12, 2015   Respectfully submitted,

　　　 /s/ William W. Taylor, III　　　
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone) / 202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

　　 /s/ James A. Walls　　　　
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304-291-7947 (phone) / 304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 12th day of August, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1239
Huntington, WV 25714-1239

                                           */s/ Eric R. Delinsky*
                                           Eric R. Delinsky