IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 5:14-cr-00244 |
| ) | |
| DONALD L. BLANKENSHIP ) | |

**RENEWED MOTION TO DISMISS COUNT ONE OF THE SUPERSEDING INDICTMENT FOR FAILURE TO STATE AN OFFENSE BY FAILING TO IDENTIFY THE PARTICULAR MANDATORY HEALTH OR SAFETY STANDARDS THAT MR. BLANKENSHIP ALLEGEDLY CONSPIRED TO WILLFULLY VIOLATE**

Donald L. Blankenship, by undersigned counsel, hereby renews his motion (Defense Motion No. 24) to dismiss Count One for failure to state an offense due to the superseding indictment's failure to allege the particular mandatory federal mine safety or health standards that Mr. Blankenship allegedly conspired to willfully violate. The defense renews this motion now due to positions recently asserted by the government, which confirm that the motion should be granted.

As explained in the initial motion, because the superseding indictment fails to allege the particular safety standards that Mr. Blankenship allegedly agreed to violate willfully, Count One fails to allege all of the elements of an offense under 30 U.S.C. § 820(d) and therefore fails to state an "offense against the United States," which is a necessary and essential element of a conspiracy under 18 U.S.C. § 371 "to commit an[] offense against the United States." *See United States v. Kingrea*, 573 F.3d 186, 191-93 (4th Cir. 2009). To avoid repetition, the previous submissions in support of Defense Motion No. 24 are incorporated herein by reference.

In a recent argument advanced by the government in opposition to Mr. Blankenship's motion regarding the UBB mine explosion, the government effectively concedes that Count One,

as pleaded, fails to state an offense for the reasons set forth in Defense Motion No. 24. For this reason and the others set forth below, the motion now must be granted.

> A. **Contradicting Its Prior Position, the Government Now Acknowledges that Particular Federal Mine Safety Standards Supply Essential Elements to the Offense Charged in Count One.**

By its plain terms, Count One does not purport to charge Mr. Blankenship with conspiring to willfully violate any particular mine safety standard or standards. Indeed, the superseding indictment does not identify, cite, or allege the elements or requirements of a single mine safety standard (*i.e.*, regulation). In opposing Defense Motion No. 24, the government did not—because it could not—dispute these facts. Instead, having obtained the indictment it did, the government argued that "[n]o listing of specific standards is required" to allege a conspiracy to willfully violate mine safety standards, "and none would be required to prove it." ECF No. 215 at 6 (emphasis added). "On the contrary," the government's argument continued, "the United States could prove this object by showing that Defendant was part of an agreement to violate such standards generally—if, for example, he and others agreed or formed an understanding that *whatever* mandatory federal mine safety and health standards needed to be violated at UBB in order to increase profits would be violated." *Id.* at 6-7 (emphasis in original). The Court agreed with the government and denied the motion to dismiss. ECF No. 266.

In its recent filing on the UBB explosion, the government now argues that particular mine safety standards are integral to, and supply necessary elements of, the offense charged in Count One. In that filing, the government purports to identify what it characterizes to be "the very standards Defendant is charged with conspiring to willfully violate." ECF No. 290 at 8 (emphasis added); *see id.* at 2, 8-9 (citing, without reference to the superseding indictment, Subpart D of 30 C.F.R. § 75 and 30 C.F.R. §§ 75.321, 75.325, 75.330, 75.334, 75.400, 75.400-2, 75.401-1, 75.402, 75.402-1, 75.402-2, 75.403-1, 75.371). It argues that these standards (*i.e.*,


regulations) supply "key language in the charges the United States must prove" at trial. *Id.* at 9 (emphasis added). And it goes so far as to state that it is a "given" that "the jury will be instructed on [particular] federal mine safety standards"—*i.e.*, ones "that specifically discuss mine explosions." *Id.* at 11; *see also id.* (referring to the "relevant standards" in connection with "the elements of the charged offenses").

