IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DONALD L. BLANKENSHIP )<br>) | Criminal No. 5:14-cr-00244 |

## MOTION TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT RELATED TO MASSEY'S SEPTEMBER 2010 "LETTER TO STAKEHOLDERS"

The government has notified the defense that it may offer, under Rule 404(b), a September 2010 document entitled "Letter to Stakeholders" to show that Massey, approximately five months after the end of the indictment period, revised a previous disclosure of its non-fatal days lost rates (herein, "the Letter"). The Letter, however, has no relevance to any element of the charges in the Indictment.[1] Accordingly, under Federal Rules of Evidence 402 and 404(b), the defense respectfully requests that the Court exclude the Letter from trial.

### BACKGROUND

Mr. Blankenship is charged with conspiring to intentionally violate mine-safety standards at the Upper Big Branch mine between January 1, 2008 and April 9, 2010, and with intentionally misrepresenting that "we do not condone" safety violations and that "we strive to be in compliance with all regulations at all times" on April 8 and 9, 2010. *See* ECF No. 169 ¶¶ 86-104. On April 6, 2015, the government provided notice to defense counsel that it "may offer evidence relating to . . . Massey's upward revision of its previously reported non-fatal days lost rates in a September 2010 document titled 'Letter to Stakeholders' (PCC-DOJ-03022258)," pursuant to Federal Rule of Evidence 404(b). *See* Ex. A (Government letter) at 4.

---

[1] The "Indictment" refers to the Superseding Indictment filed by the government on March 10, 2015.

1

The Letter – released months after the end of the indictment period – addresses Massey's revision to a disclosure it had previously provided regarding its non-fatal days lost rate. The Letter does not concern mine-safety violations at the Upper Big Branch mine. It does not bear any relationship whatsoever to Mr. Blankenship's alleged conspiracy to violate mine-safety standards, nor does it relate in any way to the allegedly false statements made by Massey on April 8 and 9, 2010 regarding mine-safety standards. Nor does the government state in its disclosure that Mr. Blankenship had any role – much less any culpability, to the extent there even is any – for any revision to this non-fatal day lost rate.

## DISCUSSION

a.  **The September 2010 Letter is inadmissible under Rule 404(b).**

The government has disclosed the September 2010 Letter as evidence potentially falling with the ambit of Rule 404(b). Federal Rule of Evidence 404(b) prohibits the use of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but permits the use of such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The Fourth Circuit uses a four-factor test to determine the admissibility of 404(b) evidence:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

2

*United States v. McBride*, 676 F.3d 385, 396 (4th Cir. 2012) (quoting *United States v. Johnson*, 617 F.3d 286, 296-97 (4th Cir. 2010)). Applying this test, it is clear that the Letter is inadmissible.

**Relevance:** The non-fatal day lost revision – released several months after the close of the alleged indictment period – is irrelevant. The Indictment specifically charges Mr. Blankenship with conspiring to willfully violate mine-safety standards and with intentionally misrepresenting that Massey "do[es] not condone" mine-safety violations. ECF No. 169 at ¶ 87(a). Ultimately, all of the charges in the Indictment relate to mine-safety violations; the charges have nothing to do with Massey's non-fatal days lost rate. A mine's non-fatal days lost rate is entirely different from a mine's violations of safety and health standards. And regardless, the government's disclosure does not state or even imply that Mr. Blankenship had any role whatsoever in the need to revise this irrelevant non-fatal day lost rate.

To the extent the government intends to introduce the proffered evidence in an attempt to show that Mr. Blankenship had deceived the SEC on other occasions (to support the charges in Counts Two and Three in the Indictment), the evidence falls squarely within the prohibition of character evidence under Rule 404(b). There is no relationship or similarity between the collection and reporting of non-fatal days lost data and the particular statements on efforts to comply with safety regulations alleged in Counts Two and Three to be false. Indeed, this evidence would be introduced solely for the purpose of insinuating that Mr. Blankenship, who had no role in the prior reporting of the non-fatal days lost rate, had a propensity making misrepresentations to the SEC. This is squarely prohibited by Rule 404(b).

