IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 5:14-cr-00244 |
| DONALD L. BLANKENSHIP | ) ) ) | |

DEFENSE MOTION FOR PRELIMINARY DETERMINATION
OF THE ADMISSIBILITY OF PURPORTED CO-CONSPIRATOR
STATEMENTS AND ACTS UNDER FED. R. EVID. 104

In connection with Count One of the superseding indictment, the defense anticipates that the government will seek to offer into evidence against Mr. Blankenship acts and statements of purported co-conspirators. Such evidence, however, only is admissible against Mr. Blankenship if, among other things, it is established as a foundational matter that the alleged conspiracy existed and that Mr. Blankenship was a member of it. Here, however, the government has not identified a single alleged co-conspirator, and the defense is not aware of any evidence that Mr. Blankenship joined any alleged conspiracy. Accordingly, the defense hereby moves pursuant to Fed. R. Evid. 104 for a preliminary determination by the Court as to whether sufficient proof of a conspiracy – and Mr. Blankenship's membership in it – exists to allow any co-conspirator acts or statements into evidence. The defense requests that, as part of this preliminary process, the Court order the government to offer "proof sufficient to support a finding" that such foundational facts exist. Fed. R. Evid. 104(b).

**Relevant Factual Background**

The superseding indictment alleges a conspiracy "to willfully violate mandatory federal mine safety and health standards" and "to defraud the United States" by impairing "the lawful

and legitimate functions of DOL and its agency MSHA" and by depriving the United States "of money that it otherwise would have received." ECF No. 169 ¶ 87. Although the indictment contains conclusory references to "others known and unknown to the Grand Jury," the indictment does not identify *any* co-conspirator. Nor, apart from boilerplate, does the indictment allege any *agreement* between Mr. Blankenship and anyone else, or any agreement between other purported co-conspirators, to violate mine safety standards or to defraud the United States.

Nor has the material the government provided in discovery supplied this information. Indeed, the defense has not located in the government's production any evidence of an agreement to commit willful mine safety violations or to defraud the United States – much less any identification of co-conspirators. And the government, of course, has declined to provide a bill of particulars identifying alleged co-conspirators.[1]

## Argument

As set forth in Fed. R. Evid 104(a), "whether . . . evidence is admissible" is a "preliminary question" for the Court. Moreover, "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." Fed. R. Evid. 104(b). In other words, the proponent of evidence must lay a proper foundation for its admission so that the Court, after conducting whatever preliminary evidentiary proceeding may be necessary, can decide whether the foundation has been established. The rule expressly contemplates that "[t]he judge makes a preliminary determination whether the foundation evidence is sufficient …." Advisory Committee Note to 1972 Proposed Rule. And

---

[1] By contrast, in *United States v. Speciale*, Crim. Action No. 1:10CR61, 2011 WL 398880, at *4 (N.D. W. Va. Feb. 4, 2011), the Court relied on the "production of evidence of other co-conspirators as required by the scheduling order" in that case, as a reason a hearing on the existence of a conspiracy was not necessary.

2

in determining such preliminary questions, the Court may conduct a hearing if justice so requires. Fed. R. Evid. 104(c)(3).

Such a process is required here. This is the rare case where the government has not identified even a single alleged co-conspirator, much less any evidence establishing the existence of a conspiracy and Mr. Blankenship's membership in it. Yet the government very well may attempt to admit statements of alleged co-conspirators (the defense does not even know what they may be or who they may come from), and it most certainly will attempt to admit conduct of alleged co-conspirators.

To admit a co-conspirator's statement, however, "[f]irst, there must be a conspiracy. Second, both the declarant and the defendants must be part of that conspiracy. And third, the statements must be made both during the course of and in furtherance of that conspiracy." *United States v. Saneaux*, 365 F. Supp. 2d 493, 498 (S.D.N.Y. 2005). The Court can consider the purported co-conspirator statements as part of the foundation, *Bourjaily v. United States*, 483 U.S. 171 (1987), but there must also be independent evidence of the conspiracy. Fed. R. Evid. 801(d)(2) ("The statement must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it"); *id.*, Advisory Committee Note to 1997 Amendment (collecting cases holding that there must be proof in addition to the statements). The Fourth Circuit requires "substantial" evidence, independent of the statements themselves, in order to establish admissibility. *United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983). By logical extension, the same standard should apply before admitting acts of co-conspirators.

