IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal No. 5:14-cr-00244 |
| ) | |
| **DONALD L. BLANKENSHIP** ) | |

### DEFENSE MOTION TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT RELATED TO CITATIONS ISSUED AT UBB

The superseding indictment makes clear that the government will attempt to use as a centerpiece of its case the MSHA citations issued to UBB during the indictment period. None of these regulatory citations, however, were issued for *willful* conduct – indeed, hundreds upon hundreds were issued for mere negligence – and thus none bear on the alleged conspiracy to willfully violate mine-safety standards. Accordingly, none of these citations – nor any reports of them – is relevant under Federal Rule of Evidence 402. Moreover, their admission would confuse the issues and unfairly prejudice Mr. Blankenship under Rule 403. For these reasons and those set forth below, the defense hereby moves to exclude all evidence of and reference to the MSHA citations issued to UBB during the indictment period and any reports of them.[1]

### BACKGROUND

The superseding indictment makes repeated references to citations issued by MSHA at UBB during the indictment period. The government, presumably, will try to introduce this evidence at trial.

---

[1] Although not raised in this motion, which concerns only Federal Rules of Evidence 402 and 403, the defense does not waive and hereby reserves other objections to this evidence, including hearsay and Confrontation Clause objections. *See* Fed. R. Evid. 803(8); *Crawford v. Washington*, 541 U.S. 36 (2004); *United States v. Crockton*, 224 Fed. App'x 227 (4th Cir. 2007).

First, the government alleges that "UBB was cited approximately 835 times for violations of mandatory federal mine safety and health standards" during the indictment period. *See* ECF No. 169 ¶ 8. None of these citations, however, were issued for willful conduct. Moreover, as demonstrated in the attached exhibit, hundreds upon hundreds were issued for mere negligence. *See* Ex. A (samples of citations issued to UBB during the indictment period).

Second, the government identifies in the indictment thirteen specific citations issued at UBB during the indictment period. *See* ECF No. 169 ¶¶ 17-33. In keeping with the above, and as demonstrated in the attached exhibit, all thirteen of these citations were issued for *negligent* – not willful – conduct. *See* Ex. B (thirteen citations to which paragraphs 17-33 of the superseding indictment refer).

Third, the indictment alleges that during the indictment period, Mr. Blankenship received regular reports of citations issued at UBB. *See* ECF No. 169 ¶¶ 40-46. None of these reports identified any of the citations as being for willful conduct. *See* Ex. C (sample daily citation report). Indeed, as noted above, none of the citations were issued for willful conduct.

In fact, throughout the indictment period, MSHA reviewed dozens of citations issued for alleged violations at UBB to determine whether any might be knowing or willful. MSHA officials concluded that none of the citations even warranted an investigation on the issue and, in so doing, signed certifications stating either that it did not appear that the violation was possibly knowing or willful or that no further action was recommended. *See* Ex. D (MSHA review of UBB citations).

## ARGUMENT

Evidence related to citations issued for non-willful mine safety violations at UBB is not relevant to the charges against Mr. Blankenship. Even if it was relevant, such evidence would

pose a significant risk of confusing and unfairly prejudicing the jury. Any such evidence is therefore inadmissible and must be excluded from this case.

### A. Relevance

Only relevant evidence is admissible at trial. Fed. R. Evid. 402. Relevant evidence is that which has any tendency to make a fact of consequence in determining the action more or less probable. Fed. R. Evid. 401. In this case, evidence related to regulatory citations for non-willful safety violations is irrelevant and thus inadmissible at trial.

Count One of the superseding indictment charges Mr. Blankenship with a conspiracy, among other things, "to *willfully* violate mandatory federal mine safety and health standards at UBB, in violation of Title 30, United States Code, Section 820(d)." ECF No. 169 ¶¶ 87(a) (emphasis added). Likewise, § 820(d) imposes criminal penalties only on operators "who *willfully* violate[] a mandatory health or safety standard." 30 U.S.C. § 820(d) (emphasis added). A violation that results from something other than willfulness – whether it be inadvertence, negligence, or something else – is not criminal and is subject only to a civil penalty. *See* 30 U.S.C. § 820(a); *United States v. Jones*, 735 F.2d 785, 789 (4th Cir. 1984) (willfulness excludes "accidental, mistaken, or other innocent acts"). Thus, in order to prevail on Count One, the government must prove that Mr. Blankenship intended to commit or intended for a coconspirator to commit *willful* violations of federal mine-safety standards. *See Ingram v. United States*, 360 U.S. 672, 678 (1959) ("Conspiracy to commit a particular substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense itself") (citation omitted); *United States v. Potter*, 583 Fed. App'x 178, 179 (4th Cir. 2014) (unpublished).

