IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 5:14-cr-00244 |
| DONALD L. BLANKENSHIP | ) ) ) | |

**<u>DEFENSE MOTION TO EXCLUDE RULE 404(b) TESTIMONY OF DAVID HUGHART</u>**

The government has notified the defense that it may offer, under Federal Rule of Evidence 404(b), testimony from David L. Hughart regarding matters unrelated to the Upper Big Branch Mine.

According to the government's notices of Hughart's proposed Rule 404(b) testimony, Hughart was president of Massey subsidiary Green Valley Coal Company from 2000 to 2010. Green Valley included White Buck Coal Company, which owned the White Buck Mines.  In 2013, Hughart pled guilty to a two-count information charging a conspiracy to defraud the United States and a conspiracy to violate mine safety standards and was sentenced to 42 months imprisonment.  The government states that Hughart will provide the following testimony:

1. "Testimony consistent with his plea agreement and accompanying stipulation of facts."  Those plea documents do not mention Upper Big Branch mine (UBB).  They describe conduct by Hughart and conditions and practices at the White Buck mines dating back as early as 2000, long before the indictment period in this case.

2. Testimony about safety violations at the White Buck mines.

3. Testimony that Hughart was under pressure by Mr. Blankenship and Chris Adkins to run coal "to the exclusion of safety" at White Buck mines, which did not include UBB.

4. Testimony about nine documents, which the government describes as follows: (a) 2002 Massey Safety Development Group meeting notes that state that at a meeting of the group, a person other than Mr. Blankenship, who was not present at the meeting, stated that Massey upper management was focusing too much on production and not taking safety seriously; (b) a 2004 memorandum from Mr. Blankenship to group presidents regarding "deep mine productivity"; (c) a 2005 memorandum from Mr. Blankenship to group presidents entitled "running coal"; (d) five memoranda or notes in 2008 and 2009 from Mr. Blankenship to Hughart regarding production and/or man hours at mines in Hughart's group, which did not include UBB; and (e) a 2009 memorandum from Mr. Blankenship to group presidents regarding controlling costs.

5. Testimony that Hughart "never received memoranda or other communications chastising him for failure to comply with health and safety standards in general, and specifically those related to rock dusting, coal dust control, roof control, or failure to follow the ventilation plan."

6. Testimony that at some unspecified time, Hughart, "as president of the Green Valley Coal Group," had a discussion with Mr. Blankenship about citations written by MSHA inspectors, and Mr. Blankenship "inquired how certain problems could have existed when Mr. Hughart knew that an inspector was going to be in the mine and which area of the mine he would be in."

The government's notices state, without any explanation, that the testimony by Hughart is admissible to show Mr. Blankenship's knowledge, intent, motive, and common scheme or plan.

## ARGUMENT

### NONE OF THE PROPOSED RULE 404(B) TESTIMONY BY HUGHART SHOULD BE ADMITTED.

In order for Rule 404(b) evidence to be admitted:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*United States v. McBride*, 676 F.3d 385, 396 (4th Cir. 2012) (quoting *United States v. Johnson*, 617 F.3d 286, 296-97 (4th Cir. 2010)). Applying this test, it is clear that none of the proposed testimony by Hughart is admissible.

### A. The Proposed Testimony Does Not Meet the Rule 404(b) Standards of Relevance and Probity Because It Concerns Mines Other Than UBB.

All of the proposed testimony by Hughart must be excluded because it does not meet the relevance and probity standards for Rule 404(b) evidence. Hughart was president of a mining group that did not include UBB. All of the testimony from Hughart that the government seeks to admit concerns mines other than UBB. The indictment specifically states that Mr. Blankenship is charged with conspiring to willfully violate mine-safety standards and impede MSHA "at UBB," not at any other mine. ECF No. 169 ¶ 87(a). What happened at the White Buck mines – distinct locations run by distinct subsidiaries with distinct issues and conditions – is wholly irrelevant to what happened at UBB.

### B. The Proposed Testimony Is Unnecessary.

The testimony from Hughart also is unnecessary. "[E]vidence is 'necessary,' for purposes of establishing an exception under Rule 404(b), when that evidence 'is an essential part of the crimes on trial' or when that evidence 'furnishes part of the context of the crime.'" *McBride*, 676 F.3d at 398 (quoting *United States v. Rawle*, 845 F.2d 1244, 1247 n.4 (4th Cir. 1988)). For example, the Fourth Circuit has held that 404(b) evidence is "necessary" if it establishes an essential element of the crime charged, or if it explains what led the defendant to commit that crime. *See id.* (citing *Rawle*, 845 F.2d at 1245, 1248 and *United States v. Wells*, 163 F.3d 889, 892, 896 (4th Cir. 1998)). "The necessity prong must be analyzed in 'light of other evidence available to the government.' . . . [I]f the Rule 404(b) evidence is entirely cumulative to other non-Rule 404(b) evidence available to the government, the Rule 404(b) evidence may not meet the necessity prong." *United States v. Lighty*, 616 F.3d 321, 354 (4th Cir. 2010) (citation omitted). There are hundreds of employees of Massey who worked in UBB or managed UBB, including individuals at Hughart's management level who, unlike him, had responsibilities related to UBB. The government is free to present testimony from those individuals and undoubtedly will do so. Those individuals can testify about the conditions and practices at UBB. Hughart cannot. The government has no need for Rule 404(b) evidence from a mining group president who had no involvement with UBB.

