IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 5:14-cr-00244 |
| DONALD L. BLANKENSHIP | ) ) ) | |

### DEFENSE MOTION TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING ALLEGED OMISSION OF MATERIAL FACTS

Count Three of the superseding indictment purports to charge Mr. Blankenship with securities fraud for allegedly making or causing to be made <u>false</u> statements of material fact to the market. While Count Three parrots the plain language of Rule 10b-5, which also refers to omission claims, the superseding indictment specifies that the charge is based exclusively on affirmative statements that are alleged to be demonstrably false. It does not identify a single material fact that allegedly was omitted from the statements at issue or allege how an omission rendered the statements misleading (*i.e.*, literally true, but misleading due to an omission). The superseding indictment therefore charges a securities fraud offense <u>only</u> under a false statements theory and not under an omissions theory. For that reason, and those explained below, evidence, testimony, or argument regarding alleged omission of material facts are irrelevant and inadmissible and must be excluded from trial.

### BACKGROUND

A.   The Superseding Indictment

Count Two of the superseding indictment purports to charge Mr. Blankenship with (1) making and causing to be made materially <u>false</u> statements and (2) making and using, and causing to be made and used, a <u>false</u> document and writing in a matter within the jurisdiction of

the U.S. Securities and Exchange Commission ("SEC"), in violation of 18 U.S.C. §§ 1001(a)(2) & (3) and 18 U.S.C. § 2. ECF No. 169 ¶ 102. According to the superseding indictment, Mr. Blankenship violated the federal false statements statute "to wit, by filing and causing to be filed with the SEC a document containing statements, entries, and representations including the following: '[w]e [Massey] do not condone any violation of MSHA regulations' and 'we [Massey] strive to be in compliance with all regulations at all times,' which BLANKENSHIP then and there well knew were false, fictitious and fraudulent." *Id.*

Count Three, in turn, purports to charge Mr. Blankenship with securities fraud, in violation of 15 U.S.C. § 78ff, 17 C.F.R. § 240.10b-5 ("Rule 10b-5"), and 18 U.S.C. § 2. ECF No. 169 ¶ 104. According to the superseding indictment, Mr. Blankenship committed the offense "in that" he did "make and cause to be made the statements, '[w]e [Massey] do not condone any violation of MSHA regulations' and '[w]e [Massey] do not condone any violation of Mine Safety and Health Administration (MSHA) regulations,' and 'we [Massey] strive to be in compliance with all regulations at all times,'" in connection with the sale and purchase of Massey common stock. *Id.* Quoting the applicable language of Rule 10b-5—and consistent with Count Two, in which the statements have to be <u>false</u> to support a false statements charge—Count Three alleges that the statements contained "untrue statements of material fact." *Id.* In other words, the securities fraud offense charged in Count Three is based on the same statements, and on the same theory, that underlie the false statements offense charged in Count Two.

In setting out this offense, Count Three quotes the plain language of subsection (b) of Rule 10b-5, which also refers to omission claims. *See* ECF No. 169 ¶ 104.[1] This language, however, is just boilerplate. The charge goes on to allege that Mr. Blankenship committed the offense of securities fraud "in that" he made or caused to be made allegedly untrue statements of material fact. *Id.* (emphasis added). It does not describe any alleged omission or allege how the addition of any fact would have made the statements not misleading. In other words, the superseding indictment does not allege that the statements were literally true or half-truths, but nevertheless misleading due to an omission. It alleges that the statements were affirmatively false.

    B.    **Motions to Dismiss and Rulings Thereon**

At the motion to dismiss stage, the government vigorously argued that, if the government can prove the allegations in Count One of the superseding indictment, then the statements underlying Counts Two and Three were demonstrably false. According to the government, if Mr. Blankenship and others at Massey "were willfully conspiring to commit routine safety violations and cover them up, then it necessarily was false to say that Massey did not condone such violations and strived to be in compliance with all regulations at all times." ECF No. 129 at 24 (emphasis added); *see also id.* at 33 (arguing that the allegations in Count One, if accepted as true, "readily establish that the statements in question were false") (emphasis added).

In separate opinions, the Court agreed with the government that the statements at issue are capable of being proven false and therefore denied defense motions to dismiss Counts Two and Three. Specifically, it held that the allegations in the superseding indictment "support a

---

[1] Subsection (b) of Rule 10b-5 makes it unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange "[t]o make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading" (emphasis added).

showing that the statements were <u>objectively false</u>." ECF No. 218 at 9 (emphasis added); *see also* ECF No. 219 at 8 (holding that "the indictment alleges sufficient facts that would, if proven true, establish that the respective statements were <u>false</u>") (emphasis added).

