IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 5:14-00244

DONALD L. BLANKENSHIP

**UNITED STATES' RESPONSE TO RENEWED MOTION TO DISMISS COUNT ONE OF THE SUPERSEDING INDICTMENT FOR FAILURE TO STATE AN OFFENSE BY FAILING TO IDENTIFY THE PARTICULAR MANDATORY HEALTH OR SAFETY STANDARDS DEFENDANT CONSPIRED TO WILLFULLY VIOLATE**

Comes now the United States, by counsel, and files this response to Defendant's Renewed Motion to Dismiss Count One of the Superseding Indictment for Failure to State an Offense. For reasons discussed below, the motion should be denied.

## PROCEDURAL HISTORY

By order dated January 5, 2015, the court ordered Defendant to file all motions to dismiss "no later than February 6, 2015." ECF No. 61. Among the 19 motions filed on that date were 12 motions to dismiss the indictment as a whole or in part.

The United States obtained a superseding indictment on March 10, 2015, on which Defendant was arraigned on March 24, 2015. At the arraignment hearing, the magistrate judge granted leave for Defendant to file, within two weeks, any additional motions related specifically to the superseding indictment.

On April 7, 2015, Defendant filed Defense Motion No. 24, Motion to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify Mandatory Health or Safety Standards. ECF No. 203. The United States responded on April 8, 2015, and

Defendant replied on April 15, 2015.  This Court denied Defendant's motion by Memorandum and Opinion Order on June 3, 2015.  ECF No. 266.   Apparently unsatisfied with the Court's ruling after full briefing of the issue, Defendant has filed, out of time, a Renewed Motion to Dismiss Count One of the Superseding Indictment.  ECF No. 299.

In support of his argument, Defendant unconvincingly claims surprise that the United States intends to introduce evidence of specific health and safety violations at Massey Energy Company (Massey).  Defendant continues to confuse the function of an indictment with that of a trial.

Defendant also strains to label as error the Court's prior analysis of Defendant's motion; he argues that the Court, in its June 3, 2015, order, failed to "address whether the superseding indictment properly alleges a conspiracy to willfully violate mine safety standards . . .." ECF No. 299 at 6-7.  The plain language of the Court's opinion belies Defendant's allegation.

As a result, Defendant's motion, once again, should be denied.

## ARGUMENT

### A.    Defendant's Motion is Untimely.

Rule 12 of the Federal Rules of Criminal Procedure requires all motions regarding any defendant in an indictment to be made before trial.  Fed. R. Crim. P. 12(b)(3)(B).  The court sets the deadlines for filing all pre-trial motions.  Fed. R. Crim. P. 12(c)(1).  "If a party does not meet the deadline for making a [pre-trial] motion, the motion is untimely." Fed. R. Crim. P. 12(c)(3).  A court may consider the untimely motion if the filing party shows good cause for the late filing. *Id.*

The court has liberally provided Defendant with sufficient time in which to file his pre-trial motions.  This motion, as the United States pointed out in its original response, could have

been filed under the original deadline of February 6. Instead, Defendant took advantage of the additional time afforded him to file motions relative to the superseding indictment to file his Motion to Dismiss Count One.

Defendant apparently contends that he has "good cause" to file, and have the court consider, his renewed motion out of time because he was unaware that the United States intends to introduce evidence of specific health and safety violations willfully committed by him and others at Massey. Defendant's untenable position is based on the United States' response to his prior motion to dismiss, in which the United States argued that no listing of standards in the indictment is necessary or required to be proven at trial. Defendant now argues that he is surprised to learn, through subsequent government pleadings regarding the cause of Massey's UBB mine explosion, that the United States intends to introduce evidence of specific violations. To borrow a phrase from Defendant, he does not, because he cannot, successfully claim surprise. Therefore, he does not, because he cannot, successfully demonstrate good cause for the court to consider his untimely-filed Renewed Motion to Dismiss.

The superseding indictment in this case, as the court previously noted, is "replete with identification of the particular standard or standards that the Defendant allegedly conspired to willfully violate." ECF No. 266 at 7. The superseding indictment outlines violations of mine ventilation laws involving minimum airflow requirements, mine ventilation plans, required ventilation structures, and mine safety examinations. The superseding indictment also outlines violations regarding water sprays, mine roof and wall supports, explosive coal dust, inadequate rock dusting, advance warning of safety inspections, and fraudulent dust sampling.

In addition, Defendant has received voluminous discovery. Contained in that discovery are hundreds of violation notices of federal mine health and safety standards.

On April 6, 2015, the United States provided notice to Defendant of its intent to introduce expert testimony. Included in that disclosure was a description of anticipated testimony from a mine safety expert. That letter, in pertinent part, reads as follows:

> [The expert's] opinions in connection with this case include citations issued for violations of mandatory federal mine safety and health standards at UBB, maps and other background records regarding UBB, information provided by individuals who witnessed safety-related practices and conditions at UBB, information uncovered by investigations conducted after the explosion at UBB, memoranda and similar documents concerning UBB and Massey's other operations, UBB production reports, and documents concerning staffing at UBB."

April 6, 2015, letter from Steven R. Ruby to defense counsel, pp. 2-4.

One can only wonder how Defendant thought the United States would elicit that expert testimony, in light of the disclosure, without introducing evidence of specific violations.

On May 12, 2015, the United States provided notice of its intent to introduce evidence which possibly implicated Rule 404(b) of the Federal Rules of Evidence. Within that letter, the United States informed Defendant that it intended to introduce testimony concerning specific types of violations at a Massey mine, to include failure to extend/hang curtain, inadequate rock dusting, excessive coal dust/gob, and scrubbers being used in violation of the ventilation plan.

