IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Criminal No. 5:14-cr-00244 |
| **DONALD L. BLANKENSHIP** | ) ) ) | |

**REPLY IN SUPPORT OF**
**MOTION FOR EARLY-RETURN DOCUMENT SUBPOENA TO MSHA**

Mr. Blankenship, through counsel, requests that the Court issue the requested subpoena to MSHA. The subpoena is necessary to ensure and enforce a complete and timely production. The discovery sought is required by law and is not subject to government discretion or voluntariness.

The defense has been seeking MSHA documents since the inception of the case. The defense first requested such MSHA documents by letter dated December 12, 2014. Although the defense followed up in writing on this letter three times, the government did not respond until February 4, 2015. Its response merely stated: "The United States understands its discovery obligations and has not only complied with them but exceeded them…."

The defense filed its first motion seeking MSHA documents, as well as other materials, on February 6, 2015. *See* ECF No. 112 at 13. In response to that motion, the government stated: "all discoverable evidence, including all *Brady* material known to the United States, has been provided to defendant." *See* ECF No. 133 at 2. The court cited this statement by the government in denying the defense motion as premature on April 8, 2015. *See* ECF No. 222 at 5.

The defense again inquired of the government about MSHA material subject to Rule 16 and *Brady* by letter dated April 23, 2015. The government did not respond. The defense followed up in writing on May 11, 2015. The government still did not respond.

The defense therefore was forced to file a second motion seeking MSHA material on May 27, 2015. *See* ECF No. 261. The motion specifically sought, among other MSHA documents, the very materials sought by the requested subpoena. *Id.* The government opposed the motion. *See* ECF No. 273. It stated that it had "diligently reviewed" MSHA's files and had made "any disclosures of files and materials required by" *Brady*, as well as other "substantial disclosures" of MSHA documents. *Id.* at 1. Relying on these representations by the government, the Court denied the motion. *See* ECF No. 294 at 5, 7.

Under these circumstances, a subpoena compelling the production of materials to which the defense is entitled is necessary and appropriate.

Dated: August 21, 2015                       Respectfully submitted,

                                           /s/ William W. Taylor, III
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone) / 202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

   */s/ James A. Walls*
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304-291-7947 (phone) / 304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 21st day of August, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1239
Huntington, WV 25714-1239

 */s/ Eric R. Delinsky*
Eric R. Delinsky