IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY


UNITED STATES OF AMERICA


v.                                                    CRIMINAL NO. 5:14-00244


DONALD L. BLANKENSHIP

### UNITED STATES RESPONSE TO DEFENSE MOTION TO EXCLUDE PROPOSED OPINION TESTIMONY OF TRACEY L. STUMBO

Comes now the United States of America, by counsel, and files this response to the Defense Motion to Exclude Proposed Opinion Testimony of Tracey L. Stumbo. ECF No. 318. For reasons discussed below, Defendant's motion should be denied.

### Background

The United States intends to call Tracy L. Stumbo as an expert witness at trial. For 29 years, from 1984 to 2013, Mr. Stumbo was employed by the Kentucky Division of Mine Safety, first as an underground safety analyst, then as an underground and surface mine inspector, and as aa chief accident investigator. Prior to that, Mr. Stumbo worked as a coal miner from 1972 to 1984, working various positions in the mine, including heavy equipment operator, prep-plant operator, drill operator, scoop operator, roof bolt operator, electrician and repairman, and underground mine foreman.

Mr. Stumbo is also a certified mine inspector, mine rescuer, mine safety instructor, mine foreman, mine safety analyst, mine emergency technician, hoisting engineer, electrician, and shot firer. He is also certified in solid blasting and gas detection in coal mines. He is trained in mine

accident investigation, mine ventilation, mine roof control, mine haulage, mine dust control, mine noise control, and crime scene investigation.

Mr. Stumbo's specific areas of expertise include coal mine safety, legal standards and requirements governing safety in coal mines, and the identification of practices of non-compliance with such standards and requirements. He has testified in numerous adjudicative proceedings conducted to determine liability for violations of mine safety standards as well as coroners' inquests conducted to establish the causes of coal mining fatalities.

Mr. Stumbo is expected to testify concerning basic coal mining principles, principles of mine safety, and mine safety standards necessary to an understanding of his and other witnesses' testimony. Mr. Stumbo's testimony will provide assistance to the jury regarding those principles and standards.

In spite of Mr. Stumbo's obvious qualifications and proffered testimony based on those qualifications, Defendant moves to exclude his testimony. His motion should be denied.

**Argument**

Federal Rule of Evidence 702 specifically governs the admissibility of expert testimony. Rule 702 permits expert testimony if that testimony "helps[s] the trier of fact to understand the evidence or to determine a fact in issue." One can be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. A district court "has broad discretion to determine whether to admit expert testimony, based upon whether it is helpful to the trier of fact." *United States v. Barsanti,* 943 F.2d 428, 432 (4th Cir. 1991). "The witness' qualifications to render an expert opinion are . . . liberally judged by Rule 702." *United States v. Fuertes*, No. 13-4755, __ F.3d __, 2015 WL 4910113, at *6 (4th Cir. Aug. 18, 2015), *quoting Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993).

Expert testimony assists the trier of fact if: (1) the testimony is relevant; (2) the testimony is not within the jurors' common knowledge and experience; and (3) the testimony will not usurp the jurors' role of evaluating a witness's credibility. *United States v. Rodriguez-Felix,* 450 F.3d 1117, 1123 (10th Cir. 2006). Expert testimony, regardless of its nature, must be both relevant and reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993).

The Fourth Circuit has held that "expert witnesses play a valuable role in our criminal justice system" and that simply because an expert provides testimony based on a non-testifying individual's information does not violate the Confrontation Clause. *United States v. Johnson*, 587 F.3d 625, 634-36 (4th Cir. 2009).

Defendant's motion demonstrates a misunderstanding of Mr. Stumbo's expertise and the purpose for which the United States seeks to admit his testimony. Contrary to Defendant's assertions, and as outlined above, Mr. Stumbo's expertise is not limited to investigating mine accidents. It is much broader. Furthermore, contrary to Defendant's assertions, the United States does not intend to qualify Mr. Stumbo as an expert in the "management of large corporations" or "the state of mind of corporate executives. . .." ECF No. 318 at 3.

