IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Criminal No. 5:14-cr-00244 |
| **DONALD L. BLANKENSHIP** | ) ) ) | |

### REPLY IN SUPPORT OF MOTION TO SEVER COUNT ONE FROM COUNTS TWO AND THREE

The defense has moved to sever Count One if the Court permits the government to introduce evidence, as to Counts Two and Three, not only of the fact of the UBB explosion, but also of its severity, media reports of its seriousness, and speculation that lawlessness was the cause. The government opposes severance on the ground that "[t]he post-explosion false statements charged in Counts Two and Three are fully relevant to the conspiracy charged in Count One because they are false denials of the existence of that conspiracy." ECF No. 321 at 1.[1]

Yet the government fails to explain how the *particular* evidence of the explosion that it claims is "necessary" to Counts Two and Three – the "*severity* of the explosion," "media reports of the *seriousness* of the explosion," and "speculation that *lawlessness* caused the explosion" – has any relevance to the Count One conspiracy or to the particular alleged overt act on which it relies for admission. ECF No. 290 at 4-5 (emphasis added). When the government first indicated its intent to introduce this particular evidence, it argued that it was relevant only to a unique element of Counts Two and Three – the "materiality" of the alleged false statements to

---

[1] The defense, of course, has already recognized that the false statements are alleged as an overt act in furtherance of the Count One conspiracy, *see* ECF No. 298 at 2, and already has agreed to stipulate to the fact that the April 5, 2010, explosion occurred and that the statements were issued in the aftermath, *see* ECF No. 287 at 9-10.

investors. *Id.* at 2. The materiality of the statements to investors, however, has absolutely <u>no relevance whatsoever</u> to the government's allegation, with respect to Count One, that the statements show that Mr. Blankenship "knew his pre-explosion conduct . . . was unlawful." ECF No. 321 at 1.

Indeed, there is no requirement that the government prove the elements of a false statement offense – including materiality – in connection with Count One (as opposed to Counts Two and Three), since Count One pleads those statements merely as overt acts. *See Braverman v. United States*, 317 U.S. 49, 53 (1942) ("The overt act … need not be itself crime"); *United States v. May*, 359 F.3d 683, 694 n.18 (4th Cir. 2004) ("overt acts in furtherance of a conspiracy need not, in and of themselves, constitute criminal behavior.") (citation omitted).

Moreover, even if particular evidence of the "severity" of the explosion, reports of its "seriousness," and "speculation that lawlessness" caused it had any relevance to Count One – which it does not – it would be vastly outweighed by the extreme prejudice that would result from such evidence on the passions and emotions of the jury. That prejudice cannot be cured by a limiting instruction. *See United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993) (prejudicial effect of evidence related to allegations of child molestation, homosexuality, and abuse of women too great to be cured by limiting or cautionary instruction). Simply put, evidence of an uncharged tragedy and news reports speculating that lawlessness caused 29 uncharged deaths have no place in a fair trial of Count One.

Significantly, even if there is some overlap in evidence between separate counts, courts still order severance where evidence relevant to only one count would be prejudicial as to the other. In *United States v. Sherman*, No. 1:10CR00039, 2011 WL 11186 (W.D. Va. Jan. 4, 2011), for example, the government opposed severance of a car-theft count from a sex-offender count

on the ground that "its evidence w[ould] raise a fair inference that the defendant stole the vehicle and left Virginia . . . because he wished to remove himself from the restrictions imposed by his Virginia sex offender registration." *Id.* at *1 (citation omitted). Just as it does here, the government argued that "it w[ould] seek to introduce . . . testimony concerning the defendant's false information as to his identity as to all counts, on the ground that it showed a consciousness of guilt." *Id.* at *1. The court nevertheless severed the counts, explaining that it had to "weigh prejudice to the defendant against the interests of judicial efficiency." *Id.* at *2 (citation omitted).

