STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S [361] ORDER ENTERED 9/10/2015

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

_____
                              )
UNITED STATES OF AMERICA      )
                              )
     v.                       )   Criminal No. 5:14-cr-00244
                              )
DONALD L. BLANKENSHIP         )
                              )
_____)

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT RELATED TO PUBLIC STATEMENTS MADE BY DEFENDANT AFTER THE UBB EXPLOSION**

Under both Rule 16 and Rule 404, the government is required to provide the defense with Mr. Blankenship's post-UBB statements it intends to introduce as Rule 404(b) evidence. It refuses to do so, and it therefore may be prohibited from introducing this category of evidence at trial. In addition, the government makes no attempt to explain how uncharged statements, made after the explosion, are remotely relevant to show Mr. Blankenship's role in the particular events at issue in Counts Two and Three. For these reasons and the others set forth below, this category of proffered evidence must be excluded.

    a.    **Because the government has failed to provide the proffered evidence pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Rule 404(b) of the Federal Rules of Evidence, the Court must exclude it.**

In response to Mr. Blankenship's appropriate objection to the sufficiency of the government's notice, the government provides some – though not enough – information on the time frame of the statements it has proffered. Specifically, the government states that it "does not plan to offer statements from years after the explosion . . .," but rather, "the statements in question are from a short time after the explosion." (ECF 330 at 9). Again, if the government knows what statements were made and when they were made, there is absolutely no

1

STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S [361] ORDER ENTERED 9/10/2015

legitimate basis upon which it should continue to hide that information from the defense. The defense is still left guessing as to what the "statements in question" even are, and the defense is not able to _____ se by time frame because the government has only _____ vague description _____ after the explosion."

The gov_____ ds that Rule 16 somehow <u>does</u> <u>not</u> re_____ ify statements made by the defen_____ tends to use at trial. (*See* EC_____ That contention is wrong. Both Rule 16_____ (b) require disclosu_____ eral Rule of Criminal Procedure 16(a)(1)(B) prov_____

> *Defendant's Written or _____ teme_____ efendant's request, the government must disclos_____ available for inspection, copying, or photographing,_____
> (i) any relevant writte_____ by the defendant if:
> • statement is _____ ent's possession, custody, or control; and
> • the attorney for _____ ws—or through due diligence could know—t_____ . . .

The defense has repea_____ s, the government admittedly possesses them, and the go_____ ms they _____ It matters not whether the statements were made t_____ he general pub_____ idual. So long as Mr. Blankenship's statem_____ ed in an audio or video _____ nscription, or in any writing, they mu_____ to the defense. *See United St*_____ 2 F.2d 928, 935 (10th Cir. 19_____ sions of [Rule 16(a)(1)(B)] are clear a_____ . . .; if the statemen_____ written or recorded statements made by the def_____ he other cond_____ e are satisfied, the rule is clear that the Government s_____ tion _____ The government has not disclosed the statements and refuse_____ result, the Court should exclude the evidence from this trial as a discovery sanction authorized by Federal Rule of Criminal Procedure 16(d)(2)(D).

STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S [361] ORDER ENTERED 9/10/2015

The notice requirement of Federal Rule of Evidence 404(b)(2)(A) requires the government to provide "reasonable notice" of the evidence it intends to introduce under Rule 404(b). [...] nt has not done so here. The government does n[...] notice requirement [...] it intends to offer as Rule 404(b) evidence a[...] ankenship his unidentified [...] unspecified dates. That vague disc[...] ot satisfy the purpose of the noti[...] to allow the defense to prep[...] d to such evidence at trial. The Court sh[...] e government's evid[...] e to satisfy the notice requirement of Rule 404(b)[...]

**b. The proffered e[...] rele[...] missible propensity evidence under Rule 404(b[...] r[...] de it.**

The government cannot sho[...] is category of evidence, so it has attempted to place the evidentiary burde[...] nship. (*See* ECF 330 at 9) (stating that "he does not address the basis for rel[...] Mr. Blankenship's duty to show that this evidence is irrelevant; as the [...] u[...] the government's duty to show that it is relevant and therefo[...] nder Rul[...]

In attempting to [...] purported relev[...] offered statements, the government, in ver[...] argues that the evide[...] to show that Mr. Blankenship him[...] particular statements charged i[...] nd Three "to be made." (EC[...] owever, whether Mr. Blankenship mad[...] nts, at other times an[...] exts, says nothing about whether he made o[...] ade the speci[...] harged in the indictment. Indeed, the preparation a[...] f the [...] ts is a matter of written record and is reflected, with clarity, [...] "Other acts" evidence is not remotely germane to the issue.

3

STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S [361] ORDER ENTERED 9/10/2015

Indeed, the use to which the government seeks to put this evidence is nearly identical to the language in Rule 404(b) that specifically prohibits admitting evidence of other acts to prove that a defendant acted similarly when allegedly committing the crime charged. The government's assertion that Defendant personally made statements to others after the explosion that were similar to the charged statements tends to prove the superseding indictment's allegations. (ECF 330 at 8). Simply because Mr. Blankenship made other statements after the UBB explosion that were allegedly similar to those charged in the Indictment does not make them relevant or admissible. To the contrary, it squarely places them within the category of prohibited character evidence under 404(b).

The evidence is not only irrelevant, but also inadmissible character evidence under Rule 404(b), and the Court should exclude it.

For the foregoing reasons, Mr. Blankenship requests that the Court exclude from trial all evidence, testimony, or argument related to any statements made by Mr. Blankenship following the UBB explosion. In the alternative, if the Court does not find that exclusion is the appropriate remedy, the Defendant requests that the Court order the government to comply with its obligations under Federal Rule of Criminal Procedure 16 and (1) identify the statements made by Mr. Blankenship that it intends to use at trial and (2) make those statements available to Mr. Blankenship for inspection and copying.

Dated: September 1, 2015                    Respectfully submitted,

                                             /s/ William W. Taylor, III
                                             William W. Taylor, III
                                             Blair G. Brown
                                             Eric R. Delinsky
                                             R. Miles Clark

4



Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Washington, DC 20036
202-778-1800 (phone)
202-841-8106 (fax)
wtaylor@zuckerman
bbrown@zuckerm
edelinsky@zuck
mclark@zucke
sherman@z

 /s/ Jam
James                 SB #5175)
SPI        AS & BATTLE, PLLC
4          t, Suite 800

         , WV 26501
         947 (phone) / 304-291-7979 (fax)
         spilmanlaw.com

         sel for Donald L. Blankenship

STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S [361] ORDER ENTERED 9/10/2015

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

_____
                                                            )
UNITED STATES OF AMERICA                   )
                                                            )
           v.                                              )          Criminal No. 5:14-
                                                            )
DONALD L. BLANKENSHIP               )
_____ )

CERTIFICATE OF SERVICE

    I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 1st day of September, 2015 to:

    R. Booth Goodwin, II
    Steven R. Ruby
    Gabriele Wohl
    U.S. Attorney's Office
    P.O. Box 1713
    Charleston, WV 25326-1713

    R. Gregory McVey
    U.S. Attorney's Office
    P.O. Box 1239
    Huntington, WV 25711

    /s/ James A. Walls
    James A. Walls (#5175)

STRICKEN FROM THE RECORD PURSUANT TO THE COURT'S [361] ORDER ENTERED 9/10/2015