IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

_____
                                    )
**UNITED STATES OF AMERICA**     )
                                    )
    **v.**                               )      Criminal No. 5:14-cr-00244
                                    )
**DONALD L. BLANKENSHIP**      )
_____  )

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE
EVIDENCE, TESTIMONY, OR ARGUMENT RELATED TO
<u>JULY 2, 2010 SEC STAFF COMMENT LETTER AND MASSEY'S RESPONSE</u>**

In its response, the government argues that the July 2, 2010 SEC Letter to Massey (the "SEC Letter") is relevant to the issue of materiality in Count Two of the Indictment. This letter, however, has nothing to do with the statements at issue in Count Two and therefore is not relevant.

Moreover, despite the government's representation that it does not intend to introduce the SEC Letter for the truth of the assertions therein, the government's proffered purpose still requires the jury to accept the SEC Letter for its truth. Thus, the evidence is inadmissible hearsay, not subject to any exceptions.

    **a.**    **The SEC Letter is not relevant to Count II; thus, the Court should exclude it.**

In its response, the government contends that the SEC Letter is directly relevant to Count Two (only), which charges Mr. Blankenship in connection with statements made in a different SEC filing. (*See* ECF 330 at 25). The government says it intends to introduce the SEC Letter for the purpose of showing that the April 8, 2009 statements at issue this count were material to the SEC. (*See Id*. at 25).

1

The SEC Letter, however, doesn't address the statements at issue in the Indictment; it addresses an <u>entirely</u> <u>different</u> SEC filing. The government therefore seeks to introduce a letter written to Massey about one disclosure to show that the SEC cared about an entirely different disclosure, about which the SEC <u>wrote</u> <u>no</u> <u>letter</u> <u>at</u> <u>all</u>. Not only does this argument fail to show how the evidence is relevant, it is simply illogical.

Whether analyzed under Rule 402 or Rule 404(b), the SEC letter is irrelevant. An SEC letter about particular statements in a particular filing has no tendency to show whether altogether different statements in an altogether different filing were material to the SEC.

      b.      **The government's proffered purpose for the evidence is the same as asserting it for its truth; thus, the evidence is inadmissible hearsay.**

The government describes the letter as one demonstrating "that the SEC was concerned about Massey's statements to the investing public on the subject of its compliance with the mine safety laws. . ." (ECF 330 at 24). Yet, the government represents that it only intends to introduce the letter for purposes of showing materiality, and not for the truth of the matters asserted in the letter. But that is precisely what it intends to do.

If in fact the government intends to introduce the SEC Letter to show that the SEC was "concerned about Massey's statements," that will require the jury to interpret the content of the letter as expressing "concern" and then to accept that interpretation as true. Introducing the evidence to show the SEC's "concern," then, would be nothing more than an end-run around the hearsay rules. It would still be admitting the SEC Letter for the truth of the matters asserted therein, which makes is inadmissible hearsay. And the government does invoke a single exception to the hearsay rule that would apply, and for good reason: none do. Accordingly, the Court should exclude the SEC Letter (and Massey's response) as inadmissible hearsay.

      **c.    The evidence will create unfair confusion, and the government is unable to explain otherwise.**

Finally, regardless of how relevant the government says the evidence is (and even if it were relevant, which it is not), it will still confuse the jury and the issues in this case. In response to Mr. Blankenship's argument as to the confusion this evidence would create, the government simply repeats their argument on purported relevance.

Again, the SEC Letter was sent to Massey, not Mr. Blankenship. The SEC Letter asked Massey to supplement an SEC filing that Mr. Blankenship did not write, and that is not at issue in this case. Indeed, when Massey responded to the SEC Letter, Mr. Blankenship did not prepare the response (he was not even included in or copied on the response). The SEC Letter has nothing to do with Mr. Blankenship and has nothing to do with the SEC filing at issue in Count II of the Indictment.

Yet, the government wants to tell the jury that because the SEC had "concerns" with one of <u>Massey's</u> SEC filings, that <u>Mr. Blankenship</u> made false statements to investors in a <u>different</u> filing. There is no question that this will confuse the jurors and distract from the issues in this case. Per its response, even the government is unable to explain to this Court how it would <u>not</u> result in confusion. Accordingly, even if this Court believes the evidence is relevant, it should exclude it under Rule 403 because it would unfairly confuse the jury and the issues in this case.

## CONCLUSION

For the foregoing reasons, the defense respectfully requests that the Court exclude from trial all evidence, testimony, or argument related to the SEC staff comment letter sent to Massey on or about July 2, 2010, and Massey's response to that letter.

Dated: September 1, 2015                   Respectfully submitted,

/s/ William W. Taylor, III_____
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Washington, DC 20036
202-778-1800 (phone)
202-841-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

  /s/ James A. Walls_____
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
P.O. Box 615
Morgantown, WV 26501
304-291-7947 (phone)
304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

_____
                                                              )
**UNITED STATES OF AMERICA**      )
                                                              )
    **v.**                                     )          **Criminal No. 5:14-cr-00244**
                                                               )
**DONALD L. BLANKENSHIP**       )
_____ )

**CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 1st day of September, 2015 on:

       R. Booth Goodwin, II
       Steven R. Ruby
       Gabriele Wohl
       U.S. Attorney's Office
       P.O. Box 1713
       Charleston, WV 25326-1713

       R. Gregory McVey
       U.S. Attorney's Office
       P.O. Box 1239
       Huntington, WV 25714-1239

                                                        _/s/ James A. Walls_____
                                                        James A. Walls (WVSB #5175)