**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

_____

                                     )

**UNITED STATES OF AMERICA**      )

                                       )

      **v.**                       )         **Criminal No. 5:14-cr-00244**

                                         )

**DONALD L. BLANKENSHIP**      )

_____ )

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE
EVIDENCE, TESTIMONY, OR ARGUMENT RELATED TO
DEFENDANT'S TESTIMONY IN PAST MASSEY CIVIL LITIGATION**

In recognition of its failure to comply with its disclosure obligations concerning Mr. Blankenship's testimony in prior civil litigation, the government has attempted to cure that defect by purporting to *narrow* "this category of possible Rule 404(b) evidence to *evidence relating to Defendant's testimony* in" six separate civil cases. (ECF 330 at 15)(emphasis added.) What the government has done, however, is broaden – not narrow – this category of proposed evidence, to include "evidence relating to Defendant's testimony" in prior civil litigation, not just the testimony itself.  The government has simply not complied with its disclosure obligations under Federal Rule of Criminal Procedure 16 or Federal Rule of Evidence 404(b), and as a result, the defense has no meaningful or reasonable opportunity to review the proffered evidence and raise necessary objections, where appropriate, before this Court as to the admissibility of that evidence.

The government's initial disclosure of this evidence was insufficient, and the government's subsequent (and untimely) attempt to remedy its failure has not resolved the unfair surprise that has resulted to Mr. Blankenship.  This Court should exclude the proffered evidence.

    **a.**    **The government's initial notice that it intended to introduce "testimony by Defendant in past Massey civil litigation" failed to comport with its obligations under Federal Rule of Civil Procedure 16 and Federal Rule of Evidence 404(b), and the evidence should be excluded.**

In its Response, the government claims that notifying Defendant of its intention to introduce "testimony by Defendant in past Massey civil litigation" was sufficient under Rule 404(b). Citing scant support, the government argues that its vague, 8-word description of all testimony Mr. Blankenship has ever given in any civil case in any jurisdiction involving Massey at any time was somehow fairly sufficient to apprise Defendant of the general nature of the extrinsic acts it intends to introduce against him at trial. For all of the reasons previously stated in Defendant's Motion, which addressed this case specifically, that notice was not sufficient. The notice failed to comport with the government's obligation under both Rule 404(b) and Federal Rule of Civil Procedure 16. In addition, the government has actually broadened, not narrowed, this category of proposed Rule 404(b) evidence by vaguely referring to "evidence relating to Defendant's testimony" in prior civil litigation, not just the testimony itself. Because exclusion is an appropriate remedy when the government fails to comply with its disclosure obligations, the defense requests that the Court exclude the proposed evidence.

    **b.**    **The additional information the government has since provided, after Defendant filed his Motion and asked for it a third time, has not remedied its initial failure to properly disclose the evidence.**

In its response, the government identifies six cases in which Mr. Blankenship gave some form of testimony and states that it intends to rely upon "evidence relating to Defendant's testimony" in those six cases at the trial of this matter. (ECF 330 at 15). The government still does not identify any portions of the testimony or the subject matter of the testimony it intends to introduce. Nor does the government provide any clarification on what "evidence relating to

Defendant's testimony" it intends to use.  Notably, the initial disclosure simply stated that the government would introduce prior testimony; now, the government apparently intends to introduce other evidence "relating to" that prior testimony.  In purportedly "narrowing" the scope of its initial disclosure (though the defense points out that it doesn't appear to be much narrower at this point), the government claims it has no obligation to provide any further information to the defense.  (ECF 330 at 15-16).

Two days after filing its response, and only <u>after</u> the defense requested the materials (for a third time), on August 27th, the government sent counsel for Defendant a disc containing over 3,500 pages of documents from the cases identified in its response.  Upon receipt of the materials, however, the defense quickly noticed that the evidence does not solely include testimony given by Mr. Blankenship.  Instead, included in the 3,500[1] pages of material are transcripts of deposition testimony given by other persons,[2] a motion for summary judgment filed by a plaintiff suing Mr. Blankenship (in a case having nothing to do with the Upper Big Branch mine), various trial transcripts of a six-day trial including testimony of multiple witnesses and arguments by various lawyers[3] involved in that litigation, and 48 different documents (totaling approximately 453 pages) identified as the "Davis documents" (apparently pertaining to a Sandra Louise Davis).

Apparently, the government not only intends to introduce evidence of Mr. Blankenship's prior testimony in civil litigation, it truly intends to introduce a voluminous amount of "evidence

---

[1]  By the count of defense counsel, the disc provided by the government on August 27th contains 3,572 pages of material.  Because of the reasonably foreseeable margin of error with such a volume of documents, defense counsel has rounded 3,572 down to 3,500 and represents that 3,500, as used in this Reply, is only an approximate figure.

