IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) Criminal No. 5:14-cr-00244 ) |
| DONALD L. BLANKENSHIP | ) ) ) |

**REPLY IN SUPPORT OF MOTION TO EXCLUDE
RULE 404(b) TESTIMONY OF DAVID HUGHART**

The government's opposition to the defense motion to exclude the Rule 404(b) testimony of David Hughart (ECF No. 326) fails to demonstrate that the proposed testimony about conditions and events dating back to 2000 at the White Buck mines is admissible.

The government first argues that the proposed Hughart testimony is not Rule 404(b) evidence at all. That is simply wrong. The allegations in Count One are permeated by the limiting phrase "at UBB," and UBB appears in the Superseding Indictment 179 times. Count One charges a conspiracy to willfully violate mine safety laws "at UBB" (not any other mine) and to defraud the United States by interfering with MSHA's enforcement of mine safety laws "at UBB" (not any other mine). ECF 169 ¶ 87. Each of the alleged overt acts committed in furtherance of the conspiracy likewise concern UBB. *Id*. ¶ 100. Counts Two and Three allege that shortly after the explosion and deaths "at UBB," Mr. Blankenship participated in the issuance of what the indictment labels "the UBB Shareholder Statement," *id*. ¶¶ 81, 82, 84, and a press release repeating the language of the "UBB Shareholder Statement," *id*. ¶¶ 83, 85. The "UBB Shareholder Statement" allegedly contains material false statements about Massey's safety practices. The only theory of falsity contained in the superseding indictment is that willful

violations occurred at UBB, and that is the theory on which the Court permitted Counts Two and Three to proceed.

None of the proposed testimony by Hughart describes conditions and practices at UBB; it concerns the White Buck mines that Hughart supervised. The White Buck mines are not mentioned in the superseding indictment, and the conditions and practices there are not alleged to be relevant to any charge in the superseding indictment. Therefore, Rule 404(b) sets the standards for admissibility of the proposed Hughart testimony.[1]

The proposed Hughart testimony is not admissible under Rule 404(b). The government offers a specific theory of admissibility with respect to only one of the categories of proposed testimony. The government argues that testimony by Hughart about a conversation he purportedly claims to have had with Mr. Blankenship "regarding advance notice" is admissible because it was part of a common scheme or plan. ECF No. 326. at 9. That evidence fails the Rule 404(b) admissibility test for several reasons. As a threshold matter, in order to be admitted, Rule 404(b) evidence must be sufficiently related to the charged conduct "in time, manner, place, or pattern of conduct." *United States v. Johnson*, 617 F.3d 286, 297 (4th Cir. 2010). The proposed testimony is not.

Time: The government fails to identify when the alleged conversation occurred. The government does not even appear to know when it occurred. It states that it "would have taken place during Hughart's tenure as president of the Green Valley resource group." ECF No. 326 at 9. That is a ten year period – 2000 to 2010. A conversation that occurred at some unspecified time and possibly as long as eight years before the indictment period is too uncertain and

---

[1] Evidence about the White Buck mines certainly is not "intrinsic to the alleged crime." *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996). It is not "inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *Id.* at 88 (internal quotation marks and citation omitted).

attenuated to be part of a "common scheme or plan" or otherwise admissible under Rule 404(b). *See United States v. McBride*, 676 F.3d 385, 397 (4th Cir. 2012).

Place: The alleged conversation concerned a different mine: One of the White Buck mines; not UBB.

Manner and pattern of conduct: The alleged conversation concerned a wholly different circumstance than the "advanced warning" practice alleged in the indictment. The FBI-302 summarizing an interview with Hughart states the following:

> HUGHART advised that he did have discussions with BLANKENSHIP regarding citations written by inspectors. If the inspector who wrote the citation had been at the mine for a multiple day inspection, BLANKENSHIP would ask how certain problems could have existed when he (HUGHART) knew that an inspector was going to be back in the mine and in a certain area.

Interview by FBI with David Hughart at 1 (Feb. 15, 2012). Conveniently omitted from the government's Rule 404(b) disclosure and opposition is any reference to the fact that the conversation with Mr. Blankenship concerned not advance warning, but a multiday inspection of a mine. If an inspection of a mine occurred over multiple days, Hughart and others would have known, and known lawfully, that the inspectors were returning the next day. That is a quite different set of circumstances than what is charged by the "advance warning" allegations of the indictment, which allege concealment of violations after improper warnings spread through the mine of unannounced MSHA inspections. The alleged conversation between Hughart and Mr. Blankenship concerned a discrete and different event. It is not evidence of a common scheme or plan or otherwise sufficiently related to the charged offense to be admitted under Rule 404(b). *See Johnson*, 617 F.3d at 298; *United States v. Hernandez*, 975 F.2d 1035, 1040 (4th Cir. 1992).

Other than the alleged advance warning conversation (that turns out to be a discussion about a multiday inspection), the government does not and cannot explain how the proposed

3

Hughart testimony fits within any of the permissible purposes of Rule 404(b). It simply asserts in conclusory fashion that the testimony "tends to prove intent, knowledge, a common scheme or plan, and absence of mistake or accident on the part of Defendant relative to the conspiracy charged in Count One." ECF No. 326 at 9-10. Simply reciting nearly every purpose in Rule 404(b) is insufficient. It is the government's burden to identify and explain a specific theory of admissibility for Rule 404(b) evidence. *See United States v. Brown*, 765 F.3d 278, 291 (3d Cir. 2014) ("Our opinions have repeatedly and consistently emphasized that the party seeking to admit evidence under Rule 404(b)(2) bears the burden of demonstrating its applicability."); *United States v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir. 1996) ("Upon objection by the defendant, the proponent of the evidence, usually the government, should be required to identify the *specific* purpose or purposes for which the government offers the [Rule 404(b)] evidence.") (emphasis in original). The government's conclusory assertion does not satisfy its burden.

Moreover, for the reasons stated in the defense motion to exclude the proposed Hughart testimony, testimony and documents concerning the White Buck mines, including evidence dating back more than eight years before the indictment period, is not admissible under Rule 404(b). It is not relevant to prove the UBB-centered allegations of the superseding indictment. Much of it is too old. And it is unnecessary, confusing, and unduly prejudicial for the reasons set forth in the defense motion.

For the foregoing reasons and for those set forth in the defense motion, the proposed testimony of David Hughart should be excluded from Mr. Blankenship's trial.

Dated: September 1, 2015				Respectfully submitted,

   */s/ William W. Taylor, III*
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone) / 202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

   */s/ James A. Walls*
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304-291-7947 (phone) / 304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 1st day of September, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1239
Huntington, WV 25714-1239

                                              */s/ Eric R. Delinsky*
                                              Eric R. Delinsky