IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

|                                  |   |                            |
|----------------------------------|---|----------------------------|
| **UNITED STATES OF AMERICA**     | ) |                            |
|                                  | ) |                            |
| v.                               | ) | Criminal No. 5:14-cr-00244 |
|                                  | ) |                            |
| **DONALD L. BLANKENSHIP**        | ) |                            |

**REPLY IN SUPPORT OF
MOTION TO EXCLUDE EVIDENCE RELATED TO
MASSEY'S SEPTEMBER 2010 LETTER TO STAKEHOLDERS**

As noted in the opening motion, the government previously disclosed, pursuant to Rule 404(b), that it may offer evidence of a September 2010 Letter to Stakeholders, in which Massey revised its workplace injury rate (or non-fatal days lost rate). This disclosure amounted to no more than a single phrase. *See* ECF No. 308-1 at 6. Accordingly, the defense sent a letter asking for more information. The government did not respond. The defense then sent another letter seeking more information. Again, the government did not respond.

Now, in its opposition brief, the government states for the very first time that it seeks to use evidence that Massey underreported its non-fatal days lost rate as another basis of proving a conspiracy to defraud the United States. It claims that this underreporting occurred not in the 2010 Letter to Stakeholders that it previously disclosed, but rather in 2007, 2008, and 2009.

This new theory of the offense appears nowhere in the indictment. Nor has it ever before been disclosed to the defense. In fact, the government has affirmatively masked its intent to pursue such a theory. As a matter of well-settled law on unconstitutional amendments of an indictment, as well as on other grounds, evidence of this new theory must be excluded. In the alternative, if this evidence is not excluded (which it must be), a continuance would be necessary

to permit the defense fair opportunity to investigate and prepare for this theory at trial, even though such relief still would not cure the constitutional defect.

     A.     **Constructive Amendment in Violation of the Fifth Amendment**

The government seeks to add an entirely new basis for the Count One Conspiracy. It asserts that the alleged conspiracy in Count One to impede federal mine regulators now includes the alleged "underreporting of workplace injuries." *See* ECF No. 330 at 22-23. This charge appears nowhere in the indictment.

Such an attempt to expand the basis for a Count One conviction beyond what was charged by the grand jury is impermissible under the Fifth Amendment. "Plainly and simply, a court cannot permit a defendant to be tried on charges not made in the indictment against him." *United States v. Floresca*, 38 F.3d 706, 711 (4th Cir. 1994) (reversing conviction) (citation omitted). To do so would "destroy[] the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury." *United States v Stirone*, 361 U.S. 212, 217 (1960) (reversing conviction).

The facts of *Stirone* are directly on point. There, the indictment charged a violation of the Hobbs Act based on allegations that the defendant unlawfully interfered with interstate shipments of **_sand_**. *Id.* at 213. At trial, however, the district court permitted evidence on a theory of the charge that appeared nowhere in the indictment – namely, that the defendant also interfered with interstate shipments of **_steel_**. *Id.* at 214. The defendant was convicted.

The Supreme Court reversed the conviction, finding that this expansion of the charge – by allowing evidence of steel shipments as a basis for conviction – violated the defendant's Fifth Amendment "right to be tried only on charges presented in an indictment returned by a grand jury." *Id.* 217. It reasoned:

> Although the trial court did not permit a formal amendment of the indictment, the effect of what it did was the same. And the addition charging interference with steel exports here is neither trivial, useless, nor innocuous. . . . [T]he basic protection the grand jury was designed to afford is defeated by a device or method which subjects the defendant to prosecution for interference with interstate commerce which the grand jury did not charge.

*Id.* at 217-18.

What the government attempts here is indistinguishable from what the Supreme Court rejected in *Stirone*. The superseding indictment charges Mr. Blankenship with conspiring to obstruct the functions of MSHA (and thereby defraud the United States) in two specific ways: (1) by using advance warnings of federal inspections to conceal safety violations from the inspectors, and (2) by manipulating respirable dust samples. Now, however, the government seeks to add a third, and entirely new, basis for the conspiracy that appears nowhere in the indictment – the underreporting of workplace injuries. Just as the government could not add the steel theory to the charge in *Stirone*, it cannot add this new "underreporting" theory to the charge here. The Fifth Amendment prohibits it. Evidence of "underreporting of workplace injuries" therefore must be excluded.

### B. Relevance

For the same reasons, the underreporting evidence is irrelevant under Federal Rule of Evidence 402. The charge here is a conspiracy to impede MSHA through advance warnings and the manipulation of respirable samples. Any alleged underreporting of injury statistics is extraneous to this charge. It has no tendency to make it more probable that Mr. Blankenship and alleged co-conspirators sought to use advance warnings to conceal safety violations or sought to manipulate respirable dust samples. It concerns an entirely different subject.

