# EXHIBIT B

# DEFENDANT'S PROPOSED CLOSING INSTRUCTIONS

**TABLE OF CONTENTS**

**DEFENDANT'S PROPOSED CLOSING INSTRUCTIONS**

1.      Juror Attentiveness

2.      Role Of The Court

3.      Role Of The Jury

4.      Juror Obligations

5.      Sympathy

6.      The Explosion

7.      The Government As A Party

8.      Publicity – Final Charge

9.      Conduct Of Counsel

10.     Reprimand Of Counsel For Misconduct

11.     Jury To Consider Only This Defendant

12.     Testimony, Exhibits, Stipulations, And Judicial Notice In General

13.     Number Of Witnesses And Uncontradicted Testimony

14.     Questions

15.     Witness Credibility – General Instruction

16.     Bias And Hostility

17.     Interest In Outcome

18.     Unindicted Co-Conspirator As Government Witness

19.     Immunity Of Government Witness

20.     Law Enforcement Witness

21.     Expert Witness (Generally)

22.     Impermissible To Infer Participation From Mere Presence

23.     Impermissible To Infer Participation From Association

24.     Corporate Position

25.     Using Motive For Intent

26.     Recorded Telephone Calls

27.     Citations & Violations

28.     Indictment

29.     The Indictment Is Not Evidence

30.      Multiple Counts – One Defendant

31.      Presumption Of Innocence And Burden Of Proof

32.      Burden Of Proving Guilt Beyond A Reasonable Doubt

33.      Reasonable Doubt

34.      Count One

35.      Conspiracy To Violate Federal Law

36.      First Element Of Conspiracy

37.      Second Element Of Conspiracy

38.      Third Element Of Conspiracy

39.      Objects Of The Conspiracy

40.      First Object Of The Conspiracy

41.      Second Object Of The Conspiracy

42.      Count Two

43.      Elements Of The Offense

44.      First Element – Statement Or Representation

45.      Second Element – Materiality

46.      Third Element – False, Fictitious Or Fraudulent Statement

47.      The Statements Charged In Count Two

48.      Fourth Element – Knowing And Willful Conduct

49.      Fifth Element – Matter Within The Jurisdiction Of The United States Government

50.      Only The Statements Charged In Count Two Can Be The Basis Of A Conviction

51.      Unanimity As To The Statements Charged In Count Two

52.      Count Three

53.      Elements Of The Offense

54.      First Element – Untrue Statement Of Fact

55.      The Statements Charged In Count Three

56.      Second Element – Materiality

57.      Third Element – In Connection With The Purchase Or Sale Of Securities

58.      Fourth Element – Use Of Any Means Or Instrumentality Or Interstate Commerce, Of The Mails, Or Of Any Facility Of A National Securities Exchange

59.      Fifth Element – Knowledge, Intent And Willfulness

60.      Only The Statements Charged In Count Three Can Be The Basis Of A Conviction

61.      Unanimity As To The Statements Charged In Count Three

62.   Good Faith

63.   Right To See Exhibits And Hear Testimony & Communications With Court

64.   Duty To Consult And Need For Unanimity

65.   Contact With Others

66.   Partial Verdict

**DEFENDANT'S PROPOSED INSTRUCTION NO. 1**

**<u>JUROR ATTENTIVENESS</u>**

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law.  You must pay close attention to me now.  I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified.  It has been obvious to me that you have faithfully discharged this duty.  Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

(Instr. 2-1, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 2**

**ROLE OF THE COURT**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

(Instr. 2-2, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

2

## DEFENDANT'S PROPOSED INSTRUCTION NO. 3

## <u>ROLE OF THE JURY</u>

Your final role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility – or believability – of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses – the testimony they gave, as you recall it – and the exhibits that were received in evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice as to any party.

(Instr. 2-3, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 4**

**<u>JUROR OBLIGATIONS</u>**

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, you were asked questions concerning your ability to be fair and unbiased. On the faith of those answers, you were accepted by the parties. Therefore, those answers are as binding on each of you now as they were then, and should remain so, until the jury is discharged from consideration of this case. You have a sworn duty to remain fair and impartial as you assess the evidence and deliberate.

(Instr. 2-4, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 5**

**<u>SYMPATHY</u>**

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:  Has the Government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you must not hesitate because of sympathy or any other reason to find the defendant <u>not</u> guilty.  But on the other hand, if you should find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.


(Instr. 2-12, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified)

6

## DEFENDANT'S PROPOSED INSTRUCTION NO. 6

## <u>THE EXPLOSION</u>

You have heard evidence about the explosion at the Upper Big Branch mine that occurred on April 5, 20120.

As I already have instructed you, the government has not charged Mr. Blankenship with causing the explosion, and Mr. Blankenship is not on trial for the explosion. In fact, the cause of the explosion and responsibility for the explosion are not at issue in this case at all. To the extent you have heard in the community or in news reports that this case concerns the explosion, that information is wrong. The government does not accuse Mr. Blankenship of causing the explosion or claim he has any responsibility for the explosion.

Accordingly, in considering the charges against Mr. Blankenship, you cannot be influenced by the explosion or by sympathy for the decedents or their families. You also may not consider or reveal your personal feelings or ideas about what caused the explosion or whether any individual, government agency, or company bears responsibility for that event. It would violate your duty as jurors and my instructions to you if you were to discuss or consider in your deliberations the cause of the explosion or to use your verdict in this case to address responsibility or blame for the explosion. Your duty is to consider only the matters at issue in this case and to decide only the charges that have been brought in this case.

(*See* ECF No. 287, Motion for Jury Instructions Regarding the UBB Mine Explosion).

7

## DEFENDANT'S PROPOSED INSTRUCTION NO. 7

## <u>THE GOVERNMENT AS A PARTY</u>

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the Government, for the enforcement of criminal laws is a matter of prime concern to the community.  Equally, it is important to the defendant, who is charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether Government or individuals, stand as equals at the bar of justice.

(Instr. 2-5, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 8**

**PUBLICITY – FINAL CHARGE**

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions.  You must completely disregard any report which you have read in the newspaper or on the internet, seen on television, or heard on the radio.  Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity to correct them, contradict their accuracy, or otherwise explain them.  In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.


(Instr. 2-17, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 9

## <u>CONDUCT OF COUNSEL</u>

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

(Instr. 2-8, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 10

## <u>REPRIMAND OF COUNSEL FOR MISCONDUCT</u>

During the course of the trial, I have had to admonish or reprimand an attorney.  You should draw no inference against the attorney or his client.  It is the duty of attorneys to offer evidence and press objections on behalf of their clients.  It is my function from time to time to cut off or reprimand counsel when I think it is necessary.  But you should draw no inference from that.  It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.  The issue before you is not which attorney is more likeable or the better attorney – the issue is whether or not the Government has sustained its burden of proof.

In fact, in this case, I would like to express my gratitude to each of the attorneys for their conscientious efforts on behalf of their clients and for work well done.

Your verdict should be based upon the facts as found by you from the evidence and the law contained in these instructions.

(Instr. 2-9, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 11

## <u>JURY TO CONSIDER ONLY THIS DEFENDANT</u>

You are about to be asked to decide whether or not the Government has proven beyond a reasonable doubt the guilt of Mr. Blankenship.  You are not being asked whether any other person has been proven guilty.  Your verdict should be based solely upon the evidence or lack of evidence as to Mr. Blankenship, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.


(Instr. 2-18, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 12**

**TESTIMONY, EXHIBITS, STIPULATIONS, AND JUDICIAL NOTICE IN GENERAL**

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, stipulations and judicially noticed facts.

Exhibits which have been marked for identification but not received into evidence may not be considered by you as evidence.  Only those exhibits received into evidence may be considered as evidence.

Similarly, you are to disregard any testimony when I have ordered it to be stricken.  As I indicated before, only the witnesses' answers are evidence and you are not to consider a question as evidence.  Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.


(Instr. 5-4, Leonard B. Sand *et al.*, Modern Federal Jury Instructions).

