IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                                    CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

           Defendant.

**ORDER**

The Court has reviewed the Defendant's *Motion for Early-Return Document Subpoena to MSHA Under Fed. R. Crim. P. 17(c)* (Document 300), the *United States' Response to Defendant's Motion for Early-Return Document Subpoena to MSHA* (Document 323), and the Defendant's *Reply in Support of Motion for Early-Return Document Subpoena to MSHA* (Document 325), as well as all exhibits attached in support.

The Defendant moves the Court to issue a subpoena to the Mine Safety and Health Administration (MSHA) before trial for documents pertaining to the (i) UBB mine, (ii) Massey's hazard elimination initiative, and (iii) a single meeting and telephone call between the head of MSHA and the Defendant. (Document 300 at 5-7.)   He stresses that the requested documents are relevant, admissible, described with specificity, and material to his case. (*Id.*)   He notes that the request "meets the standard articulated in [*United States v. Nixon*, 418 U.S. 683 (1974)]… ."   (*Id.* at 8.)

The United States responds that it "has no objection to voluntarily obtaining and providing Defendant the documents requested in his motion, and will do so by September 8, 2015, the date he requested," but notes that the "voluntary production of these documents does not, of course, amount to a representation . . . that they are relevant or admissible." (Document 323 at 1.) Thus, it contends that the instant motion can be granted or denied as moot. (*Id.*)

The Defendant replies that he has "been seeking MSHA documents since the inception of the case" and "requests that the Court issue the requested subpoena to MSHA" as the "discovery sought is required by law and is not subject to government discretion or voluntariness." (Document 323 at 1.)

The Court finds that the Defendant's motion satisfies the requirements of Rule 17(c) of the Federal Rules of Criminal Procedure and hereby **ORDERS** that the Defendant's *Motion for Early-Return Document Subpoena to MSHA Under Fed. R. Crim. P. 17(c)* (Document 300) be **GRANTED**. The Court **ORDERS** the issuance of the subpoena compelling the **Mine Safety and Health Administration, 201 12th Street South, Arlington, VA 22202** to produce:

> **(1) All documents regarding the UBB mine during the Indictment Period located in the files of the MSHA inspectors and officials who were present in the mine during the Indictment Period and their supervisors;**
>
> **(2) All documents regarding the violation reduction or hazard elimination initiative put in place at Massey during the Indictment Period located in the files of the MSHA officials who communicated, orally and/or through written communications, with any Massey officer or employee about the initiative during the Indictment Period; and**
>
> **(3) All documents regarding the meeting between Joseph A. Main and Mr. Blankenship on or around February 1-8, 2010, and the telephone call between Mr. Main and Mr. Blankenship on February 25, 2010, and any preparation for the meeting and/or telephone call.**

The Court further **ORDERS** that, immediately upon their receipt and without their being made a part of the public record, the Clerk of Court deliver said material documents to counsel for the Defendant and the United States Attorney.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Mine Safety and Health Administration, 201 12th Street South, Arlington, VA 22202.

ENTER: September 9, 2015

*[Signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA