AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

| United States of America | ) |
|---|---|
| v. | ) |
| Donald L. Blankenship | ) Case No. 14-cr-244 |
| Defendant | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: Mine Safety and Health Administration
201 12th Strett South
Arlington, Va. 22202

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Robert C. Byrd United States Courthouse 300 Virginia Street, East, Ste. 2400 Charleston, W. Va. 25301 | Courtroom No.: Clerk's Office |
|---|---|---|
| | | Date and Time: September 15, 2015 |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

This subpoena only requests the production of documents. Please see Exhibit 1, which is attached, for the documents sought.

(SEAL)

Date: 9/9/2015

CLERK OF COURT

*Teresa L. Deppner*

Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Donald L. Blankenship, who requests this subpoena, are:

William W. Taylor, III -- Zuckerman Spaeder LLP, 1800 M St., N.W., Suite 1000, Washington, D.C. 20036
wwtaylor@zuckerman.com
(202) 778-1800

James A. Walls -- Spilman Thomas & Battle, PLLC, 48 Donley Street, Suite 800, Morganton, W. Va. 26507
jwalls@spilmanlaw.com
(304) 291-7947

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No. 14-cr-244

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## ATTACHMENT A

### DEFINITIONS AND INSTRUCTIONS

1. The term "document" means any record, writing, or other tangible form of expression of any type or description, including but not limited to email and electronically-stored information, however created, stored or maintained, including preliminary versions, drafts, revisions and all copies bearing notations or marks not found on the original.

2. This subpoena does not call for any document that has already been produced to the defendant by the United States Attorney's Office for the Southern District of West Virginia in *United States v. Blankenship*, 14-cr-244 (S.D. W. Va.). Any such document need not be produced.

3. The terms "MSHA" shall refer to the Mine Safety and Health Administration.

4. The term "Massey" shall refer collectively to Massey Energy Company and any of its subsidiaries, resource groups, including Performance Coal Company, and any of its mines, including the Upper Big Branch ("UBB") mine.

5. The "Indictment Period" refers to the time period between January 1, 2008 and April 9, 2010.

6. The "violation reduction or hazard elimination initiative" refers to the effort commenced by Massey in 2009 to reduce or eliminate hazards at its mine and lower the number of citations issued by MSHA inspectors at its mines. These initiatives may have, by way of example only, been referred to as the Violation Reduction Committee, the Hazard Elimination Committee, the Hazard Elimination Program, and the Kill the Spider Program.

7. In reference to Request No. 1 below, the relevant MSHA files include without limitation Robert Hardman, Lincoln Selfe, Luther Marrs, Joseph Mackowiak, William Bane, Albert Clark,

Matilda Collins, Reba Crawford, Kevin Lyall, Keith Sigmon, Joey Athey, Jerome Stone, Gerald Lucas, Perry Brown, Charles Ward, Harold Jeffery, Larry Hedrick, Paul Price, Thomas Clark, Michael Hayes, Benjamin Dulin, Clyde Gray, Jr., Edward Matthews, Johnny Syner, David Sturgill, Steven Hall, and Michael Shumate.

8. In reference to Request No. 2 below, the relevant MSHA files include without limitation Joseph Main, Kevin Stricklin, Robert Hardman, Norman Page, Lincoln Selfe, and Luther Marrs.

9. For each document whose production is requested, produce the entire document along with all attachments, appendices, and exhibits.

10. Produce all documents in the manner in which they are kept. For electronic documents, this means the following: Production shall be in Concordance format. Documents should be converted to tiff and produced with an accompanying Concordance delimited text file (DAT) containing document metadata and a corresponding image load file (LFP or OPT). Excel spreadsheets should be produced natively with a Tiff placeholder bearing "This document produced natively." Document level extracted text files should be included for all documents.

11. These requests are continuing in character, so as to require you to file supplemental responses promptly if you obtain different or additional information prior to and including the date of trial in *United States v. Blankenship*, October 1, 2015.

12. Should you seek to assert any privilege in objecting to the production of any document covered by the requests, please (a) identify the nature of the privilege (including work product) that you are claiming, and (b) identify (i) the document type (e.g., letter, memorandum, etc.), (ii) the general subject matter of the document, (iii) the date of the document, and (iv) such information as is sufficient to describe the document, including its author and any recipients.

## DOCUMENT REQUESTS

1. All documents regarding the UBB mine during the Indictment Period located in the files of the MSHA inspectors and officials who were present in the mine during the Indictment Period and their supervisors.

2. All documents regarding the violation reduction or hazard elimination initiative put in place at Massey during the Indictment Period located in the files of the MSHA officials who communicated, orally and/or through written communications, with any Massey officer or employee about the initiative during the Indictment Period.

3. All documents regarding the meeting between Joseph A. Main and Mr. Blankenship on or around February 1-8, 2010, and the telephone call between Mr. Main and Mr. Blankenship on February 25, 2010, and any preparation for the meeting and/or telephone call.