IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion to Sever Count One from Counts Two and Three* (Document 298), the *United States' Response in Opposition to Defendant's Motion to Sever Count One from Counts Two and Three* (Document 321), and the Defendant's *Reply in Support of Motion to Sever Count One from Counts Two and Three* (Document 331). For the reasons stated herein, the Court finds that the Defendant's motion should be denied.[1]

The Defendant argues that Count One must be severed from Counts Two and Three "to avoid the extreme prejudice . . . that would inevitably result from trying these counts together" based on evidence that the United States may introduce to support Counts Two and Three. (Document 298 at 1-2.) The specific evidence Defendant complains of includes:

- '[E]vidence regarding the explosion is essential to elements of' the false statement charges in Counts Two and Three;

---

1 Although the Court has issued a ruling on the merits of this motion, the Court notes that the motion is untimely. No new counts or allegations have been added to the superseding indictment. If warranted, the Defendant should have objected to joinder and/or moved for severance in keeping with the pretrial motions schedule set by this Court or by the Magistrate Judge. The time frame for filing pretrial motions has not been extended.

> - 'The fact and severity of the explosion . . . are essential to the element of materiality' in Counts Two and Three;
>
> - '[M]edia reports of the seriousness of the explosion' are 'necessary' to Counts Two and Three; and
>
> - '[S]peculation that lawlessness caused the explosion' are essential to Counts Two and Three.

(*Id.* at 1) (internal citation omitted). The Defendant stresses the "[e]vidence that the government now claims, for the first time, is relevant to Counts Two and Three - the UBB explosion, its severity, media reports about its seriousness, and speculation that lawlessness was the cause - is both inadmissible and extremely prejudicial with respect to Count One." (*Id.* at 4.) Further, he argues that a limiting instruction would be ineffective, and notes that if this Court "agrees with the government that such evidence is relevant to Counts Two and Three, then under Rule 14(a) it must sever Count One to be tried separately." (*Id.*)

The United States responds that "Counts Two and Three charge that after the explosion the existence of that conspiracy was falsely denied" and "this false denial of the conspiracy after the explosion is strong evidence that Defendant knew his pre-explosion conduct (that is, the Count One conduct) was unlawful." (Document 321 at 1.) It contends "[t]he false and misleading statements and omissions charged in Counts Two and Three are thus admissible not just to prove those latter two counts but also to prove Count One," and "information concerning the circumstances of the explosion is necessary to explain false statements or acts of concealment undertaken after it." (*Id.* at 2.) The United States also notes holding separate trials would be fruitless "since the same explosion-related evidence would be admitted at both, as evidence of willfulness and consciousness of guilt with respect to Count One, and of motive, context, and other facts of consequence to Counts Two and Three." (*Id.* at 3.) Finally, it argues that "[t]he false

2

statements are specifically charged not just in Counts Two and Three but as overt acts in Count One. Superseding Indictment ¶100(f)" and that "the false statement concerned the 'practice of willful violations of safety laws at [UBB]'–that is, the practice charged in Count One." (*Id.*) (internal citation omitted.)

The Defendant replies that the United States "fails to explain how the particular evidence . . . has <u>any</u> relevance to the Count one conspiracy or to the particular alleged overt act on which it relies for admission." (Document 331 at 1) (emphasis in original.) He maintains that the "materiality of the statements to investors, however, has absolutely <u>no relevance whatsoever</u> to the government's allegation, with respect to Count One, that the statements show that Mr. Blankenship 'knew his pre-explosion conduct . . . was unlawful.'" (*Id.* at 2) (emphasis in original) (quoting Document 321 at 1.) He argues that even if relevant, the evidence "would be vastly outweighed by the extreme prejudice that would result from such evidence on the passions and emotions on the jury," which "cannot be cured by a limiting instruction," and cites *United States v. Ham*, 998 F.2d 1247 (4th Cir. 1993) for support. (*Id.* at 2.) He argues that the Court must weigh admissibility and judicial efficiency against any prejudice to the Defendant, and cites *United States v. Sherman*, 2011 WL 11186 (W.D. Va. Jan 4. 2011) (unreported) and *United States v. Gunn*, 968 F. Supp. 1089 (E.D. Va. 1997) for further support.

The Court finds that the Defendant's motion should be denied. First, it must be noted that Defendant does not argue that the United States improperly joined Counts One, Two, and Three pursuant to Federal Rule of Criminal Procedure 8(a). Assuming that joinder is proper, the Court must determine if severance is appropriate under Federal Rule of Criminal Procedure 14. Rule 14 provides that "[i]f the joinder of offenses . . . for trial appears to prejudice a defendant or the

3

government, the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "This rule contemplates that joinder under Rule 8(a) can be proper and, at the same time, severance can be required," but "[s]uch cases, however, will be rare." *United States v. Cardwell*, 433 F.3d 378, 387 (4th Cir. 2005) (emphasis added).

"'[A] district court should grant a severance under Rule 14 *only* if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.* (emphasis in original) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Indeed, "[t]here are several safeguards short of severance that a district court may employ to avoid 'undue prejudice,' including a . . . cautionary jury instruction." *United States v. Moore*, 104 F.3d 377, 382 (D.D.C. 1997). "The general rule is that counts charged in the same indictment will be joined at trial . . . .." *United States v. Samuels*, 970 F.2d 1312, 1314 (4th Cir. 1992).

Here, the Government has argued that the statements underpinning Counts Two and Three are connected to the conspiracy alleged in Count One, and vice versa. The Court finds that the counts are inextricably interwoven with respect to certain evidence, and severance is not appropriate. While the Defendant has presented argument that the United States "may" introduce certain evidence, and the Court "may" admit said evidence, there has been no showing of serious risk that the joined counts would prevent the jury from making a reliable judgment about guilt or innocence. The Court notes that the Fourth Circuit views severance of properly joined counts as a "rare" remedy, and further points to the text of Rule 14 authorizing "other relief that justice requires" including a cautionary jury instruction. Thus, without prejudging the admissibility of the complained-of evidence, the Court can, if necessary issue a limiting instruction and/or take

other precaution to assure that the jury makes a reliable judgment about guilt or innocence. Moreover, the United States Supreme Court has stated that "Rule 14 does not require severance <u>even if prejudice is shown</u>; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39 (emphasis added).

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the *Motion to Sever Count One from Counts Two and Three* (Document 298) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: September 10, 2015

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA