IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Renewed Motion to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify the Particular Mandatory Health or Safety Standards that Mr. Blankenship Allegedly Conspired to Willfully Violate* (Document 299), the *United States' Response to Renewed Motion to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify the Particular Mandatory Health or Safety Standards Defendant Conspired to Willfully Violate* (Document 324), and the Defendant's *Reply in Support of Renewed Motion to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify the Particular Mandatory Health or Safety Standards that Mr. Blankenship Allegedly Conspired to Willfully Violate* (Document 332), as well as all exhibits attached in support. For the reasons stated herein, the renewed motion should be denied.[1]

---

[1] Although the Court addresses the merits of this "renewed motion," the Court observes that the motion is untimely. First, the United States' potential future use of purported evidence does not supply the Defendant with "good cause" to file a renewed motion to dismiss that challenges the sufficiency of a superseding indictment. Second, it is

**FACTUAL AND PROCEDURAL HISTORY**

The factual and procedural history is well known to the parties. The Court includes a brief procedural history with respect to this renewed motion to dismiss for ease of reference. *Defense Motion No. 24, Motion to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify Mandatory Health or Safety Standards* (Document 203) and the *Memorandum in Support* (Document 204) were filed on April 7, 2015. The United States' Response was filed on April 8, 2015, and the Defendant's Reply was filed on April 15, 2015.

The Court issued a *Memorandum Opinion and Order* (Document 266) on June 3, 2015, denying the Defendant's motion. That opinion made clear that "the allegations contained in the superseding indictment well inform the Defendant of the charges he is facing." (Document 266 at 7.) Further, the Court found that the

> superseding indictment informs the Defendant that he is accused of (1) entering into an agreement, (2) with at least one other person, (3) to defraud the United States' lawful functions by: (i) violating mandatory mine safety and health standards as they pertain to ventilation, including minimum airflow requirements and construction of proper ventilation assemblies (Document 169 at ¶¶ 11-13, 24-25); (ii) violating mandatory mine safety and health standards by not conducting required mine-safety examinations (*id.* at ¶¶ 14, 27); (iii) violating mandatory mine safety and health standards by not spending money and time performing tasks to support the mine roof and walls (*id.* at ¶¶ 28-30); and, violating mandatory mine safety and health standards concerning accumulations of coal dust (*id.* at ¶¶ 31-35). These, of course, are in addition to the allegations of providing advance warning (*id.* at [¶] 37-39), and do not take into account the accusations of falsifying the location of respirable dust samples (*id.* at ¶ 99).

---

uncontroverted that <u>nothing</u> has been added to the text of the superseding indictment. Third, while it is true that an "objection to the failure of an indictment to allege an essential element of a crime may be raised at any time during the proceedings," that legal principle does not open the door to repeated, untimely challenges after the Court has ruled on a previous motion to dismiss regarding the same unmodified document.

(Document 266 at 7.) The Court also found that *United States v. Kingrea*, 573 F.3d 186 (4th Cir. 2009) was distinguishable because there, "specific language from the criminal statute was absent from the indictment resulting in the exclusion of an essential element of the offense and broader statutory language than that enacted by Congress." (*Id.*) In short, the "superseding indictment is replete with identification of the particular standard or standards that the Defendant allegedly conspired to willfully violate," and the superseding indictment "plainly alleges that multiple acts were willfully done in furtherance of the conspiracy to defraud the United States of its lawful functions." (*Id.*)

## DISCUSSION

Against this framework, the Defendant now asserts that the United States' "abrupt and contradictory shift in position with respect to Count One provides a textbook example of why the charge, as pleaded, runs afoul of the Fifth and Sixth Amendments." (Document 299 at 3.) Succinctly, he asserts that

> after taking the position, in successfully staving off a motion to dismiss, that no specific standards are required to allege or prove Count One, the government has shifted positions entirely and adopted a polar opposite theory of criminality in a transparent effort to introduce irrelevant and unfairly prejudicial 'evidence' about the UBB explosion and mine explosions generally. In doing so, the government is seeking to take advantage of the Court's prior ruling in its favor by switching course at the trial stage of the proceeding in order to roam at large and at will within Title 30 of the Code of Federal Regulations to cherry-pick regulations that mention mine explosions and to argue that such regulations supply necessary elements of the offenses on which the jury will be instructed.

(*Id.* at 4.) The Defendant claims that this has resulted in his inability "to challenge the sufficiency of the charges against him prior to trial." (*Id.* at 5.)

3

Further, the Defendant contends that the Court committed error because it applied "the wrong clause of 18 U.S.C. § 371," and thus, "the ruling does not address whether Count One properly alleges—as required under *Kingrea*, *supra*—that Mr. Blankenship agreed to commit all of the elements of the underlying offense of willfully violating mine safety standards." (*Id.* at 6.)

