# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant's *Renewed Motion for Bill of Particulars* (Document 352) and the *United States' Response to Defendant's Renewed Motion for Bill of Particulars* (Document 360).

The Defendant renews his request for a bill of particulars, seeking "only one item of information: the identities of [his] alleged co-conspirators in connection with the Count One charge." (Document 352 at 1) (footnote omitted.) The Defendant contends "the discovery process is coming to an end," and "the defense has investigated the charges as best it can and has reviewed as many documents as it has been able to review," but "still does not know the identities of the individuals that the government alleges are co-conspirators." (*Id.* at 2.) He also points to a citation error in its earlier memorandum opinion denying his request for a bill of particulars.

The Defendant asserts the bill of particulars is necessary because the "charged conspiracy is lengthy, wide-ranging, and involves an untold number of unnamed co-conspirators, including individuals with whom the defendant likely never interacted and does not even know," and that if

he is unable to obtain the identity of alleged co-conspirators, he "will suffer unfair prejudice." (Document 352 at 3-4.) In its response, the United States essentially stands on arguments made in its prior response to Defendant's motions for a bill of particulars (*See* Document 130 and Document 215), and on the Court's previous ruling on the matter.

The Court finds that the Defendant's motion should be denied. As an initial matter, the Defendant is correct that the Court's citation to *United States v. Duncan*, 598 F.2d 839, 848 (4th Cir. 1979), for the proposition that "the identity of the co-conspirators is not an element of the offense charged" was in error. (*See* Document 293 at 5.) The citation should have been to *United States v. Davis* and its declaration that "[t]he existence of the conspiracy agreement rather than the identity of those who agree is the essential element to prove conspiracy." 679 F.2d 845, 851 (11th Cir. 1982) (citing *United States v. De Cavalcante*, 440 F.2d 1264, 1272 (D.D.C. 1971)).

The Fourth Circuit has stated that "[t]he existence of the conspiracy, rather than the particular identity of the co-conspirators, is the essential element of the crime," *United States v. Am. Waste Fibers Co.*, 809 F.2d 1044, 1046, and "the function of a bill of particulars is not to provide detailed disclosure of the government's evidence in advance of trial but to supply any *essential* detail which may have been omitted from the indictment." *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973) (emphasis added) (internal citations omitted). Indeed, "[w]hile two persons are necessary to constitute a conspiracy, 'one person can be convicted of conspiring with persons whose names are unknown.'" *Am. Waste Fibers Co.*, 809 F.2d 1044, 1046 (citing *Rogers v. United States*, 340 U.S. 367, 375 (1951)).

As explained in the Court's previous memorandum opinion and order, the identity of co-conspirators is not an essential element of the crimes charged. Again, the purpose of a bill of

particulars "is to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial . . . not . . . to provide a detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Medical Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985).

## CONCLUSION

Wherefore, after careful consideration, for the reasons stated herein and in the Court's previous *Memorandum Opinion and Order* (Document 293), the Court **ORDERS** that the Defendant's *Renewed Motion for Bill of Particulars* (Document 352) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: September 10, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA