IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 5:14-cr-00244 |
| ) | |
| DONALD L. BLANKENSHIP ) | |

**REPLY IN SUPPORT OF
EMERGENCY MOTION TO RESCHEDULE THE TRIAL DATE**

The government's opposition obscures the truth about its eleventh-hour production of MSHA documents. For the reasons set forth below, the Court must reject the government's game playing and ensure fairness in these proceedings by granting the requested time.

**Missing Documents**

First, the government glosses over the fact that it still has not produced critical MSHA documents. It does not address the fact that the production is missing the MSHA correspondence from during the indictment period that "applauds" Massey for its violation reduction initiative. Nor does it address the missing emails of the MSHA inspectors who were present in the mine during the indictment period. Make no mistake about it, these inspectors are *eyewitnesses*. That the government has not produced their emails and other records is nothing short of stunning.

The defense now has run electronic searches in the new production for emails from eight of the inspectors. For these eight inspectors *combined*, we located a sum total of two emails. It is inconceivable that, over the 27-month indictment period, these two emails are the only ones. Notwithstanding that the relevant emails of these inspectors, among others, are plainly required

by the subpoena that this Court issued and that the government purported to respond to, the rest have not been produced. The government continues to withhold them.

The emails and other records of these inspectors are absolutely critical to defense. These inspectors include:

- Two inspectors who concluded that "[t]he condition of this mine is very good. Management is trying very hard to improve the condition of the mine, they are doing a good job";

- Another inspector who reported that that "there isn't anything wrong there," that "the company is doing what they need," that "they have come a long way and are a lot better than they used to be," and that "several" junior MSHA inspectors "have cited things [at UBB] that were not violations";

- An inspector who, according to defense investigation, stated near the end of the alleged conspiracy that UBB had no major outstanding safety issues and that the mine was in good condition; and,

- Four other inspectors who, between them, wrote more than 400 citations to UBB.

The emails of these inspectors regarding UBB – as well as the relevant emails of many other custodians identified in the subpoena, as well as the correspondence in which MSHA applauds Massey for its violation reduction program, as well as many more records – were clearly called for by the subpoena. Yet the government has failed to produce them. Its opposition does not address why these materials are missing from the production. It certainly does not explain it.

More time clearly is needed for the defense to obtain, review and put to use these documents that are so plainly material to the preparation of the defense.[1]

---

[1] More time also is needed to challenge the privilege log provided by MSHA earlier today. This log concerns an altogether different category of withheld documents, purportedly involving MSHA attorneys. That log, which does not even contain the name of the individuals who sent and received each document, is deficient on its face. The defense, of course, is entitled to challenge the privilege assertions therein.

2

## Government Misrepresentations
## About the Timing of the Request

Second, the government claims that the defense did not seek this material until August, when it first sought the subpoena. This is incorrect. Mr. Blankenship's continuous and repeated efforts to obtain MSHA documents from the government commenced last December and are recounted in detail in the opening motion. There is no need to repeat them here.

To erase any doubt, consider the defense motion to compel MSHA documents under Rule 16 and *Brady*, which the defense filed *months ago*, on May 27, 2015. *See* ECF No. 261. That May 27 motion sought, among others, the exact same documents sought by the first item in the subpoena: specifically, relevant documents in the "*custodial files, including hard files and electronic and email files, of all MSHA inspectors and/or MSHA officials present in the Upper Big Branch Mine … and their supervisors*" during the indictment period. *Id* at 1-2. It therefore is simply incorrect for the government to say that these documents were not sought until August.

Strikingly, in its response to this May 2015 motion, the government did not even argue, as it appears to now, that these materials were not discoverable under Rule 16. *See* ECF No. 273. Nor did it argue that it was not obligated to produce these materials. Rather, it simply stated it had "diligently reviewed the files and materials of the Mine Safety and Health Administration" and had made "substantial disclosures" to the defense. *Id.* at 1. The Court expressly relied on these representations by the government in denying the motion. *See* ECF No. 294 at 5, 7. Given that the government just produced last week 72,700 pages of material responsive to the requests made months ago in the May 2015 motion, and with more material still to be produced, we now know that the government was not being candid.

Thus, there is no basis whatsoever for any assertion that the defense did not seek these documents until the eleventh hour. Nor is there any basis for the government's new assertion

that the government was not obligated to produce these documents sooner under Rule 16. If relevant documents of eyewitnesses in the possession of the government are not "material to preparing the defense" under Rule 16(a)(1)(E)(i), then no documents are.

### **The Defense Must Review the Production**

Third, as to the 72,700 pages of documents that the government *did* produce last week, the government minimizes the need to conduct a thorough review – because, according to the government, many are irrelevant. Again, this is misdirection. In issuing the subpoena, this Court necessarily found that the material sought was relevant and admissible, and the defense has every right to review such important material itself. Indeed, it would be *per se* ineffective assistance of counsel for the defense to refrain from a meaningful document review simply because the government represents that the documents are not important – especially here, where the government has a history of burying important documents in large productions.

Moreover, while the government cites certain files that it *says* are unimportant, it does not dispute that the production contains other, potentially important documents, and that these documents are mixed in with the ones that the government says are not important. Thus, the entire production needs to be reviewed.

In this regard, while the government suggests that a thorough review is unnecessary, the defense already has begun to find important documents in the production that the government, of course, did not identify. We have located in the production inspector notes from within the indictment period stating that "[t]his mine is good" and "management communicates well with MSHA." We have located inspector notes stating that "[t]hey are cleaning and rock dusting the belts regularly." And we have located documents demonstrating MSHA bias, including an indictment-period document from one of the MSHA officials who inspected UBB stating that he

4

had "picked a fight" with the mine and another indictment-period document from a high-ranking MSHA official instructing MSHA's district supervisor to "pour it on."

Thus, the suggestion that the defense need not take the time needed to conduct a meaningful review of the 72,700 pages produced last week is without basis. It is nothing more than an attempt by the government to obtain tactical advantage by denying the defense the time needed to review important discovery and find relevant and exculpatory documents.

### The Government's New Theory of the Conspiracy

Finally, the government suggests that its new, uncharged theory of the Count One conspiracy is mere "strategic detail" that does not merit time for the defense to investigate and prepare. But this theory – disclosed for the first time on August 25 in the government's opposition to a motion to exclude 404(b) evidence – provides *an entirely new basis for conviction* on the charged conspiracy to defraud the United States, based on alleged under-reporting of accident statistics in 2007-2009. *See* ECF No. 330 at 21-24. This subject of accident statistics not only appears nowhere in the indictment, but it embodies three years of evidence (2007-2009), a great volume of documents, and untold numbers of witnesses ranging from UBB miners to UBB office workers to personnel in Massey's corporate office to the company's outside auditor. Thus, this new basis for a possible conviction is much more than mere "strategic detail." If this new theory is not excluded (which it must be as a constitutional matter), then a continuance would be further necessary to permit the defense fair opportunity to investigate and prepare for it at trial, even though such relief still would not cure the constitutional defect. *See* ECF No. 369-6.

**Conclusion**

For these reasons, as well as those set forth in the motion, a continuance of trial until a date no earlier than January 11, 2016 is required. Given the 72,700 pages of MSHA documents that the government produced last week, plus the MSHA documents that still remain to be produced, a fair trial simply cannot be had without this relief.

Dated: September 16, 2015             Respectfully submitted,

                                                   /s/ William W. Taylor, III
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone) / 202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

   /s/ James A. Walls
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304-291-7947 (phone) / 304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 16th day of September, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1239
Huntington, WV 25714-1239

                                            */s/ Eric R. Delinsky*
                                            Eric R. Delinsky