IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v.                                          )<br><br>DONALD L. BLANKENSHIP           ) | Criminal No. 5:14-cr-00244 |

## MOTION TO COMPEL MSHA TO COMPLY WITH SUBPOENA DUCES TECUM

The defense has been trying to obtain documents from the Mine Safety and Health Administration ("MSHA") for months, and on September 9, 2015, the Court entered an Order directing that a Rule 17(c) document subpoena be issued. MSHA responded to that subpoena by letter dated September 14, 2015. The response is, however, woefully inadequate and deficient. For example, MSHA's response lacks emails from its mine inspectors, as well as other important and likely exculpatory correspondence. Indeed, it appears from the production that the agency did not even search the electronic files that would contain this and other responsive information.[1] Tellingly, MSHA has not represented that it has searched for, gathered, and produced *all* responsive documents.

Moreover, the privilege log provided by MSHA is deficient on its face. It does not identify the author and recipient of each purportedly privileged document. Nor does it identify the litigation to which each document purportedly pertains. The log therefore is insufficient to

---

[1] A former MSHA inspector who made frequent trips to the Upper Big Branch mine during the indictment period acknowledged to defense counsel that he sent e-mails concerning UBB using his MSHA email account. Those emails, along with the other emails sent by MSHA inspectors regarding UBB during the indictment period, should have been produced by MSHA, but they were not. In addition, the defense is aware of a July 24, 2009, letter from Robert G. Hardman, an MSHA District Manager, to Massey's Chief Operating Officer, in which Mr. Hardman discusses Massey's violation reduction program and applauds Massey's efforts. That letter should have been produced by MSHA, but it was not. Obviously, MSHA has either not conducted a proper search or it is withholding important documents.

support a claim of privilege and to supply the defense with sufficient information to assess whether each document has been properly withheld.

Accordingly, Donald L. Blankenship moves this Court for an Order compelling MSHA to (1) produce *all* documents responsive to the subpoena, not merely a subset of those documents, and (2) provide a revised privilege log identifying the author and recipient of each purportedly privileged document, the specific litigation to which they pertain, and the subject matter of the document.

In the alternative, and at the bare minimum, Mr. Blankenship moves the Court for an Order compelling MSHA to produce in court the official with most knowledge of its document search and production to answer questions from the Court and counsel about the MSHA files that were and were not searched and produced.

In further support of this motion, Mr. Blankenship states as follows:

## BACKGROUND

MSHA documents are central to this case. MSHA not only issued the citations referenced in the indictment that appear to form the basis of the government's theories, and MSHA not only is the purported victim of the charged conspiracy to defraud, but MSHA was present in the Upper Big Branch mine on a nearly-continuous basis during the indictment period. As a result, MSHA inspectors were actual eyewitnesses to the operation of the mine, conditions of the mine, and conduct in the mine during the indictment period.

Mr. Blankenship has been trying to obtain certain MSHA documents - including UBB-related e-mails and other correspondence to and from certain MSHA employees - for months, and on August 13, 2015, the defense filed a *Motion for Early-Return Document Subpoena to MSHA under Fed. R. Crim. P. 17(c)*. [ECF 300] On September 9, 2015, the Court entered an

Order directing that the subpoena, a copy of which is attached hereto as Exhibit A (the "Subpoena"), be issued.  In so doing, the Court necessarily found that the Subpoena called for relevant and admissible material.

The Subpoena was served on MSHA on September 9, 2015, immediately after the Court entered its Order. (A copy of the Affidavit of Service is attached hereto as Exhibit B.)  Pursuant to the Subpoena [ECF 359], MSHA was required to produce the following:

        a.      All documents regarding the UBB mine during the Indictment Period located in the files of the MSHA inspectors and officials who were present in the mine during the Indictment Period and their supervisors.

        b.      All documents regarding the violation reduction or hazard elimination initiative put in place at Massey during the Indictment Period located in the files of the MSHA officials who communicated, orally and/or through written communications, with any Massey officer or employee about the initiative during the Indictment Period.

        c.      All documents regarding the meeting between Joseph A. Main and Mr. Blankenship on or around February 1-8, 2010, and the telephone call between Mr. Main and Mr. Blankenship on February 25, 2010, and any preparation for the meeting and/or telephone call.

The Subpoena made clear that it encompassed, but was not limited to, responsive documents in the files of more than 30 named individuals.  [ECF 359 at Instruction Nos. 7 & 8]. The Subpoena also made clear that it encompassed email and other electronically-stored information.  [ECF 359 at Instruction No. 1] And, in the event MSHA asserted a privilege, the Subpoena required the agency to produce a privilege log that identified (i) the nature of the privilege (including work product) asserted; (ii) the document type (e.g., letter, memorandum, etc.) over which the privilege is asserted; (iii) the general subject matter of the document, (iv) the

date of the document, and (v) such information as is sufficient to describe the document, including its author and any recipients.

MSHA did not object to the Subpoena. Rather, by letter dated September 14, 2015, from Derek J. Baxter of MSHA to the Clerk of Court, MSHA purported to respond to the Subpoena. (A copy of Mr. Baxter's September 14 letter, including its attachments, is attached hereto as Exhibit C.) In his letter, Mr. Baxter informed the Clerk of Court that MSHA's response to the Subpoena consisted of the following three parts: (i) a privilege log attached to his letter as Exhibit A; (ii) 24 pages of documents attached to his letter as Exhibit B; and (iii) documents contained on a disc mailed to defense counsel William W. Taylor's office on September 8, 2015.

## ARGUMENT

MSHA has failed to comply the Subpoena in two substantive and material ways:

First, it has not produced all responsive documents.  For instance, in response to Request No. 1 of the Subpoena seeking documents regarding UBB during the indictment period in the files of MSHA inspectors present in the mine and their supervisors, MSHA did not produce all responsive emails.  Indeed, the defense has run electronic searches in the new production for emails from eight of the more important inspectors.  For these eight inspectors **combined**, the defense located a sum total of two emails in the MSHA production.  It is inconceivable that, over the 27-month indictment period, these eight inspectors sent only two emails.

By way of further example, in response to Request No. 2 of the Subpoena seeking documents regarding the Massey's violation reduction initiative put in place at Massey during the indictment period in the files of the MSHA officials who communicated about the initiative with Massey, MSHA did not produce all responsive documents.  Mr. Blankenship is aware of at least one such document that MSHA has withheld. Attached hereto as Exhibit D is a copy of a

4

July 24, 2009, letter from Robert G. Hardman, MSHA's Manager for Coal District 4, to Massey's Chief Operating Officer. In his letter, Mr. Hardman applauds Massey's violation reduction program.   In light of the charges against Mr. Blankenship, this document is both clearly material and undeniably exculpatory. Yet, the government has not produced it, either under Rule 16, *Brady*, or the Subpoena, begging the question – *how many e-mails and other letters like this has the government not produced*?

Second, the privilege log provided by MSHA does not provide the information required by Instruction No. 12 of the Subpoena or the applicable law in this District.   As Judge Vandervort wrote in *Westfield Ins. Co. v. Carpenter Reclamation, Inc.*, 301 F.R.D. 235, 246-47 (S.D.W.Va. 2014),

> A privilege log must contain "specific facts which, taken as true, establish the elements of the privilege for each document for which privilege is claimed. A privilege log meets this standard, even if not detailed, if it identified the nature of each document, the date of its transmission or creation, the author and recipients, the subject and the privilege asserted." *Clark v. Unum Life Ins. Co. of America*, 799 F.Supp.2d 527, 536 (D.Md. 2011), *quoting N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) (Footnote omitted.) A summary of the specific facts underlying the assertion of the privilege respecting each of the documents or category of documents withheld and an adequate explanation of why each document or category of documents withheld as privileged are required.

Indeed, the log produced by MSHA is virtually useless.  It does not even contain the names of the authors and recipients of the purportedly privileged documents. Moreover, while it asserts as the subject of each document "pending UBB litigation," it does not identify the litigation – even though all of these documents are dated during the indictment period and thus before the explosion and the resulting investigation and litigation.  The log therefore not only is insufficient to support a claim of privilege, it is fails to supply the defense with sufficient

information to assess whether each document has been properly withheld.

MSHA's failure to respond fully to the subpoenas is more than just prejudicial, it prevents Mr. Blankenship and his counsel from preparing a proper defense. Notably, the inspectors whose emails have not been produced, include:

- Two inspectors who concluded that "[t]he condition of this mine is very good. Management is trying very hard to improve the condition of the mine, they are doing a good job";

- Another inspector who reported that that "there isn't anything wrong there," that "the company is doing what they need," that "they have come a long way and are a lot better than they used to be," and that "several" junior MSHA inspectors "have cited things [at UBB] that were not violations";

- An inspector who, according to defense investigation, stated near the end of the alleged conspiracy that UBB had no major outstanding safety issues and that the mine was in good condition; and

- Four other inspectors who, between them, wrote more than 400 citations to UBB.

These emails, as well as the relevant emails of many other custodians specifically identified in the Subpoena and the correspondence concerning Massey's violation reduction program, were clearly called for by the Subpoena, but the government has failed to produce them without explanation.

When a pretrial subpoena is issued under F. R. Crim. P. 17(c), the recipient has two choices: either (i) fully and completely comply or (ii) seek to quash the subpoena. Here, MSHA did neither. Instead, it withheld relevant, material, and potentially exculpatory e-mails and other correspondence, and produced an improper privilege log which is so vague as to preclude the defense and this Court from assessing whether the documents are subject of a proper privilege claim.

WHEREFORE, Mr. Blankenship respectfully requests the following:

(a)    An order compelling MSHA to fully, completely, and immediately respond to the Subpoena by, among other things, producing (i) *all* responsive documents, including *without limitation* responsive documents in the email, electronic and other files of MSHA inspectors present in UBB during the indictment period and their supervisors, and all responsive documents related to Massey's violation reduction, or hazard elimination, initiative, and (ii) a proper privilege log identifying the names of the persons who prepared, sent, and received each logged documents, identifying the specific "UBB litigation" to which they pertain, and the subject matter of each document;

(b)    In the alternative, an order compelling MSHA to produce in court the official with most knowledge of its document search and production to answer questions from the Court and counsel about what files were and were not searched and produced.

Dated: September 17, 2015                    Respectfully submitted,

                                            /s/ William W. Taylor, III
                                            William W. Taylor, III
                                            Blair G. Brown
                                            Eric R. Delinsky
                                            R. Miles Clark
                                            Steven N. Herman
                                            ZUCKERMAN SPAEDER LLP
                                            1800 M Street, NW, Suite 1000
                                            Washington, DC 20036
                                            202-778-1800 (phone) / 202-822-8106 (fax)
                                            wtaylor@zuckerman.com
                                            bbrown@zuckerman.com
                                            edelinsky@zuckerman.com
                                            mclark@zuckerman.com
                                            sherman@zuckerman.com

/s/ James A. Walls
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304-291-7947 (phone) / 304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

8

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 17th day of September, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1239
Huntington, WV 25714-1239

/s/ James A. Walls
James A. Walls (WVSB #5175)

7725220