IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

_____
                                            )
**UNITED STATES OF AMERICA**   )
                                            )
    **v.**                                 )  Criminal No. 5:14-cr-00244
                                            )
**DONALD L. BLANKENSHIP**   )
_____)

## MOTION FOR RELIEF FROM LATE DISCOVERY

Counsel for defendant Donald L. Blankenship has received over the last four days voluminous documents and other material that should have been produced in discovery months ago[1]. For example,

- On Monday, September 28, the defense received a disk containing thousands of pages of daily violation reports for the period Feb. 2009 through April 2010 for numerous Massey-related entities. The government also produced a purported certification by a former Massey Energy employee under FRE 803(6) and 902(11) with respect to the reports.

- On Monday, Sept. 28, the government produced a disk containing minutes of 16 meetings of the Massey Energy board or one of the board's committees. The disk also contained a purported certification by a former corporate secretary of Massey Energy under FRE 803(6) and 902(11) with respect to the minutes. Three of the minutes are for meetings that occurred outside the indictment period. The disk also contained a copy of an immunity agreement.

---

[1] To be clear, some of the documents recently produced could conceivably already be in the defendant's possession. Many of the new documents are not. The defense simply has not had enough time to review the recent productions to determine the extent to which they contain completely new documents.

- On Tuesday, Sept. 29, the government produced a disk containing purported transcripts of 36 excerpts of audio recordings along with the audio recorded excerpts. The government also produced, for the first time, 230 photographs.

- On Wednesday, Sept. 30, the government made two productions:

  o In the first, the government stated that it intended to introduce 22 enumerated Massey Energy SEC filings. And, the government produced three spreadsheets which it described as "data records provided by the Mine Safety and Health Administration." The government provided no further explanation for the spreadsheets.

  o The second production consisted of a disk containing (i) three spreadsheets of what appears to be compensation concerning various current or former officers of employees of Massey or Alpha related companies, including Mr. Blankenship; (ii) a purported certification by an Alpha employee under FRE 803(6) and 902(11) with respect to the spreadsheets; and (iii) documents relating to a purported chain of custody for audio recording and related equipment.

The latest of these deliveries appeared at approximately four pm this afternoon, scarcely hours before jury selection is to begin.

While some of the material produced in these last few days is arguably inconsequential, including notices of certifications, some of it will be used to try to incriminate Mr. Blankenship, is covered by Rule 16 and the subpoena to MSHA, and some indisputably exculpatory. Some of it appears to come from MSHA after it protested that it had nothing left to produce. It includes a large number of photographs apparently of the mine taken after the explosion as well as tabulations made in real time of citations, including important information about each one.

The problem is at this time the defense cannot tell wheat from chaff and without relief we will not be able to provide constitutionally effective representation.

Time does not permit a more extensive brief at this late hour. We therefore respectfully request the Court to take up this issue of discovery before any further proceedings and grant relief. To assure Mr. Blankenship a fair trial, it is necessary to grant the defense time to examine the material and determine its significance.

Dated: September 30, 2015                    Respectfully submitted,

/s/ William W. Taylor, III
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone) / 202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

/s/ James A. Walls
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304-291-7947 (phone) / 304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 30th day of September, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1239
Huntington, WV 25714-1239

                                   /s/ James A. Walls
                                   James A. Walls (WVSB #5175)

7806235