IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

_____
                                                )
**UNITED STATES OF AMERICA**     )
                                                )
    **v.**                                      )        Criminal No. 5:14-cr-00244
                                                )
**DONALD L. BLANKENSHIP**      )
_____ )

**DEFENDANT DONALD L. BLANKENSHIP'S FED. R. EVID. 803(8) & 704
AND CONFRONTATION CLAUSE OBJECTIONS TO
<u>ADMISSION OF MSHA CITATIONS</u>**

      Defendant Donald L. Blankenship, by counsel, submits these objections to the admissibility of "Mine Citation/Order" forms written by MSHA inspectors at the Upper Big Branch Mine. MSHA citation forms record inspectors' statements and findings about conditions and activity they observed in the mine and concerning violations of law. The government intends to admit the forms as evidence and not to call the inspectors who wrote them as witnesses.

      The MSHA citation forms are hearsay -- out of court statements of declarants, the MSHA inspectors. Fed. R. Evid. 801. And they are testimonial for purposes of the Sixth Amendment's Confrontation Clause. They contain detailed factual descriptions and were written for use in adversarial administrative and judicial litigation that in this case includes criminal litigation. Admission of the citations in lieu of the inspectors' testimony, therefore, would violate both Fed. R. Evid. 803(8), which excludes this kind of evidence, and also the Confrontation Clause, which assures defendants the right to cross-examine witnesses presenting evidence against them. As well, admission would be contrary to Fed. R. Evid. 704 because it would improperly place before the jury the opinion of an MSHA inspector that there has been a violation of law.

**Federal Rule of Evidence 803(8)**

Rule 801(c) classifies documents such as the citations as hearsay: in the language of the rule, they are "statements," by "declarants," not made "while testifying." As hearsay, Rule 802 provides that the citations are not admissible unless otherwise permitted by the Federal Rules of Evidence, some other Supreme Court rule, or a statute. Here, because the citations plainly are "public records," the issue is whether Rule 803(8) provides an exception that permits the citations to be admitted into evidence even though they are hearsay. The text of Rule 803(8) is as follows:

> The following are not excluded by the rule against hearsay. . . .
>
> (8) Public Records. A record or statement of a public office if:
> (A) it sets out:
> (i) the office's activities;
> (ii) a matter observed while under a legal duty to report, but *not including, in a criminal case, a matter observed by law-enforcement personnel*; or
> (iii) in a civil case or *against the government in a criminal case*, factual findings from a legally authorized investigation; and
> (B) neither the source of information nor other circumstances indicate a lack of untrustworthiness.

Fed. R. Evid. 803(8) (emphasis added).

Because the citations set out Massey's activities, not MSHA activities, subsection (i) is irrelevant. To be admissible, the citations must fit within subsection (ii) or (iii), but they do not. If they did, they nevertheless would be inadmissible under the "untrustworthiness" provision in Rule 803(B) because they were created to support the side of one adversary in litigation.

Before tracing through those Rule 803 provisions, one overarching global point is in order: ***No court ever has admitted MSHA citations or any other charging document in litigation as evidence to prove guilt in a criminal case.*** That is for a good reason, as explained by one court of appeals that contrasted routine and admissible biographical information

2

contained in a booking statement with inadmissible narratives of legal violations. "The rote recitation of biographical information in a booking sheet ordinarily does not implicate the same potential perception biases that a subjective narrative of an investigation or an alleged offense might." "[B]ooking sheets raise little concern that suspicion of guilt will function as proof of guilt." *United States v. Dowdell*, 595 F.3d 50, 72 (1st Cir. 2010).

## A. Rule 803(8)(A)(iii)

Subsection (8)(A)(iii) is the most directly applicable portion of Rule 803. A public record that sets out "factual findings from a legally authorized investigation" may be admitted in "a civil case" or, in a criminal case, only "against the government." For findings that the government would introduce against a defendant in a criminal case, Subsection (8)(A)(iii) provides no exception to the general inadmissibility of hearsay under Rule 802.

The terms "factual findings" and "legally authorized investigation" have broad application. The Fourth Circuit has held that the admissibility of MSHA's investigative findings is properly determined under Rule 803(8)(A)(iii). *Kennedy v. Joy Technologies, Inc.*, 269 Fed. Appx. 302, 2008 U.S. Lexis 5396 (4th Cir. 2008) (post-accident MSHA findings admissible in a civil case under Subsection (A)(iii), which was codified at the time of the opinion as Subsection (8)(C) of Rule 803). In *Kennedy*, MSHA made findings after a fairly lengthy investigation that followed a fatal accident. Inspectors' pre-accident investigations of safety violations in mines are no less investigations. *See Zeus Enterprises, Inc. v. Alphin Aircraft, Inc.*, 190 F.3d 238, 242-43 (4th Cir. 1999) (giving broad meaning to "investigation" under what is now Rule 803(8)(A)(iii) and holding that a Federal Aviation Administration ALJ's conduct of an adversary proceeding on appeal from an FAA order is an investigation); *United States v. Oates*, 560 F.2d 45, 67 (2d Cir. 1977) ("investigation" in what is now Rule 803(8)(A)(iii) has a broad meaning

and includes a chemist's testing to determine if a substance is heroin); *Augustson v. Holder*, 728 F. Supp. 2d 1279, 1284 (D.N.M. 2010) (ATF inspector's report of violations witnessed during a "compliance inspection" evaluated for admissibility under investigative findings provision in Rule 803(8)(A)(iii)); *Lupardus v. United States*, 2007 U.S. Dist. Lexis 54459 (D. W. Va. 2007) (post-accident MSHA report of investigation's admissibility is public record governed by investigative findings provision in Rule 803(8)(A)(iii)).

      Under the relevant statutory framework, the plain meaning of "factual findings from a legally authorized investigation" that is used in Rule 803(A)(iii) includes MSHA citations and the findings reported in them. MSHA inspectors are statutorily authorized to go into mines, inspect them in order to identify violations, and to investigate the violations and make findings as to them. 30 U.S.C. §813(a) (inspectors "shall make frequent inspections and investigations"). Inspectors are statutorily charged with the duty to make findings if they believe they have witnessed violations. 30 U.S.C. §814(a) requires an inspector to "describe with particularity the nature of the violation" in the citation. 30 U.S.C. §814(d) is, in part, titled "Findings of Violations." It provides that if an inspector "finds that there has been a violation of any mandatory health or safety standard" and certain aggravating conditions exist, the inspector "shall include such findings in any citation given to the operator."

      The MSHA citations themselves confirm that inspectors perform inspections to identify violations and then investigate them to find the relevant facts as to the violation, to make findings as to seriousness and level of blame, and then to follow up the initial investigation by re-investigating in order to make findings as to whether violations were eliminated or not. Item 8 on page 1 of the citation form contains narrative findings about the specific details of the particular violation that has been investigated. Page 2 of the form is filled out at the end of the

4

investigation, and Section II on page 2 contains the inspectors' findings made at the end of the investigation with respect to elimination or cure of the violation. Other specific investigative findings are made by checking boxes on page 1 of the citation form, under the heading "Section II – Inspector's Evaluation." Item 10(A) requires the inspector to make a finding as to the likelihood of injury or illness: no likelihood, unlikely, reasonably likely, highly likely, or occurred. Item 10(B) requires a finding as to the severity of injury or illness: no lost workdays, lost workdays or restricted duty, permanently disabling, or fatal. Item 10(C) requires a finding as to whether the violation is significant and substantial: yes or no. Item 10(D) requires a finding as to the number of persons affected. Item 11 requires a finding as to a specific level of negligence: none, low, moderate, high, or reckless disregard. All of the foregoing constitute "factual findings from a legally authorized investigation" within the meaning of Rule 803(8)(A)(iii). *See* MSHA Handbook Series, Handbook Number PH13-I-1(1), "Citation and Order Writing Handbook for Coal Mines and Metal and Nonmetal Mines, at 9-43 (Dec. 2013) (lengthy guidelines for inspectors to use to make the various findings required on citation forms).

      It is not surprising that Section 803(8)(A)(iii) permits investigative findings in criminal cases to be admitted only against the government, and not against defendants. The Confrontation Clause and its guarantee of a cross-examination right do not protect the government, but do protect defendants. Permitting an officer of the government to make investigative findings about the specific facts concerning perceived violations of law, and even to make specific findings about the severity of a violation and about the level of negligence, if any, or reckless disregard that produced the violation – and then to admit the findings regarding the violation in a criminal case to prove guilt – would be a classic Confrontation Clause violation. Even admitting a laboratory chemist's report containing a finding that tests show a substance to be narcotics

5

violates the confrontation clause. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009). By contrast, MSHA inspectors' findings concern the details of the behavior and conditions that comprise the charge of a legal violation, and also concern the severity of and degree of culpability for the violation charged. Admitting those findings would be an extreme case of a Confrontation Clause violation. Congress was clear that Rule 803(8)(A)(iii) is written to avoid just such Confrontation Clause violations.

> [T]hey are admissible only in civil cases and against the government in criminal cases in view of the almost certain collision with confrontation rights which would result from their use against the accused in a criminal case.

Advisory Note to 1972 Proposed Rules, Rule 803(8)(C) (same as provision now codified as Rule 803(8)(A)(iii)).

## B. Rule 803(8)(A)(ii)

Rule 803(8)(A)(ii) provides a hearsay exception for public records that set out "a matter observed while under a legal duty to report." The MSHA citations fit that description in general. However, because the citations more specifically contain detailed investigative findings, their admissibility is more specifically controlled by Rule 803(8)(A)(iii). If the citations are not admissible under Rule 803(8)(A)(ii) for the reason that Congress intended to bar the use of such public records against a defendant in a criminal case, it would be improper to admit them under another section of Rule 803(8). But, if the Court were to conclude that the MSHA citations do not set out "factual findings from a legally authorized investigation," and then the admissibility of the MSHA citations were determined under Rule 803(8)(A)(ii) as involving a matter "observed while under a legal duty to report," the citations nevertheless would be inadmissible. "[P]rohibitions against the use of government-generated reports in criminal cases" (Rule 803(8)(A)(ii)) must be "coterminous with the analogous prohibitions" against the use of factual

findings from a legally authorized investigation Rule 803(8)(A)(iii). *United States v. Oates*, 560 F.2d at 67-68.[1]

Like Rule 803(8)(A)(iii) and its exclusion of investigative findings as evidence against a defendant in a criminal case, Rule 803(8)(A)(ii) excludes "in a criminal case" "a matter observed while under a legal duty to report" if that matter was observed by "law-enforcement personnel." The exclusion avoids Confrontation Clause violations and recognizes that hearsay generated at the start of an adversarial process is not sufficiently reliable to be admitted without an opportunity for cross-examination. The text of Rule 803(8)(A)(ii) is as follows:

The following are not excluded by the rule against hearsay. . . .

(8) Public Records. A record or statement of a public office if:
(A) it sets out:
(ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel. . . .

Each MSHA citation sets out a matter (a violation) that MSHA inspectors have a legal duty to report (although, as demonstrated above, they go much further and make numerous investigative findings). An inspector's duty to find and report violations is clearly grounded in Title 30 of the United States Code. 30 U.S.C. § 813(a) provides that inspectors "shall make frequent inspections and investigation in coal or other mines . . . to determin[e] whether there is compliance with the mandatory health and safety standards. . . ." And 30 U.S.C. § 814(a)

---

[1] Similarly, recorded recollection hearsay exception in Rule 803(5) cannot be used as an alternative authorization of admissibility for a public record excluded by Rule 803(8). *United States v. Pena-Gutierrez*, 222 F.3d 1080, 1086-87 (9th Cir. 2000). Nor can the business records hearsay exception in Rule 803(6) be used as an alternative source of admissibility for a public record that is governed by Rule 803(8). *United States v. Orellana-Blanco*, 294 F.3d 1143, 1149 (9th Cir. 2002); *United States v. Cain*, 615 F.2d 380, 382 (5th Cir. 1980) (Rule 803(6) "does not open a back door for evidence excluded by section (8)"). Further, Rule 803(6) business records never include records created for use in or to begin adversary litigation, as they have a potential for bias or slant not present in business records of ordinary activity. *United States v. Bohrer*, 807 F.2d 159, 162 (10th Cir. 1986).

provides that an inspector who "believes" that there has been a violation "shall . . . issue a citation to the operator" of the mine.

MSHA inspectors are law-enforcement personnel. The plain meaning of that broad term controls. If Congress had intended a narrow or specialized meaning, it would have defined the term or have used a different term. By contrast to MSHA Inspectors who actually identify and investigate violations of law and issue citations charging those violations, even "IRS personnel who gather data and information and commit that information to records which are routinely used in criminal prosecutions are performing what can legitimately be characterized as a law enforcement function." *United States v. Ruffin*, 575 F.2d 346, 356 (2d Cir. 1978). The term includes "any officer or employee of a governmental agency which has law enforcement responsibilities." *United States v. Bohrer*, 807 F.2d 159, 162-63 (10th Cir. 1986) (IRS agent was "law enforcement personnel" for purpose of Rule 803(8) when he made notes on contact card of discussion with taxpayer); *United States v. Orozco*, 590 F.2d 789, 793 (9th Cir. 1979) (customs inspector is "law enforcement personnel" for purpose of Rule 803(8)); *United States v. Oates*, 560 F2d at 67-68 (chemist employed by Customs Service is "law-enforcement personnel" for purpose of Rule 803(8)).

There is no reasonable understanding of the plain meaning of "law-enforcement personnel" that would not include MSHA inspectors. Their raison d'etre under Sections 813 and 814 of Title 30 is enforcement of federal mining and safety laws. Pursuant to those statutes, and quoting the terms in them, inspectors make "inspections and investigations" to enforce federal laws, assuring "compliance," and issue "citations" to enforce the law when noncompliance is observed. The very act of issuing "citations," which operate to begin a formal adjudication process, demonstrates that MSHA inspectors are law-enforcement personnel. MSHA citation

8

forms are a little more detailed than citations typically issued by police officers, but otherwise look for all the world just like them. The citations do what all law enforcement citations do: state "the nature of the violation, including a reference to the provision . . . alleged to have been violated," 30 U.S.C. § 814(a), and record particulars regarding the exact date, time and place of the violation. MSHA understands that citations written by inspectors are "Documentation of Enforcement Actions." MSHA Handbook Series, Handbook Number PH13-V-1, "Coal Mine Safety and Health Inspection Procedures Handbook," at 2-19 (Feb. 2013) (available online).

The specific details of the role played by inspectors in the enforcement process further demonstrate that they are law-enforcement personnel under Rule 803(8)(A)(ii). Inspectors have a right to enter all mines. 30 U.S.C. § 813(a). An inspector's issuance of a citation begins an enforcement process involving adjudication and imposition of sanctions. 30 U.S.C. § 815 ("Procedure for Enforcement"). MSHA assesses a civil penalty. 30 U.S.C. § 815(a) and §820(a). The mine operator then has 30 days to contest the violation and the penalty, and the contest involves an adversarial and evidentiary administrative proceeding that produces an administrative decision. 30 U.S.C. § 815(a) & (d). All of that is followed by judicial review of the final administrative order, including the possibility of offering further evidence to contest the violation charged in the citation and enforced by administrative order. 30 U.S.C. § 816. If an MSHA citation involves a willful violation, there can be parallel criminal proceedings that can lead to additional fines and imprisonment. 30 U.S.C. § 816(d). In fact, after writing a citation, MSHA inspectors have a duty to refer a "Possible Knowing/Willful Violation" to superiors along with a variety of detailed information relevant to possible criminal prosecution. MSHA Handbook Series, Handbook Number PH13-I-1(1), "Citation and Order Writing Handbook for Coal Mines and Metal and Nonmetal Mines," at 60 (December 2013) (available online).

Exclusion of the MSHA citations is consistent with two principles underlying the law enforcement exception in Rule 803(8)(A)(ii). One is a concern "that suspicion of guilt will function as proof of guilt." *United States v. Dowdell*, 595 F.3d at 72. If the government here were permitted to introduce into evidence MSHA citations purporting to describe and to charge hundreds of violations of law, that would be the likely effect on the jury, no matter what limiting instruction might be given. The second concern is that reports of violations of law, made by a government employee in an adversarial situation, are not sufficiently likely to be free of all bias and slant to make them trustworthy enough to admit as hearsay. *Id*. at 70. MSHA reports could not be more adversarial. They charge violations of law and are written in order to lay out the substantive evidence of the violation, and even to assess severity and blameworthiness levels. Quite simply, they function as a charging document at the beginning of an adjudicative process and contain the inspector's testimony in the matter. The uniform reaction of courts to such documents is that there is an inherent partisan motivation that requires live testimony and cross-examination, as opposed to the confidence in the accuracy of routine non-partisan, non-adversarial reports.[2]

---

[2]As against defendants in criminal cases, some courts admit reports made by law-enforcement personnel if they concern only routine, non-adversarial matters like creating a log of license plates observed on cars passing along a road. *United States v. Orozco*, 590 F.2d at 793-94; *see United States v. Dowdell*, 595 F.3d at 72 (rote recitation of biographical information in booking sheet). The MSHA citation forms written by investigators do not contain such routine information and do not have a non-adversarial character. They purport to narrate detailed evidence of legal violations, to assess severity and to assign a level of blame. And their issuance is the first step in an administrative and judicial adjudicative process that uses the citations as both a charging document and a statement of the inspector's testimony and evaluation about what he observed.

### C. Impermissibility of Admitting Hearsay Created to Begin and for Use in Adversarial Litigation: Untrustworthiness Under Rule 803(8)(B) and Limitation Imposed by the Confrontation Clause

Even if the MSHA citations could be admitted under Rule 803(8)(A)(ii) or (iii), the Sixth Amendment's Confrontation Clause and Rule 803(8)(A)(B) would bar admissibility.

### 1. Confrontation Clause

The Confrontation Clause provides: "[I]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" As the Supreme Court clarified in *Crawford v. Washington*, 541 U.S. 36, 59 (2004), "[t]estimonial statements of witnesses absent from trial [are] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." The MSHA citations obviously are testimonial, in that they contain an inspector's narrative description of the facts that establish a violation of law, as well as his or her findings as to the seriousness of the violation and the level of blameworthiness involved. They even express the inspectors' findings about such things as the likelihood that a violation will injure or kill someone.

In *Melendez-Diaz v. Massachusetts*, 557 U.S. at 321, the Supreme Court held that even the technical reports of drug analyses by chemists are testimonial and therefore inadmissible based on Confrontation Clause protections of the rights of defendants in criminal cases to confront adverse evidence by in-court cross-examination. The Court rejected the argument that the reports should be admitted under the rationale for admitting records of regularly conducted activity: "[b]usiness and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because — having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial." But that rationale does not apply when "the

11

regularly conducted business activity is the production of evidence for use at trial." *Id.* In that circumstance it is necessary to produce the declarant at trial so that he or she may be confronted by cross-examination. The Constitution will not permit admission of a document that contains a declarant's testimony that cannot be cross-examined. *Cf. United States v. Cabrera-Beltran*, 660 F.3d 742, 752-53 (4th Cir. 2011) (Customs and Border Protection records that simply list vehicles and persons who enter or leave the United States and are not created in connection with adversarial litigation are not testimonial).

MSHA citation forms are the first step in the administrative enforcement process. They are created, not to administer MSHA's own affairs, but as the basis for taking action against an alleged law-violator by means of an adversary determination of the facts—i.e., in anticipation of administrative and then judicial litigation. They go far beyond the chemist's report in *Melendez-Diaz* which was intended to be part of the evidence at a trial. They actually constitute the basis for all administrative and judicial proceedings that follow, and contain an inspector's testimonial narrative and findings that are intended to support an adjudication in favor of MSHA in those proceedings. Indeed, the citations are statements of the chief prosecuting witness in the administrative and judicial proceedings that follow issuance of the citations. If the government were to call inspectors at trial in this case to testify concerning the violations noted in the citations (and putting relevance and prejudice objections to the side), clearly the government would have to produce the citations as prior statements of a prosecution witness that could be used for purposes of cross-examination. Nothing could more clearly highlight the testimonial

contents and nature of the MSHA citations. Accordingly, the Confrontation Clause bars their admission as evidence in place of live testimony from the inspectors who wrote them.[3]

### 2. Rule 803(B) and Untrustworthiness

Rule 803(8) also contains a related provision that excludes otherwise admissible public records when they are shown to be untrustworthy. Fed. R. Evid. 803(8)(B). Just as the Confrontation Clause excludes out-of-court statements that are made in connection with expected adversary litigation, untrustworthy documents under Rule 803(8)(B) include public or other records that – like the MSHA citations at issue here, which are statements of charges meant to initiate an adjudicative process – are created in an adversarial setting and in connection with likely litigation. Indeed, there is a common or similar thread that runs through the law enforcement exceptions to admissibility that are found in Rule 803(8)(A), in inadmissibility mandated by the Confrontation Clause, and in the untrustworthiness provision in Rule 803(8)(B). When witnesses prepare written statements in adversarial settings with an understanding that the statement will be used to support one side and not the other, they are inadmissible. *See Certain Underwriters at Lloyd's v. Sinkovich*, 232 F.3d 200, 205-06 (4th Cir. 2000) ("The absence of trustworthiness is clear . . . when a [marine surveyor's incident] report is prepared in the anticipation of litigation because the document is not for the systematic conduct and operations

---

[3]Rule 803 is written to accommodate Confrontation Clause requirements set out in the Constitution, as any rule of evidence obviously must do. Rule 803 thus does not state that evidence is admissible if it fits within Rule 803(8). Instead, Rule 803 provides that hearsay evidence is "not excluded" by hearsay rules if it is admissible under Rule 803(8). This "cautious negation of inadmissibility" recognizes that the rule must apply to both civil and criminal proceedings and that room must be left to respect Confrontation Clause requirements that would bar admissibility, notwithstanding that the same hearsay might be admissible in a civil case or against the government in a criminal case. *United States v. Cain*, 615 F.2d 380,381-82 (5th Cir. 1980). The Advisory Committee made a similar point: "The exceptions are phrased in terms of nonapplication of the hearsay rule, rather than in positive terms of admissibility, in order to repel any implication that other possible grounds for exclusion are eliminated from consideration." Advisory Committee Notes to 1972 Proposed Rules. (found in first paragraph).

of the enterprise but for the primary purpose of litigating."). "[I]nvestigative reports lack sufficient guarantees of trustworthiness . . . [when] they are made in an adversary setting and likely to be used in litigation." *United States v. Palacios-Herrera*, 2010 U.S. App. Lexis 24717, at *3 (4th Cir. 2010) (quoting *United States v. Hernandez-Rojas*, 617 F.2d 533, 535 (9th Cir. 1980); *see* note 1, supra.

> D. Inadmissibility of MSHA Citations Because They Constitute and Contain Legal Conclusions

Public records otherwise admissible under Rule 803(8) should be determined to be inadmissible if they contain legal conclusions. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010); *Barfield v. Orange County*, 911 F.2d 644, 650 (9th Cir. 1990).

The entirety of an MSHA citation is an inspector's legal conclusion that a provision of law has been violated. While there clearly are factual statements in the report about activities and conditions in a mine, and about issues like severity, the report as a whole is a statement of an inspector's opinion that a law has been violated. Apart from any detail in a citation, its function is to charge a violation of law. An inspector would not be able to provide his or her opinion on that score – whether there has been a violation of law – even if he or she were called to testify as a live witness. This Court's decision in *United States v. Hoffman*, 2010 WL 1416869 (S.D. W. Va. 2010), establishes that point. There, the Court, applying Fed. R. Evid. 704, excluded both the report of and testimony by an inspector for the West Virginia Department of Environmental Protection to the extent that either mentioned her opinion about whether the defendant had violated an environmental law by his storage of certain chemicals. There is no way to distinguish the opinion of an MSHA inspector about mine safety violations from the opinion of a WVDEP inspector about environmental safety violations.

### E. Conclusion

The MSHA citations cannot be admitted as evidence against Mr. Blankenship. They must be excluded.

Dated: October 1, 2015                                   Respectfully submitted,

                                                   /s/ William W. Taylor, III
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone)
202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

    /s/ James A. Walls
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
P.O. Box 615
Morgantown, WV 26501
304-291-7947 (phone)
304-291-7979 (fax)
jwalls@spilmanlaw.com

    /s/ Alexander Macia
Alexander Macia
SPILMAN THOMAS & BATTLE, PLLC
P.O. Box 273
Charleston, WV 25321-0273
304-340-3800 (phone) / 304-340-3801 (fax)
amacia@spilmanlaw.com

*Counsel for Defendant Donald L. Blankenship*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 1st day of October, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
P.O. Box 1239
Huntington, WV 25714-1239

                                                */s/ Eric R. Delinsky*
                                                Eric R. Delinsky