**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY**

UNITED STATES OF AMERICA

v.                                                                               CRIMINAL NO. 5:14-00244

DONALD L. BLANKENSHIP

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR LIMITATION ON
<u>GOVERNMENT OPENING CONCERNING WILLIAM ROSS</u>**

The United States in its opening statement intends to discuss only evidence and testimony it reasonably believes is relevant and admissible in this case. It does not plan to use any specific pieces of evidence or images thereof, but rather simply recite what the United States believes the evidence will show. The United States assumes that the jury will be instructed that the statements of attorneys are not evidence and should not be considered as such.

The United States does intend to discuss in its opening statement portions of a memorandum written by a Massey attorney and addressed to defendant which memorializes an interview with William "Bill" Ross. That memorandum and the email forwarding it to the defendant is attached hereto at Exhibit A. The memorandum is also discussed by defendant in a telephone call he recorded in which the evidence will show defendant stated, "[i]t's highly confidential 'cause I don't know, uh, I don't know really what to do with it, because I meant to keep it, uh, privileged and confidential but, Bill, uh, his interview on our performance regarding MSHA's safety is worse than a Charleston Gazette article." It is apparent, therefore, that defendant received and reviewed the memorandum.

1

One can see from even a cursory review of the memorandum that it is highly relevant and probative. Indeed, while the United States did not obtain the memorandum until 5 years after the investigation began and months after the original indictment was returned in this case, it tracks very closely the allegations in the indictment and demonstrates that the defendant was specifically put on notice of the issues detailed therein. Moreover, the only mining entity that was referenced in the memorandum was the one which included the Upper Big Branch mine: "Bill suggests that Massey pick a mine and focus on it to be the model mine for MSHA and the rest of the company. Performance would be a good candidate because it has multiple operating types and needs a lot of work." The United States has been over the memorandum in detail with Mr. Ross and he will testify that all of it is entirely consistent with his recollection of the matters it relates and his recitation of those matters to the Massey lawyer sent by defendant to record Ross's statement.

Defendant objects in particular to statements from unidentified miners quoted therein. These statements—and even the memorandum as a whole—are not hearsay because they are not being offered for the truth of the matters they assert. They go toward notice, willfulness, motive, materiality, state of mind, and the nature of the relationship between Defendant's Massey and MSHA. The memorandum itself, the way in which it was generated and the way with which it was dealt also goes to the overall effort by defendant to obstruct enforcement of the mine safety laws. Defendant also states in a telephone call, "[i]t's bad because like for example, if that was a fatal today or if we have one, it'd be a terrible document to be in discovery." Moreover, the statements contained in the memorandum are consistent with the testimony the United States expects will be provided by many of the UBB miners it intends to call to testify. Such statements are not hearsay under Federal Rule of Evidence 801(d)(2)(D) because the statements are being

"offered against an opposing party and… [were] made by the party's agent or employee on a matter within the scope of that relationship and while it existed… ."

Defendant has had access to this document for years. Once the United States finally received it, it forwarded it to defendant's attorneys, although the memorandum had certainly been previously provided to defendant's attorneys in other litigation concerning the payment of their fees by the successor company to Massey Energy. Defendant has moved *in limine* to exclude numerous other items of evidence. If defendant felt he had any reasonable basis to exclude this highly relevant and probative memorandum, one must presume he would have made a motion *in limine* to do so. However, the time for such motions has passed. For that reason and the other reasons stated above, defendant's motion should be denied.

                Respectfully Submitted,

                /s/ R. Booth Goodwin II
                R. Booth Goodwin II
                United States Attorney
                WV Bar No. 7165
                300 Virginia Street, East
                Room 4000
                Charleston, WV 25301
                Telephone:  304-345-2200
                Fax: 304-347-5104
                Email: booth.goodwin@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing **"UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LIMITATION ON GOVERNMENT OPENING CONCERNING WILLIAM ROSS"** has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 4th day of October, 2015 to:

>William W. Taylor, III
>Blair G. Brown
>Eric R. Delinsky
>R. Miles Clark
>Steven N. Herman
>Zuckerman Spaeder LLP
>1800 M Street, NW, Suite 1000
>Washington, DC 20036
>
>James A. Walls
>Spilman Thomas & Battle, PLLC
>48 Donley Street, Suite 800
>P.O. Box 615
>Morgantown, WV 26501
>
>Alexander Macia
>Spilman Thomas & Battle, PLLC
>P.O. Box 273
>Charleston, WV 25321

>/s/ R. Booth Goodwin II
>R. Booth Goodwin II
>United States Attorney
>WV Bar No. 7165
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email: booth.goodwin@usdoj.gov