## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY

UNITED STATES OF AMERICA

v.                                                          CRIMINAL NO. 5:14-00244

DONALD L. BLANKENSHIP

## UNITED STATES' MOTION TO EXCLUDE ARGUMENT AND EVIDENCE
## RELATING TO MASSEY'S DISAGREEMENT WITH THE REGULATION
## PROHIBITING USE OF BELT AIR

The defense has introduced argument and evidence in opening statement and cross examination on the proposition that the Mine Safety and Health Administration purportedly forced the Upper Big Branch mine ("UBB") to adopt a ventilation plan that did not use "belt air." Title 30, Code of Federal Regulations, section 75.350(b), however, prohibits the use of belt air for ventilation unless the mine operator provides adequate justification. This justification must demonstrate that belt air can be used without creating any additional risk—in particular, no risk that a belt fire would endanger workers downwind from the belt ventilation. (This standard became effective on December 31, 2008, in the wake of the deaths at the Aracoma Alma #1 mine, which resulted from a belt fire.) No such justification was ever provided for UBB. Defendant's complaint that MSHA barred UBB from using belt air thus is no more than a disagreement with the requirements of a mandatory safety standard.

The Court has already ruled that any argument or evidence that the mandatory mine health or safety standards were wrong, misguided, or imprudent is inappropriate and should be excluded.

Defendant's arguments concerning belt air, in addition to contravening the Court's *in limine* ruling, are factually infirm. In truth, MSHA granted UBB generous extensions of time to comply with the updated belt air standard, and belt air was used for virtually the entire life of the UBB longwall panel. Moreover, every ventilation plan that was in effect at UBB during the indictment period was proposed by Massey, not MSHA. MSHA does not propose mine ventilation plans on operators' behalf. MSHA must, of course, reject plans that run afoul of mandatory safety and health standards. Operators may, as a result, submit plans that comply with those standards. But MSHA does not propose plans.

Because Defendant's argument and evidence concerning so-called belt air is an expression of his disagreement with the requirements of 30 C.F.R. § 75.350(b), it falls under the Court's existing *in limine* ruling and must be disallowed.

This evidence has already been excluded by the Court's granting of the United States' motion *in limine* with respect to claims that federal mine safety standards were incorrect or misguided. The Court should prohibit further argument or evidence on this issue.

Respectfully submitted,

/s/ Gabriele Wohl
GABRIELE WOHL, WV Bar No. 11132
Assistant United States Attorneys
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email:  gabriele.wohl@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "United States' Motion to Exclude Argument and Evidence Relating to Massey's Disagreement With the Regulation Prohibiting the Use of Belt Air" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 8th day of October, 2015 to:

Steven Herman, Esq.
Miles Clark, Esq.
Eric Delinsky, Esq.
William Taylor, III, Esq.
Blair Brown, Esq.
Zuckerman Spaeder LLP
Suite 1000
1800 M Street, NW
Washington, DC 20036

Alex Macia, Esq.
Spilman Thomas & Battle PLLC
P.O. Box 273
Charleston, WV 25321

James Walls, Esq.
Spilman Thomas & Battle PLLC
P.O. Box 615
Morgantown, WV 26507

/s/ Gabriele Wohl
GABRIELE WOHL, WV Bar No. 11132
Assistant United States Attorney
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email:  gabriele.wohl@usdoj.gov