# Charleston Gazette-Mail

*The State Newspaper*

1001 Virginia St., East
Charleston, W.Va. 25301



FILED
OCT 13 2015
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Oct. 13, 2015

The Honorable Irene Berger, Judge
U.S. District Court for the Southern District of West Virginia
Robert C. Byrd Federal Courthouse
300 Virginia Street, East
Suite 5009
Charleston, W.Va.  25329

Dear Judge Berger,

      We write to the Court to follow up on our letters of Sept. 8, 2015, and Oct. 1, 2015 (both attached), in which we raised concerns about media access to proceedings and documents in the case of United States vs. Don Blankenship, 5:14-cr-244.

      As the Court is well aware, members of the news media and the public were barred from being present in the courtroom during jury selection proceedings which occurred on Oct. 1, Oct. 2, Oct. 5, Oct. 6 and part of Oct. 7. And as the Court also knows, the audio to the separate courtroom opened for spectators was turned off or muted during all substantive questioning of prospective jurors in this case. Further, on the evening of Oct. 6, when both the audio and video streams to the spectator courtroom had malfunctioned, the Court held a hearing in which it announced from the bench rulings on significant pre-trial matters, including but not limited to pending *motions in limine*.

      We hereby respectfully request that the Court immediately make available to the public and the news media transcripts of the jury selection proceedings and the hearing on pending motions. These transcripts should be made available via PACER at the usual rate of 10 cents per page or for free.

      Regarding transcripts of the jury selection, there is a presumptive right of the public and the news media to attend such proceedings in person, contemporaneously. (*Press Enterprise Co. v. Superior Court,* 464 U.S. 501 (1984)). This presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.

  Because the jury selection has ended and a jury has been seated, the public and the news media's rights in this case can only be satisfied by the release of the transcripts of these proceedings. Defense has advocated this approach (See ECF 403), though it is clear that their proposal to redact jury names and other identifying information is unnecessary and inappropriate, without any showing at all that such redactions are necessary, let alone a showing that meets the high standards for such secrecy demanded by *Press Enterprise*.

  Regarding a transcript of the Court's hearing announcing rulings on pre-trial motions, the public and the press have obvious interests and rights to know how the Court ruled on such matters in any pending case, let alone one this significant. The right of access to criminal trials includes documents submitted at trial and pretrial proceedings. (*In re Time Inc.*, 182 f. 3D 270, 271 (4th Cir. 1999). Public access serves to promote trustworthiness of the judicial process and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness (*Littlejohn v. Bic Corp.*, 851 F.2d 673, 682 (3d Cir.1988)).

  We respectfully ask that the Court make this correspondence a part of the official public record of this case on PACER.

Sincerely,

*/s/ Robert J. Byers*
Robert J. Byers
Co-Editor

*/s/ Brad McElhinny*
Brad McElhinny
Co-Editor