# Charleston Gazette-Mail

*The State Newspaper*

1001 Virginia St., East
Charleston, W.Va. 25301



FILED

OCT 1 3 2015

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Sept. 8, 2015

The Honorable Irene Berger, Judge
U.S. District Court for the Southern District of West Virginia
Robert C. Byrd Federal Courthouse
300 Virginia Street, East
Suite 5009
Charleston, W.Va. 25329

Dear Judge Berger,

With the scheduled date for the jury trial for Mr. Don Blankenship approaching, we wanted to respectfully raise several issues with the Court regarding media access to the proceeding and to related court records, and about coverage of the trial.

First, we ask that the Court consider making public the responses from potential jurors to the jury questionnaire that was added to the case docket on Sept. 2 (5:14-cr-255, ECF 351). If portions of the responses contain highly confidential personal information about jurors, that information could be redacted. Also, while no procedures for individual voir dire have been made public yet, we ask that this process be conducted in public, in open court. There is a presumption First Amendment right for the public and the press to attend voir dire (*Press Enterprise Co. v. Superior Court, 464 U.S. 501 (1984)*).

Second, we request that the Court consider making arrangements to provide to the public and the press each day of trial electronic copies of all exhibits (including audio or video recordings) that are introduced into evidence and published to the jury. The 4th Circuit Court of Appeals has ruled that such exhibits must be made available, and in the case of United States v. Zacarias Moussaoui, the U.S. District Court for the Eastern District of Virginia maintained a portion of its website for publication of such exhibits (See *In Re: Associated Press, No. 06-1301.* See also, http://www.vaed.uscourts.gov/notablecases/moussaoui/exhibits/).

Third, because of the great interest in this trial, we believe the court should consider making available to the public on a daily basis and free of charge the transcripts of each day's proceedings, or at least making them available to the press so that they can be distributed by the media to members of the public who can't attend in person.

Fourth, we would ask that the Court consider providing us with any information about plans for reserving a portion of the limited courtroom space for the media, along with whatever information is necessary to sign up for such seating. It is not unusual for the "regular working media" who cover local courts on a daily basis to receive automatic press credentials for high-profile cases in their local courts (See *The Circus Comes to Town: The Media and High-Profile Trials*, http://scholarship.law.duke.edu/lcp/vol71/iss4/10/)

Fifth, we hope that the Court will consider allowing members of the news media to use laptop computers in the courtroom for note-taking purposes. The Court should also consider allowing members of the media to file updated news reports via Twitter. This approach has been recognized by a number of other Districts as providing increased transparency and improving public understanding of the court process (See http://www.dmlp.org/legal-guide/live-blogging-and-tweeting-from-court).

We would be pleased to discuss any of these issues with the Court. Our hope is that these issues could be resolved to advance the public's understanding of this important and high-profile case and so these access issues do not take up any of the Court's valuable time once the trial begins.

Sincerely,

Susan Shumate
Publisher

Robert J. Byers
Co-Editor

Brad McElhinny
Co-Editor