# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *United States' Motion to Exclude Argument and Evidence Relating to Massey's Disagreement with the Regulation Prohibiting Use of Belt Air* (Document 425), the Defendant's *Opposition to Government's Motion to Exclude Argument and Evidence Relating to Massey's Disagreement with the Regulation Prohibiting Use of Belt Air* (Document 438), and the *United States' Reply* (Document 442). For the reasons set forth below, the Court finds that the motion should be granted.

On October 6, 2015, the Court granted the United States' motion *in limine* to exclude "claims that federal mine safety standards were incorrect, misguided, or imprudent." *See* Oct. 6, 2015 Tr. at 266. In the present motion, the United States draws the Court's attention to the opening statements and cross-examination wherein counsel for the Defendant introduced evidence and argument purporting to establish that the Mine Safety and Health Administration forced the Massey Energy Upper Big Branch mine to adopt a ventilation plan that did not use "belt air."

(Document 425, at 1.) The United States seeks to exclude such statements pursuant to the Court's earlier ruling.

In opposing the motion, the Defendant acknowledges that he will seek to introduce evidence and argument about the difficulties Massey encountered when attempting to comply with MSHA's mandates about the use of belt air at Upper Big Branch, and Massey's disagreement with these mandates. (Document 438, at 3.) The Defendant claims that such evidence "bears directly" on the "cause of citations issued during the indictment period" and also "bears on the relationship between MSHA and Massey …" *Id*. The Defendant claims that such evidence and argument do not fall within the Court's prior ruling on the United States' motion *in limine*, and are, therefore, admissible.

30 C.F.R. §75.350(b), the federal regulation governing the use of belt air in the ventilation of a mine's working face, states that belt air may be used to ventilate a "working section" of a mine only when "evaluated and approved by the district manager in the mine ventilation plan." 30 C.F.R. §75.350(b). Approval requires the mine operator to provide "justification in the [mine ventilation] plan …" *Id*. To satisfy the "justification" requirement, the mine operator must show that the "use of air from a belt entry" will provide "at least the same measure of protection" as other ventilation methods. *Id*. The plain language of this regulation requires MSHA to evaluate mine ventilation plans that propose using belt air to ventilate the mine's working face, and to reject plans that run afoul of federal mine health and safety regulations. Evidence and argument that Massey disagreed with MSHA's enforcement of the belt air regulations at Upper Big Branch is inadmissible. The same is true of evidence and argument that MSHA "forced" the Upper Big Branch mine to adopt a ventilation plan that did not use belt air. Such evidence clearly falls within

the Court's prior ruling on "claims that federal mine safety regulations were incorrect, misguided, or imprudent," and must be excluded.

Wherefore, after careful consideration, the Court **ORDERS** that the *United States' Motion to Exclude Argument and Evidence Relating to Massey's Disagreement with the Regulation Prohibiting Use of Belt Air* (Document 425) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: October 26, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA