IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.                                                              CRIMINAL NO. 5:14-00244

DONALD L. BLANKENSHIP

## UNITED STATES' MOTION TO EXCLUDE EDITED VIDEO OF HAZARD ELIMINATION PROGRAM MEETING

Defendant's re-edited version of the recorded hazard elimination program meeting (Defendant's exhibit 410A) fails to overcome the evidentiary defects of the earlier version of the video, which was rejected by this Court. The statements in the video are inadmissible hearsay, and excludable by Rules 802 and 403 of the Federal Rules of Evidence.

On October 28, 2015, the Court held inadmissible Defendant's exhibit 410, which was over an hour of edited video content from a Massey meeting on the company's so-called hazard elimination program. Defendant attempted to introduce this video to show the state of mind of Chris Adkins, a speaker in the video, and the state of mind of several UBB employees who attended the meeting.[1] Excluding the video under Rules 803 and 403, the Court found that the video contained a lot of general puffery, and was "riddled with opinion statements by the speakers and other statements that have absolutely nothing whatsoever to do with state of mind." Tr. 3031:6-8 (Oct. 28, 2015). The following day,

---

[1] *See* Tr. 2928:2-5 (Oct. 27, 2015) (Mr. Delinsky argued for the defense that the video is not hearsay because it "goes to the state of mind of Mr. Adkins, a potential co-conspirator, as well as other people at the UBB mine including people who were, who are accused in this trial of being alleged co-conspirators.")

Defendant submitted for the Court's review a new version of the video that consists of thirty isolated clips, most only seconds in length.

The fragmented clips of five different Massey executives (Chris Adkins, Mike Snelling, Keith Hainer, Jason Whitehead, and Elizabeth Chamberlin) are objectionable for the same reasons the earlier video was held inadmissible. The out-of-court statements are general puffery and opinion being offered for their truth. They are part of a scripted, videotaped, exculpatory presentation orchestrated by a company conscious of the value of generating helpful evidence in the event of future litigation. The danger of the statements being considered for an improper purpose outweighs what little probative value, if any, they hold.

First, the excerpts are largely still statements of the speakers' belief and intent, or prospective statements of how well this program is going to work. These statements carry the same problem that the Court found when the initial video was held inadmissible. The clips contain statements to the effect of "we are going to have a whole new attitude," "it's going to work," "you have to believe," and "we are serious about this program." These proclamations are no more than indulgent self-praise and propaganda whose only possible purpose in trial would be to prove the truth of the statements themselves.

Second, the speakers in this meeting were speaking from prepared notes and slides. There is no way of knowing from the video clips who prepared the notes and slides that the speakers are delivering. Speeches prepared by unknown individuals cannot reliably reflect the declarants' states of mind. Even if the speeches and slides were prepared by the speakers themselves, the speeches were organized according to a common theme, with each speaker appointed to discuss a different facet of the purported program—such calculated, planned and deliberate statements from corporate executives are not trustworthy accounts of the executives' states of mind. Moreover, of all the speakers Defendant has only contended that Adkins' state of mind is shown through the video. It is difficult to conceive how the prepared statements of the four other executives bear on Adkins' state of mind.

Third, even if some of the statements can be considered directives when viewed in isolation, to the extent the state of mind of any attending UBB employees is relevant, these clips of sliced up sentences

are not probative of any effect the words had on members of the audience. A few clips of Massey representatives telling the audience to reduce hazards provides absolutely no context or scope to the program, or explanation of anyone's actions following the meeting.

Finally, the need for this evidence, if any, is substantially outweighed by the danger of improper use: that Massey actually believed in the program and was serious about its implementation. Blanchard testified exhaustively on cross as to what he was instructed to do by the people in charge of the so-called hazard elimination program. He also testified as to the actions he took following the meeting and the response of others to his actions. These clips amount to a planned promotional video, touting Massey's commitment to and enthusiasm for following the law. The speeches at the event were prepared, and they were prepared with the intention of being preserved on video for future use—likely for defending the company's commitment to safety. Any effect these words had on co-conspirators is clearly demonstrated by their testimony and actions, making what little value the clips may have unnecessary and outweighed by their prejudice and potential for confusion.

The Court should exclude the revised version of the video, Defendant's exhibit 410A, for the reasons it has placed on the record with respect to Defendant's exhibit 410.

Respectfully submitted,

/s/ Gabriele Wohl
GABRIELE WOHL, WV Bar No. 11132
Assistant United States Attorneys
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email:  gabriele.wohl@usdoj.gov

CERTIFICATE OF SERVICE

    It is hereby certified that the foregoing "UNITED STATES' MOTION TO EXCLUDE EDITED VIDEO OF HAZARD ELIMINATION PROGRAM MEETING" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 1st day of November, 2015 to:

    Steven Herman, Esq.
    Miles Clark, Esq.
    Eric Delinsky, Esq.
    William Taylor, III, Esq.
    Blair Brown, Esq.
    Zuckerman Spaeder LLP
    Suite 1000
    1800 M Street, NW
    Washington, DC 20036

    Alex Macia, Esq.
    Spilman Thomas & Battle PLLC
    P.O. Box 273
    Charleston, WV 25321

    James Walls, Esq.
    Spilman Thomas & Battle PLLC
    P.O. Box 615
    Morgantown, WV 26507

    /s/ Gabriele Wohl
    GABRIELE WOHL, WV Bar No. 11132
    Assistant United States Attorney
    300 Virginia Street, East
    Room 4000
    Charleston, WV 25301
    Telephone: 304-345-2200
    Fax: 304-347-5104
    Email: gabriele.wohl@usdoj.gov