# Charleston Gazette-Mail

1001 Virginia Street, East, Charleston, WV 25301



November 6, 2015

The Honorable Irene C. Berger
Judge
U.S. District Court
Robert C. Byrd Federal Courthouse
300 Virginia Street, East
Suite 5009
Charleston, W.Va. 25329

FILED
NOV -9 2015
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Re: US v. Blankenship Trial

Sent via Ms. Karen Sword, judicial assistant, Karen_Sword@wvsd.uscourts.gov and hand-delivered to clerk's office

Judge Berger,

    This week, there have been several instances where the Court in the Blankenship trial has held "bench conferences" with the jury out of the courtroom, either for a recess or after jurors had been dismissed for the evening.

    We understand the efficiency of resolving the multitude of objections that come up during testimony by bench conference, rather than sending the jury back and forth over and over. But with all due respect, with the jury out of the room, we object to bench conferences, especially when no explanation is given to the public or the press for their reason or their legality.

    As the Court is aware, the press and the public have a presumptive right to access to criminal proceedings, and this right can only be overcome with a showing that secrecy is essential to preserve higher values and is narrowly tailored to serve that interest. We believe that, with the jury out of the room, there is a presumptive right of access to discussions between the Court and the parties and that this right can only be overcome if the Court makes a showing that secrecy is essential to preserve some higher value.

    Therefore, we respectfully ask the following:

- For the duration of the trial, if bench conferences are sought be either party of by the Court, the reason for this should be stated publicly on the record, and a showing be made that such a bench conference is necessary to preserve higher values and is narrowly tailored to serve that interest.
- The Court immediately make public – on PACER, at the normal PACER fee – transcripts of all previous bench conferences that were held with the jury out of the courtroom, specifically those held this week under those circumstances.

In addition, while we do understand the need for bench conferences during testimony to efficiently resolve objections, the public has a right to know what decisions the court is making during those bench conferences. An essential role of the media during a criminal trial is to inform the public about the workings of the court, and to serve as a watchdog over the court system to ensure the interests of the people and the defendant are protected. Without access to those decisions, our constitutional right to gather news about this trial is hampered. So we ask that the Court make available on PACER at the usual PACER rate transcripts that include the portions of each day's trial where bench conferences were held.

We also understand that at least one significant ruling – whether the defense would be allowed to re-cross examine Mr. Chris Blanchard – was made either via email message to the parties or in a phone call with the parties. This method of ruling prohibits us from informing the public about the court's reasons for its decision. We would ask that copies of any emails or transcripts of any phone calls about this ruling be made public on PACER.

Finally, we remain very concerned about the secrecy with which the Court has shrouded the jury and the jury selection process in this case. With all due respect, we do not believe that our request for access to information about the voir dire process is moot. As the Court knows, we raised the issue of public access to voir dire not on the eve of trial, but in a letter to the Court nearly a month before jury selection began.

The Court has yet to issue any ruling which explained how the private voir dire in this case was necessary to serve a higher interest or was narrowly tailored to serve that interest. This issue can be resolved relatively easily, by the Court making available immediately on PACER transcripts of the voir dire proceedings and copies of the responses to the jury questionnaire. In the alternative, the public is entitled to an on-the-record explanation from the Court for why it believes the public's presumptive right of access to voir dire was overridden in this case.

We would respectfully ask that the Court place a copy of this letter in the public case file for this proceeding on PACER.

*Brad McE[signature]*
Brad McElhinny
Co-Editor

*[signature] Byers*
Rob Byers
Co-Editor