IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v.	CRIMINAL NO. 5:14-00244

DONALD L. BLANKENSHIP

### UNITED STATES' RESPONSE TO DEFENSE MOTION TO RECONSIDER AS TO DEFENSE EXHIBITS 410 & 410A

In his motion to reconsider, Defendant presents no argument as to why this Court should disturb its thorough and sound rulings with respect to Defendant's Exhibits 410 and 410A. His motion should be denied for the reasons already stated on the record. The United States incorporates herein its previous arguments made with respect to the inadmissibility of these exhibits.[1] *See* Tr. 2925:7-2926:17 (Oct. 27, 2015); ECF 471.

Defendant first argues that Mr. Ross' testimony rendered the video of the Hazard Elimination Program meeting more probative and necessary to the defense. As the Court explained in its November 2, 2015 ruling, the probative aspects of the meeting were put before the jury during the cross examination of Christopher Blanchard. The meeting was further explored during cross examination of Bill Ross, when defense counsel elicited detailed information from Mr. Ross about the meeting. Defense counsel was permitted, over the United States' objection, to quote excerpts of the meeting and ask Mr. Ross if he remembered them.

---

[1] Defendant also appears to be moving for a mistrial, by virtue of a clause on page 2 of his motion. The United States opposes such a motion, but cannot respond with particularity to Defendant's arguments on this issue because he has provided none.

These excerpts included at least five direct quotes from Christopher Adkins that were held inadmissible in the form of video clips contained in Defendant's Exhibit 410A. The Court has held that the purpose, goals, and directives of the meeting have been put before the jury. This holding was only strengthened by Mr. Ross' testimony.

Defendant's second argument for reconsideration is that the Court ruled on Defendant's Exhibit 410A as a whole, and did not rule specifically on each of the thirty video clips that were isolated in the modified exhibit. Given the Court's ruling and the nature of this evidence, thirty separate rulings are entirely unnecessary. The first point in the Court's ruling on Defendant's Exhibit 410A was that the individual clips do not fairly represent the meeting. By way of example, a four-second clip of Adkins saying something to the effect of "We're going to reduce hazards and have a new attitude," in no way encompasses the probative value of the meeting that Defendant espouses. This is partly because Defendant overstates the probative value of the meeting, and also because the isolated clips of the meeting are too fragmented and dissociated from the whole to present a picture of the meeting that would be useful to the jury. This is particularly true in light of the fact that the jury has already heard about the details of the meeting, the state of mind of members of the audience, and direct quotes from the speakers.

That point relates to Defendant's fourth argument, which is that the Court denied admission of Defendant's Exhibit 410A because it fails to faithfully represent the meeting, therefore the Court must reconsider its ruling on Defendant's Exhibit 410 and permit the entirety of the meeting to be played before the jury. This logically fallacious argument ignores the Court's reasoning with respect to the exclusion of Defendant's Exhibit 410. Defendant has presented two versions of the video. The first version is inadmissible due to a host of evidentiary defects. The inadmissibility of the second version does not cure the defects of the first version.

2

Defendant's Exhibit 410A unfairly represents the meeting, but the solution is not admitting the longer and more complete version of the meeting when that version is riddled with inadmissible hearsay and prejudicial content.

The unfair representation of the meeting is only one of the issues with 410A's admissibility. The Court found that the excerpts still contain inadmissible puffery and opinion. Defendant argues in his third point that statements of opinion are not hearsay. In making this argument, Defendant invokes a rarely-cited proposition that out-of-court statements or conduct may not be hearsay when they are offered as circumstantial evidence of the speaker's beliefs. This is apparently similar to the state-of-mind exclusion, which renders non-hearsay statements that are offered not for their truth, but to show the speaker's state of mind. Here, the opinion statements made by the speakers at the meeting are direct evidence of their opinions. These statements were calculated and prepared and delivered to inform the audience of the speakers' purported opinions. Statements that are intentionally made to state the speaker's beliefs and opinions are hearsay because they are being offered for their truth.

With respect to Defendant's fifth and last arguments, no prejudice results from excluding Defendant's Exhibits 410 and 410A, and the principles of fairness and due process do not require their admission. The Court has already found as much, and Mr. Ross' testimony has not altered those findings. The Defendant was able to introduce details and quotes from the meeting through Mr. Ross, as well has evidence of the effect that the meeting had on Mr. Ross—his state of mind. The Court originally excluded this evidence in part due to the unfair prejudicial content contained within the video. Any independent probative value the video held has only diminished since Mr. Ross' cross examination, while the prejudicial content still remains. Any prejudice to Defendant from excluding the videos is far outweighed by their evidentiary defects and

prejudicial content. The nature of the charges against Defendant does not tip the scales of fairness or due process in favor of ignoring the rules of evidence and admitting a video that is prejudicial, inadmissible hearsay.

For the reasons already stated by the Court, the reasons previously stated by the United States on the record and in its memorandum, and the reasons stated above, Defendant's motion to reconsider should be denied.

        Respectfully submitted,

        R. BOOTH GOODWIN II
        United States Attorney


        /s/ Gabriele Wohl
        GABRIELE WOHL, WV Bar No. 11132
        Assistant United States Attorney
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone: 304-345-2200
        Fax: 304-347-5104
        Email: gabriele.wohl@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "United States' Response to Defense Motion to Reconsider as to Defense Exhibits 410 and 410A" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 9th day of November, 2015 to:

Steven Herman, Esq.
Miles Clark, Esq.
Eric Delinsky, Esq.
William Taylor, III, Esq.
Blair Brown, Esq.
Zuckerman Spaeder LLP
Suite 1000
1800 M Street, NW
Washington, DC 20036

Alex Macia, Esq.
Spilman Thomas & Battle PLLC
P.O. Box 273
Charleston, WV 25321

James Walls, Esq.
Spilman Thomas & Battle PLLC
P.O. Box 615
Morgantown, WV 26507

/s/ Gabriele Wohl
GABRIELE WOHL, WV Bar No. 11132
Assistant United States Attorney
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: gabriele.wohl@usdoj.gov