IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

_____
)
**UNITED STATES OF AMERICA** )
)
v. ) Criminal No. 5:14-cr-00244
)
**DONALD L. BLANKENSHIP** )
_____)

### MEMORANDUM IN SUPPORT OF DEFENDANT'S REQUEST FOR A GENERAL VERDICT ON COUNT ONE

Defendant Donald L. Blankenship, through counsel, submits this memorandum in support of his request for a general verdict on Count One.

Count One of the superseding indictment charges Mr. Blankenship with one count of conspiracy in violation of 18 U.S.C. § 371. The charged conspiracy has two alleged objects: first, to willfully violate mine safety standards, and, second, to defraud the United States government. *See* Superseding Indictment ¶ 86(a) & (b). The government elected to charge both objects in a single conspiracy count in the superseding indictment. The initial indictment had included two conspiracy counts -- one to violate mine safety standards and one to defraud the United States. The jury may convict Mr. Blankenship of Count One if it finds that he conspired to commit either of these alleged objects.

Mr. Blankenship objects on constitutional grounds to the use of a special verdict on the conspiracy count. *See United States v. Gaudin*, 515 U.S. 506, 513 (1995); *United States v. Spock*, 416 F.2d 165, 181 (1st Cir. 1969). He also objects because the Federal Rules of Criminal Procedure include no provision permitting a special verdict. *See Black v. United States*, 561 U.S. 465, 472 (2010). Although some courts have permitted special verdicts in criminal cases, it is not clear that the defendants in those cases asserted constitutionally based objections, as Mr.

Blankenship does here. There is a "presumption against special verdicts in criminal cases," *United States v. Milton*, 52 F.3d 78, 81 (4th Cir. 1995) (citation omitted), and there is no compelling reason to allow one here.

For the reasons set forth above, the court should require a general verdict on Count One.

Dated: November 16, 2015                     Respectfully submitted,

                                                 */s/ William W. Taylor, III*
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone) / 202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

 */s/ James A. Walls*
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
P.O. Box 615
Morgantown, WV 26501
304-291-7947 (phone)
304-291-7979 (fax)
jwalls@spilmanlaw.com

3

   /s/ Alexander Macia
Alexander Macia (WVSB #6077)
SPILMAN THOMAS & BATTLE, PLLC
Spilman Center
300 Kanawha Boulevard, East (25301)
Post Office Box 273
Charleston, WV  25321-0273
304-340-3835 (phone)
304-340-3801 (fax)
amacia@spilmanlaw.com

*Counsel for Donald L. Blankenship*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 16th day of November, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
845 Fifth Avenue, Room 209
Huntington, WV 25701

*/s/ Blair G. Brown*
Blair G. Brown