FILED
NOV 17 2015
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 5:14-cr-00244 |
| ) | |
| DONALD L. BLANKENSHIP ) | |

## RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL ON ALL COUNTS

Pursuant to Federal Rule of Criminal Procedure 29, defendant Donald L. Blankenship hereby moves for a judgment of acquittal on Counts One, Two, and Three of the superseding indictment.

## LEGAL STANDARD

"The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence . . . which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir.1982). In other words, the district court must "view the evidence in the light most favorable to the prosecution, and inquire whether a rational trier of fact could [find] the essential elements of the charged offense beyond a reasonable doubt." *United States v. Singh*, 518 F.3d 236, 246 (4th Cir. 2008). "While all inferences must be made in favor of the prosecution, leaps of logic should not be." *Evans-Smith v. Taylor*, 19 F.3d 899, 908 n.22 (4th Cir. 1994). "Where . . . the trier of fact would have . . . to rely on attenuated inferences [to make a finding] . . . the finding . . . cannot stand." *United States v. Hickman*, 626 F.3d 756, 763 (4th Cir. 2010).

## GENERAL MOTION FOR ACQUITTAL

Taking the evidence in the government's favor, it has failed to prove each and every element of Counts One, Two, and Three of the superseding indictment. The elements of the alleged offenses for which the government's evidence is insufficient include, but are not limited to:

Count One

First, the government has failed to prove the existence of the charged conspiracy, namely a single conspiracy to (1) willfully violate mandatory federal mine safety and health standards at UBB and (2) defraud the United States and an agency thereof, to wit, to hamper, hinder, impair, impede, and obstruct, by trickery, deceit, and dishonest means, the lawful and legitimate functions of DOL and its agency, MSHA, in the administration and enforcement of mine safety and health laws at UBB, and to defraud and deprive, by trickery, deceit, and dishonest means, the United States of money that it otherwise would have received, by (a) using advance warnings of federal mine safety inspections to conceal and cover up violations of mandatory federal mine safety and health standards that otherwise would result in citations and shutdown orders and (b) falsifying samples of respirable dust that were collected pursuant to mandatory federal mine health standards by falsely representing the locations at which dust sampling devices were placed for the collection of such samples.

Second, the government has failed to prove that at some point Mr. Blankenship knowingly and willfully joined and participated in the conspiracy with the intent to willfully violate mandatory federal mine safety and health standards at UBB and/or to defraud the United States and MSHA.

Third, the government has failed to prove that at least one overt act in furtherance of the conspiracy was knowingly and willfully committed by at least one member of the conspiracy.

Count Two

First, the government has failed to prove that on or about April 8, 2010, Mr. Blankenship made, or caused to be made, the statements charged in Count Two of the superseding indictment.

Second, the government has failed to prove that the statements were material.

Third, the government has failed to prove that the statements were false, fictitious, or fraudulent.

Fourth, the government has failed to prove that Mr. Blankenship acted knowingly and willfully.

Fifth, the government has failed to prove that the statements were made in a matter within the jurisdiction of the government of the United States.

Count Three

First, the government has failed to prove that Mr. Blankenship made, or caused to be made, an untrue statement of fact, or that Mr. Blankenship omitted to state, or caused the omission of, a fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

Second, the government has failed to prove that the statement or alleged omission was material.

Third, the government has failed to prove that the statement was made in connection with the purchase or sale of the securities charged in Count Three of the superseding indictment.

Fourth, the government has failed to prove that, in connection with this purchase or sale of securities, Mr. Blankenship made use of or caused the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

Fifth, the government has failed to prove that Mr. Blankenship acted willfully, knowingly, and with the intent to defraud investors.

## PARTICULAR AREAS FOR THE COURT'S ATTENTION

In oral argument in support of this motion, without waiving Mr. Blankenship's motion for acquittal on each and every element of Counts One, Two, and Three, the defense will draw the Court's attention to certain specific deficiencies in the government's proof.

## PRETRIAL MOTIONS

In addition, Mr. Blankenship also seeks dismissal of the charges or a judgment of acquittal on the basis of the grounds set forth in his pretrial motions and supporting memoranda, including:

ECF Nos. 189 & 198-1 through 189-4: Motion to Dismiss the Superseding Indictment For Selective and Vindictive Prosecution;

ECF Nos. 191 & 191-1: Motion to Dismiss Count One of the Superseding Indictment for Failure to State Specific Intent;

ECF Nos. 192 & 192-1: Motion to Dismiss Count One of the Superseding Indictment for Charging Conspiracy to Defraud the United States of Intangible Rights;

ECF Nos. 193 & 193-1: Motion to Dismiss Count Two of the Superseding Indictment for Failure to State an Offense;

ECF Nos. 194 & 194-1: Motion to Dismiss Count Three of the Superseding Indictment Due to Its Failure to Allege Materially False, Misleading, or Fraudulent Statements of Fact;

ECF Nos. 195 & 195-1: Motion to Dismiss Count Three of the Superseding Indictment for Failure to Allege Facts Establishing that Mr. Blankenship Made or Willfully Caused to be Made Materially False or Misleading Statements;

ECF Nos. 197 & 198: Motion to Dismiss Count One of the Superseding Indictment as Duplicitous;

ECF Nos. 199 & 200: Motion to Dismiss Count One of the Superseding Indictment for Failure to Allege a Single Agreement;

ECF Nos. 201 & 202: Motion to Dismiss Count One of the Superseding Indictment for Charging Non-Criminal Conduct;

ECF Nos. 203 & 204: Motion to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify Mandatory Health or Safety Standards;

ECF Nos. 205 & 206: Motion to Dismiss Count One of the Superseding Indictment for Including False Statement Allegations as an Overt Act;

ECF Nos. 207 & 208: Motion to Dismiss Count One of the Superseding Indictment Based on New Respirable Dust Allegation;

ECF Nos. 209 & 210: Motion to Dismiss Count One of the Superseding Indictment for Improperly Pleading Around the Mine Act;

ECF Nos. 211 & 212: Motion to Dismiss Count One of the Superseding Indictment for Failure to State a Conspiracy to Defraud the United States of Money or Property;

ECF No. 299: Renewed Motion to Dismiss Count One of the Superseding Indictment for Failure to State an Offense by Failing to Identify the Particular Mandatory Health or Safety Standards that Mr. Blankenship Allegedly Conspired to Willfully Violate; and

ECF No. 315: Defense Motion to Exclude Evidence, Testimony, or Argument Regarding Alleged Omission of Material Facts.

## CONCLUSION

For the foregoing reasons and for the reasons stated in oral argument on Mr. lankenship's Rule 29 motion, the defense respectfully requests that the Court enter a judgment of acquittal on Counts One, Two, and Three of the superseding indictment.

Dated: November 12, 2015

Respectfully submitted,
 /s/ William W. Taylor, III
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone) / 202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

 /s/ James A. Walls
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304-291-7947 (phone) / 304-291-7979 (fax)
jwalls@spilmanlaw.com

 /s/ Alexander Macia
Alexander Macia
SPILMAN THOMAS & BATTLE, PLLC
P.O. Box 273
Charleston, WV 25321-0273
304-340-3800 (phone) / 304-340-3801 (fax)
amacia@spilmanlaw.com

*Counsel for Donald L. Blankenship*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 12th day of November, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
845 Fifth Avenue, Room 209
Huntington, WV 25701

/s/ Blair G. Brown
Blair G. Brown