FILED
NOV 20 2015
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.                                                 Criminal Action No.: 5:14-cr-00244
                                                   (Hon. Irene Berger, District Judge)

**DONALD L. BLANKENSHIP**,

        Defendant.

## THE ASSOCIATED PRESS' MOTION TO INTERVENE FOR THE PURPOSE MOVING THE COURT TO DIRECT THE CLERK TO PROVIDE PUBLIC ACCESS TO THE NAMES OF JURORS SEATED AT THE TRIAL OF THIS CASE

The Associated Press, pursuant to the First Amendment to the *United States Constitution*, the common law and other well-recognized legal grounds request that the Court direct the Clerk to make available to the public a list of the names of all jurors sitting in the trial of this case. The decision of the Court of Appeals for the Fourth Circuit in *In re Baltimore Sun Co.*, 841 F.2d 74 (4th Cir. 1988) mandates that the Clerk immediately must release the names and addresses of the jurors sitting in the trial of this case.

As the Court is aware, the Associated Press and others previously moved to intervene in this matter [Doc. 30], asserting their First Amendment rights of access. After this Court allowed the intervention,[1] and, *inter alia*, granted in part and denied in part the News Media Interveners'

---

[1] The Court granted the Associated Press and others' Motion to Intervene at the December 17, 2014 hearing, and memorialized that ruling in its January 7, 2015 Order. [Doc. 63 at 4]. The intervention was granted "for the limited purpose of entertaining the Movants' substantive argument(s)." *Id.* While believe the scope of the Court's previous permission to intervene may encompass the instant response, if the Court determines it does not, for the same reasons stated in the original Motion to Intervene and supporting Memorandum, incorporated herein by reference, the Associated Press again seeks leave to intervene for the limited purpose of requesting public

request for access to sealed court documents [Doc. 63], the News Media Interveners sought a Writ of Prohibition from the Court of Appeals again asserting their First Amendment rights of access to all filings in this case.

On March 5, 2015 the Court of Appeals issued the requested writ. [Docs. 162]. In a *per curiam* Order setting forth its reasoning for issuing the writ, the Court of Appeals affirmed the News Media Interveners' First Amendment rights of access to filings in criminal cases:

> "The public enjoys a qualified right of access to criminal trials, see *Richmond Newspapers v. Virginia*, 448 U.S. 555, 580 (1980); pretrial proceedings, see *Press–Enter. Co. v. Super. Ct.*, 478 U.S. 1, 14 (1986) ( *"Press–Enterprise II"*); and "documents submitted in the course of a trial," including documents filed in connection with a motion to dismiss an indictment and other pretrial filings. *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir.1999); see also *In re Charlotte Observer*, 882 F.2d at 852. Where the right of an accused to a fair trial is at stake, the public will not be denied access absent "specific findings ... demonstrating that, first, there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights." *Press–Enterprise II*, 478 U.S. at 14.
>
> Having carefully reviewed the record, although we commend the district court's sincere and forthright proactive effort to ensure to the maximum extent possible that Blankenship's right to a fair trial before an impartial jury will be protected, we are constrained to conclude that the order entered here cannot be sustained. See id. See also *In re Morrissey*, 168 F.3d 134, 139–40 (4th Cir.1999); *In re Russell*, 726 F.2d 1007, 1010 (4th Cir.1984); *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 562 (1976)."

*In re The Wall St. Journal*, No. 15 1179, 2015 WL 925475, at 1-2 (4th Cir. Mar. 5, 2015).

---

access to the names and addresses of trial jurors as required by *Baltimore Sun, supra*.

## ARGUMENT

There is a constitutional right of access to criminal trials). *Richmond Newspapers v. Virginia,* 448 U.S. 555, 580-581 (1980). The names and addresses of trial jurors are part of the public record as soon as the jury is selected – this is true of the entire venire panel:

> "After a jury has been seated, however, as true in this case when the petition for mandamus was filed, the names of those jurors are just as much a part of the public record as any other part of the case, and we think so also are their addresses in order to identify them. We also are of opinion that the names and addresses of those who have been stricken or otherwise not seated are a matter of public record at that stage of the proceeding. [ . . . ] We think it no more than an application of what has always been the law to require a district court, upon the seating of the panel of a jury and alternates, if any, which will hear a case, to release the names and addresses of those jurors who are sitting, as well as those veniremen and women who have attended court but have not been seated for one reason or another. [ . . .]"

*Baltimore Sun, supra,* 841 F.2d at 75. Simply because this case has a high public profile is not a reason to withhold the juror list:

> "We recognize the difficulties which may exist in highly publicized trials such as the case being tried here and the pressures upon jurors. But we think **the risk of loss of confidence of the public in the judicial process is too great to permit a criminal defendant to be tried by a jury whose members may maintain anonymity**. If the district court thinks that the attendant dangers of a highly publicized trial are too great, it may always sequester the jury; and change of venue is always possible as a method of obviating pressure or prejudice."

*Id.* at 76.[2]

---

[2]See also *In re Globe Newspaper*, 920 F.2d 88, 98 (1990):

> "While we understand, and can sympathize with a juror's desire in a publicized criminal case such as this was to remain anonymous, the juror's individual desire for privacy is not sufficient justification by itself to withhold his or her identity. Nor is the judge's general belief that, as a

The right of public access as held in *Baltimore Sun, supra*, clearly applies here, as the jury was chosen over a month ago, and there is no constitutionally valid to withhold the names and addresses of the trial jurors. The Associated Press therefore requests and moves the Court to direct the Clerk to release the names and addresses of the trial jurors immediately.

                                      **THE ASSOCIATED PRESS**, Intervener,

                                                          *By Counsel*

_____
Sean P. McGinley    (WV Bar No. 5837)
**Di TRAPANO, BARRETT DiPIERO**
**McGINLEY & SIMMONS, PLLC**
604 Virginia St., E.
Charleston, WV 25301
(304) 342-0133 Telephone
304) 342-4605 (fax)
http://www.dbdlawfirm.com

---

        matter of policy, it would be better to keep the names and addresses
        private. Accordingly, we hold that the court's non-disclosure order
        exceeded its authority. We direct that the order be withdrawn and the
        names and addresses be made available to the Globe reporters."

## CERTIFICATE OF SERVICE

I, Sean P. McGinley, hereby certify that on this 20th day of November, 2015, I served this **THE ASSOCIATED PRESS' MOTION TO INTERVENE FOR THE PURPOSE MOVING THE COURT TO DIRECT THE CLERK TO PROVIDE PUBLIC ACCESS TO THE NAMES OF JURORS SEATED AT THE TRIAL OF THIS CASE** by facsimile on the following counsel of record:

R. Booth Goodwin, II, Esq.
Steve R. Ruby, Esq.
United States Attorney
P.O. Box 1713
Charleston, WV 25301
Fax: 304-347-5104

William W. Taylor, III, Esq.
Miles Clark, Esq.
Eric R. Delinsky, Esq.
Steven Herman, Esq.
Zuckerman Spaeder, LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036-5807
Fax: 202-822-8106

Alexander Macia, Esq.
Spilman Thomas & Battle, PLLC
P.O. Box 273
Charleston, WV 25321
Fax: 304-340-3801

James A. Walls, Esq.
Spilman Thomas & Battle, PLLC
48 Donley Street, Suite 800
P.O. Box 615
Morgantown, WV 26501
Fax: 304-291-7979

_____
Sean P. McGinley, Esquire (WV Bar #5836)