FILED
C - 2 2015
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

## 5.01. Allen charge[1]

Members of the jury, I am going to ask you to continue your deliberations. Before you return to the jury room, however, I want to encourage you to reach a unanimous verdict in this case if possible.

This trial, like all criminal trials, has required a certain amount of time, money, and other resources. Should you fail to reach a verdict, this case may have to be tried again. Obviously, a new trial will require additional time, money, and resources.

There is no reason to believe that any future trial will produce clearer or better evidence, and certainly no reason to believe that a better or more decisive jury could or would be chosen. Specifically, it is unlikely that a jury of twelve men and women could be assembled who are more conscientious, more impartial, or more competent than the twelve of you.

By encouraging you to reach a unanimous verdict if possible, I do not intend to force any of you to abandon clearly held views or convictions. Nor should you conclude that I care or have any opinion about what that verdict should be.

I do encourage you, however, to keep an open mind about what the evidence in this case has or has not proven.

If at this point you find yourself in the minority, please listen and carefully consider the views of the majority. If you find yourself in the majority, please listen and carefully consider the views of the minority. [2]

Whether you are in the majority or minority--and whether the jury is leaning toward acquittal or toward conviction--you should all keep in mind the value of a unanimous verdict in this case.

Remember at all times that no juror is expected to give up a conscientious conviction he or she may have regarding a defendant's guilt or innocence. But remember also that it is your duty to agree upon a unanimous verdict if you can do so without surrendering any such conviction.

[If, after conscientious deliberations, you are only able to reach a verdict concerning some of the counts, you may return a verdict concerning those counts.]

Of course, these comments are not to be considered in isolation; they are to be applied in conjunction with all the instructions you have received. If you have questions about these comments or about any other instruction you have been given, you should have [foreperson] write a note and communicate with me in the usual manner.

Do counsel request a side bar conference?

[Any objections, requests, or other matters to be dealt with on a case-by-case basis.]

I will now ask that you return to the jury room to resume your deliberations.

*Submitted by the Government*

## FOOTNOTES

**1.** An Allen charge, based on the Supreme Court's decision in *Allen v. United States,* 164 U.S. 492 (1896), is an instruction advising deadlocked jurors to have deference to each other's views, that they should listen, with a disposition to be convinced, to each other's argument. Traditionally, the standard *Allen* charge informed the jury: (1) that a new trial would be expensive for both sides; (2) that there is no reason to believe that another jury would do a better job; (3) that it is important that a unanimous verdict be reached; and (4) that jurors in the minority should consider whether the majority's position is correct. *United States v. Burgos*, 55 F.3d 933, 935-36 (4th Cir. 1995), *citing United States v. Seeright*, 978 F.2d 842, 845 n. * (4th Cir. 1992); *and United States v. Russell*, 971 F.2d 1098, 1107 n. 18 (4th Cir. 1992) (internal quotations omitted).

**2.** In *Burgos*, the Fourth Circuit reversed a conviction based on an unbalanced *Allen charge*, holding, for the first time, that an *Allen* charge must do more than encourage the minority on a deadlocked jury to consider the views *of the majority*. Instead, an *Allen* charge must admonish both the majority and the minority to take each other's views into account in trying to reach a unanimous verdict.

"What began as a recommendation in *Sawyers* and evolved into an admonition in *Stollings* now becomes a mandate: regardless of what other specifics are included in an *Allen* charge to a deadlocked jury, a district court must incorporate a specific reminder both to jurors in the minority and to those in the majority that they consider their positions in light of the other side's views.... Failure to provide a sufficiently balanced charge will result in reversal." *Burgos*, 55 F.3d at 941.