IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **UNDER SEAL** |
| v. | ) | |
| | ) | Criminal No. 5:14-cr-00244 |
| **DONALD L. BLANKENSHIP** | ) | |
| | ) | |

### DEFENDANT'S OPPOSITION TO THE UNITED STATES' MOTION FOR ADDITIONAL *ALLEN* CHARGE BEFORE CONSIDERING MISTRIAL

The government's motion to require further deliberations if the jury sends a third deadlock note must be denied. As of December 3, 2015, the jurors have deliberated for more than eight full days over a period of more than two weeks. They have stated unequivocally and repeatedly that they cannot reach a unanimous verdict. They received the last *Allen* charge and, it must be presumed, followed the directives of that charge to reexamine their own views and again consider other jurors' opinions. They have taken sufficient time after receiving the *Allen* charge to do so. The Court and the government repeatedly have observed and commented on the conscientious and serious manner in which the jury has conducted itself. In these circumstances, the Court must respect the jurors' conclusion – they are deadlocked. To reject that unequivocal finding, give yet another *Allen* charge, and require more deliberations will be coercive.[1] It will

---

[1] "The crux of our *Allen* charge analysis is the likelihood of coercion." *United States v. Cornell*, 780 F.3d 616, 626 (4th Cir. 2015). Courts recognize that the initial *Allen* charge itself is coercive, *see United States v. Zabriskie*, 415 F.3d 1139, 1148 n. 13 (10th Cir. 2005) ("Perhaps emblematic of the concern for coercion, Allen charges have also been known as 'the dynamite charge, the third degree instruction, the shotgun instruction, or the nitroglycerin charge . . . .") (citation omitted), and additional *Allen* charges are more so, *see United States v. Fossler*, 597 F.2d 478, 485 (5th Cir. 1979) (recognizing that repetition of Allen charge coerced a verdict from the jury."). Indeed, for that reason, the Ninth Circuit imposes a *per se* ban on such charges. *United States v. Evanston*, 651 F.3d 1080, 1085 (9th Cir. 2011) ("The charge's coercive tendencies are so high that we have recommended that if a court determines it will be necessary in the course of deliberations, the court should include the charge in its initial instructions rather than waiting to administer it until after the jury has retired . . . . In keeping with these principles, we have held

communicate to the jurors that the only way to extricate themselves from their more than two months of service and weeks of deliberations is to produce a verdict no matter how each views the evidence.

The circumstances presented in the two cases cited by the government allowing two *Allen* charges are plainly distinguishable from the deliberations in Mr. Blankenship's trial. In both *Cornell*, 780 F.3d 616 and *United States v. Seeright*, 978 F.2d 842 (4th Cir. 1992), the jury sent only one deadlock note, not the *three* that will have been sent in this case.[2] In *Cornell,* the jury sent one note asking to review certain pieces of evidence, and the court then gave its first *Allen* charge in response. 780 F.3d at 625. The jury then stated for the first time that it was deadlocked, and the court responded with a second *Allen* charge. *Id.* at 625-26. In *Seeright*, the jury stated for the first (and only time) that it was deadlocked, and the court gave its first *Allen* charge. 978 F.2d at 850. The jury then asked for further guidance, and, in response, the court gave its second *Allen* charge. *Id.*

[redacted]

Finally, under the analysis used in *Cornell*, this Court already has given at least two *Allen* charges to this jury. While this Court did not describe its initial statement on November 19 that

---

that it is per se error to give a second *Allen* charge where the jury has not requested one, because it conveys a message that 'the jurors have ac ted contrary to the earlier instructions as that instruction was properly to be understood. ("Apparently you didn't listen to what I said before, so I'll repeat it.'), and that message serves no purpose other than impermissible coercion.") (citations omitted).

[2] The Fifth Circuit recognized that, in nearly identical circumstances, a second *Allen* charge coerced a verdict from the jury. *Fossler,* 597 F.2d at 485 ("We hold that, under the 'totality of circumstances' test, the District Court's repetition of the Allen charge at Fossler's trial coerced a verdict from the jury. The jury indicated at three separate points in time, over a three day period, that it could not reach a decision.").

it was "order[ing]" the jury to continue deliberating as an *Allen* charge, it is functionally no different from the first instruction in *Cornell* that the Fourth Circuit considered to be an *Allen* charge. *Compare Cornell*, 780 F.3d at 625 (first *Allen* charge reminding the jury of its "duty to deliberate until you've been able to reach a verdict in this case") *with* Trial Tr. at 6026:3-10 (order to continue deliberations after a report of deadlock and question about how long deliberations had to continue). This Court supplemented its November 19 order to deliberate with an admonition on November 30 to listen to the views of other jurors, another feature of an *Allen* charge. The Court gave a formal *Allen* charge on December 1. Another would be at least a third. The defense is unaware of the Fourth Circuit ever approving what the government requests here.

Mr. Blankenship will, if necessary, fully address the government's proposed instruction if it becomes ripe. At this time, Mr. Blankenship reasserts his prior objections to the government's and the Court's prior *Allen* charges and further notes, by way of example, the following specific objectionable language in the government's proposed additional *Allen* charge:

First, the government seeks to include language regarding the resources that would have to be devoted to a retrial. *See* U.S. Mot. at Ex. A at 1 ("This trial, like all criminal trials, requires a certain amount of time money, and other resources. Obviously, a new trial will require additional time, money, and resources."). The Court previously stated that it was "very concerned about giving that language" and rejected it when the government proposed it the first time. *See* Trial Tr. at 6143. The Court again should reject that language. It injects an inappropriate consideration into the deliberations.

Second, the government seeks to dilute and define reasonable doubt. U.S. Mot. at Ex. A at 2 ("*Although* the verdict must be based upon proof beyond a reasonable doubt . . . In a large

3

portion of cases absolute certainty cannot be expected.") (emphasis added). That language is impermissible.

Third, the government seeks to include language regarding a partial verdict. The Court already instructed the jury, over defense objection, regarding that option in its prior *Allen* charge. The jury has not sought clarification. Repeating that instruction is unnecessary, and it risks coercing a compromise verdict.

For all of these reasons, the only proper path for this Court is to declare a mistrial. This jury has worked as hard as it can. It is not fair to the jury, or to the defendant, to try further to force it to render a verdict when it has clearly announced that it cannot do so. An instruction to deliberate further would be coercive, and, if a conviction followed, reversible error.

Dated: December 3, 2015

Respectfully submitted,

 /s/ William W. Taylor, III
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone) / 202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

    */s/ James A. Walls*
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304-291-7947 (phone) / 304-291-7979 (fax)
jwalls@spilmanlaw.com

    */s/ Alexander Macia*
Alexander Macia
SPILMAN THOMAS & BATTLE, PLLC
P.O. Box 273
Charleston, WV 25321-0273
304-340-3800 (phone) / 304-340-3801 (fax)
amacia@spilmanlaw.com

*Counsel for Donald L. Blankenship*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served via e-mail this 3rd day of December, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
845 Fifth Avenue, Room 209
Huntington, WV 25701

                                                  */s/ Blair B. Brown*
                                                  Blair B. Brown