IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 5:14-cr-00244 |
| DONALD L. BLANKENSHIP | ) ) ) | |

### DONALD L. BLANKENSHIP'S MOTION TO THE DISTRICT JUDGE[1] TO AMEND THE CONDITIONS OF HIS RELEASE PENDING SENTENCE

Donald L. Blankenship, through counsel, hereby moves this Court to amend the conditions of his release pending sentence. Specifically, Mr. Blankenship respectfully requests that (1) the residency restriction contained in paragraph 7(s) of the Release Order (ECF No. 15), (2) the domestic travel restrictions contained in paragraph 7(f) of the Order, and (3) the prohibition on personal contacts contained in paragraph 7(g) be stricken in their entirety. Mr. Blankenship also requests that the amount of his appearance bond be substantially reduced from $5,000,000 to $250,000. In light of Mr. Blankenship's acquittal on all felony counts with which he was charged, his full compliance for over a year with all of the terms and conditions of his release, and for the additional reasons set forth below, the conditions sought to be modified by this motion no longer can be considered the "least restrictive" to reasonably assure Mr. Blankenship's appearance or the safety of the community. 18 U.S.C. § 3142(c)(1)(B).

### BACKGROUND

The Release Order was entered on November 20, 2014. ECF No. 15. At the time, Mr. Blankenship was charged with one misdemeanor and three felony offenses that carried a

---

[1] The terms and conditions of Mr. Blankenship's release pending sentence were determined by the District Judge on December 3, 2015. *See* Dec. 3, 2015 Tr. 6171.

combined maximum sentence of more than 30 years of imprisonment. Based upon the seriousness of the charges alleged in the indictment, findings regarding Mr. Blankenship's wealth, property ownership and travel, and a determination that it was "logical to assume that Defendant may at some point view these proceedings and the supervisory requirements of the Court with … disdain," ECF No. 16 at 3-4, the Magistrate Judge imposed terms and conditions on Mr. Blankenship's release, which include:

- the posting of a $5,000,000 cash appearance bond, ECF No. 14;
- a requirement that Mr. Blankenship reside at a particular residence within the Southern District of West Virginia, ECF No. 15, ¶ 7(s);
- a prohibition against travel outside of the Southern District of West Virginia and Pike County, Kentucky (except to Washington, DC to meet with counsel) without pre-approval by the Court, *id.*, ¶ 7(f); and
- a prohibition against direct or indirect contact (except through counsel) with any person who worked at or provided services to Massey Energy Co. between January 1, 2008 and April 9, 2010, or who participated in any investigation of events at Massey Energy Co. or the Upper Big Branch mine during the same period, *id.*, ¶ 7(g).

The Magistrate Judge imposed these conditions "to reasonably assure [Mr. Blankenship's] appearance at all further proceedings in this matter." ECF No. 16 at 4. The Magistrate later clarified that he had imposed the no-contact condition set forth in paragraph 7(g) of the Release Order because he also "perceived a serious risk that Defendant might attempt in some way, perhaps innocuously, to influence witnesses as this matter approaches trial." ECF No. 50 at 7.

The trial has now concluded. On December 3, 2015, the jury acquitted Mr. Blankenship on all felony counts and returned a verdict of guilty as to a misdemeanor only. Thus, Mr. Blankenship no longer is facing the prospect of up to 30 years in prison. He is facing a term of imprisonment of not more than one year and a fine of not more than $250,000. *See* 30 U.S.C.

§ 820(d).[2] And in denying the government's draconian motion for detention pending sentencing, or, in the alternative, for home confinement and the posting of an additional $10,000,000 in bond, the Court noted that, "over the course of the time period that he's been on bond," Mr. Blankenship "has complied with all of the terms and conditions." Dec. 3, 2015 Tr. 6170-71. The Court accordingly released Mr. Blankenship pending sentence under the same terms and conditions previously imposed. *Id.* at 6171. In doing so, the Court necessarily found by clear and convincing evidence that Mr. Blankenship, released subject to the "least restrictive" conditions required by 18 U.S.C. § 3142(c)(1)(B), is not likely to flee or pose a danger to any other person or the community pending sentence. *See* 18 U.S.C. § 3143.[3]

## ARGUMENT

Under present circumstances, the $5,000,000 appearance bond and continued restrictions on Mr. Blankenship's residence, domestic travel and contact with family, friends and former business colleagues are not the "least restrictive" means of reasonably assuring Mr. Blankenship's appearance or the safety of the community.

### A.  Continued Restrictions on Residence and Travel Are Unnecessary.

To the extent that Mr. Blankenship was determined to pose a risk of flight because, as the government previously argued, he was facing "charges that carry a maximum of decades in prison and fines that exceed even his monumental worth," ECF No. 72 at 2, circumstances are

---

[2] No alternative fine greater than $250,000 can be imposed, under 18 U.S.C. § 3571(d), based on any purported gain or loss. The superseding indictment contained no allegations of pecuniary gain or loss, and the jury likewise made no findings of pecuniary gain or loss. *S. Union Co. v. United States*, 132 S. Ct. 2344, 2348-89, 2357 (2012) (holding that "the rule of *Apprendi* applies to criminal fines"); *see also*, *e.g.*, *United States v. Bane*, 720 F.3d 818, (11th Cir. 2013) (clear error to impose criminal fine, under § 3571(d), greater than statutory maximum without a jury finding of gain or loss); *United States v. Pfaff*, 619 F.3d 172, 174-76 (2d Cir. 2010) (same); *United States v. LaGrou Distrib. Sys., Inc.*, 466 F.3d 585, 594 (7th Cir. 2006) (same).

[3] Section 3143, which governs release pending sentence, expressly references 18 U.S.C. § 3142(c), which governs release on the least restrictive conditions to reasonably assure appearance and public safety.

very different now that the jury has returned its verdict. Mr. Blankenship was acquitted of all felony charges asserted against him and therefore is no longer exposed to a potential sentence of up to 30 years of imprisonment. He now faces a potential sentence of not more than one year in prison and a fine of not more than $250,000. *See* 30 U.S.C. § 820(d). Any possible motive to flee occasioned by the prospect of decades in prison and a "monumental" fine evaporated with the jury's verdict.

Furthermore, by his own conduct throughout these proceedings—when he *was* facing the prospect of decades in prison—Mr. Blankenship has proven that he is not a flight risk. He agreed to accept service of the summons in this case via letter upon receipt of the indictment. He voluntarily traveled from his home in Nevada to appear for his initial arraignment and bond hearing. And his record of appearance remained unblemished through the jury's return of its verdict. More broadly, as the Court already has recognized, Mr. Blankenship has fully complied with *all* of the terms and conditions of his release for more than a year. Nothing in the record remotely suggests a risk of flight. In addition, Mr. Blankenship's ties to this community run strong and deep and are not disputed. He owns property here. He has family here. He has friends here. These ties are among the many reasons that Mr. Blankenship always will return to this District as required if he is permitted to reside and travel elsewhere pending sentence.[4]

The Release Order contains several conditions, which, together with a reasonably modified appearance bond, are more than sufficient to assure Mr. Blankenship's appearance at

---

[4] As detailed in prior submissions, the current residence and travel restrictions have imposed substantial hardship on Mr. Blankenship. He is unable to reside with his fiancée at their home in Nevada. He has not been permitted to travel to their home there for over a year. He cannot visit his son and grandchild in Tennessee. He has been prevented from attending funerals of longtime friends and colleagues. He cannot visit a substantial business investment in Tennessee. He was denied permission to travel home to visit a health care provider and meet with counsel. He was denied permission to meet with counsel in the Northern District of West Virginia. And most recently, he was denied permission to travel to North Carolina for business reasons.

sentencing under present circumstances. He has surrendered his passport and is prohibited from obtaining a new one or any other form of international travel document. ECF No. 15, ¶¶ 7(d) & (e). He is prohibited from traveling outside the United States. *Id.*, ¶ 7(f). And he voluntarily agreed, *see* ECF No. 34, to a release condition prohibiting him from transferring assets in a manner that would facilitate non-appearance, including an agreement not to transfer assets outside of the United States. ECF No. 53. The imposition of additional residence and travel restrictions *within* the United States—while Mr. Blankenship is released on bond pending sentence on a misdemeanor—is entirely unnecessary. Mr. Blankenship therefore respectfully requests that his Release Order be amended to permit him to reside at his home in Nevada pending sentence and, upon prior notice to the Probation Office, to travel freely throughout the continental United States during that time.

### B. Continued Prohibitions on Personal Contact Are Unnecessary.

The onerous, sweeping and unconstitutional restriction contained in paragraph 7(g) of the Release Order—which by its terms prohibits Mr. Blankenship's personal contact with literally thousands of individuals, the vast majority of whom never were potential trial witnesses—is likewise unwarranted.[5] While there never was a basis in law or fact for imposing this restriction, the stated purpose for doing so—to prevent Mr. Blankenship from attempting to influence trial witnesses, *see* ECF No. 50 at 7—no longer pertains. The trial has concluded, and the jury has returned its verdict. The restriction, respectfully, should be stricken from the Release Order. Indeed, the continued imposition of this restriction would impermissibly interfere with Mr. Blankenship's preparation for sentencing.

---

[5] As detailed in numerous prior submissions, the hardship imposed by this unconstitutional restriction cannot be overstated. In addition to impermissibly interfering with Mr. Blankenship's defense of the charges he was facing, it has prevented Mr. Blankenship from maintaining longtime friendships, from exchanging pleasantries with people he encounters on the street, and even from communicating with family members.

### C. The $5,000,000 Appearance Bond Is Excessive.

The defense is aware of no case in which an individual has been required to post a $5,000,000 appearance bond pending sentence on a misdemeanor. In light of the jury's verdict and Mr. Blankenship's demonstration throughout the course of these proceedings that he is not a flight risk, we respectfully request that Mr. Blankenship's bond be reduced to $250,000, and that the remainder of the amount he posted on November 20, 2014 be ordered returned to him as soon as practicable. An appearance bond in the amount of $250,000, together with the remaining conditions imposed by the Release Order that will remain in effect if this motion is granted, are more than sufficient to assure Mr. Blankenship's appearance as required.

### CONCLUSION

For the foregoing reasons, Mr. Blankenship respectfully requests that (1) the residency requirement in paragraph 7(s) of the Release Order; (2) the domestic travel restrictions in paragraph 7(f) of the Order; and (3) the no-contact condition in paragraph 7(g) of the Order be stricken in their entirety. Mr. Blankenship also requests that the amount of his appearance bond be reduced to $250,000.

Dated: December 8, 2015                                Respectfully submitted,

                                                                                                     _/s/ William W. Taylor, III_____
                                                                                                     William W. Taylor, III
                                                                                                     Blair G. Brown
                                                                                                     Eric R. Delinsky
                                                                                                     R. Miles Clark
                                                                                                     Steven N. Herman
                                                                                                     ZUCKERMAN SPAEDER LLP
                                                                                                     1800 M Street, NW
                                                                                                     Washington, DC 20036
                                                                                                     202-778-1800 (phone)
                                                                                                     202-841-8106 (fax)
                                                                                                     wtaylor@zuckerman.com
                                                                                                     bbrown@zuckerman.com
                                                                                                     edelinsky@zuckerman.com

  */s/ James A. Walls*
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304-291-7947 (phone) / 304-291-7979 (fax)
jwalls@spilmanlaw.com


  */s/ Alexander Macia*
Alexander Macia
SPILMAN THOMAS & BATTLE, PLLC
P.O. Box 273
Charleston, WV 25321-0273
304-340-3800 (phone) / 304-340-3801 (fax)
amacia@spilmanlaw.com

*Counsel for Donald L. Blankenship*

**CERTIFICATE OF SERVICE**

 I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 8th day of December 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
845 Fifth Avenue, Room 209
Huntington, WV 25701

             _/s/ R. Miles Clark_____
             R. Miles Clark