IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

      Defendant.

**ORDER**

On October 6, 2015, following jury selection in the above-styled matter, the Court conducted a pre-trial conference.  Attorneys William Taylor, Blair Brown, Eric Delinsky and James Walls appeared for the Defendant, and R. Booth Goodwin, II, Steven Ruby, R. Gregory McVey and Gabriele Wohl appeared for the United States.  The Court verbally issued rulings on certain pending motions, including the parties' respective motions in limine, for the reasons set forth in the record.

The Defendant moved for further voir dire in light of alleged juror conduct.  For reasons set forth in the record, the Court **ORDERED** that the Defendant's *Motion for Further Voir Dire as a Result of Juror Conduct* (Document 409-2) be **DENIED**.

The Defendant objected to the admission of MSHA citations, based on Federal Rules of Evidence 803(8) and 704 as well as the Confrontation Clause of the Sixth Amendment to the United States Constitution.  Finding that the citations were not offered for the truth of the matter asserted, the Court **ORDERED** that *Defendant Donald L. Blankenship's Fed. R. Evid. 803(8) &*

*704 and Confrontation Clause Objections to Admission of MSHA Citations* (Document 399) be **DENIED**.

The Defendant moved to exclude evidence, testimony or argument related to the Defendant's public statements following the May 5, 2010 explosion at the Upper Big Branch Mine in Montcoal, West Virginia.   Finding that the evidence was probative and intrinsic to the charges in the Superseding Indictment, the Court **ORDERED** that the Defendant's *Motion to Exclude Evidence, Testimony or Argument Related to Public Statements Made by Defendant After the UBB Explosion* (Document 304) be **DENIED**.

The Defendant moved to exclude evidence, testimony or argument relating to a 2005 Massey Energy memorandum entitled "Running Coal."   Finding that the evidence was intrinsic to the charges contained in Counts Two and Three of the Superseding Indictment, the Court **ORDERED** that the Defendant's *Motion to Exclude Evidence, Testimony, or Argument Related to a 2005 Memorandum Entitled "Running Coal"* (Document 305) be **DENIED**.

The Defendant moved to exclude evidence, testimony or argument related to the Defendant's testimony in past Massey civil litigation.   Finding that the specific evidence required further examination by the Court, the Court **ORDERED** that the Defendant's *Motion to Exclude Evidence, Testimony, or Argument Related to Defendant's Testimony in Past Massey Civil Litigation* (Document 306) be **HELD IN ABEYANCE,** and now **ORDERS** that the same be **TERMINATED AS MOOT**.

The Defendant moved to exclude evidence, testimony, or argument related to the effect on Massey's financial performance and on investors of past violations of federal mine safety and health standards.   Finding that the evidence was relevant to the issue of materiality contained in

2

Counts Two and Three of the Superseding Indictment, the Court **ORDERED** that the Defendant's *Motion to Exclude Evidence, Testimony, or Argument Related to the Effect on Massey's Financial Performance and on Investors of Past Violations of Federal Mine Safety and Health Standards* (Document 307) be **DENIED**.

The Defendant moved to exclude evidence, testimony, or argument related to Massey's September 2010 letter to stakeholders.  Finding that the evidence was directly relevant to the Defendant's intent, an issue relevant to the charges contained in the Superseding Indictment, the Court **ORDERED** that the Defendant's *Motion to Exclude Evidence, Testimony, or Argument Related to Massey's September 2010 "Letter to Stakeholders"* (Document 308) be **DENIED**.

The Defendant moved to exclude evidence, testimony, or argument related the July 2, 2010 SEC staff comment letter and Massey's response.  Finding that the evidence was relevant to the issue of materiality, the Court **ORDERED** that the Defendant's *Motion to Exclude Evidence, Testimony, or Argument Related to July 2, 2010 SEC Staff Comment Letter and Massey's Response* (Document 309) be **DENIED**.

The Defendant moved for a preliminary determination of the admissibility of purported co-conspirator statements and acts under Federal Rule of Evidence 104.  For reasons set forth in the record, the Court **ORDERED** that the *Defense Motion for Preliminary Determination of the Admissibility of Purported Co-Conspirator Statements and Acts under Fed. R. Evid. 104* (Document 310) be **DENIED**.

The Defendant moved to exclude evidence, testimony, or argument related to citations issued at the Upper Big Branch Mine.  Finding that the evidence was probative to issues of the Defendant's knowledge and willfulness, and for other reasons set forth on the record, the Court

3

**ORDERED** that the *Defense Motion to Exclude Evidence, Testimony, or Argument Related to Citations Issued at UBB* (Document 311) be **DENIED**.

The Defendant moved to exclude evidence of the Defendant's compensation and stock holdings.   Finding that the evidence was probative of the Defendant's motive, and based on other findings set forth in the record, the Court **ORDERED** that the *Defense Motion to Exclude Evidence About His Compensation and Stock Holdings* (Document 312) be **DENIED**.

The Defendant moved to exclude evidence, testimony, or argument related to Massey subsidiary guilty pleas.   Finding that the evidence was not probative of the Defendant's knowledge, willfulness or intent, the Court **ORDERED** that the *Defense Motion to Exclude Evidence, Testimony, or Argument Related to Massey Subsidiaries Guilty Pleas* (Document 313) be **GRANTED**.

The Defendant moved to exclude the testimony of David Hughart as a witness for the United States under Federal Rule of Evidence 404.   Finding that the testimony was likely to be probative of the charges in the Superseding Indictment, the Court **ORDERED** that the *Defense Motion to Exclude 404(b) Testimony of David Hughart* (Document 314) be **HELD IN ABEYANCE**.   This witness was subsequently permitted to testify, and thus, the Court **ORDERS** that the motion be **DENIED**.

The Defendant moved to exclude evidence, testimony, or argument regarding the alleged omission of material facts.   Finding that the Superseding Indictment provided sufficient notice to the Defendant that the United States planned to claim that the relevant statement was not only false, but that it omitted facts necessary to make the statement not be materially misleading, the

4

Court **ORDERED** that the *Defense Motion to Exclude Evidence, Testimony, or Argument Regarding Alleged Omission of Material Facts* (Document 315) be **DENIED**.

The Defendant moved to exclude from trial the Mine Act prohibition on advance notice of mine inspections.   Finding that the evidence was relevant to Count One of the Superseding Indictment, the Court **ORDERED** that the *Defense Motion to Exclude from Trial the Mine Act Prohibition on Advanced Notice of Inspections* (Document 316) be **DENIED**.

The Defendant moved to exclude argument that violation reduction at Upper Big Branch demonstrated the authorization of violations.   For reasons set forth in the record, the Court **ORDERED** that the *Defense Motion to Exclude Argument that Violation Reduction at UBB Demonstrated Authorization of Violations* (Document 317) be **DENIED**.

The Defendant moved to exclude proposed opinion testimony of Tracey L. Stumbo as witness for the United States.   For reasons set forth in the record, the Court **ORDERED** that the *Defense Motion to Exclude Proposed Opinion Testimony of Tracey L. Stumbo* (Document 318) be **GRANTED** in part, and otherwise **HELD IN ABEYANCE**.

The Defendant moved to exclude proposed opinion testimony of Frank C. Torchio as witness for the United States.   For reasons set forth in the record, the Court **ORDERED** that the *Defense Motion to Exclude Proposed Opinion Testimony of Frank C. Torchio* (Document 319) be **GRANTED** in part, and **DENIED** in part.

The United States moved to exclude evidence and argument concerning (1) the Defendant's supposed other good acts or noncriminal acts; (2) claims that Upper Big Branch or other Massey mines were "safe" despite routine violations of federal mine safety standards; (3) claims that federal mine safety standards were incorrect or misguided; (4) the cause of the Upper

5

Big Branch explosion; (5) political considerations concerning the coal industry; (6) the economic state of the coal industry; (7) claims of selective or vindictive prosecution; (8) claims that a system to orchestrate advanced warnings of inspections in order to conceal safety-law violations is lawful; (9) claims of reliance on federal mine safety officials to conclude that conduct was lawful; (10) self-serving hearsay statements in telephone conversations recorded by Defendant; and (11) expert testimony on the importance of not wasting Massey's money, among other matters.   For reasons set forth in the record, the Court **ORDERED** that the *United States' Motion in Limine* (Document 320) be **GRANTED** in part, **DENIED** in part, and otherwise **HELD IN ABEYANCE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:      December 9, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

6