IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) |
| v. | ) ) Criminal No. 5:14-cr-00244 |
| **DONALD L. BLANKENSHIP** | ) ) ) |

### DONALD L. BLANKENSHIP'S REPLY IN SUPPORT OF MOTION TO AMEND THE CONDITIONS OF HIS RELEASE PENDING SENTENCE

The government does not oppose elimination of the sweeping restriction contained in paragraph 7(g) of the Release Order (ECF No. 15), which prohibits Mr. Blankenship from having any contact with former Massey employees and contractors. This restriction would interfere with Mr. Blankenship's preparation for sentencing and therefore must be vacated.

The United States Attorney's publicly criticized the Magistrate Judge for granting Mr. Blankenship permission to travel home for the holidays, "without waiting to hear from the United States."[1] The government's response to the instant motion reveals why the Court did not need to hear from the government on the matter. The government does not dispute the facts relied on by the Court to conclude that Mr. Blankenship is not a flight risk: the jury's verdict acquitting Mr. Blankenship of the three felony charges the government leveled against him; and Mr. Blankenship's full compliance with the terms of his release for over a year, which includes his unblemished record of appearance in these proceedings when he was facing the prospect of an effective life sentence. ECF No. 554 at 1-2. These same facts provide clear and convincing

---

[1] *See* http://www.wvgazettemail.com/blankenship-trial/20151211/goodwin-disappointed-with-quick-ruling-on-blankenship-holiday-trip.

evidence that Mr. Blankenship will appear for sentencing on the lone misdemeanor charge for which he was convicted if his bond conditions are further modified as requested.

Instead of addressing these undisputed facts, the government contends there is new "evidence," not yet considered by the Court, concerning "the risk that Defendant will flee to a foreign jurisdiction" before sentencing. ECF No. 557 at 5. This new "evidence" consists of a single facetious remark by Mr. Blankenship in a recorded 2009 phone call that he was "actually considering moving to China or somewhere." *Id.* In context, the statement is a flippant remark about the state of energy policy in this country more than a half decade ago. Suffice it to say, the government's position that this recording warrants the imposition of restrictive release conditions pending sentence is a frivolous one.[2]

Unable to continue to point to the prospect of "decades in prison," or to defend its prior representations regarding the possibility of "monumental" fines, ECF No. 72 at 2,[3] the government now asserts that "the vast sums of restitution for which he may be liable at sentencing" supplies the motive for Mr. Blankenship to flee. ECF No. 557 at 3. To borrow the government's phrase, its assertion regarding Mr. Blankenship's possible restitution obligations is merely the government's legal position, the merits of which are not ripe for decision on this

---

[2] The argument is akin to deeming someone a flight risk based on the comment "if Donald Trump is elected President, I'm moving to Canada."

[3] The government's contention that astronomical fines could be imposed was, and continues to be, meritless. The government does not deny that an alternative fine greater than $250,000 (the statutory maximum under 30 U.S.C. § 820(d)) cannot be imposed under 18 U.S.C. § 3571(d) based on any purported gain or loss, because the superseding indictment contained no allegations of pecuniary gain or loss, and because the jury likewise made no findings of pecuniary gain or loss. *See S. Union Co. v. United States*, 132 S. Ct. 2344, 2348-89, 2357 (2012) (holding that "the rule of *Apprendi* applies to the imposition of criminal fines"); *see also*, *e.g.*, *United States v. Bane*, 720 F.3d 818, 823 (11th Cir. 2013) (clear error to impose fine, under § 3571(d), greater than statutory maximum without a jury finding of gain or loss); *United States v. Pfaff*, 619 F.3d 172, 174-76 (2d Cir. 2010) (same); *United States v. LaGrou Distrib. Sys., Inc.*, 466 F.3d 585, 594 (7th Cir. 2006) (same).

motion. It nevertheless bears noting that, much like the government's prior assertions regarding the magnitude of available fines, its claims regarding restitution have no basis in law or fact.

The government asserts, for example, that "costs" to Massey and miners arising from the UBB explosion "could produce restitution obligations that would bankrupt Defendant." ECF No. 557 at 4. Restitution, however, must be tied to loss caused by the "offense of conviction," *Hughey v. United States*, 495 U.S. 411, 418 (1990); *United States v. Ubakanma*, 215 F.3d 421, 428 (4th Cir. 2000), which includes, for conspiracy offenses, loss caused "by the defendant's criminal conduct in the course of the … conspiracy," 18 U.S.C. § 3663(a)(2). Restitution may <u>not</u> be ordered "for 'relevant conduct,' 'a related offense,' or a 'factually relevant offense.'" *United States v. Freeman*, 741 F.3d 426, 434 (4th Cir. 2014). Not only was Mr. Blankenship not charged in Count One (the "offense of conviction") with causing the UBB explosion, ECF No. 540 at 5, and the jury instructed that they would "violate [their] duty as jurors and [the Court's] instructions" if they "consider[ed] in [their] deliberations the cause of the explosion" or "use[d] [their] verdict in this case to address responsibility or blame for the explosion," *id.* at 5-6, but the government also moved to exclude from trial evidence and argument concerning the cause of the explosion. In doing so, it argued—correctly—that "the cause of the UBB explosion <u>is not relevant to the charges against Defendant</u>," ECF No. 320 at 10 (emphasis added). The Court granted the government's motion "in light of the allegations contained in the indictment." Oct. 6, 2015 Tr. 869:16. Simply put, costs arising from the UBB explosion are not harms caused by the "offense of conviction," and the government is estopped from arguing otherwise at sentencing.

Even if the government's perfunctory arguments about restitution had merit, which they do not, any such potential restitution liability necessarily would be <u>less</u> than what Mr.

3

Blankenship was facing when his bond conditions were imposed over a year ago, because he has been acquitted of three charged felony offenses. The maximum potential fine also is considerably less now. And the maximum term of imprisonment is 1/30 of what Mr. Blankenship was facing at arraignment. These "changed circumstances," together with Judge Berger's finding that Mr. Blankenship fully complied with the terms and conditions of his pretrial release, led her to release Mr. Blankenship pending sentence. These changed circumstances also led this Court to conclude that there is "little if any likelihood that Defendant will feel motivated to flee in avoidance of further Court proceedings," and that "relaxing the terms and conditions of his pretrial release is therefore generally appropriate." ECF No. 554 at 1-2. The government makes no attempt to address these changed circumstances and does not, because it cannot, challenge Mr. Blankenship's conduct since indictment.

Finally, as noted in the motion, the defense is aware of no case in which an individual, regardless of wealth, has been required to post anything near a $5,000,000 appearance bond pending sentence on a misdemeanor. The government cites none. Because Mr. Blankenship presents no risk of flight, an appearance bond in the amount of $250,000, together with the remaining conditions of release that will remain in effect if this motion is granted, is more than sufficient to assure his appearance at sentencing. He has surrendered his passport and is prohibited from obtaining a new one or any other form of international travel document. ECF No. 15, ¶¶ 7(d) & (e). He is prohibited from traveling outside the United States. *Id.*, ¶ 7(f). And he voluntarily agreed, *see* ECF No. 34, to a condition prohibiting him from transferring assets in a manner that would facilitate non-appearance, including an agreement not to transfer assets outside of the United States. ECF No. 53. Under present circumstances, the imposition of

additional restrictions, including the continued posting of a $5,000,000 appearance bond, is entirely unnecessary.

Dated: December 18, 2015          Respectfully submitted,

 /s/ *Blair G. Brown*
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Washington, DC 20036
202-778-1800 (phone)
202-841-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

 /s/ *James A. Walls*
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
Morgantown, WV 26501
304-291-7947 (phone) / 304-291-7979 (fax)
jwalls@spilmanlaw.com

 /s/ *Alexander Macia*
Alexander Macia
SPILMAN THOMAS & BATTLE, PLLC
P.O. Box 273
Charleston, WV 25321-0273
304-340-3800 (phone) / 304-340-3801 (fax)
amacia@spilmanlaw.com

*Counsel for Donald L. Blankenship*

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 18th day of December, 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
Gabriele Wohl
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

R. Gregory McVey
U.S. Attorney's Office
845 Fifth Avenue, Room 209
Huntington, WV 25701

                                      */s/ R. Miles Clark*
                                      R. Miles Clark