IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No. 5: 14-0244** |
| ) | |
| **DONALD L. BLANKENSHIP** ) | |

### MEMORANDUM OPINION AND ORDER

On December 8, 2015, Defendant filed a Motion to the District Judge to Amend the Conditions of his Release Pending Sentencing. (Document No. 541.) The United States filed its Response to Defendant's Motion to Modify Bond Conditions on December 16, 2015. (Document No. 557.) Defendant filed his Reply on December 18, 2015. (Document No. 560.)

Defendant was initially charged by Four-Count Indictment on November 13, 2014. (Document No. 1.) On November 20, 2014, the undersigned held Defendant's arraignment (Document No. 13.) and determined appropriate terms and conditions of bond. The undersigned required Defendant to enter an appearance bond secured by his payment of $5,000,000 and abide by terms and condition while released on bond prior to trial including the following: (1) Defendant was required to reside at his residence in West Virginia; (2) Defendant was restricted in traveling to the Southern District of West Virginia, Pike County Kentucky and the District of Columbia for the purpose of meeting with his attorneys and otherwise as pre-approved by the Court; and (3) Defendant was prohibited from having contact direct or indirect with any officer, director or employee of Massey Energy Company or person who participated in any investigation of events at Massey Energy Company or the Upper Big Branch Mine from January 1, 2008, through April 9, 2010. (Document Nos. 14 and 15.) By Order filed on December 18, 2014, the undersigned adopted language upon which Defendant and the United States agreed adding a further condition of bond as

follows: "Defendant shall not sell, assign, transfer, or dispose of his funds or assets in any manner that would facilitate non-appearance in this proceeding. In particular, Defendant may not sell, assign, transfer,, or dispose of assets in such a manner as to remove them from the United States." (Document No. 53.) A Three-Count Superseding Indictment was filed on March 10, 2015. (Document No. 169.) Count One of the Superseding Indictment (Document No. 169 at pp. 34 - 38.) charged that Defendant conspired as an operator of Massey Energy Company's Upper Big Branch Mine wilfully to violate mandatory federal mine safety and health standards in violation of 18 U.S.C. § 371[1] subjecting him to misdemeanor penalties prescribed by 30 U.S.C. § 820(d)[2]. Counts Two and Three charged felonies. On December 3, 2015, a Jury found Defendant guilty of the offense charged in Count One of the Superseding Indictment specifically concluding that Defendant "conspired to wilfully violate mandatory mine safety and health standards." (Document No. 530.) The District Court has scheduled Defendant's sentencing for April 6, 2016. (Document No. 553.)

By his Motion to Amend the Conditions of his Release Pending Sentencing, Defendant

---

[1] 18 U.S.C. § 371 provides as follows:

It two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both. If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

[2] 30 U.S.C. § 820(d) specifies the criminal penalties for wilfully violating a mandatory safety standard as follows:

Any operator [of a coal mine] who wilfully violates a mandatory health and safety standard . . . shall, upon conviction, be punished by a fine of not more than $250,000, or by imprisonment for not more than one year, or by both . . ..

requests that the conditions of his release be modified to remove the residency, travel and personal contact restrictions and to reduce the monetary amount of his appearance bond to $250,000. Defendant contends, now that he stands convicted of a misdemeanor as charged in Count One of the Superseding Indictment with a maximum penalty of one year in prison and a $250,000 fine, that the terms and conditions of bond imposed prior to trial when he was facing felony charges and a lengthy term of imprisonment are no longer the least restrictive to assure his appearance at further Court proceedings. Defendant further states in support of his request that the District Court denied the United States' post-trial request that Defendant be detained and the amount of his appearance bond be doubled finding that Defendant has complied with all of the terms and conditions of release and allowing his release under the same terms and conditions imposed prior to trial. Defendant states citing 18 U.S.C. § 3143 that in doing so, the District Court "necessarily found by clear and convincing evidence that Mr. Blankenship . . . is not likely to flee or pose a danger to any other person or the community pending sentence." Defendant asserts in view of his significantly reduced exposure to criminal penalties, his record of cooperating and complying during these proceedings and his ties to the Southern District of West Virginia through property ownership, family and friends, restricting him to his residence and his ability to travel are no longer unnecessary. Defendant further contends that the reason which the undersigned relied upon for imposing the "sweeping" restriction upon his personal contacts prior to trial – to prevent him from attempting to influence trial witnesses – no longer exists now that trial is concluded. Defendant claims that the continuation of this restriction "would impermissibly interfere with Mr. Blankenship's preparation for sentencing." Finally, Defendant requests that, considering his conviction now of a misdemeanor and his "demonstration throughout the course of these proceedings that he is not a flight risk", the

amount of his appearance bond be reduced to $250,000 .

By its Response, the United States urges citing 18 U.S.C. § 3143 that post-trail "there must be clear and convincing evidence that [Defendant's] bond conditions will assure his appearance at sentencing." The United States urges that, though Defendant's misdemeanor conviction makes him subject to a maximum sentence of not more than one year in prison, "the possible monetary sanctions facing Defendant are not similarly restricted. – they could reach tens of millions of dollars. This potentially ruinous threat to Defendant's riches provides a powerful motive for him to evade sentencing." The United States asserts in view of Defendant's position that he is subject to a maximum monetary penalty of $250,000 that he may also be required to pay restitution.[3] The United States states that "the conspiracy of which Defendant was convicted produced staggering costs, both human and monetary." The United States asserts that "[g]iven the financial stakes, the Court cannot find by clear and convincing evidence that bond conditions less strict than those currently in effect will reasonably assure Defendant's appearance." The United States further states that Defendant has "substantial foreign ties" and said several years ago that he was considering moving to China. The United States disputes Defendant's impression respecting the District Court's releasing of Defendant post-trial on the pretrial terms and conditions of bond urging that the District Court did not find that Defendant is not a flight risk and insinuate that bond conditions should be reduced but rather found that "the existing bond conditions are sufficient." Finally, the United States asserts that considering

---

[3] 18 U.S.C. § 3663(a)(1)(A) provides respecting restitution as follows:

> The court, when sentencing a defendant convicted of an offense under this title . . . may order, in addition to, or, in the case of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate.

the applicable clear and convincing standard and the potential "financially disastrous consequences" as this matter goes to sentencing , modifying Defendant's bond as he requests is "unwarranted" and would "create a needless and unacceptable risk of flight." The United States, however, indicates no objection to "eliminating the provision regarding contact with former Massey employees and officials. The trial's completion obviates the provision's necessity."

By his Reply, Defendant urges that in opposing modification of the terms and conditions of his release, the United States does not dispute facts supporting the District Court's post-trial determination that Defendant does not pose a flight risk – his acquittal of all felony charges contained in the Superseding Indictment and his full compliance with the terms and conditions of his release for over a year – but rather refers to Defendant's statement several years ago that he was considering moving to China and the possibility that the Court might require his payment of a significant sum in restitution as grounds for continuing him under the same terms and conditions of release post-trial as were imposed pretrial. Defendant contends that the United States contention that he might be required to pay a significant sum in restitution is without merit but, even if it has merit, the amount of restitution which he might be required to pay is significantly less than it was initially because he has been acquitted of the felony charges contained in the Superseding Indictment. Defendant states that the United States "makes no attempt to address these changed circumstances . . .." Defendant further indicates that there is no precedent now that he stands convicted of a misdemeanor for continuing him on a $5,000,000 appearance bond.

18 U.S.C. § 3143(a) provides respecting the post trial detention/release of a defendant having been found guilty of an offense as follows:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3142(b) and (c) allow for a defendant's release on personal recognizance or unsecured appearance bond unless the Court finds that the defendant's release on personal recognizance or unsecured appearance bond will not assure the defendant's appearance in further Court proceeding or the safety of any other person or the community. If the Court so finds, the Court must release the defendant on conditions specified in subsection (c). The undersigned notes that the general focus under Section 3142 is upon the length of the potential term of imprisonment to which the defendant is exposed. There is no indication that the Court should consider the amount of any potential fine or restitution which the Court may impose. Additionally, the undersigned notes that Section 3142 (c)(3) provides that "[t]he judicial officer may at any time amend the order [of pretrial release] to impose additional or different conditions of release." Based upon this language, the undersigned finds that the Court has authority now to modify the terms and conditions of Defendant's release pending sentencing as Defendant requests.

It appears that the District Court determined after Defendant's conviction of the misdemeanor offense and acquittal of the felonies charged in the Superseding Indictment that clear and convincing evidence supports Defendant's release pending sentencing on the same terms and conditions imposed pretrial. Defendant essentially requests modification of the conditions of his release now because the circumstances under which the conditions were initially imposed have changed significantly, and indeed they have. Defendant is no longer subject to a lengthy term of

imprisonment and a large fine. Rather, it appears at this point that the maximum penalty which could be imposed based upon Defendant's conviction, aside from the mandatory assessment and supervised release, is up to one year in prison and a $250,000 fine *or* restitution. Any motivation Defendant may have had to avoid Court appearances or flee the Court's jurisdiction must be regarded as significantly less now because the length of any potential term of imprisonment to which Defendant is exposed is significantly reduced. The United States urges that Defendant currently has contacts in China and has submitted evidence that Defendant stated well before his indictment that he was considering moving to China. The Court was aware of Defendant's contacts in China prior to setting the terms and conditions of his pretrial release. The Court did not know then of Defendant's statement. Defendant's statement that he was considering moving to China was not made contemporaneously with or in the context of this criminal litigation. It does not indicate in any way that he is interested in avoiding further Court proceedings. The Court, therefore, does not find it relevant to assessing the risk that Defendant might abscond. Finally, the undersigned finds that the fact that Defendant might be required to pay a significant amount in restitution is not an appropriate consideration in assessing the risk that Defendant might abscond. The Court required that Defendant post the cash appearance bond to assure his appearance at Court proceedings, not in anticipation of any requirement that he pay a fine or restitution. Now that the circumstances pertaining to Defendant's appearance at further Court proceedings have changed and considering Defendant's record for abiding by the terms and conditions which the Court set pretrial, it is appropriate to modify them as Defendant request.

It is therefore hereby **ORDERED** that Defendant's Motion to Amend the Conditions of his Release Pending Sentencing (Document No. 541.) is **GRANTED**. Defendant's appearance bond

shall be reduced to the amount of $1,000,000. The Clerk shall refund the remainder of Defendant's appearance bond to him along with any interest which has accrued. Defendant may reside at his home in Las Vegas, Nevada, and travel as he pleases within the continental United States. Defendant must remain available to and in contact with his supervising probation officer(s) and notify his supervising probation officer(s) of his travel plans prior to traveling as allowed. The prohibition of Defendant from having contact direct or indirect with any officer, director or employee of Massey Energy Company or person who participated in any investigation of events at Massey Energy Company or the Upper Big Branch mine from January 1, 2008, through April 9, 2010 (Document No. 15, Order Setting Conditions of Release, ¶ 7(g).) is vacated. Otherwise, all terms and conditions of release imposed pretrial shall continue while Defendant is awaiting sentencing.

    The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record.

    ENTER: December 28, 2015.

R. Clarke VanDervort
United States Magistrate Judge