**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                          CRIMINAL ACTION NO. 5:14-cr-00244

DONALD L. BLANKENSHIP,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the final presentence investigation report (PSR) prepared by the United States Probation Officer and submitted to the Court on March 21, 2016. The Court has also reviewed the individual victim impact statements and the individual claims for restitution filed in this case.[1] Therein, these individuals claim to be victims of the conduct leading to the Defendant's conviction for conspiring to willfully violate mine safety and health standards, in violation of 18 U.S.C. §371 and 30 U.S.C. §820(d), and seek discretionary restitution from the Court pursuant to 18 U.S.C. §3663.[2]

---

[1] The United States Probation Office, in coordination with the Victim Witness Coordinator for the Office of the United States Attorney for the Southern District of West Virginia, mailed notification letters to 644 potential victims in this case. These letters were mailed to former employees of Massey Energy Company and the Upper Big Branch mine in Montcoal, West Virginia, as well as the family members of employees who perished in the explosion at Upper Big Branch on April 5, 2010. The Court has reviewed each of the victim impact statements and/or claims for restitution which have been submitted.

[2] The Court has also reviewed the Defendant's *Motion to Deny Individuals' Restitution Claims* (Document 576), its exhibit and the *Memorandum in Support* (Document 577), filed on April 1, 2016. However, because the Court had previously determined that the individual restitution claims should be dismissed, the Court did not consider these filings in drafting this order.

Under 18 U.S.C. §3663(a)(1)(A), the Court has the discretion, when sentencing a defendant convicted of an offense under Title 18 of the United States Code, to order the defendant to "make restitution to any victim" of the offense of conviction, or, "if the victim is deceased, to the victim's estate." 18 U.S.C. §3663(a)(1)(A). Section 3663(a)(2) defines a "victim" as a "person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered," and in the case of a conspiracy, this definition extends to "any person directly harmed by the defendant's criminal conduct in the course of" the conspiracy. 18 U.S.C. §3663(a)(2). The Supreme Court has explained that the "language and structure of [Section 3663] make plain Congress' intent to authorize an award of restitution only for the loss *caused by the specific conduct that is the basis of the offense of conviction.*" *Hughley v. United States*, 495 U.S. 411, 413, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990) (emphasis added). If the specific conduct for which the Defendant was charged and convicted did not result in the alleged losses, restitution is inappropriate. *See, e.g.*, *United States v. Broughton-Jones*, 71 F.3d 1143, 1145 (4th Cir. 1995); *United States v. Blake*, 81 F.3d 498, 503 (4th Cir. 1996); *United States v. Freeman*, 741 F.3d 426, 433-434 (4th Cir. 2014).

The Court finds that the individual claims for restitution under Section 3663 must fail. The Court recognizes that many of these individuals have suffered actual financial loss and other loss for which there could be no adequate award of restitution. However, none of the claims for restitution satisfy the "direct and proximate" causation requirement set forth by Section 3663(b)(1) and relevant Supreme Court and Fourth Circuit precedent. Specifically, none of the claims establish by any evidentiary standard that the losses suffered by these individuals were the "direct and proximate" result of the conduct for which the Defendant was convicted. The overwhelming

majority of these claims for restitution explicitly link the claimed losses to the Upper Big Branch explosion on April 5, 2010. The cause of that explosion was not at issue in this case, as the Court repeatedly instructed the jury during trial. (See Transcr. at 16:16-19; Transcr. at 5780:13-5781:5.) Neither the United States nor the Defendant objected to these instructions. Indeed, in its *Motion in Limine* (Document 320) filed prior to trial, the United States sought to preclude any evidence, argument, or testimony concerning the cause of the Upper Big Branch explosion. (United States' Mot. in Limine, at 3.) The Court granted this motion. (*See* Transcr. at 869:13-16.) In the *United States' Response to Defendant's Motion for Jury Instructions Regarding the UBB Mine Explosion and to Exclude Evidence Regarding the Explosion* (Document 290), the Government stated, "Nor does the United States intend to introduce evidence or argument concerning the cause of the explosion; as Defendant says, causing the explosion is not what he is charged with." (Document 290 at 3.) And, in the *United States' Response to Defendant's Motion for Transfer to Another District for Trial* (Document 160), the Government, again, indicated that the "Defendant is not charged with causing that explosion, of course…" (Document 160 at 13.)

Thus, any claimed losses flowing directly from the explosion cannot be the "direct and proximate" result of the offense of conviction in this case. Further, while certain other claimants did not specifically discuss the explosion at Upper Big Branch as the basis for their restitution claim, they failed to allege *any* basis sufficient for the Court to find direct and proximate causation. The Court, therefore, finds that the individuals seeking restitution in this case are not "victims" of the Defendant's offense of conviction, and that discretionary restitution for these individuals is barred as a matter of law.

Wherefore, following thorough review and careful consideration, the Court **ORDERS** that each of the individual claims for restitution be **DENIED**.[3]

Given the findings and ruling contained herein, and in light of the Court's ruling in its *Memorandum Opinion and Order* (Document 578) entered on April 4, 2016, the Court **ORDERS** that the Defendant's *Motion to Continue Sentencing Hearing or, in the Alternative, to Bifurcate Sentencing Hearing* (Document 566) and the *United States' Motion to Compel Financial Information* (Document 569) be **TERMINATED AS MOOT.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 5, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[3] The Court notes that for many of these claims, particularly those alleging damages based on emotional distress, an award of restitution would be legally precluded even if the claims satisfied the "direct and proximate" causation requirement of 18 U.S.C. §3663(a)(2). Section 3664(b) describes, in relevant part, the types of damages which are compensable under the discretionary restitution provisions of Section 3663. These include, *inter alia*, compensation for "damage to or loss or destruction of property," "bodily injury," and the "death of a victim," as well as "lost income and necessary child care, transportation, and other expenses related to participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. §3663(b). These types of damages are significantly distinct from the damages set forth in many of the individual claims for restitution, and the Court, therefore, notes that even if many of these claimants could establish direct and proximate causation, the restitution sought would be barred by the plain language of Section 3663.