**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**Beckley Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Criminal No. 5:14-CR-00244** |
| | ) | **Civil No. 5:18-CV-00591** |
| **DONALD L. BLANKENSHIP** | ) | |
| **Defendant.** | ) | |

**MOTION FOR *IN CAMERA* REVIEW**

Donald L. Blankenship, by and through counsel, respectfully moves this court to conduct an *in camera* review of documents being withheld on privilege grounds by the U.S. Attorney for the Southern District of West Virginia ("USAO") based on an assertion of privilege by the United States Department of Labor ("DOL"). In support of this motion, Mr. Blankenship states the following:

1. On April 18, 2018, Mr. Blankenship filed a motion challenging his conviction pursuant to 28 U.S.C. § 2255. (ECF No. 663). The primary basis for this motion is that Mr. Blankenship was denied his constitutional right to a fair trial because the government withheld material to which he was entitled for his defense.

2. On April 18, 2018, Mr. Blankenship filed a filed a Motion for Extension of Time to Submit a Memorandum in Support of Motion to Vacate Pursuant to 28 U.S.C. § 2255. (ECF No. 664). In support of that motion, Mr. Blankenship stated that he had "leaned of relevant new material as recently as April 6, 2018, and it is likely that more may come to light in the coming

weeks." (*Id.*)  For good cause shown, this Court granted Mr. Blankenship's motion and extended the filing deadline to June 4, 2018.  (ECF No. 667).

3. On April 6, 2018, the U.S. Attorney for the Southern District of West Virginia ("USAO") provided Mr. Blankenship with documents from the Mine Safety and Health Administration ("MSHA") regarding disciplinary action taken against certain MSHA employees in 2012 based on their oversight of the Upper Big Branch mine during 2009 and 2010.

4. On May 2, 2018, the USAO provided Mr. Blankenship with a disk containing documents related to "disciplinary matters involving Mine Safety and Health ("MSHA") officials in the wake of the April 5, 2010, Upper Big Branch mine disaster." (attached as Ex. 1 [letter itself]).  The materials included performance reviews for the employees at issue in the April 6 production, including for the years 2009 and 2010.  These reviews are, by and large, very favorable to the respective employees in the timeframe preceding April 2010.

5. Also included in the materials provided on May 2, 2018 are two privilege logs (attached as Exs. 2 & 3) reflecting documents that the USAO is withholding from Mr. Blankenship because DOL has asserted the "deliberate process and attorney-client privileges." *Id.*  The USAO continued that the "United States will, however, provide these records to you should the Court determine the asserted privileges do not apply.  I suggest you file a motion with the Court for a determination of this issue." *Id.*  As the United States suggests, Mr. Blankenship is accordingly filing this Motion and asks the Court to conduct an *in camera* review of the documents listed in Exhibits 2 and 3 to determine whether a valid claim of privilege applies.

6. Because the USAO has withheld the documents and provided a privilege log, Mr. Blankenship necessarily has only a very limited amount of information about the documents. DOL has apparently directed that these documents be withheld by the USAO on one of two

grounds: deliberative process privilege or attorney-client privilege. Notably, most withheld documents are withheld solely on the basis of the deliberative process privilege.

7. The attorney-client privilege protects communications between lawyers and their clients for the purpose of securing legal advice or services. *See In re Grand Jury Subpoena*, 341 F.3d 331 (4th Cir. 2003). The mere presence of a lawyer on a communication is not sufficient to invoke the privilege. *See In re Grand Jury Subpoena*, 542 Fed. Appx. 252 (4th Cir. 2013) (communications between government lawyer and government official not privileged where lawyer was not providing legal opinion or legal services). Here, the DOL claims the attorney-client privilege over the documents but the privilege log does not even identify the attorney-participant on the communications.

8. The deliberative process privilege protects "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Ethyl Corp. v. U.S. E.P.A*, 25 F.3d 1241, 1248 (4th Cir. 1994). The privilege is to be construed narrowly. *Id*. The analysis to determine if the privilege is applicable requires a two prong test: the materials must be predecisional and deliberative. *City of Virginia Beach v. U.S. Dep't of Commerce*, 995 F.2d 1247, 1253 (4th Cir. 1993). A predecisional document is one "prepared in order to assist an agency decisionmaker in arriving at his decision." *Keeper of the Mountains Foundation v. U.S. Dept. of Justice*, 514 F. Supp. 2d 837, 851 (S.D. W.Va. 2007). To be considered deliberative, the information must be "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *Id*. (internal quotation omitted). The privilege does not protect factual information, as long as the information is severable. *Id.* at 855 (citing cases).

9. Even if the privilege applies, the court must then balance the competing interests to determine whether the materials should be disclosed. *Redland Soccer Club, Inc. v. Dep't of the Army of U.S.*, 55 F.3d 827, 854 (3d Cir. 1995); *Cipollone v. Liggestt Group Inc.*, Nos. 86-1198, 86-1223, 1987 WL 36515 at *2 (4th Cir. 1987). Here, the USAO has obviously deemed these relevant and responsive to these proceedings. The ultimate subject of these proceedings is whether Mr. Blankenship was convicted as a result of constitutional or other legal violations, including particularly violations related to the improper withholding of information from Mr. Blankenship's defense pre-trial. As Mr. Blankenship's 2255 Motion describes, Mr. Blankenship sought various records from MSHA as part of his defense in this matter, and the fact that Mr. Blankenship is only now being provided with these MSHA records is further support for his 2255 Motion. Therefore, Mr. Blankenship's interests are of the highest order. Conversely, it is unclear what interest, if any, the government has in avoiding disclosure of these materials. The USAO has recently provided Mr. Blankenship with various records related to the discipline of MSHA employees and so has no apparent interest in avoiding disclosure of further records related to this same subject.

Mr. Blankenship respectfully notes that he has a June 4 deadline to submit his Memorandum in Support of Motion to Vacate. Due to the privilege claims, he is currently unable to argue the merits of a significant number of relevant documents in that Memorandum. Therefore, Mr. Blankenship respectfully moves this Court to conduct an *in camera* review of the withheld documents as the USAO has invited, to determine whether DOL has asserted a valid claim of privilege with respect to all withheld documents (see Exs. 2 and 3), and to order the USAO to disclose to Mr. Blankenship any and all documents the court determines are not subject to a valid claim of privilege.

Dated: May 21, 2018

Respectfully submitted,

/s/ Howard C. Vick
Howard C. Vick
Michael A. Baudinet
MCGUIREWOODS LLP
Gateway Plaza
800 E. Canal Street
Richmond, VA 23219-3916
Tel: (804) 775-1000
Fax: (804) 775-1061
tvick@mcguirewoods.com
mbaudinet@mcguirewoods.com

Benjamin L. Hatch
MGUIREWOODS LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
Tel: (757) 640-3700
Fax: (757) 640-3701
bhatch@mcguirewoods.com

/s/ W. Henry Jernigan, Jr.
W. Henry Jernigan, Jr. (WVSB No. 1884)
DINSMORE & SHOHL LLP
707 Virginia Street, East, Suite 1300
P.O. Box 11887
Charleston, West Virginia 25339-1887
Telephone: (304) 357-0900
Facsimile: (304) 357-0919
henry.jernigan@dinsmore.com

*Counsel for Donald L. Blankenship*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**Beckley Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Criminal No. 5:14-CR-00244** |
| | ) | **Civil No. 5:18-CV-00591** |
| **DONALD L. BLANKENSHIP** | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

I, W. Henry Jernigan, do hereby certify that a foregoing **Motion For *In Camera* Review** was served through the Court's electronic filing system on this the 21st day of May, 2018 upon the following counsel of record:

Michael B. Stuart, Esquire
Anna Forbes, Esquite
U.S. Attorney for the Southern District of West Virginia
Robert C. Byrd U.S. Courthouse
300 Virginia Street, East, Suite 4000
Charleston, WV 25301

/s/ W. Henry Jernigan, Jr.
W. Henry Jernigan, Jr. (WVSB No. 1884)