IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **DONALD L. BLANKENSHIP,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:18-00591 |
| | ) | (Criminal Action No. 5:14-00244) |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### O R D E R

Pending before the Court is the United States' "Motion for Extension of Time to Respond" (Document No. 677), filed on June 6, 2018, by Douglas W. Squires, Assistant United States Attorney. The Motion seeks an extension of time in which to file a Response to Movant's "Motion for *In Camera* Review" (Document No. 669) and an Answer to the allegations contained in the Movant's Section 2255 Motion (Document No. 663) and Memorandum in Support[1]. (Id.) Specifically, AUSA Squires requests that "all response dates be reset to no sooner than 90 days from the current deadline set for next week."[2] (Id.) In support, AUSA Squires states that he was

---

[1] Movant has not yet filed a Memorandum in Support of his Motion to Vacate.

[2] AUSA Squires explains that because Movant's Section 2255 Motion and Memorandum in Support are closely related to the pending "Motion for *In Camera* Review," he requests that *all* response dates be reset. In Movant's "Motion for *In Camera* Review," Movant indicates that he is unable to file his Memorandum in Support of his Motion to Vacate until this Court has resolved the pending "Motion for *In Camera* Review." (Document No. 669, p. 4.) Specifically, Movant states that "[d]ue to the privilege claims, he is currently unable to argue the merits of a significant number of relevant documents in that Memorandum." (*Id.*) Therefore, the undersigned finds it unnecessary at this time to change the deadline for the filing of Movant's Memorandum in Support and the United States' Answer to the allegations contained in the Movant's Section 2255 Motion. Should Movant file his "Memorandum in Support of his Motion to Vacate" prior to the undersigned issuing an Order on Movant's pending "Motion for *In Camera* Review," AUSA Squires may file an additional motion for extension of time.

recently appointed to this case after the United States Attorney's Office for the Eastern District of Kentucky was recused from defending the Section 2255 Motion. (Id.) AUSA Squires explains that he was "sworn-in to represent the United States in this matter as a Special Attorney to the United States Attorney General" on May 31, 2018. (Id.) AUSA Squires, therefore, states that an extension of time is necessary to allow him adequate time to do the following: (1) "[R]eprioritize a significant case load of previously assigned investigations, matters and cases in the Southern District of Ohio;" (2) "[O]btain the necessary files, documents, and records from the Southern District of West Virginia and all related parties;" (3) "[R]eview the relevant documents as they come in, including those related to the most recent privilege claims;" (4) "[E]xplore the positions of the related parties to this case and seek to obtain both historical and timely information from them;" and (5) "[R]eview the voluminous court record in the underlying criminal and civil case." (Id.)

On June 7, 2018, Movant filed his Response in Opposition. (Document No. 678.) Movant argues that "[t]ime is of the essence for both Mr. Blankenship and the public." (Id.) First, Movant explains that "he must live under the cloud of the very prosecution he is challenging." (Id.) Second, Movant explains that the violations he is alleging arise "by virtue of the government not providing [Movant] the information to which he was entitled in a timely manner originally." (Id.) Thus, Movant states that "it is particularly inappropriate for the government to ask for so much delay when it was its own original delay that put [Movant] in this position in the first place." (Id.) Third, Movant asserts that the government decided to recuse the U.S. Attorney's Office for the Southern District of West Virginia and Movant should not bear the burden of further delay. (Id.) Fourth, Movant contends that the Department of Justice is the largest legal employer in the world and if needed, could assign more attorneys to enable a timely response. (Id.) Fifth, Movant argues that he is "seeking high public office" and "has been subjected to criticism in the campaign based on

his prior conviction." (Id.) Finally, Movant argues that responding to the "Motion for *In Camera* Review" only "requires the government to assess whether the Department of Labor ("DOL") has asserted a valid claim of privilege over a discrete set of documents, and, even if so, why the DOL's interest in avoiding disclosure outweighs [Movant's] – and the public's – interest in uncovering the truth about the Upper Big Branch mine and [Movant's] subsequent prosecution." (Id.)

Based upon the foregoing, the undersigned finds that an extension of time is justified and necessary. Although the Court appreciates that time is of the essence for Movant, the Court further appreciates that AUSA Squires is newly appointed to the case and needs time to obtain documents and become familiar with the case. The undersigned, therefore, finds that a 45-day extension of time should provide AUSA Squires adequate time to file his Response to Movant's "Motion for *In Camera* Review." Therefore, it is hereby **ORDERED** that the United States' Motion (Document No. 677) is **GRANTED in part and DENIED in part**. The United States shall file a Response to Movant's "Motion for *In Camera* Review" by **July 31, 2018**. The Movant may, if he wishes, file a Reply to the United States' Response by **August 7, 2018**. Additionally, it is hereby **ORDERED** that Movant shall file his Memorandum in Support of his Section 2255 Motion **no later than 30 days after the undersigned enters an Order on Movant's pending "Motion for *In Camera* Review."** The United States is **ORDERED** to file an Answer to the allegations contained in the Movant's Section 2255 Motion **no later than 45 days after the filing of Movant's Memorandum in Support**. The Movant may, if he wishes, file a Reply or Objections to the United States' Answer **within 14 days after the filing of the Answer**.

The Clerk is requested to transmit a copy of this Order to counsel of record.

ENTER: June 7, 2018.

Omar J. Aboulhosn
United States Magistrate Judge