**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**Beckley Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff/Respondent,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 5:14-CR-00244** |
| | ) | **Civil No. 5:18-CV-00591** |
| | ) | |
| **DONALD L. BLANKENSHIP** | ) | |
| | ) | |
| **Defendant/Petitioner.** | ) | |

## MOTION TO CONDUCT DISCOVERY

Donald L. Blankenship, by and through counsel, respectfully submits this Motion to Conduct Discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

1.     On April 18, 2018, Mr. Blankenship filed a motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion").  Coincident with that filing, Mr. Blankenship asked, and this Court granted, additional time to file a memorandum in support of his 2255 Motion based, in part, on the anticipated filing of a report by the Department of Justice's Office of Professional Responsibility ("OPR").  Despite the additional time, the Department has yet to release the OPR report.  Due to the importance of proceeding expeditiously, Mr. Blankenship brings this Motion to Conduct Discovery before the Court.

2.     OPR has conducted an investigation into the conduct of the prosecution team in Mr. Blankenship's case.  Mr. Blankenship believes that the report outlining OPR's findings and conclusions is highly relevant to the claims in his Section 2255 motion, both to his own claims

1

and to the government's assessment of his claims.  Presumably, OPR conducted a detailed and thorough investigation and therefore its findings, conclusions, and supporting evidence will benefit all parties in this litigation.  The government does not appear to contest that OPR's report would be relevant and important to these proceedings.

3.      Under the Section 2255 Rules, the Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure." Section 2255 Rule 6(a).  The party requesting discovery must "provide reasons for the request" and "specify any requested documents."  *Id.* at 6(b).  Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004) (internal quotations omitted).

4.      Mr. Blankenship can demonstrate good cause here because his allegations meet the standard articulated by the Fourth Circuit.  The OPR report goes directly to the merits of issues raised in the 2255 Motion and will contain important evidence and information relating to those issues.  For example, the OPR report will likely contain information about what was suppressed, why it was suppressed, and whether there is other information that was not provided to Mr. Blankenship.  OPR has had access to witnesses and documents in connection with its investigation that are not available to Mr. Blankenship.  Given that additional information, the Department's own conclusions are highly relevant to whether the prosecution team improperly suppressed evidence.

5.      Allowing discovery of the OPR report is consistent with OPR's own policies regarding appropriate disclosure of its records.  Specifically, records of OPR investigations may be disclosed "[i]n an appropriate proceeding before a court . . . when the Department of Justice

determines that the records are arguably relevant to the proceeding." 76 Fed. Reg. 66752-01 (Oct. 27, 2011). Here, it is beyond dispute that the OPR report and its findings are relevant to the proceedings. Further, OPR authorizes disclosure to "complainants to the extent necessary to provide such persons with information and explanations concerning the progress and/or results of the investigation or case arising from the matters of which they complained." *Id.* Mr. Blankenship is a complainant for purposes of this provision and therefore entitled to know the results of this investigation. Finally, disclosure is permitted to "a member of the judicial branch of federal government in response to a written request where disclosure is relevant to the authorized function of the recipient judicial office or court system." *Id.* Thus, the Department would be authorized to release the OPR report should this Court determine that it is relevant and order its disclosure.

6.     The Constitution guarantees all Americans a speedy trial. U.S. CONST. AMEND. VI. The main purpose of the speedy trial right is to protect the defendant from the effects of a public accusation that may "disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *United States v. Marion*, 404 U.S. 307, 320 (1971). Those interests are no less salient in a case such as this where Mr. Blankenship continues to suffer those same consequences due to the government's misconduct and he is entitled to a prompt resolution of this proceeding. In fact, the very purpose of these post-conviction proceedings is to "provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

7.     The OPR report is therefore directly relevant and discoverable in this case. Its disclosure would also serve a compelling public interest. Mr. Blankenship is currently seeking

high federal office and the resolution of this matter will be important to West Virginia voters in November.  Further, it is important for the public to have information regarding the conduct of public officials, specifically the Department of Justice in this case.  The Department has no interest in protecting employees from public scrutiny where its own review finds misconduct. Indeed, just recently the Department has faced public scrutiny from its Inspector General's reports into the activities and motivations of its employees.  The OPR report in this case should likewise be released.  Not only does the public have a right to know the truth regarding the prosecution of Mr. Blankenship, but it also has an interest in ensuring that the Department holds its own people accountable.

Therefore, Mr. Blankenship respectfully requests that this Court authorize him to conduct discovery and request the production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.  The specific request proposed is attached as Exhibit 1.[1]

Dated: June 21, 2018                                       Respectfully submitted,

                                                           /s/  Howard C. Vick
                                                           Howard C. Vick
                                                           Michael A. Baudinet
                                                           MCGUIREWOODS LLP
                                                           Gateway Plaza
                                                           800 E. Canal Street
                                                           Richmond, VA 23219-3916
                                                           Tel: (804) 775-1000
                                                           Fax: (804) 775-1061
                                                           tvick@mcguirewoods.com
                                                           mbaudinet@mcguirewoods.com

---

[1] Mr. Blankenship respectfully reserves the right to seek additional discovery in subsequent motions, but has targeted this request and focused it on the OPR report because he believes it will be the best first step and may obviate the need for other requests.

Benjamin L. Hatch
MGUIREWOODS LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
Tel: (757) 640-3700
Fax: (757) 640-3701
bhatch@mcguirewoods.com

/s/ W. Henry Jernigan, Jr.
W. Henry Jernigan, Jr. (WVSB No. 1884)
DINSMORE & SHOHL LLP
707 Virginia Street, East, Suite 1300
P.O. Box 11887
Charleston, West Virginia 25339-1887
Telephone: (304) 357-0900
Facsimile: (304) 357-0919
henry.jernigan@dinsmore.com

*Counsel for Donald L. Blankenship*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**Beckley Division**

|  |  |  |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff/Respondent,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 5:14-CR-00244** |
| | ) | **Civil No. 5:18-CV-00591** |
| | ) | |
| **DONALD L. BLANKENSHIP** | ) | |
| | ) | |
| **Defendant/Petitioner.** | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I, W. Henry Jernigan, do hereby certify that a foregoing **Motion for Discovery** was

served through the Court's electronic filing system on this the 21st day of June, 2018 upon the

following counsel of record:

Douglas W. Squires, Esquire
Assistant U.S. Attorney
U.S. Attorney's Office for the Southern District of Ohio
303 Marconi Blvd., Suite 200
Columbus, OH 43215

/s/ W. Henry Jernigan, Jr.
W. Henry Jernigan, Jr. (WVSB No. 1884)