UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **DONALD L. BLANKENSHIP,**<br><br>Movant,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | Civil Action No. 5:18-CV-00591<br>Criminal Action No. 5:14-CR-00244 |

**RESPONSE OF THE UNITED STATES TO MOVANT'S MOTION TO CONDUCT DISCOVERY AND REQUEST FOR PRODUCTION OF DOCUMENTS**

The United States, by and through undersigned counsel, now responds to Movant's Motion to Conduct Discovery (ECF No. 681) and Movant's Requests for Production of Documents Directed to Respondent (ECF No. 681-1).

**1. Movant's Motion to Conduct Discovery (ECF No. 681)**

Regarding Movant's motion for discovery, the Office of Professional Responsibility ("OPR") of the United States Department of Justice (Department) has conducted an investigation into allegations of misconduct the Movant has made against the prosecution team in Movant's underlying criminal case. The Department's conclusions as to the merits of those allegations, however, is not yet final. The United States cannot represent a date certain as to when the Department's review will be completed. The best estimate as to when the Department's review will be final is mid-August 2018, depending on numerous factors, including how the subjects of the OPR investigation may respond to OPR's findings and conclusions. The United States can, however, fairly state that the process is well under way and moving toward completion.

1

When the Department's review of the Movant's misconduct allegations is complete, the United States will provide to the Court, *ex parte* and under seal, an unredacted copy of OPR's Report of Investigation (ROI), as well as unredacted documents related to the Department's review of that ROI. The United States will provide the Movant with the OPR ROI, as well as documents related to the Department's review of that ROI, under the following conditions: (1) the disclosures must be subject to a strict protective order to be entered by the Court that prevents the Movant from disclosing the documents he receives and the information contained in those documents; and (2) the United States will redact from those documents information protected by the Privacy Act, such as the names of lower level Department employees. The United States expects those redactions to be relatively minor. The United States will also provide the court with copies of the redacted documents, so that, if the Court wishes, it can see exactly what information was redacted. The United States believes that a protective order is necessary and appropriate because the OPR ROI and related documents contain sensitive and confidential information about the Department's review of misconduct allegations and its disciplinary process.

**2. Movant's Requests for Production of Documents (ECF No. 681-1)**

Movant has also made a sweeping request for the immediate production of documents related to the OPR investigation, specifically any "report, memorandum, and other writing that contains findings, conclusions, or other information regarding the inquiry or investigation." (ECF No. 681-1, at 1.) Notably, Movant's request includes "information even if not finally approved for release by the Department of Justice." (*Id.*)

Movant's request should be denied, except to the extent that it requests the disclosure of OPR's ROI and documents related to the Department's review of that ROI under the conditions set forth above, after completion of the Department's assessment of the Movant's misconduct

allegations. The rules governing 2255 proceedings dictate that courts "may, *for good cause*, authorize a party to conduct discovery." *R. Governing § 2255 Proc. U.S. Dist. Cts.* 6(a) (emphasis added). Movant lacks good cause for several reasons.

First, the request will be moot with the disclosure of OPR's redacted ROI. Once the redacted ROI is disclosed, Movant will have all of the information he is fairly due—particularly in light of the forthcoming Mine Safety and Health Administration ("MSHA") and Department of Labor ("DOL") documents—as part of his 2255 proceedings. OPR's ROI and documents related to the Department's review of that ROI will reflect the Department's full and final decision regarding the conduct of its attorneys in prosecuting Movant's underlying case. The United States will, of course, review and disclose any of the other underlying material Movant seeks if it constitutes *Brady* material. Absent that, however, any "other information regarding the inquiry or investigation" that Movant seeks is not material.

Second, Movant's request fails another requirement of a party in his position seeking discovery—that he "must provide reasons for the request" and "must specify any requested documents." *R. Governing § 2255 Proc. U.S. Dist. Cts.* 6(b). Once the Department's review of his allegations is complete, Movant will receive the redacted OPR ROI. But he asks for much more in seeking "[a]ny . . . other information regarding the inquiry or investigation." (ECF No. 681-1, at 1.) In seeking this additional and unnecessary information, he provides no "reasons in support of the request." *R. Governing § 2255 Proc. U.S. Dist. Cts.* 6(b). *See Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (placing the burden on the Movant to show the need for discovery in 2255 proceedings). *See Harris v. Nelson*, 394 U.S. 286, 300 (1969) ("We do not assume that courts in the exercise of their discretion will pursue or authorize pursuit of all allegations presented to them."). He also fails to "specify any requested documents." *Id.* Movant simply makes a broad, unsupported demand and, in doing so, fails the standards set forth by the rules governing 2255

proceedings.

Finally, the Fourth Circuit prohibits "discovery requests" in 2255 proceedings that are "so broad and baseless as to constitute a fishing expedition." *United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990). That is exactly what this is. Movant has had multiple teams of capable, sophisticated, diligent, and highly intelligent trial lawyers representing him throughout the entirety of the prosecution process, including in the present proceedings. Many of the documents used at trial and in support of the prosecution came from the voluminous files of Movant's own business—all of which were and continue to be in Movant's possession or control. Yet still, the United States is in the process of undertaking a comprehensive, far-reaching, multi-agency internal search-and-review process to scour the federal government for any document or communication that might even tangentially relate to the UBB disaster or Movant's prosecution. Movant will, again, receive the redacted OPR ROI when the Department's review is final. Movant will receive his discovery; he will receive it in a timely manner; and the discovery he receives will be the product of a completed and comprehensive process. Despite all of this, Movant wants a host of other documents that are not *Brady* material and that he is not otherwise entitled to. His attempts to obtain those unnecessary and immaterial documents constitute the precise type of "broad and baseless . . . fishing expedition" that the Fourth Circuit has expressly prohibited. *Wilson*, 901 F.2d at 381.

### 3. Conclusion

When the Department's review of the Movant's misconduct allegations is complete, the United States will provide to the Court, *ex parte* and under seal, an unredacted copy of OPR's Report of Investigation (ROI), as well as unredacted documents related to the Department's review of that ROI. The United States will provide the Movant with OPR's ROI and documents related

4

to the Department's review of that ROI under the following conditions: (1) the disclosures must be subject to a strict protective order to be entered by the Court that prevents the Movant from disclosing the documents he receives and the information contained in those documents; and (2) the United States will redact from those documents information protected by the Privacy Act. Beyond those redacted documents, however, Movant has failed to meet his burden of showing good cause for the discovery of additional documents. The Court should exercise its broad discretion and deny Movant's request for any and all OPR documents, in final form or not.

                          Respectfully submitted,

                          JEFFERSON B. SESSIONS III
                          United States Attorney General

                          BENJAMIN C. GLASSMAN
                          United States Attorney
                          Southern District of Ohio

                          /s/Douglas W. Squires
                          DOUGLAS W. SQUIRES (OH 0073524)
                          JESSICA H. KIM (OH 0087831)
                          S. COURTER SHIMEALL (OH 0090514)
                          Special Attorneys to U.S. Attorney General
                          Assistant United States Attorneys
                          Southern District of Ohio
                          303 Marconi Boulevard, Suite 200
                          Columbus, Ohio 43215
                          Office: (614) 469-5715
                          Fax: (614) 469-5653

## **CERTIFICATE OF SERVICE**

I, Douglas W. Squires, certify that on July 3, 2018 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users, or if they are not, by serving a true and correct copy at the addresses listed below:

Mr. Howard C. Vick
Michael A. Baudinet
MCGUIREWOODS LLP
Gateway Plaza
800 E. Canal Street
Richmond, VA 23219-3916

Benjamin L. Hatch
MCGUIREWOODS LLP
World Trade Center
101 W. Main Street, Suite 9000
Norfolk, VA 23510-1655

W. Henry Jernigan, Jr.
DINSMORE & SHOHL LLP
707 Virginia Street, East, Suite 1300
P.O. Box 11887
Charleston, West Virginia 25339-1887

/s/Douglas W. Squires
DOUGLAS W. SQUIRES (OH 0073524)
Special Attorney to U.S. Attorney General