UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| DONALD L. BLANKENSHIP,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 5:18-CV-00591<br>(Criminal Action No. 5:14-CR-00244) |

### AGREED-UPON PROTECTIVE ORDER REGARDING CONFIDENTIAL GOVERNMENT DOCUMENTS RELATED TO DEFENDANT'S MOTION FOR *IN CAMERA* REVIEW

This matter having come before the Court pursuant to the agreement of the Parties (as defined below), which qualifies for protection under Fed. R. Civ. P. 26(c), and because good cause exists for restricting dissemination on the ground that harm would result from its disclosure, the Court **ORDERS** that the following procedures shall be used in the above-captioned cases for the protection of the Parties against the improper disclosure or use of confidential agency documents (Confidential Agency Documents or CAD) produced in relation to the above-captioned cases:

**I. PARTIES**

The Parties bound to this agreement are the United States of America, Donald L. Blankenship (Movant or Mr. Blankenship), and those listed in Paragraph IV.B and its subparts.

**II. DESIGNATION OF "CONFIDENTIAL AGENCY DOCUMENTS"**

For the purposes of this Order, Confidential Agency Documents, or CAD, shall mean and refer to any non-public information, documents, testimony, electronic data, or other material not

subject to public release under the Freedom of Information Act or other laws so designated in good faith by the United States, subject to the limitations set forth in this Protective Order. CAD includes, but is not limited to: confidential Mine Safety and Health Administration (MSHA) and/or Department of Labor (DOL) documents protected by the deliberative process privilege; MSHA and/or DOL documents that contain or are related to non-public personal information of individuals or entities not parties to the above-captioned cases; MSHA and/or DOL documents that relate to human-resources matters regarding current or former employees of the federal government who are not parties to the above-captioned cases; excluding the corresponding Memorandum of Investigation, any documents related to the Report of Investigation (ROI)—including the ROI itself—by the United States Department of Justice's Office of Professional Responsibility (OPR) regarding allegations of misconduct Mr. Blankenship has made against the prosecution team in Mr. Blankenship's underlying criminal case.

### III. MANNER OF DESIGNATION

A. The United States, prior to production, shall designate materials containing CAD, by placing or affixing on the material the word "CONFIDENTIAL," the phrase "CONFIDENTIAL AGENCY DOCUMENT," the acronym "CAD," or the like. If the United States chooses not to mark every page, the use of envelopes, binders, or containers, to designate the documents that are so marked is acceptable, as is the clear designation of groupings of materials. All copies, duplicates, extracts, summaries, or descriptions of documents designated as CAD, or any portion thereof, shall immediately be affixed with the word "CONFIDENTIAL," the phrase "CONFIDENTIAL AGENCY DOCUMENT," or the acronym "CAD," if such word(s) do not already appear.

**B.** When material designated as CAD is supplied or stored on an electronic medium, the designation(s) shall be made, to the extent physically possible, on the medium itself (such as on a label attached to a disk), or on the sleeve, envelope, box, or other container of such medium. The designation may also be made in the filename of electronically produced material.

**C.** Should the United States determine that material containing CAD has been inadvertently produced without a CAD designation, the producing party may request the other parties to return or destroy any such material at the time replacement copies are produced that contain the appropriate CAD designation. Such request must be made as soon as possible following discovery of the failure to properly designate.

**D.** If any Party subject to this Order receives material that appears on its face to be or contain CAD without a corresponding CAD designation, the receiving party shall notify the producing party and shall not publicly refer to, quote, cite, rely upon, or otherwise use the material until the United States has had an opportunity to object to the use of such material.

**IV.    DISCLOSURE**

**A.** Except by further order of the Court, or by stipulation of the Parties, CAD shall be disclosed only to the Parties subject to this Order and under the circumstances described herein. Except as may be otherwise provided by this Protective Order, CAD produced by the Parties shall not be used or disclosed for any purpose whatsoever other than in connection with the above styled matters and shall be disclosed only in accordance with Paragraph V, below, and only in the manner provided herein.

**B.** Mr. Blankenship's right to access any documents produced by the United States that are designated as CAD is limited to:

> 1. Attorneys of record for the United States, and attorneys of record for Mr. Blankenship in the above-captioned cases;

    2. Other attorneys and/or employees of the United States or the law firms representing Mr. Blankenship in the above-captioned cases, whose review of the material is necessary for the preparation and presentation of the United States' or Mr. Blankenship's case in the above-captioned cases;

    3. Expert witnesses, who agree in writing that they are subject to this Order, and whose review of that material is necessary for the presentation of the United States' or Mr. Blankenship's case in the above-captioned cases;

    4. Mr. Blankenship; and

    5. Judges, law clerks, court reporters, and other clerical personnel of the Court before which the above-captioned cases are pending.

**C.** Any document, information, or evidence filed with or submitted to the Court that is designated as containing CAD shall be filed under seal in accordance with any applicable Local Rules. Any such documents, information, or evidence submitted to the Court either *ex parte* or for *in camera* review shall be submitted in a sealed envelope or other appropriate container, marked on the outside with the title of the action, and a statement substantially in the following form:

> CONFIDENTIAL
> This document is subject to a PROTECTIVE ORDER issued by the Court and may not be examined, copied, or made electronically available except in compliance with that Protective Order.

**D.** Alternatively, material designated as CAD may be redacted of CAD and then used in public documents or hearings, so long as, in advance of any such public use or disclosure, such redactions are agreeable to the United States.

**E.** Materials containing CAD may be shown to a witness to examine or cross-examine the witness during a deposition or trial. A witness may view such materials in advance of the deposition or trial if the witness agrees in writing to abide by the terms of this Order. However, a witness shall not retain any such material or any copies thereof after the deposition or trial (except

4

for the purpose of reviewing the transcript of his or her deposition in connection with its correction or execution), unless the witness is otherwise authorized under this Order to receive such information.

  **F.** Subject to the approval of the United States, or subject to an order by this Court or any court adjudicating the above-captioned cases, documents and/or information designated as CAD—which includes information subject to this Order and/or information contained in any documents subject to this Order—shall be used solely and exclusively in connection with the above-captioned cases between the Parties and shall not be disclosed to anyone, or in any manner, including any verbal disclosure of content of CAD, except as provided in this Order.

## V.    OBJECTION TO A CAD DESIGNATION

  **A.** If, at any time during the preparation for trial or during the trial of the above-captioned cases, a Party believes that the United States has improperly designated certain material as CAD, or believes that it is necessary to disclose designated material to persons other than those permitted by this Order, and the United States does not agree to change the designation or to the further disclosure, the Parties shall confer in an effort to resolve the disagreement. The CAD designation shall not prejudice any Party's rights to apply to the Court for a determination of whether the material should be protected under applicable law or may be used. If such negotiation fails, and upon notifying the other Party in writing of impasse, the challenging Party may, within seven days of that impasse, seek leave of Court for the following: (1) a judicial determination of whether the challenging Party reasonably believes that the United States has improperly designated certain material as CAD; and (2) if, so, whether such material should be excluded from the provisions of this Protective Order and/or be made available for use in an appropriate fashion.

**B.** This Order will not prejudice the right of any party to oppose production of any information on the ground of attorney-client privilege, work-product immunity, deliberative process privilege, or any other protection provided under the law.

## VI. RETENTION AND DESTRUCTION OF CAD

**A.** Within sixty days after the conclusion of the above-captioned cases, or if an appeal is taken, within sixty days following the return of the mandate to the District Court, counsel for Mr. Blankenship, and any other Party who received CAD, shall destroy all Confidential Agency Documents, including electronic files and copies. The obligation to destroy shall occur prior to the termination of this litigation when an individual or entity is no longer a party or when an attorney or expert is no longer retained to work on the above-captioned cases, whichever comes earlier.

**B.** Upon destruction of Confidential Agency Documents, counsel for Mr. Blankenship, and any other Party who received CAD, shall provide the United States with written certification of the destruction.

**C.** It shall be the responsibility of the counsel of record in this action to employ, consistent with this Order, reasonable measures to control duplication of, access to, and distribution of the Confidential Agency Documents.

## VII. NON-ADMISSION AND NON-WAIVER

### A. Use in Court, or Otherwise, in the Above-Captioned Cases

1. The production of any document or information protected by this Order is solely for the purpose of facilitating efficient discovery in the above-captioned cases.

2. By producing any document or information subject to this Order, the United States does not agree that such document or information: is relevant to the above-captioned cases; as to the above-captioned cases or any related proceeding, is or was required to be disclosed under

6

Rule 16, Rule 26.2, *Brady*, *Giglio*, and/or the *Jencks* Act; is otherwise discoverable or admissible in the above-captioned cases or in any other court proceeding.

3. The production of any document or information protected by this Order does not waive any arguments against the use of such document or information in any other filing or court proceeding in the above-captioned cases.

### B. Inadvertent Disclosure

1. Inadvertent disclosure of any CAD that the United States later claims should not have been disclosed without adequate designation shall not be deemed to waive this Protective Order's protections. The Parties agree that no Party shall claim or otherwise urge the Court to deem a CAD protection to have been waived solely on the basis of the inadvertent disclosure of material to which the protection applies.

2. Moreover, a Party need not challenge a designation of CAD at the time the designation is made, and the failure to do so immediately shall not preclude a subsequent challenge thereto.

## VIII. CONSTRUCTION OR MODIFICATION

Any party may at any time seek modification or this Order by agreement or, failing agreement, by motion to the Court.

## IX. VIOLATIONS OF THIS ORDER

Any violation of the terms of this Order by any Party will be punished according to the Local Rules, the Federal Rules of Criminal and Civil Procedure, and the Court's inherent authority.

APPROVED:

_/s/ Howard C. Vick_
Howard C. Vick
Benjamin L. Hatch
Michael A. Baudinet
W. Henry Jernigan, Jr.
*Counsel for Defendant/Movant
Donald L. Blankenship*

APPROVED:

_/s/ Douglas W. Squires_
Douglas W. Squires (OH 0073524)
Jessica H. Kim (OH 0087831)
S. Courter Shimeall (OH 0090514)
Special Attorneys to U.S. Attorney General
Assistant United States Attorneys
Southern District of Ohio
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
Fax: (614) 469-5653
*Counsel for the United States*

Entered July 27, 2018

IT IS SO ORDERED.

_/s/ Omar J. Aboulhosn_
OMAR J. ABOULHOSN
UNITED STATES MAGISTRATE JUDGE