IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **DONALD L. BLANKENSHIP,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 5:18-00591** |
| | ) | **(Criminal Action No. 5:14-00244)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**O R D E R**

By "Notice of Under Seal Filing," Movant contends that he was required to file under seal his Memorandum in Support of his Section 2255 Motion, Motion for Evidentiary Hearing, Amended Memorandum in Support of his Section 2255 Motion, and supporting Exhibits (Document Nos. 703, 704, 705) pursuant to the agreed Protective Order signed by the parties and entered by the Court on July 27, 2018 (Document No. 691). (Document Nos. 704, 705.) Movant now contends that he believes the above filings "should be made public and intends to expeditiously pursue the process set forth in the Protective Order to seek public release of the information." (Id.)

According to the Protective Order, "[a]ny document, information, or evidence filed with or submitted to the Court that is designated as containing [Confidential Agency Documents] shall be filed under seal in accordance with any applicable Local Rules." (Document No. 691.) Local Rule of Civil Procedure 26.4(b) provides that "motions requesting modification to the provisions of the court's Protective Order should be made sparingly and only for good cause." L.R. Civ. P. 26.4(b). Additionally, this Court's policy as stated in Local Rule of Civil Procedure 26.4(c)(1) provides that generally, Court documents should be publicly available for inspection. L.R. Civ. P.

26.4(c)(1). When requesting that documents be filed under seal, the movant should file a memorandum of law which contains the following: (1) "the reasons why sealing is necessary, including the reasons why alternative to sealing, such as redaction, are inadequate;" (2) "the requested duration of the proposed seal;" and (3) "a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeal." L.R. Civ. P. 26.4(c)(2).

The Court first notes that "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). The right of public access to court documents derives from two separate sources: the common law and the First Amendment. The common law right affords presumptive access to all judicial records and documents. Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access. Nixon, 435 U.S. at 598-99, 602-03; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984). Quoting Knight, the Fourth Circuit observed as follows:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Knight, 743 F.2d at 235) (emphasis supplied).

The Fourth Circuit has also observed that exhibits to dispositive motions deserve special consideration for public access:

> [I]n Rushford [v. New Yorker Magazine, Inc., 846 F.2d 249 (4th Cir. 1988),] we considered the propriety of a district court's order sealing documents that were attached to a successful summary judgment motion. Although the documents had been the subject of a pretrial discovery protective order, we observed that once the documents were made part of a dispositive motion, they lost their status as being "raw fruits of discovery," and that discovery, "which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court." After noting that summary judgment "serves as a substitute for a trial" and that we had held in a prior case that the First Amendment standard should apply to documents filed in connection with plea and sentencing hearings in criminal cases, we held that "the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case."
>
> Although we recognized that "there may be instances in which discovery materials should be kept under seal even after they are made part of a dispositive motion," we stated that the district court must make that determination "at the time it grants a summary judgment motion and not merely allow continued effect to a pretrial discovery protective order." We noted that "[t]he reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents," and we remanded the case to the district court in order for it to determine under the appropriate substantive and procedural standards whether the documents should remain sealed.

Id. at 576-77 (citations omitted). Assuming the First Amendment right applies to the particular documents described by the Movant, the burden is more substantial: To maintain the confidentiality or secrecy of the pleadings, exhibits, and other documents, under the First Amendment rubric the Movant must show "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07 (1982); Virginia, 386 F.3d at 573; Stone, 855 F.2d at 180.

To the extent Movant is requesting a modification of the provisions of the agreed Protective Order, Movant is **ORDERED** to file a Motion for Modification of the Protective Order by **September 20, 2018**. The United States shall file its Response by **October 4, 2018**.

To the extent the United States contends that Movant's Memorandum in Support of his Section 2255 Motion, Motion for Evidentiary Hearing, Amended Memorandum in Support of

3

Section 2255 Motion and supporting Exhibits (Document Nos. 703, 704, 705) should not be made publicly available, the United States is directed to specifically discuss (1) "the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate;" and (2) "the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeal."

To the extent the parties agree that certain documents should remain sealed, rather than having those materials sealed in their entirety, Movant and the United States **must present with justification for sealing a set of redacted briefing and/or exhibits that would, in the parties' estimation, be suitable for viewing on the public docket** by **October 4, 2018**. This approach recognizes the need for confidentiality as to some material while at the same time assuring that the narrow exception for secrecy extends no further than absolutely necessary in a given case. The right of public access is paramount.[1]

The Clerk is requested to transmit a copy of this Order to counsel of record.

ENTER: September 6, 2018.

Omar J. Aboulhosn
United States Magistrate Judge

---

[1] In support of each parties' position, both parties are **ORDERED** to file a supporting privilege log detailing the reason and legal authority as to why the party believes the document should be made public or remain sealed no later than October 4, 2018.

4