In other words, the government now maintains that the requirements of individual mine safety standards supply necessary elements of the underlying offense—*i.e.*, the object—of a conspiracy to commit willful mine safety violations. It thus acknowledges that the elements of the underlying offense are supplied, in part, by 30 U.S.C. § 820(d), which states the *mens rea* (*i.e.*, willfulness) and, in remaining part, by the particular standard or standards at issue, which set forth the *actus reus* (*i.e.* the particular requirements of the particular standards). That position, of course, comports with established law in the Fourth Circuit holding, unequivocally, that an indictment charging a conspiracy under the offense clause of 18 U.S.C. § 371 must allege every element of the underlying offense the defendant is accused of conspiring to commit. *Kingrea*, 573 F.3d 186, 191-93. The superseding indictment, however, indisputably does not identify, cite, or allege the elements or requirements of a single mine safety standard that Mr. Blankenship is alleged to have conspired to willfully violate. Count One therefore violates Fed. R. Crim. 7(c)(1), fails to state essential and necessary elements of an offense, and violates Mr. Blankenship's Fifth and Sixth Amendment rights.

For several reasons—all of which were identified as likely to occur in Defense Motion No. 24 and have now materialized—the government's abrupt and contradictory shift in position with respect to Count One provides a textbook example of why the charge, as pleaded, runs afoul of the Fifth and Sixth Amendments. For instance, as the Supreme Court has cautioned, a

"cryptic" charging document that fails to allege each and every element of an offense impermissibly leaves "the prosecution free to roam at large—to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal." *Russell v. United States*, 369 U.S. 749, 767, 768 (1962).  Here, after taking the position, in successfully staving off a motion to dismiss, that no specific standards are required to allege or prove Count One, the government has shifted positions entirely and adopted a polar opposite theory of criminality in a transparent effort to introduce irrelevant and unfairly prejudicial "evidence" about the UBB explosion and mine explosions generally.  In doing so, the government is seeking to take advantage of the Court's prior ruling in its favor by switching course at the trial stage of the proceeding in order to roam at large and at will within Title 30 of the Code of Federal Regulations to cherry-pick regulations that mention mine explosions and to argue that such regulations supply necessary elements of the offenses on which the jury will be instructed.  That is precisely what the Sixth Amendment prohibits.

By advancing its current theory of criminality, in which the jury will be instructed on particular mine safety standards that do not appear in the superseding indictment, the government also is eviscerating Mr. Blankenship's Fifth Amendment right to be tried only for the specific conduct the grand jury found indictable.  Again, as the Supreme Court has instructed:

> To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure.  For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

*Russell*, 369 U.S. at 770.  Not only is it apparent from the four corners of the superseding indictment that the grand jury did not find probable cause to believe that Mr. Blankenship conspired to violate particular mine safety standards—let alone the particular standards the

4

government has plucked from thin air post-indictment—but that fact also is revealed by the legal instructions the government presented to the grand jury. Transcripts of those proceedings show that the grand jury was <u>not</u> instructed on the requirements or elements of any particular mine safety standards. The grand jury likewise was <u>not</u> instructed that it was required to find that Mr. Blankenship conspired to willfully violate particular standards in order to return a true bill on Count One. *See* ECF No. 168-2 (under seal); ECF No. 190-8 (under seal). Simply stated, while neither the government nor the Court constitutionally is permitted to guess what was in the minds of the grand jury, no guesswork is needed here; the grand jury was not asked to, and did not find, that Mr. Blankenship conspired to willfully violate any particular safety standard.

Finally, the superseding indictment's failure to identify the particular standards that the government now suggests—in an effort to obtain favorable and highly prejudicial evidentiary rulings—it will seek to prove that Mr. Blankenship conspired to willfully violate has deprived Mr. Blankenship of yet another constitutional guarantee: the right to challenge the sufficiency of the charges against him prior to trial. *See Russell*, 369 U.S. at 768 n.15 (instructing that one of the principal reasons "for the requirement that every ingredient of the offense charged must be clearly and accurately alleged in the indictment … is to enable the court to decide whether the facts alleged are sufficient in law to withstand a motion to dismiss the indictment") (citation omitted). The defense has had no opportunity to challenge, via pretrial motion, the regulations cited by the government in its new papers. By way of example, and example only, the defense has had no opportunity to challenge whether the particular regulations are sufficiently clear to provide fair notice. The Constitution does not permit Mr. Blankenship to stand trial on charges he has had no opportunity to challenge through pre-trial motions.

5

### B.     The Court Committed Legal Error In Its Memorandum Opinion and Order Denying Defense Motion No. 24.

Count One of the superseding indictment purports to charge Mr. Blankenship with participating in a single conspiracy with multiple objects: (1) to commit the offense of willfully violating mine safety standards, in violation of 30 U.S.C. § 820(d) and the "offense" clause of 18 U.S.C. § 371; and (2) to defraud the United States by (a) obstructing the functions of MSHA and (b) depriving the United States of money, in violation of the "defraud" clause of Section 371. ECF No. 169, ¶¶ 87(a)-(b) & 89(a)-(c). Defense Motion No. 24 argued, exclusively, that Count One fails to state an offense as to the first alleged object—namely, that it fails to allege all of the elements of an "offense against the United States" and therefore fails to allege a necessary and essential element of a conspiracy under 18 U.S.C. § 371 "to commit an[] offense against the United States."

In denying Defense Motion No. 24, however, the Court erroneously analyzed the alleged agreement to willfully violate mine safety standards, in violation of 30 U.S.C. § 820(d), as "a conspiracy to defraud the United States," ECF No. 266 at 7, under the "defraud" clause of Section 371, rather than as a conspiracy to commit an offense against the United States, under the "offense" clause of the statute. But defrauding the United States is not the object of the alleged conspiracy that the motion challenged. *Compare* ECF No. 244, ¶ 87(a), *with id.* ¶ 87(b). Nor could it be.

Because the Court's opinion applies the wrong clause of 18 U.S.C. § 371, the ruling does not address whether Count One properly alleges—as required under *Kingrea*, *supra*—that Mr. Blankenship agreed to commit all of the elements of the underlying offense of willfully violating mine safety standards. More specifically, the ruling does not address whether the superseding indictment properly alleges a conspiracy to willfully violate mine safety standards without

6

alleging the particular standards, and the specific elements or requirements thereof, that the alleged conspirators agreed to willfully violate.[1] As demonstrated in the papers submitted previously in support of Defense Motion No. 24, controlling Fourth Circuit authority holds it does not. The government now appears to agree.

## CONCLUSION

The government obtained a patently insufficient indictment and secured an erroneous ruling at the motion to dismiss stage. It now is seeking another ruling from this Court—permitting it to introduce evidence of particular safety standards addressing explosions—that will only compound that error. Its recent filing, however, lays bare the fundamental deficiency in Count One addressed in Defense Motion No. 24. Mr. Blankenship respectfully urges the Court to take this opportunity presented by the government's ever-shifting theories and revisit its ruling on Defense Motion No. 24 prior to trial. For the reasons set forth above and in the prior filings incorporated herein by reference, Count One must be dismissed.

---

[1] Although the Court's opinion does not address this dispositive question, it must be noted that the opinion does include the following inaccurate statement: "The superseding indictment is replete with identification of the particular standard or standards that the Defendant allegedly conspired to willfully violate." ECF. No. 266 at 7. It is undisputed that the superseding indictment does not identify, cite, or allege the elements or requirements of a single, <u>particular</u> mine safety standard (*i.e.*, regulation). Vague references to broad categories of regulations do not suffice. Nor does Count One allege, even in conclusory fashion, that Mr. Blankenship <u>conspired</u> to willfully violate particular mine safety standards. Indeed, in opposing Defense Motion No. 24, the government did not, because it could not, argue that the superseding indictment identifies particular standards that Mr. Blankenship allegedly conspired to willfully violate.

Dated: August 13, 2015  Respectfully submitted,

  */s/ William W. Taylor, III*
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone) / 202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com


  */s/ James A. Walls*
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304-291-7947 (phone) / 304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 13th day of August, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1239
Huntington, WV 25714-1239

                                                                           */s/ R. Miles Clark*
                                                                          R. Miles Clark