**Necessity:** In addition to being irrelevant, the Letter is unnecessary to this case. "[E]vidence is 'necessary,' for purposes of establishing an exception under Rule 404(b), when

3

that evidence 'is an essential part of the crimes on trial' or when that evidence 'furnishes part of the context of the crime.'" *McBride*, 676 F.3d at 398 (quoting *United States v. Rawle*, 845 F.2d 1244, (4th Cir. 1988)). Not only is Massey's revision of its non-fatal days lost rate months after the end of the alleged indictment period not an essential part of the charges in this case, it has no part in the charges at issue. Specifically, it is not necessary to any element of the crimes alleged in the Indictment. Furthermore, the Letter does not furnish, to any extent, the context of the charges in this case. As detailed above, Massey's non-fatal days lost rate has no relationship to Massey's compliance with mine-safety standards; thus, its revision of its non-fatal days lost rate has absolutely no bearing on the question of whether Mr. Blankenship conspired to intentionally violate mine-safety standards. And the Letter, drafted in September of 2010, does not contribute any probative information on the issue of whether Mr. Blankenship made false statements in April of 2010 concerning Massey's compliance with mine-safety standards. The proffered evidence is simply unnecessary to the crimes alleged in the Indictment, and should be excluded.

**Unfair prejudice and confusion.** Finally, whatever probative value the Letter has – which, as explained above, is none – is vastly outweighed by the unfair prejudice and confusion it will create. "'The prejudice which [Rule 404(b)] is designed to prevent is jury emotionalism or irrationality. A court should exclude evidence when 'there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence.'" *Hernandez*, 975 F.2d at 1041 (citations omitted). Put differently, "[t]he term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

4

Although the government's disclosure of this evidence makes no insinuation that Mr. Blankenship was culpable for the revision, the government is clearly attempting to use the letter to imply that the company Mr. Blankenship headed made misleading statements on multiple occasions. This is nothing more than propensity evidence – and extremely attenuated propensity evidence at that. This is precisely the type of unfairly prejudicial evidence that the rule and caselaw aims to prevent, and the Court should therefore exclude the evidence from this case.

Finally, while the government has refused to identify the purpose for which it intends to use the Letter despite the defense's multiple requests for that information, the defense anticipates that the government may introduce the Letter to argue that Massey's reported non-fatal days lost rate was somehow intentionally misstated. If the government intends to do so, that is further confirmation of the fact that the Letter – along with any argument in that regard – will unfairly prejudice Mr. Blankenship and confuse the issues and the jury. Mr. Blankenship has not been charged in connection with making any allegedly false statements as to Massey's non-fatal days lost rate. In fact, Mr. Blankenship has not been charged in relation to any aspect whatsoever of Massey's non-fatal days lost rate. To allow the government to put Mr. Blankenship on trial for alleged intentional misrepresentation of Massey's non-fatal days lost rate will unfairly prejudice him, will confuse the issues in this case as well as the jury, and will only serve to inflame the jury in an unfair quest to convict him. Again, Rule 404(b) (and Rule 403) prevents the admission of this type of evidence for this very reason, and the Court should exclude the Letter and prohibit the government from making any argument against Mr. Blankenship that Massey's non-fatal days lost rates were intentionally misstated.

**b.     The Letter is inadmissible under Rule 402 and 403.**

To the extent that Rule 404(b) is deemed inapplicable, the Letter is inadmissible under Federal Rule of Evidence 402 and 403 for the very reasons set forth above: irrelevance and unfair prejudice.

## CONCLUSION

For the foregoing reasons, the defense respectfully requests that the Court exclude from trial all evidence, testimony, or argument related to the Letter, or to Massey's revision of its non-fatal days lost rates.

Dated: August 18, 2015                                        Respectfully submitted,

/s/ William W. Taylor, III
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Washington, DC 20036
202-778-1800 (phone)
202-841-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

  /s/ James A. Walls
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
P.O. Box 615
Morgantown, WV 26501
304-291-7947 (phone); 304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DONALD L. BLANKENSHIP )<br>) | Criminal No. 5:14-cr-00244 |

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 18th day of August, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1239
Huntington, WV 25714-1239

/s/ James A. Walls
James A. Walls (WVSB #5175)