Because the record here fails to reveal the identities of any alleged co-conspirators, or a basis for even a preliminary finding of a conspiratorial agreement, the Court must preliminarily determine pursuant to Rule 104 whether there is a sufficient foundation to permit introduction of

such evidence. While the Fourth Circuit does not require a prior hearing to determine the existence of a conspiracy in all cases, it does not prohibit one either. *Id.*[2] And regardless, whether by hearing or not, a preliminary determination is necessary. At a minimum, the Court must order the government to make a written proffer so that it can determine under Rule 104 whether there is "proof sufficient to support a finding" that the necessary foundational facts exist. Fed. R. Evid. 104(b). Courts often make such initial determinations on the basis of declarations setting forth the evidence of a conspiracy, as recommended in *United States v. Andrus*, 775 F.2d 825, 837 (7th Cir. 1985). *See, e.g. United States v. Bainbridge Mgmt., L.P.*, Nos. 01 CR 469-1 & 469-6, 2002 WL 31006135 (N.D. Ill. Sept. 5, 2002); *United States v. Hassan*, No. 98 CR 0613, 1998 WL 778078 (N. D. Ill. Oct. 29, 1998).

While Rule 104 permits the *conditional* admission of such evidence subject to laying a foundation later in the trial, as the Fourth Circuit noted in *Hines*, the consequence of conditionally admitting purported co-conspirators' statements and getting it wrong is a mistrial or dismissal. *Hines,* 717 F.2d at 1488. Here, given the silence of the record on the identity of any alleged co-conspirators and on any alleged conspiratorial agreement, the risk of mistrial – not only on Count One, but also on Counts Two and Three – is real and articulable. A preliminary determination is required.

## Conclusion

For the reasons set forth above, the defense respectfully requests pursuant to Rule 104 that the Court make a preliminary determination as to whether sufficient proof of a conspiracy – and Mr. Blankenship's membership in it – exists to allow any co-conspirator acts or statements

---

[2] Other Circuits express a preference for a prior determination. *United States v. Ammar*, 714 F.2d 238 (3d Cir. 1983); *United States v. James*, 590 F.2d 575 (5th Cir. 1979); *United States v. Stephenson*, 53 F.3d 836 (7th Cir. 1995) (proffer); *United States v. DuFriend*, 691 F.2d 948 (10th Cir. 1982); *United States v. Lopez-Gutierrez*, 83 F.3d 1235 (10th Cir. 1996); *United States v. Jackson*, 627 F.2d 1198 (D.C. Cir. 1980).

into evidence and that, in doing so, the Court require the government to offer "proof sufficient to support a finding" that such foundational facts exist. Fed. R. Evid. 104(b).

Dated: August 18, 2015　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　 */s/ William W. Taylor, III*
　　　　　　　　　　　　　　　　　　　　William W. Taylor, III
　　　　　　　　　　　　　　　　　　　　Blair G. Brown
　　　　　　　　　　　　　　　　　　　　Eric R. Delinsky
　　　　　　　　　　　　　　　　　　　　R. Miles Clark
　　　　　　　　　　　　　　　　　　　　Steven N. Herman
　　　　　　　　　　　　　　　　　　　　ZUCKERMAN SPAEDER LLP
　　　　　　　　　　　　　　　　　　　　1800 M Street, NW, Suite 1000
　　　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　　　202-778-1800 (phone) / 202-822-8106 (fax)
　　　　　　　　　　　　　　　　　　　　wtaylor@zuckerman.com
　　　　　　　　　　　　　　　　　　　　bbrown@zuckerman.com
　　　　　　　　　　　　　　　　　　　　edelinsky@zuckerman.com
　　　　　　　　　　　　　　　　　　　　mclark@zuckerman.com
　　　　　　　　　　　　　　　　　　　　sherman@zuckerman.com

　　　　　　　　　　　　　　　　　　　　 */s/ James A. Walls*
　　　　　　　　　　　　　　　　　　　　James A. Walls (WVSB #5175)
　　　　　　　　　　　　　　　　　　　　SPILMAN THOMAS & BATTLE, PLLC
　　　　　　　　　　　　　　　　　　　　48 Donley Street, Suite 800
　　　　　　　　　　　　　　　　　　　　Morgantown, WV 26501
　　　　　　　　　　　　　　　　　　　　304-291-7947 (phone) / 304-291-7979 (fax)
　　　　　　　　　　　　　　　　　　　　jwalls@spilmanlaw.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Donald L. Blankenship*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 18th day of August, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1239
Huntington, WV 25714-1239

                                               */s/ Eric R. Delinsky*
                                               Eric R. Delinsky