Accordingly, the 835 citations for non-willful violations that are referenced in the indictment are irrelevant. Because § 820(d) only reaches willful violations, and because the 835 citations do not allege willful violations, the 835 citations (and the reports concerning them) have absolutely no bearing on whether Mr. Blankenship conspired to violate § 820(d) and thus on Count One.

Nor are the citations relevant to Counts Two and Three. These counts charge Mr. Blankenship with making false statements to the government and with securities fraud because he allegedly approved the issuance of the following statements: "[w]e [Massey] do not condone any violation of MSHA regulations," and "we [Massey] strive to be in compliance with all regulations at all times." ECF No. 169 ¶¶ 101-04. The government claims these statements were false because "at the time these statements were made, Defendant was a *willful* participant in a conspiracy to *willfully* commit routine violations of MSHA regulations at UBB. . . . If these latter allegations are true . . . they would show that the statements . . . were false." ECF No. 129 at 23-24 (emphasis added); *see also id.* at 32-33. In other words, Counts Two or Three depend, like Count One, on whether Mr. Blankenship conspired to "*willfully* commit routine violations" of mine safety regulations at UBB. *Id.* at 23-24 (emphasis added). Evidence related to non-willful violations, then, is irrelevant to these charges as well.

Because it is irrelevant, any evidence related to non-willful safety citations – including without limitation, the 835 citations referenced in the indictment and the reports of them also referenced in the indictment – must be excluded from this case.

B. **Unfair Prejudice and Confusion**

Relevant evidence must be excluded from trial if its probative value is substantially outweighed by the danger of confusing the jury or of unfair prejudice. *See* Fed. R. Evid. 403. In

4

this case, even if evidence related to non-willful mine safety violations at UBB was relevant – and, as already shown, it is not – it would be inadmissible because its probative value would be vastly outweighed by the risk of jury confusion and unfair prejudice.

First, evidence related to non-willful safety violations poses a significant risk of confusing the jury as to the mental state required for the crimes charged. As explained above, Mr. Blankenship is charged with a conspiracy to <u>*willfully*</u> violate mine safety standards, and to cover up that alleged conspiracy by issuing false statements denying its existence. Evidence of non-willful safety violations – especially a large number of them, as claimed in the indictment – threatens to dilute the *mens rea* requirement in this case. Non-willful safety violations are insufficient to make out an § 820(d) violation, and evidence related to them may thus confuse the jury about exactly what is necessary to establish the charged offenses here.

Second, evidence related to non-willful safety violations threatens to inflame the passions of the jury. "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997); *see also* Fed. R. Evid. 403 advisory committee note, 1972 Proposed Rules ("'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly . . . an emotional one"). Here, the jury may seek to punish Mr. Blankenship for the non-willful safety violations, even though the charges against him turn only on whether he conspired to willfully violate safety standards. The numerosity of the citations, in particular, threatens to cast Mr. Blankenship in an unfairly negative light by suggesting careless management or insufficient attention to safety – neither of which is a basis for conviction. Evidence related to non-willful

violations may therefore "lure" the jury to convict Mr. Blankenship for heading a company with large numbers of *non-willful* violations, rather than for conspiring to commit *willful* violations.

Because, even if it was relevant, it would pose a substantial risk of jury confusion and unfair prejudice, evidence related to non-willful safety violations must be excluded from trial.

## CONCLUSION

For the foregoing reasons, the defense respectfully requests that the Court exclude from trial all evidence, testimony, or argument related to citations issued by MSHA at UBB during the indictment period.

Dated: August 18, 2015

Respectfully submitted,

 /s/ William W. Taylor, III
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone) / 202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

 /s/ James A. Walls
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304-291-7947 (phone) / 304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 18th day of August, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1239
Huntington, WV 25714-1239

                                                /s/ Eric R. Delinsky
                                               Eric R. Delinsky