### C. The Proposed Testimony About Events and Conditions Preceding the Indictment Period Does Not Meet the Rule 404(b) Standards for Relevance and Probity.

A significant portion of the proposed testimony concerns events and conditions occurring prior to the indictment period, such as those dating back as early as 2000 underlying Hughart's plea and those related to documents from 2002, 2004, and 2005. The government conspicuously avoided disclosing the time period for certain other categories of testimony it proposes to admit.

4

Testimony about events and conditions that precede the indictment period should be excluded for the additional reason that they are too remote and therefore irrelevant and not probative. The Fourth Circuit has previously deemed inadmissible 404(b) evidence related to events that occurred one-and-a-half years before the charged conduct, explaining that "such a significant passage of time ha[s] the effect of attenuating any relevance that could be afforded to the evidence." *McBride*, 676 F.3d at 397; *see also Johnson*, 617 F.3d at 298 (404(b) evidence inadmissible when it concerned conduct that occurred nearly five years before charged conspiracy); *United States v. Hernandez*, 975 F.2d 1035, 1037, 1041 (4th Cir. 1992) (404(b) evidence inadmissible when it concerned conduct that occurred more than six months before charged conspiracy). These cases preclude admission of the proposed testimony from Hughart about remote events.

### D. The Proposed Testimony About the 2005 "Running Coal" Memorandum Is Inadmissible.

The 2005 memorandum from Mr. Blankenship to deep mine superintendents regarding "running coal" is the subject of Mr. Blankenship's Motion to Exclude Evidence, Testimony, or Argument Related to a 2005 Memorandum Entitled "Running Coal." For the additional reasons stated in that motion, Hughart's testimony about that memorandum should be excluded.

### E. The Proposed Testimony About the 2002 Massey SDG Meeting Notes Is Inadmissible.

The proposed testimony about a comment made at a 2002 Massey Safety Development Group meeting that Mr. Blankenship did not attend is inadmissible for additional reasons. Quite apart from the failure to satisfy Rule 404(b), the testimony is double hearsay with no applicable hearsay exception.

### F. The Proposed Testimony, If Probative, Is Substantially Outweighed by Its Prejudicial Impact and the Confusion It Will Cause.

Whatever probative value the proposed testimony supposedly has – and, as explained above, it has none – is vastly outweighed by the unfair prejudice and confusion it will create.

First, the proposed testimony will confuse the jury. The testimony will be confusing, because it focuses the jury on events, conditions, and communications involving Massey mines other than the relevant one – UBB. The testimony also will result in a confusing mini-trial about the conditions and practices at the White Buck mines. *See United States v. Hill,* 322 F.3d 301, 306 (4th Cir. 2003); *United States v. Custis*, 988 F.2d 1355, 1359 n.1 (4th Cir. 1993).

The evidence also would be unfairly prejudicial. "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States,* 519 U.S. 172, 180 (1997). Hughart's testimony focuses on the White Buck mines under his supervision, and the White Buck Coal company entered a guilty plea to willfully violating mine safety laws. The government seeks to admit into evidence that guilty plea. *See* Motion to Exclude Evidence, Testimony, or Argument Related to Massey Subsidiaries' Guilty Pleas. Testimony about conditions at a mine that admitted willful criminal violations unfairly suggests that criminal violations occurred at UBB as well. The government also seeks to admit testimony from Hughart about his guilty plea to conspiracies to defraud the government and to willfully violate mine safety laws, the same charges brought against Mr. Blankenship. If admitted, which will be over defense objection, the guilty pleas likewise will suggest that the conditions and practices at the White Buck mines also existed at UBB. That is false and unfair, and it is highly prejudicial.

### G. The Proposed Testimony Is Inadmissible under Rules 402 and 403.

The proposed testimony by Hughart not only is inadmissible under Rule 404(b), it also is inadmissible under Federal Rules of Evidence 402 and 403. First, Rule 402 holds that evidence must be relevant to be admissible. For the reasons stated above, the proposed testimony is not relevant to the charges against Mr. Blankenship. Second, Rule 403 states that even relevant evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or confusion. As also explained above, to the extent the proposed testimony has any probative value (which it does not), it is vastly outweighed by the danger of unfair prejudice and confusion.

### CONCLUSION

For the foregoing reasons, the defense respectfully requests that the Court exclude from trial all of the proposed testimony of David Hughart.

Dated: August 18, 2015

Respectfully submitted,

 /s/ William W. Taylor, III
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone) / 202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

    */s/ James A. Walls*
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304-291-7947 (phone) / 304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 18th day of August, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1239
Huntington, WV 25714-1239

                                                 */s/ Eric R. Delinsky*
                                                 Eric R. Delinsky