## ARGUMENT

### I. COUNT THREE DOES NOT STATE A SECURITIES FRAUD OFFENSE BASED ON THE OMISSIONS PRONG OF RULE 10B-5.

As the Supreme Court reaffirmed earlier this year, "a viable omissions claim" under the federal securities laws "cannot proceed" without identification of the particular facts allegedly omitted from the disclosure at issue. *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1333 (2015). The Court held that mere "recitation of the statutory language—that [the defendant] 'omitted to state facts necessary to make the statements made not misleading'—is not sufficient." *Id.* This bedrock principle of securities law applies with equal vigor to a criminal indictment charging a securities fraud offense. An indictment "must do more than simply repeat the language of the criminal statute. … [I]t must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Russell v. United States*, 369 U.S. 749, 764, 765 (1962) (collecting cases); *see* Fed. R. Crim. P. 7(c)(1).

Because the superseding indictment merely parrots the text of Rule 10b-5(b) (including the language on omissions), goes on to specify that Mr. Blankenship allegedly committed the offense "in that" he made allegedly untrue statements (and not omissions), and does not identify a single material fact that allegedly was omitted from the statements made or allege how an omission rendered the statements merely misleading, Count Three does not charge a securities fraud offense under an omissions theory. *See Hamling v. United States*, 418 U.S. 87, 118 (1974) ("Where guilt depends so crucially upon such a specific identification of fact, our cases have

4

uniformly held that an indictment must do more than simply repeat the language of the criminal statute.") (citation omitted); *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014) (holding that, in addition to "the words of the statute itself," "the indictment must also contain a statement of the *essential facts* constituting the offense charged") (emphasis in original) (citations omitted); *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002) ("[S]imply parroting the language of the statute in the indictment is insufficient."); *United States v. Hooker*, 841 F.2d 1225, 1227 (4th Cir. 1988) ("[I]n testing the sufficiency of an indictment, it is the *statement of facts* in the pleading, rather than the statutory citation that is controlling.") (emphasis added) (citations and internal quotation marks omitted).

Not only is an omission offense not charged, but such an allegation would be incompatible with the offense that is charged in Count Three. An omission claim lies only when the omission of a material fact makes the statement at issue, "even if literally accurate, misleading to an ordinary investor." *Omnicare*, 135 S. Ct. at 1327-28. The superseding indictment makes no allegation that the statements were literally true, but nevertheless misleading due to some omitted fact. To the contrary, it alleges loudly, clearly and consistently that the statements made were, by themselves, demonstrably false. *See Joseph v. Wiles*, 223 F.3d 1155, 1162-63 (10th Cir. 2000) (recognizing the clear distinction between securities fraud claims based on "omissions" and those based on "affirmative misrepresentations").

Because Count Three of the superseding indictment does not charge a securities fraud offense based on the omission prong of Rule 10b-5, evidence, testimony, or argument regarding alleged omission of material facts are irrelevant and inadmissible and must be excluded from trial.

## II. AN OMISSION THEORY IS IRRECONCILABLE WITH THE FALSE STATEMENTS OFFENSE CHARGED IN COUNT TWO.

That Count Three does not charge an omission offense is confirmed by Count Two. Count Two, which is based on the same statements as Count Three, charges false statements (not omissions) under two provisions of the federal false statements statute, 18 U.S.C. § 1001(a)(2) & (3), which do not reach omissions. The plain text of these provisions concern only <u>false</u> statements or writings. Thus, <u>as a matter of law</u>, Count Two cannot include omissions or statements that are merely misleading. "An indictment [under § 1001] premised on a statement which on its face is not false cannot survive." *United States v. Vesaas*, 586 F.2d 101, 104 (8th Cir. 1978); *see also*, *e.g.*, *United States v. Baer*, 92 F. App'x 942, 943, 946 (4th Cir. 2004) (affirming dismissal of indictment charging offense under 18 U.S.C. § 1001(a)(2) "on the basis that the statement in question was literally true"; holding that "even deliberate evasiveness" does not provide a basis for prosecution when the statement "is facially correct"); *United States v. Good*, 326 F.3d 589, 592 (4th Cir. 2003) (holding that a defendant cannot be convicted under 18 U.S.C. § 1001 for a statement that is "literally true"); *United States v. Moses*, 94 F.3d 182, 188-89 (5th Cir. 1996) ("We cannot uphold a conviction … where the alleged statement forming the basis of a violation of section 1001 is true on its face"); *United States v. Mandanici*, 729 F.2d 914, 921 (2d Cir. 1984) ("[A] defendant may not be convicted under § 1001 on the basis of a statement that is, although misleading, literally true.").

Simply put, any assertion that the statements in question are misleading by virtue of an omission would be inconsistent with Count Two and would render Count Two insufficient as a matter of law.

## **CONCLUSION**

For the foregoing reasons, the defense respectfully requests that the Court exclude from trial all evidence, testimony, or argument regarding alleged omission of material facts.

Dated: August 18, 2015                                  Respectfully submitted,

                                          */s/ William W. Taylor, III*
                                          William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone) / 202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

 */s/ James A. Walls*
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304-291-7947 (phone) / 304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 18th day of August, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1239
Huntington, WV 25714-1239

 */s/ Eric R. Delinsky*
Eric R. Delinsky