For Defendant to now claim that the United States has somehow made an abrupt shift in its position regarding the conspiracy charged in Count One, in order to manufacture supposed cause for his untimely motion, is disingenuous at best.[1] The United States' position that it need only prove Defendant conspired to violate federal mine health and safety standards generally does not mean the United States does not intend to introduce evidence concerning specific health and safety violations. The motion should be denied as untimely.

---

[1] This response provides a small sampling of ways in which Defendant was clearly on notice that the United States intends to introduce evidence of specific mandatory health and safety violations. Numerous others exist.

4

B.  **The Court Correctly Analyzed the "Offense Prong" of 18 U.S.C. § 371 in its June 3, 2015 Memorandum Opinion and Order.**

Defendant posits that this court erred when it analyzed the alleged agreement to willfully violate mine safety standards as a conspiracy to defraud the United States. ECF No. 299 at 6. Defendant argues that his prior motion dealt exclusively with the "offense against the United States" clause of 18 U.S.C. § 371 and that the superseding indictment is deficient because it "does not identify the particular mandatory federal mine safety or health standards that [Defendant] … conspired to willfully violate." ECF No. 204 at 2-3; ECF 299 at 6. Defendant's position is incorrect.

In its June 3, 2015, order, the court noted the following:

> "It is well settled that in an indictment for conspiring to commit an offense - in which the conspiracy is the gist of the crime - it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy . . .." *Wong Tai v. United States*, 273 U.S. 77, 81 (1927) (internal citations omitted).

ECF No. 266 at 6.

The order also contained the following language:

> "In testing the sufficiency of an indictment, 'it is the statement of facts in the pleading, rather than the statutory citation that is controlling . . ..'" *United States v. Hooker*, 841 F.2d 1225, 1227 (4th Cir. 1988) (citing *United States v. Wuco*, 535 F.2d 1200, 1202 n. 1 (9th Cir. 1976), c*ert.denied*, 419 U.S. 978 (1976)). "Although an offense that is the object of a conspiracy need not be delineated in the indictment with the same particularity as a substantive offense . . . this admonition applies to the statements of fact that 'flesh out' the indictment - not the basic elements of the offense itself." (*Id.* at 1229) (citation omitted).

ECF No. 266 at 6.

It is readily apparent that the Court fully considered Defendant's prior motion and found it wanting. As noted above, and as noted by the Court, the United States has provided factual allegations incorporated by reference in Count One which serve to "'flesh out' the conspiracy

5

charge and fairly inform the Defendant of the nature of the charge and enable him to plead double jeopardy as a defense in a future prosecution for the same offense." ECF No. 266 at 8. The superseding indictment "is replete with identification of the particular standard or standards that the Defendant allegedly conspired to willfully violate." ECF No. 266 at 7.

Defendant, however, continues to argue that *United States v. Kingrea*, 573 F.3d 186 (4th Cir. 2009), requires dismissal of the "offense against the United States" clause of the § 371 conspiracy charged in Count One. ECF No. 299 at 1. *Kingrea*, as this court noted in the June 3 order, is distinguishable. ECF No. 266 at 7.

In *Kingrea*, the defendant was charged in a cock-fighting related conspiracy. Specifically, Kingrea was charged with conspiring to violate 7 U.S.C. § 2156(a)(1), the elements of which were: "(1) knowingly, (2) sponsoring or exhibiting, (3) an animal in, (4) an animal fighting venture, (5) in which any animal was moved in interstate commerce." *Kingrea,* 575 F.3d at 192. However, the indictment omitted the phrase "an animal in" - the third element of the crime. As the *Kingrea* court noted, the statute required "sponsoring of an animal in an animal fighting venture, not simply sponsoring a fighting venture." *Id.* (quotation omitted). As a result, the indictment language "broaden[ed] the character of the crime beyond the scope of the crime as Congress has defined it in the applicable statute. " *Id.*

In the instant case, Defendant is charged in Count One of the superseding indictment with conspiracy "to willfully violate mandatory federal mine safety and health standards at UBB, in violation of Title 30, United States Code, Section 820(d), and Title 18, United States Code, 371." No specific language of a criminal statute is absent from that charge. No "broadening" of statutory language is present in that charge. Defendant is not charged with violating some nebulous health or safety standards. He is very specifically charged with willfully violating

6

federal mine safety and health standards. Defendant is on notice of the crime with which he is charged by way of the language in Count One as well as the detailed factual allegations incorporated by reference therein. The evidence that will prove the violation of federal mine safety and health standards at trial is a matter for trial, not the indictment. *Kingrea*, therefore, is inapplicable.

## CONCLUSION

For the reasons stated above, Defendant renewed motion should, once again, be denied.

Respectfully submitted,

/s/ R. Gregory McVey
R. GREGORY McVEY
Assistant United States Attorney
WV Bar No. 2511
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email:greg.mcvey@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "**UNITED STATES' RESPONSE TO RENEWED MOTION TO DISMISS COUNT ONE OF THE SUPERSEDING INDICTMENT FOR FAILURE TO STATE AN OFFENSE BY FAILING TO IDENTIFY THE PARTICULAR MANDATORY HEALTH OR SAFETY STANDARDS DEFENDANT CONSPIRED TO WILLFULLY VIOLATE**" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 20th day of August, 2015 to:

William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036

James A. Walls
Spilman Thomas & Battle, PLLC
48 Donley Street, Suite 800
P.O. Box 615
Morgantown, WV 26501

Alexander Macia
Spilman Thomas & Battle, PLLC
P.O. Box 273
Charleston, WV 25321

/s/ R. Gregory McVey
R. GREGORY McVEY
Assistant United States Attorney
WV Bar No. 2511
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email:greg.mcvey@usdoj.gov

8