In his motion, Defendant also seems to conflate scientific testimony with that based on technical or other specialized knowledge as described in Rule 702. Mr. Stumbo's testimony is not based on scientific studies, such as controlled substance analysis or blood testing. While, according *Daubert* and *Kumho*, both types of expert evidence must be relevant and reliable, Mr. Stumbo's opinions are based exclusively on his extensive experience and training in the mining industry coupled with a review of UBB citations and other documents in the case. His opinions are admissible under Rule 702.

The United States intends to present Mr. Stumbo as an expert in basic mining principles as well as mine safety – areas in which he is emminently qualified. Coal mining is a specialized field. As an expert in basic mine principles, Mr. Stumbo can assist the jury in understanding how a mine operates and familiarize them with specialized mining terms with which they would not likely be familiar or which would not be within common knowledge. As an expert in mine safety, Mr. Stumbo can assist the jury in understanding how a mine can be operated in a safe manner and why certain measures are necessary to ensure the safety of the miners.

Mr. Stumbo is also expected to testify concerning violations of mandatory federal health and safety regulations at UBB. That testimony is based on his review of citations for violations of health and safety regulations, as well as other documents in the case. Mr. Stumbo, based upon a review of the violations, will testify that there was a routine practice of violating those regulations at UBB. Defendant argues that Mr. Stumbo is not qualified to provide this testimony – that he is only familiar with Kentucky state regulations, not federal regulations. Kentucky state mining regulations are analogous to federal mining regulations. Both are based on long-accepted mining principles. Mr. Stumbo's testimony with regard to federal regulations will be limited to those which are analogous to state regulations, or, in the alternative, are based on generally accepted safe-mining principles. Mr. Stumbo will not present evidence with regard to how federal regulations are enforced by MSHA.

Defendant cannot successfully argue that Mr. Stumbo's testimony, as outlined above, is irrelevant to the charge contained in Count One of the superseding indictment. Defendant is charged with willfully violating federal mine health and safety regulations. Expert testimony concerning coal mine safety is certainly relevant to that charge and would assist the jury in an understanding of the evidence at trial.

Contrary to Defendant's argument, the fact that the safety violations were preventable is also relevant. The fact that the violations were preventable indicates they were willfully committed by Defendant and others. Stated differently, if the violations were not preventable, then they could not have been willfully committed. Willfulness, of course, is a necessary element of the conspiracy charged in Count One.

Defendant further argues that Mr. Stumbo's testimony would violate the Confrontation Clause of the Sixth Amendment by introducing out-of-court testimonial statements. Defendant is incorrect. As noted in *Johnson*, above, the Confrontation Clause is not violated simply because an expert forms an opinion based on testimonial hearsay. *Johnson*, 587 F.3d 634-36. Mr. Stumbo's testimony will consist of opinions constituting "independent judgments" based on a review of the evidence. This is totally proper. *Id.* at 635-36; s*ee also United States v. Abbas*, 74 F.3d 506, 512-13 (4th Cir. 1996) (cross-examination of government's expert and presenting his own expert testimony sufficiently protects a defendant's right of confrontation).

To the extent Defendant disagrees with Mr. Stumbo's opinions, he can conduct cross-examination or provide his own expert at trial.

## Conclusion

For reasons stated above, Defendant's motion should be denied.

                                       Respectfully submitted,

                                       /s/ R. Gregory McVey
                                       R. GREGORY McVEY
                                       Assistant United States Attorney
                                       WV Bar No. 2511
                                       300 Virginia Street, East
                                       Room 4000
                                       Charleston, WV 25301
                                       Telephone:  304-345-2200
                                       Fax: 304-347-5104
                                       Email:greg.mcvey@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing **"UNITED STATES RESPONSE TO DEFENSE MOTION TO EXCLUDE PROPOSED OPINION TESTIMONY OF TRACEY L. STUMBO"** has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 25th day of August, 2015 to:

William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036

James A. Walls
Spilman Thomas & Battle, PLLC
48 Donley Street, Suite 800
P.O. Box 615
Morgantown, WV  26501

Alexander Macia
Spilman Thomas & Battle, PLLC
P.O. Box 273
Charleston, WV  25321

/s/ R. Gregory McVey
R. GREGORY McVEY
Assistant United States Attorney
WV Bar No. 2511
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email:greg.mcvey@usdoj.gov