Likewise, in *United States v. Gunn*, 968 F. Supp. 1089 (E.D. Va. 1997), a defendant caught with drugs and a gun in his car sought to sever the charge of drug possession from the charge of felon in possession of a firearm. The court granted severance, noting that although "judicial economy would be somewhat impaired" due to the commonality in evidence between the counts, "the likelihood of prejudice to [the defendant] if his motion were denied would be much greater." *Id.* at 1095. Similarly, in this case, the presence of the alleged false statements in all three counts does not justify trying them all together, since evidence that the government claims is "necessary" to Counts Two and Three – the severity of the explosion, media reports about its seriousness, and speculation that lawlessness was the cause – is inadmissible and highly prejudicial as to Count One.

The government also hints, without argument or analysis, that the motion to sever is untimely. It is wrong. First, the Rules of Criminal Procedure require only that a motion to sever be filed before trial. Fed. R. Crim. P. 12(b)(3)(D). The defense has done so. Second, to the extent the government suggests that the defense should have filed the severance motion by the pretrial motions deadline, the defense notes that this motion is based exclusively on the

3

government's recent announcement – in an August 1, 2015 pleading – of its intent to introduce evidence of the "severity of the explosion," "media reports of the seriousness of the explosion," and "speculation that lawlessness caused the explosion." ECF No. 290 at 4-5. Prior to this August 1 pleading, the defense had no notice that the government sought to introduce this additional evidence about the explosion. The motion to sever was filed promptly (*i.e.*, seven business days) after this disclosure. *See* ECF No. 298.

In sum, the government has affirmed that Mr. Blankenship is not charged with causing the April 5, 2010 explosion at UBB. *See* ECF No. 160 at 13-14. He is charged only with conspiring to violate safety standards and impede MSHA in the mine during the lead up to the explosion, and with issuing false statements about Massey's safety record after the explosion. The government therefore has agreed to exclude evidence related to the cause of the disaster and even has filed a motion itself to exclude such evidence. Yet the government simultaneously claims that to prove the false statements, it must tell the jury about the *severity* of the explosion, media reports of its *seriousness*, and speculation that *lawlessness* was the cause.

This is a transparent, and cynical, ploy. In opposing severance of the conspiracy charge from the false statements charge, it is obvious that the government is seeking to take advantage of the extreme prejudice that will result from the evidence in question, while simultaneously claiming that Mr. Blankenship is not charged with causing the UBB explosion.

## **CONCLUSION**

For the foregoing reasons and those set forth in the opening memorandum, the defense respectfully requests that if the Court admits evidence of the UBB explosion, its severity, media reports about its seriousness, and speculation that lawlessness was the cause with respect to Counts Two and Three, then it also order separate trials of Count One and Counts Two and Three.

Dated: August 26, 2015                     Respectfully submitted,

                                                         /s/ William W. Taylor, III
                                                    William W. Taylor, III
                                                    Blair G. Brown
                                                    Eric R. Delinsky
                                                    R. Miles Clark
                                                    Steven N. Herman
                                                    ZUCKERMAN SPAEDER LLP
                                                    1800 M Street, NW, Suite 1000
                                                    Washington, DC 20036
                                                    202-778-1800 (phone) / 202-822-8106 (fax)
                                                    wtaylor@zuckerman.com
                                                    bbrown@zuckerman.com
                                                    edelinsky@zuckerman.com
                                                    mclark@zuckerman.com
                                                    sherman@zuckerman.com

                                                    /s/ James A. Walls
                                                    James A. Walls (WVSB #5175)
                                                    SPILMAN THOMAS & BATTLE, PLLC
                                                    48 Donley Street, Suite 800
                                                    Morgantown, WV 26501
                                                    304-291-7947 (phone) / 304-291-7979 (fax)
                                                    jwalls@spilmanlaw.com

                                                    *Counsel for Donald L. Blankenship*

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 26th day of August, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1239
Huntington, WV 25714-1239

                                              */s/ Eric R. Delinsky*
                                              Eric R. Delinsky