[2]  The defense is still very much in the dark as to the government's intentions with respect to this voluminous amount of evidence, and consequently, has serious concerns over whether the government intends to introduce this prior deposition testimony of these persons at Mr. Blankenship's trial.  The admission of such evidence would, of course, implicate and perhaps violate Mr. Blankenship's Sixth Amendment right to confront witnesses.

[3]  As explained in footnote 2, above, the defense has the same concern as to the potential admission of or reference to the testimony of these witnesses and the arguments of these lawyers against Mr. Blankenship in this case, insofar as Mr. Blankenship has the right to confront all of those persons under the Sixth Amendment.

relating to Defendant's testimony," as noted in its Response.  (*See* ECF 330 at 15).  With the voluminous amount of documents provided to the defense so quickly after Defendant filed his motion, it is apparent the government has been in possession of these documents for some time. At the very least, the government clearly knew the six cases it intended to use.  Yet, months ago, when the defense twice requested additional information regarding the "testimony" proffered, the government simply ignored the requests and produced nothing.  Now, after Defendant filed his motion, and again asked for the materials, and only days before Defendant must reply to this Court and describe how/why such evidence is inadmissible in this case, the government has chosen to "narrow" the scope of its disclosure and provide the materials.

Under Rule 16, the government had a duty to not only identify Mr. Blankenship's prior statements, but to also provide Defendant with copies of the same upon its request.  The defense requested the materials on two separate occasions, months ago, and the government did nothing. It was only after Defendant asked for those materials twice, filed a Motion to exclude the evidence, and then asked for them a third time, that the government provided the defense with the materials.  The Court should not permit the government to so blatantly disregard its disclosure obligations in this case (or any case), and the Court should exclude all of the evidence as a result.

In the alternative, if the Court does not agree that exclusion is the appropriate remedy in this instance, the Court should order the government to identify the actual testimony of Mr. Blankenship (as that is the only evidence that was disclosed under Rule 404(b)), that it intends to use at this trial.  In doing so, the government should be required to identify the portions of the testimony it intends to introduce against Mr. Blankenship, as well as whatever documents or records are attached to or referred to in that testimony that it intends to use.  At this point, based

upon the government's prior failures to properly disclose this evidence, the volume of the evidence, and the very little time with which Defendant has to review this evidence, requiring the government to identify that information is not only reasonable, it is appropriate and necessary. If the government is not required to make any further disclosure in this regard, Mr. Blankenship will, without a doubt, be subject to unfair surprise at trial. As the government agrees, unfair surprise is precisely what the disclosure obligation under Rule 404(b) is designed to prevent. (*See* ECF 330 at 15).

## CONCLUSION

For the foregoing reasons, the defense respectfully requests that the Court exclude from trial all evidence, testimony, or argument related to Mr. Blankenship's prior "testimony" in Massey civil litigation, and any "evidence relating to" that testimony, or, in the alternative, order the government to identify the statements government intends to use and any documents or records attached to or referred to in that testimony which the government intends to use.

Dated: September 1, 2015                                 Respectfully submitted,


                                                         /s/ William W. Taylor, III
                                                         William W. Taylor, III
                                                         Blair G. Brown
                                                         Eric R. Delinsky
                                                         R. Miles Clark
                                                         Steven N. Herman
                                                         ZUCKERMAN SPAEDER LLP
                                                         1800 M Street, NW
                                                         Washington, DC 20036
                                                         202-778-1800 (phone)
                                                         202-841-8106 (fax)
                                                         wtaylor@zuckerman.com
                                                         bbrown@zuckerman.com
                                                         edelinsky@zuckerman.com
                                                         mclark@zuckerman.com

sherman@zuckerman.com

/s/ James A. Walls
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
P.O. Box 615
Morgantown, WV 26501
304-291-7947 (phone)
304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

_____

**UNITED STATES OF AMERICA**                )
                                                                     )
      **v.**                                           )     **Criminal No. 5:14-cr-00244**
                                                                     )
**DONALD L. BLANKENSHIP**              )
_____ )

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 1st day of September, 2015 on:

     R. Booth Goodwin, II
     Steven R. Ruby
     Gabriele Wohl
     U.S. Attorney's Office
     P.O. Box 1713
     Charleston, WV 25326-1713

     R. Gregory McVey
     U.S. Attorney's Office
     P.O. Box 1239
     Huntington, WV 25714-1239


                          /s/ James A. Walls_____
                          James A. Walls (WVSB #5175)