Moreover, the government states expressly in its motion that the evidence is "not subject to Rule 404(b)" and that it does not seek admission under Rule 404(b). *See* ECF No. 330 at 23. Thus, Rule 404(b) provides no alternative basis for admission.

C.     **Unfair Surprise and Hindering the Preparation of the Defense**

Even if admission of this evidence was permissible under the Constitution, and even if it were relevant to the charges, it still would need to be excluded for unfair surprise and for hindering the preparation of the defense. Indeed, even where there is no constructive amendment, "[w]hen the evidence at trial differs from what is alleged in the indictment, then a variance has occurred." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996). "Such a variance violates a defendant's rights . . . if it prejudices him" – either "by surprising him at trial" or by "hindering the preparation of his defense." *Id.* Likewise, when the government withholds information in a fashion that causes surprise and unfair prejudice, then the evidence also is inadmissible under Rule 403. *See United States v. Cole*, 857 F.2d 971, 976 (4th Cir. 1988).

The evidence of underreporting must be excluded under these principles as well. As noted above, the government provided no notice that it intended to pursue this theory of the offense. The theory embodies three years of evidence (2007-2009), a great volume of documents, and untold witnesses ranging from UBB miners to UBB office workers to personnel in Massey's corporate office to the company's outside auditor. Due to the lack of fair notice, the defense has not had the opportunity to investigate this expansive new theory and does not now have the time necessary to do so before trial – especially given all of the other preparation needed to be completed between now and trial to defend against what actually is charged.

Critically, the government itself created this situation. It excluded this theory from the indictment. It refused to supplement its disclosure when specifically asked about it. And worse, it affirmatively hid this theory from the defense. Specifically:

- To stave off a bill of particulars and to lure the defense into thinking that there were no other bases for the charges, the government represented, in a court filing, that the indictment "provides in specific detail <u>those facts</u> which support the four crimes charged therein." ECF No. 130 at 2 (emphasis added). This was false.

- When the government disclosed that it may seek to offer the September 2010 Letter to Stakeholders, it characterized the evidence as possible 404(b) evidence, not as a new basis for one of the charges. *See* ECF No. 308-1 at 5-6. While it wrote that the evidence is not "necessarily" 404(b), it made clear that it was disclosing it under Rule 404(b), and it provided no indication whatsoever that the government would offer such evidence as a new basis for the Count One conspiracy. The disclosure was a diversion.

- In this same disclosure, the government referenced only the September 2010 letter (which the government once investigated for being potentially misleading itself). The disclosure made no reference whatsoever to the evidence about what happened in 2007, 2008, and 2009 that it now seeks to introduce. The government thus disguised the evidence that it actually seeks to use.

- When the defense sent a written request to the government for a more complete disclosure, the government did not respond. When the defense followed up, again in writing, the government still did not respond.

--and--

- When the defense sought the government's case-in-chief documents pursuant to Rule 16 and the U.S. Attorney's own written discovery policy, documents which would have disclosed the government's intent to use the evidence at issue, the government refused. *See* ECF No. 246. The government refused to provide case-in-chief documents even though it was simultaneously providing such documents to other defendants in other cases. *See* ECF No. 245 at 6.

Thus, the government offered assurance that the factual bases for the charges were set forth in the indictment, it crafted its disclosure of the 2010 Letter to Stakeholders to be a diversion from the actual evidence it seeks to use and the actual purpose for which it seeks to use it, and it

repeatedly resisted attempts by the defense to obtain additional disclosures that would have revealed the evidence.

Because the government has caused unfair surprise and has hindered the preparation of the defense, the evidence of alleged underreporting must be excluded. If it is not excluded, a continuance of the trial date must be granted. This is precisely the type of "unforeseen circumstance" that the parties agreed might be the basis for a further continuance. ECF No. 275 ¶ 7. Although such relief would not cure the constitutional defect in admitting such evidence, it would be necessary to provide the defense fair opportunity to prepare for it.

## Conclusion

For the reason set forth above, as well is the opening motion, the defense respectfully requests the Court exclude all evidence of the alleged underreporting of workplace injuries and/or the 2010 Letter to Stakeholders.

Dated: September 1, 2015  Respectfully submitted,

 /s/ William W. Taylor, III
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone) / 202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

*/s/ James A. Walls*
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304-291-7947 (phone) / 304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

# **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 1st day of September, 2015 on:

R. Booth Goodwin, II  
Steven R. Ruby  
Gabriele Wohl  
U.S. Attorney's Office  
P.O. Box 1713  
Charleston, WV 25326-1713  

R. Gregory McVey  
U.S. Attorney's Office  
P.O. Box 1239  
Huntington, WV 25714-1239  

                                                                                           */s/ Eric R. Delinsky*  
                                                                                           Eric R. Delinsky