13

**DEFENDANT'S PROPOSED INSTRUCTION NO. 13**

**NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY**

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible.  You also have to decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence, drawing upon your own common sense and personal experience.  After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the Government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

(Instr. 4-3, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 14**

**<u>QUESTIONS</u>**

Let me emphasize that a lawyer's questions are not evidence.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true.  If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness:  "When did you stop beating your wife?"  You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there is some other evidence in the record that he had beaten his wife.

In short, questions are not evidence; answers are.

(Instr. 5-3, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 15

## **WITNESS CREDIBILITY – GENERAL INSTRUCTION**

It must be clear to you by now that the Government and the defense are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

16

You should also consider whether a witness had an opportunity to observe the facts he or she testified about.  Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

(Instr. 7-1, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 16**

**<u>BIAS AND HOSTILITY</u>**

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment, anger, or other bias which a Government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

(Instr. 7-2, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 17**

**INTEREST IN OUTCOME**

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.  Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

(Instr. 7-3, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 18

### <u>UNINDICTED CO-CONSPIRATOR AS GOVERNMENT WITNESS</u>

The Government has called as witnesses people who are named by the prosecution as co-conspirators but who were not charged as defendants.

For this reason, you should exercise caution in evaluating their testimony and scrutinize it with great care.  You should consider whether they have an interest in the case and whether they have a motive to testify falsely in order to assist the government or in order to obtain favorable treatment from the government.  In other words, ask yourselves whether they have a stake in the outcome of this trial.  As I have indicated, their testimony may be accepted by you if you believe it to be true and it is up to you, the jury, to decide what weight, if any, to give to the testimony of these unindicted co-conspirators.

(Instr. 7-7, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 19

### <u>IMMUNITY OF GOVERNMENT WITNESS</u>

You have heard the testimony of witnesses who have testified under immunity agreements reached with the government.  Under such an immunity agreement, the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity agreement.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity.  However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution.  If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.  Likewise, if you believe it to be untrustworthy, you may give it no weight at all.

(Instr. 7-8, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 20

## <u>LAW ENFORCEMENT WITNESS</u>

You have heard the testimony of law enforcement officials, including officials of MSHA. The fact that a witness may be employed by the federal Government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

(Instr. 7-16, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 21**

**EXPERT WITNESS (GENERALLY)**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

(Instr. 7-21, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 22**

**IMPERMISSIBLE TO INFER PARTICIPATION FROM MERE PRESENCE**

You may not infer that Mr. Blankenship is guilty of participating in criminal conduct merely from the fact that he was present at the time a crime was being committed and had knowledge that it was being committed.

(Instr. 6-3, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 23**

**<u>IMPERMISSIBLE TO INFER PARTICIPATION FROM ASSOCIATION</u>**

You may not infer that Mr. Blankenship was guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing.

(Instr. 6-4, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 24**

**CORPORATE POSITION**

You have heard evidence that Mr. Blankenship held the position of chairman and chief executive officer of Massey Energy Company.  Mr. Blankenship's position as chairman and chief executive of the company is not itself evidence of guilt.  You may not find Mr. Blankenship guilty of any offense charged in the indictment simply because he held such a position.[1]

Nor may you find Mr. Blankenship simply because you find that other individuals in the company engaged in illegal acts.  An executive of a corporation is not criminally responsible for the illegal acts of another individual in the company merely because of his position.[2]

In order to convict Mr. Blankenship of any of the offenses charged in the indictment, the government must prove to you beyond a reasonable doubt that he, himself, committed the crime: that is, it must prove to you beyond a reasonable doubt all of the elements that I will instruct you on.  If the government has failed to prove any element of the offense, then you must acquit Mr. Blankenship regardless of his position at the company.

---

[1] *See Yates v. Mun. Mortgage & Equity, LLC*, 744 F.3d 874, 890 (4th Cir. 2014).

[2] Inst. 18:04, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS (modified).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 25**

**USING MOTIVE FOR INTENT**

Proof of motive is not a necessary element of the crime with which the defendants are charged.

Proof of motive does not establish guilt, nor does want of proof of motive establish that a defendant is innocent.

If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be – or whether any motive be shown, but the presence or absence of motive is a circumstance which you may consider as bearing on the intent of a defendant.

(Instr. 6-18, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 26**

**<u>RECORDED TELEPHONE CALLS</u>**

You have heard evidence that Mr. Blankenship recorded telephone calls.  It is perfectly lawful for a person to record his own telephone calls.  Accordingly, the fact that Mr. Blankenship recorded telephone calls is not evidence of guilt and may not be considered by you as evidence of guilt.

(W. Va. Code § 62-1D-3(e); 18 U.S.C § 2511(2)(d)).[3]

---

[3] *See also* Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Inst. 5-10 ("The government has offered evidence in the form of tape recordings of conversations with the defendant … The use of this procedure to gather evidence is *perfectly lawful* ….") (emphasis added).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 27**

**<u>CITATIONS & VIOLATIONS</u>**[4]

You have heard evidence in this case that MSHA issued citations to the UBB mine for alleged violations of mine safety standards.  Citations do not mean that crimes occurred.  Indeed, citations are non-criminal in nature.  You may not conclude that a crime occurred simply because the mine received citations.

Mine safety violations, and citations for such violations, can result from mistake, inattention, carelessness, negligence, or through no fault at all, and those kinds of violations are not crimes.  They are subject only to civil fines.

As I will instruct you shortly, the only kinds of violations that constitute a crime, and that you may consider here, are violations that are committed willfully, and citations are not proof of willful conduct.


(30 U.S.C. § 820).

---

[4] The evidence that is the subject of this instruction is the basis of a defense motion *in limine*.  The need for this instruction may be negated if this motion is granted.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 28**

**<u>INDICTMENT</u>**

Mr. Blankenship is charged with various crimes about which I will instruct you shortly. Each charge is called a "count."  I will refer to each count by the number assigned to it in the charging instrument, called an indictment, but you will not be furnished with the indictment itself, because an indictment is merely a statement of charges and not itself evidence.

(Instr. 3-1, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 29**

**THE INDICTMENT IS NOT EVIDENCE**

An indictment is only a formal method used by the Government to accuse a defendant of a crime.  It is not evidence of any kind against Mr. Blankenship.  Mr. Blankenship is presumed to be innocent of the crime charged.  Even though this indictment has been returned against him, Mr. Blankenship begins this trial with absolutely no evidence against him.

Mr. Blankenship has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

(Instr. 13:04, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 30**

**MULTIPLE COUNTS – ONE DEFENDANT**

The indictment contains a total of three counts.  Each count charges Mr. Blankenship with a different crime.  You must consider each count separately and return a separate verdict of guilty or not guilty for each.  Whether you find Mr. Blankenship guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

(Instr. 3-6, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 31

### PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

I instruct you that you must presume Mr. Blankenship to be innocent of the crimes charged.  Thus Mr. Blankenship, although accused of crimes in the indictment, begins the trial with a "clean slate" – with no evidence against him.  The indictment, as you already know, is not evidence of any kind.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant.  The presumption of innocence alone, therefore, is sufficient to acquit Mr. Blankenship.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to Mr. Blankenship.  The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

Unless the government proves, beyond a reasonable doubt, that Mr. Blankenship committed the offenses charged in the indictment, you must find Mr. Blankenship not guilty.

(§ 12:10, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS) (modified).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 32**

**BURDEN OF PROVING GUILT BEYOND A REASONBLE DOUBT**

The burden on the government to prove guilt proof beyond a reasonable doubt is the highest burden of proof in our legal system and the most difficult to meet.  Again, it is the government that must meet this burden, for Mr. Blankenship has no burden at all.  Thus, if the jury views the evidence in the case as reasonably permitting either of two conclusions – one of reasonable doubt, the other of guilt – the jury must, of course, find Mr. Blankenship not guilty.[5] Even if the jury finds that guilt is a considerably more plausible conclusion from the evidence, if there remains reasonable doubt, the jury still must find Mr. Blankenship not guilty.  In short, if you have reasonable doubt, you must acquit Mr. Blankenship regardless of how strong you believe the government's evidence may be.

---

[5] Adapted from Judge Berger's instruction *United States v. Stover.*

## DEFENDANT'S PROPOSED INSTRUCTION NO. 33

### <u>REASONBLE DOUBT</u>

A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act in the graver or more important matters in life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

(§ 12:10, Kevin F. O'Malley *et al.*, Federal Jury Practice & Instructions) (modified)).[6]

---

[6] *But see, e.g., United States v. Oriakhi*, 57 F.3d 1290, 1300 (4th Cir. 1995) ("It is well settled in this circuit that a district court should not attempt to define the term 'reasonable doubt' in a jury instruction absent a specific request for such a definition from the jury").

## DEFENDANT'S PROPOSED INSTRUCTION NO. 34

## <u>COUNT ONE</u>[7]

Counts One of the indictment charges Mr. Blankenship with conspiracy to willfully violate mine safety standards and to defraud the United States.

I will now read Count One to you.

## Count One

Throughout the Indictment Period [January 1, 2008 through April 9, 2010], BLANKENSHIP, together with others known and unknown to the Grand Jury, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together with each other:

a.    for BLANKENSHIP and Massey, as operators of UBB, to willfully violate mandatory federal mine safety and health standards at UBB, in violation of Title 30, United States Code, Section 820(d), and Title 18, United States Code, Section 371; and

b.    to defraud the United States and an agency thereof, to wit, 1) to hamper, hinder, impair, impede, and obstruct, by trickery, deceit, and dishonest means, the lawful and legitimate functions of DOL and its agency, MSHA, in the administration and enforcement of mine safety and health laws at UBB, and 2) to defraud and deprive, by trickery, deceit, and dishonest means, the United States of money that it otherwise would have received.

As to the second part of this alleged conspiracy, to defraud the United States, the indictment charges that the manner and means of defrauding the United States were: (1) using

---

[7] Count One is legally invalid for the reasons set forth in Mr. Blankenship's motions to dismiss.  *See* ECF Nos. 191, 192, 197, 199, 201, 203, 205, 207, 209, 211, 299 and supporting briefs, incorporated by reference herein.  In light of the Court's rulings to date and the possibility that this count will be submitted to the jury notwithstanding its invalidity, Mr. Blankenship submits these instructions on Count One (specifically, Proposed Instructions Nos. 34-41) without waiving or modifying his objections to the validity of Count One and to any instruction on it being given.

advance warnings of federal mine safety inspections to conceal and cover up violations of

mandatory federal mine safety and health standards that otherwise would result in citations and

shutdown orders; and (2) falsifying samples of respirable dust that were collected pursuant to

mandatory federal mine health standards by falsely representing the locations at which dust

sampling devices were placed for the collection of such samples.


(Instr. 3-2, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 35**

**CONSPIRACY TO VIOLATE FEDERAL LAW**

In order for a defendant to be guilty of a conspiracy to violate federal law as charged in Count One, the Government must prove beyond a reasonable doubt:

first, that a conspiracy to violate federal law existed;

second, that at some point the defendant knowingly and willfully joined and participated in the conspiracy with the intent to commit the crimes that are alleged to be the objects of the conspiracy; and,

third, that at least one overt act in furtherance of the conspiracy was knowingly and willfully committed by at least one member of the conspiracy.

(Instr. 19-3S, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 36**

**FIRST ELEMENT OF CONSPIRACY**

With respect to the first element, a "conspiracy" is an agreement among two or more persons to  commit specified crimes.  To show a conspiratorial agreement, the Government is not required to prove that two or more people entered into a solemn pact, but only that two or more persons explicitly or implicitly came to an understanding to achieve the specified crimes, whether or not they were successful.

(Instr. 19-3S, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified).

39

**DEFENDANT'S PROPOSED INSTRUCTION NO. 37**

**SECOND ELEMENT OF CONSPIRACY**

With respect to the second element, the government is required to prove beyond a reasonable doubt that the defendant knowingly and willfully joined and participated in the conspiracy. To act "knowingly" means to act consciously and deliberately rather than mistakenly or inadvertently, and to act "willfully" means to act purposely and with an intent to commit the crimes that are alleged to be the objects of the conspiracy. Thus, a defendant enters into a conspiracy "knowingly and willfully" if he joins and participates in the conspiracy with knowledge of, and the intent to further, its unlawful object.[8]

The government must prove two types of intent beyond a reasonable doubt before a defendant can be said to have willfully joined a conspiracy: an intent to agree and an intent that the underlying crime be committed.[9]

Thus, in addition to proving that a defendant had knowledge of the conspiracy and the intent to join it, the government also must prove that a defendant had the intent necessary to commit each of the crimes that are alleged to be the objects of the conspiracy.[10]

Mere association by a defendant with a conspirator does not itself make the defendant a member of a conspiracy even if he knows of the conspiracy. In other words, knowledge is not

---

[8] Instr. 19-3S, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS (modified).

[9] Inst. 4.03, FIRST CIRCUIT PATTERN JURY INSTRUCTIONS (modified); *see also United States v. United States Gypsum Co.*, 438 U.S. 422, 443 n.20 (1978).

[10] *Ingram v. United States*, 360 U.S. 672, 678 (1959).

enough; the defendant himself must intentionally participate in the conspiracy with the purpose of helping to commit the crimes that are alleged to be the objects of the conspiracy.[11]

I also want to caution you that mere acquiescence, without participation, in the unlawful plan is not sufficient.  Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.  More is required under the law.  What is necessary is that the defendant must have participated with knowledge of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.[12]

In order to return a verdict of guilty, you all must agree on the person or persons with whom Mr. Blankenship conspired.

---

[11] Instr. 19-3S, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified).

[12] Instr. 19-6, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS (modified).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 38

## <u>THIRD ELEMENT OF CONSPIRACY</u>

With respect to the third element, the government must prove beyond a reasonable doubt that some member of the conspiracy, not necessarily the defendant, knowingly and willfully committed an overt act in furtherance of the conspiracy.   An "overt act" is any action intended to help achieve the object of the conspiracy.  An overt act need not itself be a criminal act, but it must contribute to furthering the conspiracy.[13]

However, an act committed after the central objectives of the conspiracy have been attained, for the purpose only of covering up the conspiracy, does not constitute an overt act in furtherance of the conspiracy.[14]

In order to return a verdict of guilty, you must all agree on at least one particular overt act that was committed in furtherance of the conspiracy.[15]

---

[13] Instr. 19-3S, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS (modified).

[14] *Grunewald v. United States*, 353 U.S. 391, 405 (1957).

[15] Instr. 5.06A-2, EIGHT CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CRIMINAL (modified).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 39**

**OBJECTS OF THE CONSPIRACY**

Here, Mr. Blankenship is charged with a single conspiracy to commit two crimes:  first, willfully violating federal mandatory mine safety standards and second, defrauding the United States.

If the government has failed to prove beyond a reasonable doubt the existence of an agreement among the conspirators to commit these two crimes, then you must find Mr. Blankenship not guilty, even though some other conspiracy might have existed.

(*United States v. Figueroa*, 900 F.2d 1211, 1217 (8th Cir. 1990)).[16]

---

[16] The Fourth Circuit's decision in *United States v. Almendinger*, 706 F.3d 330 (4th 2013), is not to the contrary.  That decision concerned a narrowing of the time frame of the charged conspiracy, not a revision to its statutory bases and objects.  *See id.* at 338-340.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 40

## <u>FIRST OBJECT OF THE CONSPIRACY</u>

With respect to the first object of the alleged conspiracy, the crime of willfully violating a mandatory mine safety standard occurs when, and only when, a mandatory mine safety standard is violated <u>willfully</u>.

A mandatory mine safety standard is a federal safety regulation lawfully promulgated by the Secretary of the United States Department of Labor pursuant to the terms of the federal Mine Act.[17]

A violation is willful if it was committed knowingly, deliberately and intentionally, as contrasted with accidentally, carelessly, or unintentionally.[18]

To be willful, a violation also must be committed with knowledge that the conduct is unlawful.[19]  It must be proven that the person was aware of the specific law or regulation at issue and knowingly, deliberately and intentionally violated it nonetheless.[20]  It is not enough that the

---

[17] 30 U.S.C. § 802(l).

[18] Instr. 17:05, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS.

[19] Inst. 3A-3, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS; *see also Bryan v. United States*, 524 U.S. 184, 191-92 (1998) ("in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful") (citation omitted).

[20] *United States v. Manalapan Mining Co.,* 2012 WL 5198455, at *3 (E.D. Ky. Oct. 19, 2012)*; see also Ratzlaf v. United States*, 510 U.S. 135, 146-47 (1994) ("Congress subjected to criminal penalties only those "willfully violating" [the federal structuring statute], signaling its intent to require for conviction proof that the defendant knew not only of the bank's duty to report cash transactions in excess of $10,000, but also of his duty not to avoid triggering such a report").  The Fourth Circuit's decision in *United States v. Jones*, 735 F.2d 785 (4th Cir. 1984), is not to the contrary.  Whereas Mr. Blankenship is charged under 30 U.S.C. § 820(**d**), which requires that the violation be "willful," *Jones* concerned a charge under § 820(**c**), which requires something less – merely that the person "knowingly" authorized, ordered, or carried out the violation.  735 F.2d at 787 n.1.  Thus, in holding that it was unnecessary for the trial court to instruct the jury that the government must prove knowledge of the terms of the safety standard at issue, *Jones* interpreted the word "knowingly" rather than the term "willfully," which is at issue here.  *Id.* at 790 (discussing Supreme Court jurisprudence on "knowingly").  Furthermore, *Jones* was decided before

44

person *should* have known that the conduct is contrary to a specific law or regulation.[21] The government must prove that the person actually knew it was contrary to law.

Likewise, a violation is not willful simply because an executive or supervisor had reason to know that a miner *might* violate a law or regulation.[22]

Nor is conduct willful it was due to negligence, inadvertence, or mistake.[23]

Thus, in order to find guilt Count One, the government must prove beyond a reasonable doubt: that two or more persons agreed to willfully violate mandatory mine safety standards at UBB during the indictment period; that Mr. Blankenship intentionally joined the agreement knowing that one of its objects was to willfully violate mine safety standards at UBB; that Mr. Blankenship intended that willful violations of mine safety standards be committed at UBB; and that at least one overt act in furtherance of the conspiracy was knowingly and willfully committed by at least one member of the conspiracy.

Further, in order to return a verdict of guilty, you all must agree on the particular mine safety standards that the conspirators agreed to violate.

---

the Supreme Court decisions in *Ratzlaf*, 510 U.S. 135, and *Bryan*, 524 U.S. 184.  Thus, even if it conflicts with those decisions, it no longer is good law.

[21]*United States v. Ladish Malting Co.*, 135 F.3d 484,488 (7th Cir. 1998).

[22] *MSHA v. Roy Glenn*, 1984 WL 184569, at *4 (Fed. Mine Safety & Health Rev. Comm. June 17, 1984).

[23] Inst. 3A-3, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 41

## <u>SECOND OBJECT OF THE CONSPIRACY</u>

As I have instructed, Count One charges, as well, that the conspiracy had as one of its objects the crime of conspiring to defraud the United States.

The crime of conspiracy to the defraud United States occurs when two or more persons agree to defraud the United States, or one of its agencies or departments, by dishonest means.[24]

"Fraud" is an intentional or deliberate misrepresentation of the truth made for the purpose of inducing another, in reliance on it, to part with a thing of value or to surrender a legal right. Fraud, then, is a deceit which whether perpetrated by words, conduct or silence, is designed to cause another to act upon it to his or her legal injury.[25]

"Fraud" here includes the use of deceit, trickery or dishonest means to cheat the government out of money or property.  It also includes obstructing the lawful functions of the government or one of its agencies by deceit or trickery or at least by means that are dishonest.[26]

Here, the indictment charges that the conspiracy sought to do both:  both to defraud the United States of money by trickery, deceit and dishonest means, and to obstruct the lawful functions of the Mine Safety and Health Administration by trickery, deceit and dishonest means.[27]

---

[24] Instr. 3.01B, SIXTH CIRCUIT PATTERN JURY INSTRUCTION, CRIMINAL (modified).

[25] Instr. 16:08, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS.

[26] Instr. 3.01B, SIXTH CIRCUIT PATTERN JURY INSTRUCTION, CRIMINAL (modified); *see also United States v. Arch Trading Co.*, 987 F.2d 1087, 1092-92 (4th Cir. 1993) (quoting *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924)).

[27] Superseding Indictment ¶¶ 87(b), 89(b)-(c).

Thus, in order to find guilt on Count One, the government must prove beyond a reasonable doubt: that during the indictment period, two or more persons agreed to defraud the United States by depriving it of money at UBB by trickery, deceit and dishonest means and by obstructing its lawful functions at UBB by trickery, deceit and dishonest means; that Mr. Blankenship intentionally joined this agreement with knowledge of its objects; that Mr. Blankenship intended the United States to be defrauded of its money and to be obstructed in its lawful functions at UBB; and that at least one overt act in furtherance of the conspiracy was knowingly and willfully committed by at least one member of the conspiracy.

I instruct you that "fraud" here does not include the act of correcting a hazardous condition that MSHA may cite as a violation of a mine safety standard.  Nor does "fraud" include correcting a violation of a safety standard.  Federal regulations require mines to correct hazardous conditions and violations of any safety standard if they are observed.  Proof that a person corrected hazardous conditions and/or violations of safety standards is not evidence of a conspiracy to defraud the United States.[28]

---

[28] 30 C.F.R. § 75.363(a).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 42

### <u>COUNT TWO</u>

Count Two of the indictment charges Mr. Blankenship with knowingly and willfully making, and causing to be made, false statements to the United States Securities and Exchange Commission.

I will now read Count Two to you.

### Count Two

On or around April 8, 2010, in the Southern District of West Virginia, BLANKENSHIP, aided and abetted by others known and unknown, knowingly and willfully made and caused to be made materially false, fictitious, and fraudulent statements and representations; and knowingly and willfully made and used, and caused to be made and used, a false writing and document knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, by filing and causing to be filed with the SEC a document containing statements, entries, and representations including the following:  "[w]e [Massey] do not condone any violation of MSHA regulations" and "we [Massey] strive to be in compliance with all regulations at all times," which statements BLANKENSHIP then and there well knew were false, fictitious and fraudulent.

In violation of Title 18, United States Code, Section 1001(a)(2) and (3), and Section 2.

(Instr. 3-2, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

48

**DEFENDANT'S PROPOSED INSTRUCTION NO. 43**

**<u>ELEMENTS OF THE OFFENSE</u>**

In order to prove Mr. Blankenship guilty of the crime charged in Count Two, the government must establish beyond a reasonable doubt that:

First, on or about April 8, 2010, Mr. Blankenship made, or caused to be made, the statements charged in Count Two;

Second, the statements were material;

Third, the statements were false, fictitious or fraudulent;

Fourth, Mr. Blankenship acted knowingly and willfully; and

Fifth, the statements were made in a matter within the jurisdiction of the government of the United States.

If you find from your consideration of the evidence that the government has not proven any one of these five elements beyond a reasonable doubt, then you must find Mr. Blankenship not guilty of this charge.

(Instr. 36-9, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 44

## FIRST ELEMENT—STATEMENT OR REPRESENTATION

The first element of Count Two that the government must prove beyond a reasonable doubt is that Mr. Blankenship made, or caused to be made, the statements charged in Count Two. In this regard, the government need not prove that Mr. Blankenship physically made or otherwise personally prepared the statements in question. It is sufficient if the government proves that he caused the statements charged in Count Two of the indictment to have been made.[29]

One "makes" a statement by stating it himself.[30]

To "cause" a statement to be made means to make it happen or to bring it about.[31]

---

[29] Instr. 36-10, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified).

[30] *See Janus Capital Group, Inc. v. First Derivative Traders*, 131 S. Ct. 2296, 2302 (2001):

> One "makes" a statement by stating it. When "make" is paired with a noun expressing the action of a verb, the resulting phrase is "approximately equivalent in sense" to that verb. 6 Oxford English Dictionary 66 (def.59) (1933) (hereinafter OED); *accord*, Webster's New International Dictionary 1485 (def.43) (2d ed. 1934) ("*Make* followed by a noun with the indefinite article is often nearly equivalent to the verb intransitive corresponding to that noun"). For instance, "to make a proclamation" is the approximate equivalent of "to proclaim," and "to make a promise" approximates "to promise." *See* 6 OED 66 (def.59). The phrase … "[t]o make any ... statement," is thus the approximate equivalent of "to state."

*See also*, *e.g.*, *United States v. Curran*, 20 F.3d 560, 567 (3d Cir. 1994) (holding that, because the defendant "did not prepare or file" the allegedly false contributor lists, "he did not make the false statements to the [Federal Election] Commission" in violation of 18 U.S.C. § 1001; *United States v. Lange*, 528 F.2d 1280, 1288 (5th Cir. 1976) (reversing denial of motion to dismiss false statement indictment under 18 U.S.C. § 1001, and noting that "we do not equate a statement issued by and in the name of a corporation with a statement by an individual").

[31] THE OXFORD ENCYCLOPEDIC ENGLISH DICTIONARY 232 (3d ed. 1996) ("be the cause of, produce, make happen," "induce"); WEBSTER'S NEW WORLD DICTIONARY 223 (3d ed. 1991) ("to be the cause of; bring about; make happen; effect, induce, produce, compel, etc."); BLACK'S LAW DICTIONARY 235 (8th ed. 2004) ("To bring about or effect").

## DEFENDANT'S PROPOSED INSTRUCTION NO. 45

## SECOND ELEMENT—MATERIALITY

The second element of Count Two that the government must prove beyond a reasonable doubt is that the statements were material.

A fact is material if it has a natural tendency to influence a governmental decision or action or is capable of influencing a governmental decision or action.

(Instr. 36-11, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified)[32]

---

[32] *See United States v. Gaudin*, 515 U.S. 506, 509 (1995) ("The statement must have a natural tendency to influence, or be capable of influencing, the decision of the decisionmaking body to which it was addressed.") (internal quotation marks and alterations omitted); *United States v. David*, 83 F.3d 638, 640 n.2 (4th Cir. 1996) ("The test of materiality is whether the false statement has a natural tendency to influence agency action or is capable of influencing agency action.") (citations omitted).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 46

## THIRD ELEMENT—FALSE, FICTITIOUS OR FRAUDULENT STATEMENT

The third element of Count Two that the government must prove beyond a reasonable doubt is that the statements were false, fictitious or fraudulent. A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted.[33]

A statement or representation that is literally true, even if it is misleading, cannot be false, fictitious or fraudulent. For example, if a statement is literally true, but nevertheless could be deemed misleading because certain additional information was omitted, the statement still cannot be false, fictitious or fraudulent.[34]

A statement of belief or opinion can be false, fictitious or fraudulent only if the person making the statement, or causing it to be made, does not sincerely hold the belief or opinion. A

---

[33] Instr. 36-12, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS.

[34] *See*, *e.g.*, *United States v. Baer*, 92 F. App'x 942, 943, 946 (4th Cir. 2004) (affirming dismissal of indictment charging offense under 18 U.S.C. § 1001(a)(2) "on the basis that the statement in question was literally true" and holding that "even deliberate evasiveness" does not provide a basis for prosecution when the statement "is facially correct"); *United States v. Good*, 326 F.3d 589, 592 (4th Cir. 2003) (holding that a defendant cannot be convicted under 18 U.S.C. § 1001 for a statement that is "literally true"); *United States v. Ahmed*, 472 F.3d 427, 432 (6th Cir. 2006) ("[A] § 1001 indictment premised on a statement which on its face is not false is fatally defective, insofar as a false statement is an element of the crime.") (internal quotation marks omitted); *United States v. Moses*, 94 F.3d 182, 188-89 (5th Cir. 1996) ("We cannot uphold a conviction … where the alleged statement forming the basis of a violation of section 1001 is true on its face"); *United States v. Mandanici*, 729 F.2d 914, 921 (2d Cir. 1984) ("[A] defendant may not be convicted under § 1001 on the basis of a statement that is, although misleading, literally true."); *United States v. Vesaas*, 586 F.2d 101, 104 (8th Cir. 1978) ("An indictment [under § 1001] premised on a statement which on its face is not false cannot survive.").

statement of belief or opinion that is sincerely held is not an untrue statement simply because the belief or opinion ultimately may be proven wrong.[35]

It is the government's burden to negative any reasonable interpretation that would make the statements charged in Count Two factually correct. What that means is that, if you find there is a reasonable interpretation of the statements under which they are factually correct, the statements cannot be false, fictitious or fraudulent.[36]

---

[35] *See Onmicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1327 (2015) ("[A] sincere statement of pure opinion is not an 'untrue statement of material fact,' regardless whether an investor can ultimately prove the belief wrong.").

[36] *See United States v. Race*, 632 F.2d 1114, 1116 (4th Cir. 1980) ("In carrying out [its] burden the government must negative any reasonable interpretation that would make the defendant's statement factually correct.") (quoting *United States v. Anderson*, 579 F.2d 455, 460 (8th Cir. 1978)); *accord United States v. Barsanti*, 943 F.2d 428, 432 (4th Cir. 1991); *United States v. Baer*, 274 F. Supp. 2d 778, 781 (E.D.V.A. 2003), *aff'd*, 92 F. App'x 942 (4th Cir. 2004); *United States v. Diogo*, 320 F.2d 898, 907 (2d Cir. 1963)).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 47

## THE STATEMENTS CHARGED IN COUNT TWO

The statements charged in Count Two are the following two statements made by Massey Energy Company in an April 8, 2010 statement to shareholders: "We do not condone any violation of MSHA regulations," and "we strive to be in compliance with all regulations at all times." The indictment charges that the term "we" in the statements refers to Massey Energy Company. Thus, in order for the statement to be false, fictitious or fraudulent, it is not sufficient to find just that Mr. Blankenship condoned violations of MSHA regulations and did not strive to be in compliance with all regulations at all times. To establish that the statements charged in Count Two were false when made, the government must prove beyond a reasonable doubt that, on April 8, 2010, Massey Energy Company condoned violations of MSHA regulations and did not strive to be in compliance with all regulations at all times.

(ECF No. 169 ¶¶ 82, 84, 102)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 48

## FOURTH ELEMENT—KNOWING AND WILLFUL CONDUCT

The fourth element of Count Two that the government must prove beyond a reasonable doubt is that Mr. Blankenship acted knowingly and willfully – that is, that Mr. Blankenship knew that the statements were false and willfully made them, or willfully caused them to made, nonetheless.

An act is done knowingly if it is done purposefully and voluntarily, as opposed to mistakenly, accidentally, or because of ignorance,[37] misunderstanding[38] or other similar reason.[39]

A person who makes, or causes to be made, a statement which that person believes to be true does not "knowingly" make, or cause to be made, a false, fictitious, or fraudulent statement.[40]

An act is done willfully if it is done deliberately,[41] voluntarily[42] and intentionally,[43] and with the specific intent[44] to do something the law forbids, that is, with a bad purpose to disobey the law.

---

[37] Instr. 40:13, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS.

[38] Instr. 40:13, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS.

[39] Instr. 40:13, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS.

[40] Instr. 40:13, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS (modified).

[41] Instr. 40:13, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS.

[42] Instr. 40:13, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS.

[43] Instr. 40:13, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS.

[44] *See United States v. Seay*, 718 F.2d 1279, 1284 (4th Cir. 1983) (approving instruction on false statements charge under 18 U.S.C. § 1001 that "[a]n act is done willfully if done voluntarily and intentionally, and with the specific intent to do something which the law forbids; that is to say, with bad purpose either to disobey or to disregard the law"); Brief for the United States at *10, *Ajoku v. United States*, 134 S. Ct. 1872 (2014) (No. 13-7264), *available at* 2014 WL 1571930:

For a person to have "willfully caused" another to commit an unlawful act means that the act not only must have been caused by the person's activities, but also that the person causing the act to be done must have had the specific intent of bringing about the commission of a crime.[45]

(Instr. 36-13, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (except where noted and with modifications)

---

[T]he government now agrees that the correct interpretation of "willfully" in Section 1035 is the one articulated in *Bryan v. United States*, 524 U.S. 184 (1998). To find that a defendant "willfully" made a false statement in violation of Section 1035, a jury must conclude "that he acted with knowledge that his conduct was unlawful." *Id.* at 193. The same interpretation should apply to 18 U.S.C. § 1001's materially identical prohibition on "knowingly and willfully" making a false statement in a matter within the jurisdiction of the federal government.

*See also* Instr. 8.73, Ninth Circuit Model Criminal Jury Instructions cmt.:

To make a false statement "willfully" under Section 1001, the defendant must have both the specific intent to make a false statement and the knowledge that his or her conduct was unlawful. The requirement that the defendant knew that his or her conduct was unlawful is based on the Supreme Court's decision vacating and remanding the Ninth Circuit's decision in *United States v. Ajoku*, 718 F.3d 882 (9th Cir.2013), after the Solicitor General confessed error. *Ajoku v. United States,* 134 S. Ct. 1872 (Mem.) (U.S. April 21, 2014).

[45] *See* 18 U.S.C. § 2(b); Instr. 11-3, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS; *United States v. Markee*, 425 F.2d 1043, 1046 (9th Cir. 1970) ("[T]he requirement that defendant willfully cause the forbidden act to be done, means that the act must not only have been the cause[-]in-fact of the defendant's activities, but also that defendant have the specific intent of 'bringing about' the forbidden act.") (quoting *United States v. Kenofskey*, 243 U.S. 440, 443 (1917)); *United States v. Inciso*, 292 F.2d 374, 378 (7th Cir. 1961) ("The courts have uniformly construed the word cause [in 18 U.S.C. § 2(b)] to mean a principal acting through an agent or one who procures or brings about the commission of a crime.").

**DEFENDANT'S PROPOSED INSTRUCTION NO. 49**

**FIFTH ELEMENT—MATTER WITHIN THE JURISDICTION
OF THE UNITED STATES GOVERNMENT**

The fifth element of Count Two that the government must prove beyond a reasonable doubt is that the statements were made in a matter within the jurisdiction of the government of the United States.  I charge you that the United States Securities and Exchange Commission is a department of the United States government.

It is necessary for you to find that Mr. Blankenship knew that the statements charged in Count Two were to be utilized in a matter which was within the jurisdiction of the United States Securities and Exchange Commission.  To be within the jurisdiction of the United States Securities and Exchange Commission means that the statement must concern an authorized function of that agency.

(Instr. 36-14, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 50**

**ONLY THE STATEMENTS CHARGED IN COUNT TWO
<u>CAN BE THE BASIS OF A CONVICTION</u>**

The statements charged in Count Two are the following two statements made by Massey Energy Company in an April 8, 2010 statement to shareholders: "We do not condone any violation of MSHA regulations," and "we strive to be in compliance with all regulations at all times." No other statements—including, specifically, no other statements in the April 8, 2010 statement to shareholders—are charged to be false, fictitious or fraudulent. Therefore, no statements other than the two statements charged in Count Two can be the basis of a conviction on Count Two.

(ECF No. 169 ¶¶ 82, 84, 102)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 51**

**UNANIMITY AS TO THE STATEMENTS CHARGED IN COUNT TWO**

In order for you to find Mr. Blankenship guilty of the crime charged in Count Two, the government must prove beyond a reasonable doubt each and every one of the five elements set forth above as to either, or both, of the two statements charged in Count Two.  You must be unanimous that the government has proven beyond a reasonable doubt each and every one the five elements as to the first statement charged, the second statement charged, or both.  If you are not unanimous as to either of the statements charged in Count Two, then you must find Mr. Blankenship not guilty.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 52

## COUNT THREE

Count Three of the indictment charges Mr. Blankenship with making false statements in connection with the purchase or sale of Massey Energy Company securities.

I will now read Count Three to you.

### Count Three

From on or around April 7, 2010, through on or around April 9, 2010, BLANKENSHIP, aided and abetted by others known and unknown to the Grand Jury, did directly and indirectly, by means and instrumentalities of interstate commerce, and by means of the mails and of the facilities of national securities exchanges, did make and cause to be made untrue statements of material fact, and did omit to state, and cause to be omitted to state, material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, did engage in acts and practices and courses of business which operated and would operate as frauds and deceits upon persons, all in connection with the sale and purchase of securities, to wit, Massey Class A Common Stock, in that BLANKENSHIP, aided and abetted by others known and unknown to the Grand Jury, did directly and indirectly, make and cause to be made the statements,"[w]e [Massey] do not condone any violation of MSHA regulations," and "[w]e [Massey] do not condone any violation of Mine Safety and Health Administration (MSHA) regulations," and "we [Massey] strive to be in compliance with all regulations at all times," in a filing made with the SEC by means of interstate wire transmission, and in a press release distributed by means of interstate wire transmissions and companies engaged in the business of distributing press releases by means of interstate wire transmissions.

In violation of Title 15, United States Code, Section 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18 United States Code, Section 2.

(Instr. 3-2, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 53

## ELEMENTS OF THE OFFENSE

In order to sustain its burden of proof for the crime of securities fraud as charged in Count Three of the indictment, the government must prove the following five essential elements beyond a reasonable doubt:

One:  Mr. Blankenship made, or caused to be made, an untrue statement of fact.

Two:  The statement was material.

Three:  The statement was made in connection with the purchase or sale of the securities charged in Count Three of the indictment;

Four:  In connection with this purchase or sale of securities, Mr. Blankenship made use of or caused the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, and

Five:  Mr. Blankenship acted willfully,[46] knowingly,[47] and with the intent to defraud investors.

If you find from your consideration of the evidence that the government has not proven any one of these five elements beyond a reasonable doubt, then you must find Mr. Blankenship not guilty of this charge.

(Instr. 62:07, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS) (except where noted and with modifications)[48]

---

[46] 15 U.S.C. § 78ff(a); Instr. 57-20, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS.

[47] Instr. 57-20, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS.

[48] *See United States v. Johnson*, 553 F. Supp. 2d 582, 622 (E.D.V.A. 2008) (quoting § 62:07, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS to state the elements of a securities fraud offense under 15 U.S.C. § 78ff and 17 C.F.R. § 240.10b-5).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 54

## FIRST ELEMENT—UNTRUE STATEMENT OF FACT

The first element of Count Three that the government must prove beyond a reasonable doubt is that Mr. Blankenship made, or caused to be made, an untrue statement of fact.[49]

One "makes" a statement by stating it himself.[50]

To "cause" a statement to be made means to make it happen or to bring it about.[51]

A statement of "fact" is one that objectively can be demonstrated as being either true or false.[52]  A statement can be too subjective, vague or indefinite to be capable of being proven true or false.[53]

---

[49] 17 C.F.R. §240.10b-5.

[50] *Janus Capital Group, Inc. v. First Derivative Traders*, 131 S. Ct. 2296, 2302 (2011).  The defense is aware that in *Prousalis v. Moore*, 751 F.3d 272 (4th Cir. 2014), the Fourth Circuit declined to apply the Supreme Court's holding in *Janus* to criminal charges brought under Rule 10b-5.  *Prousalis* was wrongly decided, and Mr. Blankenship preserves all rights to challenge that decision if the Court were to conclude it affects the outcome here.  As Chief Judge Traxler recognized in concurring in the result only in *Prousalis*, "'make' has the same meaning in the criminal context as it does in the context of a private right of action."  751 F.3d at 279 (Traxler, C.J., concurring); *see also*, *e.g.*, *Leocal v. Ashcroft*, 543 U.S. 1, 11 n.8 (2004) (recognizing the established principle that, when a statute "has both criminal and noncriminal applications," courts "must interpret the statute consistently, whether [they] encounter its application in a criminal or noncriminal context."); *United States v. Chiarella*, 588 F.2d 1358, 1368 n.16 (2d Cir. 1978), *rev'd on other grounds*, 445 U.S. 222 (1980) ("It is well-established that, except for issues of intent and burden of proof, criminal and civil liability under the securities laws are coextensive.") (collecting cases).

[51] THE OXFORD ENCYCLOPEDIC ENGLISH DICTIONARY 232 (3d ed. 1996) ("be the cause of, produce, make happen," "induce"); WEBSTER'S NEW WORLD DICTIONARY 223 (3d ed. 1991) ("to be the cause of; bring about; make happen; effect, induce, produce, compel, etc."); BLACK'S LAW DICTIONARY 235 (8th ed. 2004) ("To bring about or effect").

[52] *Longman v. Food Lion, Inc.*, 197 F.3d 675, 682 (4th Cir. 1999) ("To establish this element, plaintiffs must point to a *factual* statement …that is, one that is demonstrable as being true or false.") (emphasis in original).

[53] *See*, *e.g.*, *Onmicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1327 (2015) ("That clause ['untrue statement of material fact'], limited as it is to factual statements, does not allow investors to second-guess inherently subjective and uncertain statements."); *Hillson Partners Ltd. P'ship*, 42 F.3d 204, 216 (4th Cir. 1994) (agreeing that statements can be "too vague and indefinite" to give rise to liability under Rule 10b-5); *Raab v. Gen. Physics Corp.*, 4 F.3d 286, 290 (4th Cir. 1993) (agreeing that "temporary" is an "indeterminate term" and too "amorphous [in] nature" to give rise to

If you find beyond a reasonable doubt that any statement alleged in Count Three is a statement of fact that was made, or caused to be made, by Mr. Blankenship, you must next determine whether the government has proven beyond a reasonable doubt that the statement was false at the time it was made.[54]

A statement of belief or opinion can be an untrue statement of fact only if the person making the statement, or causing it to be made, does not sincerely hold the belief or opinion. A statement of belief or opinion that is sincerely held is not an untrue statement of fact simply because the belief or opinion ultimately may be proven wrong.[55]

---

liability under Rule 10b-5); *Malone v. Microdyne Corp.*, 26 F.3d 471, 479-80 (4th Cir. 1994) (expression of "comfort" with analyst's earnings prediction is "certainly not specific enough to perpetrate a fraud" under Rule 10b-5); *cf. Biospherics, Inc. v. Forbes, Inc.*, 151 F.3d 180, 186 (4th Cir. 1998) ("When a speaker plainly expresses 'a subjective view … rather than … objectively verifiable [false] facts, the statement is not actionable [as defamation].'") (quoting *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1227 (7th Cir. 1993)); *Nat'l Found. for Cancer Research, Inc. v. Council of Better Business Bureaus, Inc.*, 705 F.2d 98, 100-01 (4th Cir. 1983) (statement that charitable organization failed to spend a "reasonable" percentage of its income on program services was not a factual statement capable of being proven true or false); *Chapin v. Greve*, 787 F. Supp. 557, 565 n.14 (E.D. Va. 1992) (statement that organization sold goods with "hefty mark-ups" was "merely a subjective value judgment containing no provably true or false factual connotations" and was "not susceptible to proof by any objective core of evidence"); *Metcalf v. KFOR-TV, Inc.*, 828 F. Supp. 1515, 1530 (W.D. Okla. 1992) ("'Qualified,' like the terms 'incompetent' and 'sloppy and irresponsible,' is variously interpretable and too indefinite in meaning to be capable of being proven true or false").

[54] Instr. 57-21, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS (modified); *see Raab v. Gen. Physics Corp.*, 4 F.3d 286, 290 (4th Cir. 1993) (statements that are not false "at the time" they are made cannot give rise to liability under Rule 10b-5).

[55] *See Onmicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1327 (2015) ("[A] sincere statement of pure opinion is not an 'untrue statement of material fact,' regardless whether an investor can ultimately prove the belief wrong.").

## DEFENDANT'S PROPOSED INSTRUCTION NO. 55

## THE STATEMENTS CHARGED IN COUNT THREE

The statements charged in Count Three are the following two statements made by Massey Energy Company in an April 8, 2010 statement to shareholders: "We do not condone any violation of MSHA regulations," and "we strive to be in compliance with all regulations at all times," as well as the following two statements made by Massey Energy Company in an April 9, 2010 press release: "We do not condone any violation of Mine Safety and Health Administration (MSHA) regulations," and "we strive to be in compliance with all regulations at all times."  The indictment charges that the term "we" in the statements refers to Massey Energy Company.  Thus, in order for the statements to be false at the time they were made, it is not sufficient to find just that Mr. Blankenship condoned violations of MSHA regulations and did not strive to be in compliance with all regulations at all times.  To establish that the statements charged in Count Three were false at the time they were made, the government must prove beyond a reasonable doubt that, on April 8, 2010 and April 9, 2010, Massey Energy Company condoned violations of MSHA regulations and did not strive to be in compliance with all regulations at all times.

(ECF No. 169 ¶¶ 82-85, 104)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 56

## <u>SECOND ELEMENT—MATERIALITY</u>

The second element of Count Three that the government must prove beyond a reasonable doubt is that a statement of fact charged in Count Three was material, when considered in the full context in which it was made in light of the total mix of information available to investors.[56]

In order for you to find a "material" fact, the government must prove beyond a reasonable doubt that the fact misstated was of such importance that it could reasonably be expected to cause or to induce a person to invest in Massey Class A Common Stock or to cause or to induce a person not to invest.[57]

The securities fraud statute under which Count Three of the indictment is brought is concerned only with such "material" misstatements and does not cover minor, or meaningless, or unimportant ones.[58]

To the extent that information about a company is not important to reasonable investors, it follows that its release will have a negligible effect on the company's stock price.  Such information is not material.[59]

---

[56] 17 C.F.R. § 240.10b-5; *see also Gasner v. Bd. of Supervisors*, 103 F.3d 351, 358 (4th Cir. 1996) (holding that "alleged misrepresentations … must be considered in the full context in which they were made"); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 615 (4th Cir. 1999) (holding that "allegedly fraudulent corporate statements must be examined in context and in light of the total mix of information made available to investors") (citing *Basic Inc. v. Levinson*, 485 U.S. 230, 231-32 (1988) and *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976)).

[57] Instr. 62:14, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTION; *see* ECF No. 169 ¶ 104.

[58] Instr. 62:14, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTION.

[59] *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997) (Alito, C.J.) ("Ordinarily, the law defines 'material' information as information that would be important to a reasonable  investor in making his or her investment decision….In the context of an 'efficient' market, the concept of materiality translates into information that alters the price of the firm's stock….Therefore, to

In addition, if a reasonable investor should already possess information sufficient to call the representation into question, the statement is not material.[60]

The securities fraud statute under which Count Three of the indictment is brought does not require disclosure of information that otherwise is in the public domain or that has been made credibly available to the market by other sources.  Such information is not material.[61]

---

the extent that information is not important to reasonable investors, it follows that its release will have a negligible effect on the stock price.") (internal citations omitted).

[60] *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 617 (4th Cir. 1999) ("'[E]ven lies are not actionable' when an investor 'possesses information sufficient to call the [mis]representation into question.'") (quoting *Teamsters Local 282 Pension Trust Fund v. Angelos*, 762 F.2d 522, 530 (7th Cir. 1985)); *see also Teamsters Local 282*, 762 F.2d at 530 (Easterbrook, C.J.):

> If the investor already possesses information sufficient to call the representation into question, he cannot claim later that he relied on or was deceived by the lie.  This is not because he has a duty to investigate lies or prevent intentional torts, though; it is, rather, because the securities laws create liability only when [there] is a "substantial likelihood" that the misrepresentation "significantly altered the 'total mix' of information" that the investor possesses.  [*TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976)].  If the investor knows enough so that the lie or omission still leaves him cognizant of the risk, then there is no liability.  The investor cannot ask a court to focus on the lie and ignore the remaining pieces of information already available to him (or, in the case of a publicly traded security, already available to others and reflected in the price of the security).

[61] *See Hillson Partners Ltd. P'ship v. Adage, Inc.*, 42 F.3d 204, 212 (4th Cir. 1994) (holding that "'the securities laws require disclosure of information *that is not otherwise* in the public domain'") (quoting *Sailors v. N. States Power Co.*, 4 F.3d 610, 613 (8th Cir. 1993)) (emphasis in original); *Raab v. Gen. Physics Corp.*, 4 F.3d 286, 289 (4th Cir. 1993) (recognizing that "'defendant's failure to disclose material information may be excused where that information has been made credibly available to the market by other sources.'") (quoting *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1115 (9th Cir. 1989)); *Longman v. Food Lion, Inc.*, 197 F.3d 675, 684 (4th Cir. 1999) ("Plaintiffs' securities fraud claim cannot succeed because, despite the fact that Food Lion denied the charges, the nature of the off-the-clock claims and the claims' risk to earnings were in fact well known to the market before the PrimeTime Live broadcast, and therefore Food Lion's omissions were not material"); *id.* at 685 ("In short, the off-the-clock violations disclosed during PrimeTime Live were already publicly available and, therefore, were not material either to Food Lion's earnings or the price of its stock.").

67

**DEFENDANT'S PROPOSED INSTRUCTION NO. 57**

**THIRD ELEMENT**

**IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES**

The third element of Count Three that the government must prove beyond a reasonable doubt is that there were purchases or sales of Massey Class A Common Stock and that the statements charged in Count Three had some relationship to or were connected with these sales or purchases.

The government need not show, however, that Mr. Blankenship, or anyone associated with him bought or sold the securities in question.

(Instr. 62:11, Kevin F. O'Malley *et al.*, FEDERAL JURY PRACTICE & INSTRUCTIONS) (modified)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 58**

**FOURTH ELEMENT**

**USE OF ANY MEANS OR INSTRUMENTALITY OF INTERSTATE COMMERCE, OF THE MAILS, OR OF ANY FACILITY OF A NATIONAL SECURITIES EXCHANGE**

The fourth element of Count Three that the government must prove beyond a reasonable doubt is that Mr. Blankenship knowingly used, or caused to be used, any means or instrumentality of interstate commerce, of the mails, or of any facility of a national securities exchange in connection with the purchase or sale of securities alleged in Count Three.

(Instr. 57-25, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 59

## **FIFTH ELEMENT—KNOWLEDGE, INTENT AND WILLFULNESS**

The fifth element of Count Three that the government must establish beyond a reasonable doubt is that Mr. Blankenship willfully made, or willfully caused to be made, the statements charged in Count Three with the knowledge that they were false and with intent to defraud investors.

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

For a person to have "willfully caused" another to commit an unlawful act means that the act not only must have been caused by the person's activities, but also that the person causing the act to be done must have had the specific intent of bringing about the commission of a crime.[62]

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive investors.

The question of whether a person acted knowingly, willfully and with intent to defraud investors is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

---

[62] *See* 18 U.S.C. § 2(b); Instr. 11-3, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS; *United States v. Markee*, 425 F.2d 1043, 1046 (9th Cir. 1970) ("[T]he requirement that defendant willfully cause the forbidden act to be done, means that the act must not only have been the cause[-]in-fact of the defendant's activities, but also that defendant have the specific intent of 'bringing about' the forbidden act.") (quoting *United States v. Kenofskey*, 243 U.S. 440, 443 (1917)); *United States v. Inciso*, 292 F.2d 374, 378 (7th Cir. 1961) ("The courts have uniformly construed the word cause [in 18 U.S.C. § 2(b)] to mean a principal acting through an agent or one who procures or brings about the commission of a crime.").

Since an essential element of the crime charged is intent to defraud investors, it follows that good faith on the part of a defendant is a complete defense to a charge of securities fraud.  A defendant, however, has no burden to establish a defense of good faith.  The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

*Even* false statements of material fact do not amount to a fraud unless done with fraudulent intent.  An honest belief in the truth of the statements made is a good defense, however inaccurate the statements may have turned out to be.

Guilty knowledge, therefore, cannot be established by demonstrating mere negligence on the part of the defendant.

(Instr. 57-24, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (except where noted and with modifications)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 60**

**ONLY THE STATEMENTS CHARGED IN COUNT THREE
<u>CAN BE THE BASIS OF A CONVICTION</u>**

The statements charged in Count Three are the following two statements made by Massey Energy Company in an April 8, 2010 statement to shareholders: "We do not condone any violation of MSHA regulations," and "we strive to be in compliance with all regulations at all times," as well as the following two statements made by Massey Energy Company in an April 9, 2010 press release: "We do not condone any violation of Mine Safety and Health Administration (MSHA) regulations," and "we strive to be in compliance with all regulations at all times."  No other statements—including, specifically, no other statements in the April 8, 2010 statement to shareholders or in the April 9, 2010 press release—are charged to be false and material.  Therefore, no statements other than the specific statements charged in Count Three can be the basis of a conviction on Count Three.

(ECF No. 169 ¶¶ 82-85, 104)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 61**

**UNANIMITY AS TO THE STATEMENTS CHARGED IN COUNT THREE**

In order for you to find Mr. Blankenship guilty of the crime charged in Count Three, the government must prove beyond a reasonable doubt each and every one of the five elements set forth above as to at least one of the specific statements charged in Count Three. In order for you to find Mr. Blankenship guilty of the crime charged in Count Three, you also must be unanimous as to which specific statement charged in Count Three the government has proven beyond a reasonable doubt each and every one the five elements. If you are not unanimous as to any of the specific statements charged in Count Three, then you must find Mr. Blankenship not guilty.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 62**

**<u>GOOD FAITH</u>**

Good faith is an absolute defense to all of three counts of the indictment.

A statement made with good faith belief in its accuracy does not amount to a false statement and is not a crime.  This is so even if the statement is, in fact, erroneous.

Likewise, if Mr. Blankenship believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.

The burden of establishing lack of good faith and criminal intent rests upon the prosecution.  A defendant is under no burden to prove his good faith; rather, the prosecution must prove bad faith beyond a reasonable doubt.

(Instr. 8-1, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 63**

**RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY &
<u>COMMUNICATIONS WITH COURT</u>**

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon request.  If you want any of the testimony read, that can also be done.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony which you may want.

Your requests for exhibits or testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson, and given to one of the marshals.  I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person.  In any event, do not tell me or anyone else how the jury stands numerically unless or until a unanimous verdict is reached.

(Instr. 9-3, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 64

## DUTY TO CONSULT AND NEED FOR UNANIMITY

The Government, to prevail, must prove all elements of each offense beyond a reasonable doubt, as already explained in these instructions.  If it succeeds, your verdict should be guilty; if it fails, it should be not guilty.  To report a verdict, it must be unanimous.  That is, each one of you must agree to it.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation – to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence – if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided.  If you are able to reach a verdict, whether guilty or not guilty, it must be unanimous.

(Instr. 9-7, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified).

76

## DEFENDANT'S PROPOSED INSTRUCTION NO. 65

### <u>CONTACT WITH OTHERS</u>

During your deliberations, you should not discuss, or provide any information about, the case with anyone.  This includes discussing the case in person, in writing, by phone or by any electronic means, via text messaging, e-mail, Facebook, Twitter, blogging or any Internet chat room, web site or other means.  In other words, do not talk to anyone on the phone or in person, correspond with anyone, or communicate by electronic means about this case with anyone except with your fellow jurors and only then while you are in the jury room.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet.  Information that you may find on the Internet or in a printed reference very well might be incorrect or incomplete.  In our court system, it is important that you not be influenced by anyone or anything outside this courtroom.  Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

(Instr. 2-21, Leonard B. Sand *et al.*, Modern Federal Jury Instructions) (modified).

77

**DEFENDANT'S PROPOSED INSTRUCTION NO. 66**

**<u>PARTIAL VERDICT</u>**

If, after conscientious deliberations, you are only able to reach a verdict concerning some of the counts, you may return a verdict concerning those counts.

(Instr. 9-8, Leonard B. Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS) (modified).