The United States responds in opposition that the Defendant's motion is untimely, and argues that the Court "fully considered Defendant's prior motion and found it wanting." (*Id.* at 2-5.) It avers that the Defendant's continued reliance on *United States v. Kingrea*, 573 F.3d 186 (4th Cir. 2009), is misplaced because the Court found *Kingrea* distinguishable.

The Defendant replies that the superseding indictment is fatally flawed and the United States "would have the Court sustain an indictment that does not charge an offense and that could never survive an appeal." (Document 332 at 4.) He continues to stress that this Court committed error when it found Count One of the superseding indictment appropriate as charged (*Id.* at 3-8), and maintains that the United States cannot cure the purported deficits of Count One with "post-indictment disclosures." (*Id.* at 8-9.) Finally, he argues that the United States' timeliness argument fails because the motion was precipitated by the United States' "abrupt switch in position regarding the offense charged in Count One." (*Id.* at 10-11.)

The Court finds that the Defendant's renewed motion to dismiss Count One should be denied. First, as *United States v. Hooker,* a case on which Defendant places great emphasis, makes clear, "it is the statement of facts in the pleading, rather than the statutory citation that is controlling . . .." 841 F.2d 1225, 1227 (4th Cir. 1988) (internal citation omitted.) Further, "[w]hen both prongs of § 371 apply to the conduct with which a particular defendant is charged, the government enjoys wide latitude in deciding how to proceed." *United States v. Arch Trading*

4

*Co.*, 987 F.2d 1087, 1091 (4th Cir. 1993) (emphasis added). As made clear in the Court's earlier opinion on this issue:

> "It is well settled that in an indictment for conspiring to commit an offense – in which the conspiracy is the gist of the crime – it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy . . .." *Wong Tai v. United States*, 273 U.S. 77, 81 (1927) (internal citations omitted). Furthermore, under the general defraud prong of § 371, "[a]n overt act is an element under the general conspiracy statute, which requires as an element that one or more of the conspirators 'do an[] act to effect the object of the conspiracy.'" *United States v. Chinasa*, 489 Fed.Appx. 682, 685-86 (4th Cir. 2012)(unpublished).

(Document 266 at 6.) The Defendant continues to try to cabin the superseding indictment as alleging a conspiracy to commit an offense against the United States, as opposed to a conspiracy to defraud the United States. The Court notes that the superseding indictment alleges that the Defendant "conspired . . . to *defraud* the United States and an agency thereof" but it nowhere mentions "offense," though it does state that he conspired to "willfully violate mandatory federal mine safety and health standards at UBB, in violation of Title 30, United States Code, Section 820(d), and Title 18 United States Code, Section 371." (Document 170 at ¶ 87(a), (b)) (emphasis added.) As indicated in earlier opinions, a plain reading of this language indicates that the grand jury charged that the Defendant conspired with others to defraud the United States by willfully violating mandatory federal mine safety and health standards.

Particular attention should be paid to *Arch Trading*. There, the Fourth Circuit noted that "the two prongs of § 371 are not mutually exclusive" and "[c]onvictions under the 'defraud' clause for conspiracies to *commit particular offenses* are commonly upheld." 987 F.3d at 1091-92 (emphasis in original) (internal citations omitted). "Conversely, convictions under the 'offense'

5

clause for conspiracy to engage in conduct which would defraud the United States are also proper." (*Id.* at 1092) (internal citation omitted). Moreover, "[m]any courts have even found it permissible to list both prongs of § 371 in a single indictment count rather than specifying whether the alleged conspiracy was one to defraud or one to commit an offense." (*Id.*)

If residual doubt persists, the United States Supreme Court's rationale in *Dennis v. United States*, 384 U.S. 855 (1966)—discussed in detail in an earlier *Memorandum Opinion and Order* (Document 270)—should dispel any uncertainty. In *Dennis*, the Supreme Court emphasized that "[t]he conspiracy was not peripheral or incidental. It lay at the core of the alleged offense[s]. It is the entire conspiracy, and not merely the [substantive offense(s)] which is the gravamen of the charge." *Dennis*, 384 U.S. at 860 (brackets added).

Finally, the Defendant's assertion that the United States must show "that Mr. Blankenship agreed to commit all of the elements of the underlying offense of willfully violating mine safety standards" is misplaced. It ignores black letter law on conspiracy charges. "It is of course elementary that one may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence." *United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993).

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the Defendant's *Renewed Motion to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify the Particular Mandatory Health or Safety Standards that Mr. Blankenship Allegedly Conspired to Willfully Violate* (Document 299) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: September 10, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA